The Contracting Officer does not have authority to cancel the contract to prevent environmental damage (36 CFR 223.40 and FSM 2453.64).

Issue a final claim decision under the Contract Disputes Act when the parties cannot agree to satisfy or settle a claim. The final decision of the Contracting Officer is not subject to review within the Forest Service, except when the decision goes beyond the Contracting Officer's delegated authority.

72.1 - Claims by the Government Against the Purchaser. Bills for Collection (form FS-6500-89) relating to timber sales and retention of purchaser deposits by the Government which are undisputed are not claims. However, if the purchaser does not pay within the time specified in the contract or the Bill for Collection, or if the purchaser disputes either liability or amount, a Government claim against the purchaser exists. Assert the Government claim by means of a Contracting Officer's decision. Document such claims in writing.

72.2 - Claims by the Purchaser Against the Government. A timber sale purchaser's claim against the Government must be in writing and must be submitted to the Contracting Officer. For claims of more than $100,000, require the purchaser to submit with the claim (1) their certification that the claim is made in good faith, (2) that the supporting data are accurate and complete to the best of the purchaser's knowledge and belief, and (3) that the amount requested accurately reflects the contract adjustment for which the purchaser believes the Government is liable. Do not require this certification in a nonmonetary claim.

The timber sale contract specifies a maximum time allowed for filing specific types of claims in contract provision C(CT)9.21. Accept the purchaser's claim only if filed within that period.

72.3 - Processing a Claim.

72.31 - Preparing a Claim File. The Contracting Officer's claim decision must be based on a claim file (case file). Start to compile this file when it becomes apparent that either the purchaser or the Government has a Contract Disputes Act claim. Prepare the claim file in a timely manner so that the Contracting Officer's decision can be made within the required timeframe (sec. 72.4).

Include in the claim file all of the information that the Contracting Officer needs to make a decision on the claim. If the Contracting Officer's decision is ultimately appealed, the claim file may become an exhibit in evidence. The claim file should be complete but should not include material that is not necessary for the decision. Vary its length and content depending upon the complexity of the claim.

Bind the claim file in a file folder or notebook so that the file remains intact and can be readily used. Include the following material if the information is pertinent to the particular claim being considered:

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE AND TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-131 |
| | ) | (Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits.

2. Admits.

3. The allegations contained in paragraph 3 are plaintiff's characterizations of its own suit or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; further denies the amount of damages sought by the Government; the Government seeks a total of at least $767,625.72.

4. Denies regarding the Lily contract, which relates to timber located in New Mexico; otherwise admits the allegations contained in paragraph 4 of the complaint.

5. Admits that the Forest Service suspended 14 of Precision Pine's timber sale contracts as a result of a court-ordered injunction; admits the alleged basis for the injunction to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegation in paragraph 5.

6. Admits that the majority of the suspensions remained in place until December 4, 1996.

7. Admits the allegations contained in paragraph 7 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 7.

8. The allegations contained in paragraph 8 are plaintiff's characterizations of its own suit or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; to the extent that they address plaintiff's "hopes," denies the allegations in paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

9. The allegations contained in paragraph 9 are plaintiff's characterizations of its own suit or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 are plaintiff's characterizations of its own suit or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Admits that in 1999 plaintiff submitted documentation of bonding obtained from Frontier; the remainder of the allegations contained in paragraph 11 are plaintiff's characterizations of its own suit or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

12. Admits.

13. Admits that plaintiff submitted bonding issued by Frontier during the 2000 harvest season; further admits that in June of 2000 Frontier was removed from the Government's list of acceptable sureties; the remainder of the allegations contained in paragraph 13 are plaintiff's characterizations of its own suit or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained in paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 14.

