**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-131C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

1. Prior to 2000, the United States Forest Service ("Forest Service") awarded to the plaintiff, Precision Pine & Timber, Inc. ("Precision Pine") the following twelve timber sale contracts, which are at issue in this case ("contracts at issue"): O.D. Ridge, Brookbank, Jersey Horse, Saginaw-Kennedy, Brann, U-Bar, Monument, Manaco, Hutch-Boondock, Gentry, Wiggins, and Lily. Appendix at 9-10. See also Appendix at 134-135, Defendant's Answer, Affirmative Defenses, and Counterclaim ("Defendant's Answer") at ¶ 112.

2. For the year 2000, Precision Pine secured required bonding for the contracts at issue from Frontier Insurance Company ("Frontier"). This bonding was accepted by the Forest Service for each of the contracts. See, e.g., Appendix at 1-2. See also Appendix at 133, Defendant's Answer at ¶ 13.

3. During the summer of 2000, Frontier was removed from the Department of the Treasury's List of Approved Sureties. Appendix at 1-2. See also Appendix at 133, Defendant's Answer at ¶ 13.

4. Because Precision Pine was unable to secure new bonding or other security for the contracts at issue that was acceptable to the Forest Service, by letter dated January 9, 2001, the Forest Service terminated all of the contracts at issue for breach, pursuant to contract clause CT9.3. This letter also stated that the Forest Service would determine its damages pursuant to clause CT9.4. Appendix at 9-11. See also Appendix at 133, 135-136, Defendant's Answer at ¶¶ 16, 113-114.

5. Between February 21 and April 5, 2001, the Forest Service sent a packet of documents for each of the contracts at issue regarding its damages claims to Precision Pine. The packets generally contained a "Bill for Collection" of estimated Damages, an estimated "Default Damage Calculations," and a "Decision Document," i.e., putative final decisions.[1] Appendix at 12-127. See also Appendix at 135-136, Defendant's Answer at ¶ 115.

6. Part 5 of each of the Decision Documents states that "[t]he Contracting Officer estimates the damages due the government for the default of the [Y] sale to be [$X]." (emphasis added). Appendix at 15, 25, 34, 44, 53, 61, 71, 79, 90, 102, 114.[2]

---

[1]The packets for the Brookbank and Manaco sales did not include "Bills for Collection," presumably because the Forest Service estimated its damages to be $0.0.

[2]Precision Pine either has misplaced or never received this section of the "Decision

7. Part 6 of each of the Decision Documents for each of the contracts except Manaco states that "[t]his is the final decision of the contracting officer."[3] Appendix at 15, 25, 34, 44, 53, 62, 71, 80, 90, 102, 114. See also Appendix at 133, Defendant's Answer at ¶ 16.

8. Part 3 of each of the Decision Documents (except for Hutch-Boondock and Manaco for which damages were estimated by the Forest Services to be $0.00) states:

> [The Contracting Officer has] estimated the damages due the United States to be [$X] for the [Y] sale. This estimate may be adjusted once final damages are determined following the resale of the remaining timber. At that time any surplus damages collected by this estimate will be refunded to the purchaser, or any additional damages due will be collected, as appropriate.

Appendix at 14, 24, 43, 52, 60-61, 70, 79, 89, 101, 113 (emphasis added).

9. Part 3 of the Decision Document for the Hutch-Boondock sale is nearly identical to that in the other contracts at issue, except that it states that "[t]he decision is NOT to re-offer this sale," and the other language of Part 3 is modified accordingly. Appendix at 33.

10. Part 3 of the Decision Document for the Manaco sale is nearly identical to that in the other contracts at issue, except that it states that "[the Contracting Officer has] estimated that there are no damages due the United States for the Manaco timber sale," and the other language of Part 3 is modified accordingly. Appendix at 126.

---

Document" for Manaco. The estimated damages for Manaco, however, were determined to be $0.0. Appendix at 126.

[3] Precision Pine either has misplaced or never received this section of the "Decision Document" for Manaco. The estimated damages for Manaco, however, were determined to be $0.0. Appendix at 126.

11. For all of the contracts at issue, except for Hutch-Boondock, the calculation of the estimated damages was based upon an anticipated resale of the contract. None of the estimated damages amounts were, however, based upon an actual resale of the contract. Appendix at 14, 20, 24, 29, 33, 38, 43, 47, 52, 57, 60-61, 66, 70, 76, 79, 85, 89, 97, 101, 108, 113, 118, 126 127.

12. The estimated damages for the contracts at issue are as follows:

| Sale | Estimated Damages |
|---|---:|
| O.D. Ridge | $148,845.38 |
| Jersey Horse | $ 9,035.47 |
| Saginaw-Kennedy | $101,642.20 |
| Brann | $ 36,888.97 |
| U-Bar | $215,691.04 |
| Monument | $ 81,477.88 |
| Hutch-Boondock | $ 2,278.72 |
| Gentry | $ 92,236.78 |
| Wiggins | $ 13,016.93 |
| Lily | $ 66,512.35 |
| Brookbank | $0 |
| Manaco | $0 |

Appendix at 135-136, Defendant's Answer at ¶ 115.

13. Each of the contracts at issue contains contract clauses CT9.3 – Breach (6/90) and CT9.4 – Failure to Cut (4/82). Appendix at 10.

14. Clause CT9.3 (6/90) states, in pertinent part, that "damages due the United States for termination under this provision shall be determined pursuant to CT9.4." Appendix at 6.

15. Clause CT9.4 provides that:

> In the event of (a) termination for breach . . ., Forest Service shall appraise remaining Included Timber . . . . Such appraisal shall be made with the standard Forest Service method in use at time of termination.
>
> Damages due the United States for Purchaser's failure to cut and remove Included Timber meeting Utilization Standards shall be the amount by which Current Contract Value, plus costs described below, less any Effective Purchaser Credit remaining at time of termination, exceeds the resale value at new Bid Rates. If there is no resale, damages due shall be determined by subcontracting the value established by said appraisal from the difference between Current Contract Value and unused Effective Purchaser Credit, plus . . . applicable costs . . . .

Appendix at 7.

Respectfully submitted,

s/ Alan I. Saltman

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

Of Counsel:

Richard W. Goeken
David J. Craig
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: March 25, 2004