15. The allegations contained in paragraph 15 are plaintiff's characterizations of its own suit or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. Admits that the Forest Service terminated the contracts for default and that the Forest Service issued final decisions seeking monies owed; the remainder of the allegations contained in paragraph 16 are plaintiff's characterizations of its own suit or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 are plaintiff's characterizations of its own suit or conclusions of law to which no response is required; to the extent that they

of its own suit or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

104. The allegations contained in paragraph 104 are plaintiff's characterizations of its own suit or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

105. Denies each and every allegation not previously admitted or otherwise qualified.

106. Denies that plaintiff is entitled to the relief set forth in the "wherefore" clause immediately following paragraph 104, or to any relief whatsoever.

DEFENDANT'S AFFIRMATIVE DEFENSES

107. Plaintiff's claim is barred by the doctrine of payment.

108. Plaintiff's claim is barred by the doctrine of unclean hands.

109. Plaintiff's claim is barred by the doctrine of estoppel.

110. Plaintiff's claim is barred by the doctrine of waiver.

DEFENDANT'S COUNTERCLAIM

111. The Court possesses jurisdiction to consider this counterclaim pursuant to 28 U.S.C. §§ 1503 and 2508.

112. The Government awarded the following timber sale contracts to plaintiff on the dates indicated:

(a) O.D. Ridge Timber Sale, awarded August 14, 1992;

(b) Brookbank Multi-Product Sale, awarded April 13, 1995;

(c) Jersey Horse Timber Sale, awarded December 13, 1993;

(d) Saginaw-Kennedy Timber Sale, awarded September 29, 1994;

(e) Brann Timber Sale, awarded September 29, 1994;

(f) U-Bar Timber Sale, awarded on October 5, 1992;

(g) Monument Multi-Product Sale, awarded September 28, 1994;

(h) Manaco Timber Sale, awarded January 17, 1995;

(i) Hutch-Boondock Multi-Product Sale, awarded June 29, 1994;

(j) Gentry Multi-Product Sale, awarded January 15, 1998;

(k) Wiggins Multi-Product Sale, awarded December 2, 1998;

(l) Lily Timber Sale Contract, awarded December 23, 1997.

113. Plaintiff breached each of the contracts identified in paragraphs 112(a)-(l) by failing to maintain bonding issued by a company identified on the Government's list of acceptable sureties.

114. Because of these breaches of contract, the Government terminated each of the contracts identified in paragraphs 112(a)-(l).

115. As a result of the breaches, the contracting officer issued final decisions, on the following dates, and demanded payment in the following amounts:

(a) O.D. Ridge Timber Sale: March 1, 2001 final decision demands $148,845.38;

(b) Brookbank Multi-Product Sale: March 1, 2001 final decision demands $00.00;

(c) Jersey Horse Timber Sale: March 1, 2001 final decision demands $9,035.47;

(d) Saginaw-Kennedy Timber Sale: March 1, 2001 final decision demands $101,642.20;

(e) Brann Timber Sale: March 1, 2001 final decision demands $36,888.97;

(f) U-Bar Timber Sale: February 21, 2001 final decision demands $215,691.04;

(g) Monument Multi-Product Sale: February 21, 2001 final decision demands $81,477.88;

(h) Manaco Timber Sale: April 5, 2001 final decision demands $00.00;

(i) Hutch-Boondock Multi-Product Sale: February 21, 2001 final decision demands $2,278.72;

(j) Gentry Multi-Product Sale: March 1, 2001 final decision demands $92,236.78;

(k) Wiggins Multi-Product Sale: March 1, 2001 final decision demands $13,016.93;

(l) Lily Timber Sale Contract: March 14, 2001 final decision demands $66,512.35.

116. Plaintiff has failed to remit any of the payments demanded in the final decisions identified in paragraphs 115(a)-(l), and payment of each is due and owing to the United States.

WHEREFORE, defendant respectfully requests that plaintiff's claims be dismissed and that judgment be entered in favor of the Government in the amount of $767,625.72, which is the total of the monies demanded in the final decisions identified in paragraphs 115(a)-(l), plus interest pursuant to the Contract Disputes Act, and that the Court grant defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director