However, the time has now come for these words to be backed by action, first by permitting Precision Pine to bid on all timber sales offerings in Region 3 without further ado and by reaching a fair resolution of the current litigation.

In this regard, I truly appreciate your statement that "the agency has been and continues to be interested in settlement possibilities." However, I think you know that Precision Pine has been underwhelmed by the Forest Service's idea of what has been a "possible" settlement. Indeed, last year at about this time we spent considerable effort thinking about, preparing and presenting a settlement proposal to you which represented a substantial discount from our claimed damages and which also offered many innovative ways to resolve the host of issues between us. However, our proposal was summarily dismissed by the Forest Service and a nuisance value counteroffer was made. Since that time, a Federal judge has assessed the facts and the law and found that the Forest Service breached 12 of Precision Pine's timber sale contracts. Moreover, this is not the first court to find that the Forest Service acted improperly in causing these suspensions. I say this not to gloat, but simply to suggest that the time has come for the Forest Service to realistically assess the harm that it has caused to Precision Pine.

With a trial on damages likely to commence in the court in the near future, we will shortly be re-examining and, if necessary, refining our damages. If the Forest Service demonstrates a willingness to <u>meaningfully</u> discuss settlement, we would be happy to make a presentation on

damages to you and your lawyers. Please be advised we have no desire whatsoever to engage in another exercise in futility and are quite willing to prove our damages in court if that is the only way for us to be reasonably compensated for the Forest Service's breaches.[3]

I look forward to your response.

Very truly yours,

Lorin D. Porter
President
Precision Pine & Timber, Inc.

cc: Dale Bosworth, Chief
Tom L. Thompson, Deputy Chief, National Forest System

---

[3]In this regard, my lawyers tell me that in another case, where the amount being sought was less than our claim, the government recently offered $4 million to resolve an alleged breach of four timber sale contracts where the court had not yet even ruled on the issue of liability.

**PRECISION PINE & TIMBER, INC.**
P.O. BOX 959
HEBER, AZ 85928

91-584/1221
8229218372

1201

date Oct. 27, 2001

PAY TO THE ORDER OF: U.S.D.A. Forest Service $ 116,130.70/xx

One hundred sixteen thousand one hundred thirty and 70/100 – dollars

**Community First**
National Bank
1945 Highway 260
Heber AZ 85928

For

⑆122105647⑆ ⑈8229218372⑈ 1201

United States Department of Agriculture
Forest Service
R3 Regional Office
333 Broadway SE
Albuquerque, NM 87102
FAX (505) 842-3800
V/TTY (505) 842-3292

File Code: 2450
Date: NOV 16 2001

Lorin D. Porter
President
Precision Pine & Timber, Inc.
P.O. Box 70
Heber, AZ 85928

Dear Mr. Porter:

Thank you for your letter of October 27, 2001, and your payment of the balance due on the O.D. Ridge Timber Sale Contract. I believe it is in the best interests of the United States to have as much competition as possible in timber sales. Therefore, pursuant to 36 CFR § 223.86, I conclude that it is in the public's best interest to allow Precision Pine to bid on the Jersey Horse II Timber Sale.

As to the rest of your letter, while I believe neither that Precision Pine's failure to provide a surety acceptable to the United States is out of your control, nor that the Court of Federal Claims opinion of July 30, 2001, in Precision Pine & Timber, Inc. v. The United States, No 98-720 C, provides you with a defense to your failure to provide an acceptable surety, the Forest Service is interested in resolving this situation and moving on.

You have suggested a meeting with agency and counsel regarding the damages you are requesting. I think a meeting on that subject would be very productive. Please have your attorney contact Jim Caine at the Department of Justice to set up a meeting date that is convenient to everyone, and let's see what we can resolve.

Sincerely,

David Stewart for
ELEANOR S. TOWNS
Regional Forester

cc:
Kerry Nedrow, A/SNF
James Caine, DOJ
FFH
Patricia Disert, OGC

| U.S. DEPARTMENT OF AGRICULTURE<br>FOREST SERVICE<br>**TIMBER SALE CONTRACT**<br>(Applicable to Sales to be Measured Before Felling) | | NAME OF PURCHASER<br>Precision Pine & Timber Inc. | | |
|---|---|---|---|---|
| NATIONAL FOREST<br>COCONINO | RANGER DISTRICT<br>LONG VALLEY | REGION<br>THREE | CONTRACT NO.<br>005564 | |
| SALE NAME<br>MONUMENT MULTIPRODUCT TIMBER SALE | | SUBREGION | AWARD DATE<br>9/28/94 | TERMINATION DATE<br>December 31, 1996 |

The parties to this contract are The United States of America, acting through the Forest Service, United States Department of Agriculture, hereinafter called Forest Service, and Precision Pine and Timber, Inc., P O Box 70, Heber, AZ 85928, a corporation organized and existing under the laws of the State of Arizona, hereinafter called Purchaser.

2/ Forest Service having advertised a sale at which either (1) Purchaser, whose required bid deposit is now held by Forest Service as an initial deposit, was the successful bidder, or (2) no bids were received and Purchaser having subsequently offered at least the minimum advertised price and made an initial deposit in the same amount as the bid deposit specified in the sale advertisement; and the parties hereto desiring to record their agreement; now therefore,

In consideration of the premises and the promises hereinafter contained, unless provided otherwise herein, Forest Service agrees to sell and permit Purchaser to cut and remove and Purchaser agrees to purchase, cut and remove Included Timber.

This contract consists of three Divisions: AT - Specific Conditions, BT - Standard Provisions, and CT - Special Provisions, together with Sale Area Map, Drawings and specifications for developments (if any) and such attachments as may be provided for in Division CT. Specific Conditions are numbered and apply to the Part, Section, Subsection, or Item of the Standard Provisions, as indicated hereunder. Other conditions of this contract are stated in Division CT-Special Provisions.

**IN WITNESS WHEREOF**, the parties hereto have executed this contract as of the award date.

UNITED STATES OF AMERICA

BY Ken Broyles

Contracting Officer
(Title)

Two Witnesses: 3/

________________
(Name)

________________
(Address)

________________
(Name)

________________
(Address)

* Precision Pine + Timber, Inc.
(Purchaser) 4/

BY [signature]

* President
(Title)

* P.O. Box 70
(Business Address)

Heber, AZ 85928

I, 5/ Tonita Porter, certify that I am the ________ Secretary of the corporation named as Purchaser herein; that Lorin D. Porter who signed this contract on behalf of Purchaser, was then President of said corporation; that said contract was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers

[signature] Tonita Porter

| CORPORATE SEAL 6/ |

INSTRUCTIONS
FOR COMPLETING
TIMBER SALE CONTRACT

1/ If Purchaser is a corporation, state "a corporation organized and existing under the laws of the State of ______________________" and specify the State; if Purchaser is a partnership, state "a partnership consisting of __________________________" and specify the names of each partner; and if Purchaser is a sole proprietor doing business under an assumed name, state "an individual doing business under the name of ______________________________________ City of __________________________, State of ____________________________."

2/ Delete this paragraph for unadvertised administrative use, and timber settlement contracts.

3/ The signatures and addresses of two witnesses are required if Purchaser is other than a corporation.

4/ If Purchaser is a co-partnership, the signatures should be: XYZ Company, by John Doe, a member of the firm. If Purchaser is a corporation, form of signature should be: XYZ Company, by John Doe, President (or other officer or agent) and the seal of the corporation must be impressed or indicated.

5/ The certificate must be completed if Purchaser is a corporation.

6/ If the corporation has no corporate seal that fact shall be stated, in which case a scroll or adhesive seal shall follow the corporate name.

Case 1:02-cv-00131-GWM Document 39-6 Filed 04/26/2004 Page 7 of 10

The following conditions apply to the indicated portions of Division BT-Standard Provisions issued 10/73 (Month-Year)

**AT1 - Location and Area**, applicable to BT1.1

This Sale Area of 2560 acres more or less is located in: Sections 2 & 3, T15N, R8E; Sections 11, 14, 24-26, 34-36 T16N, R8E,; Sections 18, 19 & 30, T16N., R9E., Gila and Salt River Meridian.

**AT2 - Volume Estimate and Utilization Standards**, applicable to BT2.1, BT2.2, BT2.4, BT6.4 and BT6.8

| SPECIES AND PRODUCT | ESTIMATED QUANTITY 1/ AND UNIT OF MEASURE | MINIMUM TREE SPECIFICATIONS INCLUDE ONE MINIMUM PIECE — DIAMETER BREAST HIGH (d.b.h.) Inches | MINIMUM PIECE SPECIFICATIONS — LENGTH Feet | MINIMUM PIECE SPECIFICATIONS — DIAMETER INSIDE BARK AT SMALL END Inches | MINIMUM PIECE SPECIFICATIONS — NET MEASURE IN % OF GROSS MEASURE |
|---|---|---|---|---|---|
| Ponderosa Pine and Other Conifer Sawlogs | 1461 CCF | 9.0 | 8 | 6.0 | 33 1/3 |
| Ponderosa Pine and Other Conifer Roundwood 1/ | 1100 CCF | 5.0 | 10 | 4.0 | N/A |
| 1/ Roundwood should be reasonably straight and sound. When roundwood is cut into smaller dimensions than shown above, the pieces meet utilization standards. | | | | | |
| TOTAL | 2561 CCF | ////////////////// | ////////// | ////////// | /////// |

1/Quantities not included here are described in BT2.4.

**AT3 - Timber Designations**, applicable to BT2.3; acres are approximate:

| | Number | Acres |
|---|---|---|
| Clearcutting Units (BT2.31) | None | None |
| Specified Road Clearing (BT2.32) | None | None |
| Overstory-Removal Units (BT2.33) | None | None |
| Understory-Removal Units (BT2.34) | None | None |
| Individual Trees (BT2.35) | /////////////// | 651 |
| Incompletely-Measured Payment Units(BT2.36) | None | None |

**AT4 - Dead Trees Required to be Felled**, applicable to BT2.12, BT2.3 and BT6.4.

**Size Requirements:** N/A feet high and N/A inches d.b.h.

**Number Limitations:** Applicable only if Sale Area Map indicates there are subdivisions where timber is to be designated after date of sale advertisement. In addition to dead trees felled within Clearcutting Units, construction clearings and other authorized development clearings, no more than N/A dead trees must be felled within subdivisions, or those portions thereof, where timber is designated after date of sale advertisement. Number limitation does not apply to subdivisions, or portions thereof, designated at time of sale advertisement.

AT5 - Timber Payment Rates, applicable to BT3.1 and BT4.0

AT5a - For Species and Products to be Paid for at Rates Escalated under BT3.2.

| SPECIES AND PRODUCT | UNIT OF MEASURE | RATES PER UNIT OF MEASURE BASE $ | ADVERTISED $ | BID PREMIUM $ | BID (Tentative) $ | REQUIRED DEPOSITS SLASH DISPOSAL $ | BASE INDEX |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

AT5b - For Species and Products to be Paid for at Flat Rates

| SPECIES AND PRODUCT | UNIT OF MEASURE | RATES PER UNIT OF MEASURE BASE $ | ADVERTISED $ | BID PREMIUM $ | BID (Flat) $ | REQUIRED DEPOSITS SLASH DISPOSAL | BASE INDEX |
|---|---|---|---|---|---|---|---|
| Ponderosa Pine and Other Conifer Sawlog (9.0" DBH and Larger) | CCF | 5.00 | 42.01 | 19.99 | 62.00 | $1.12/CCF | $250.07/MBF WWPAA |
| Pondersoa Pine and Other Conifer Roundwood | CCF | 5.00 | 9.40 | None | 9.40 | $1.21/CCF SRR | |
| Surface Rock Replacement -- Required Deposits | | | | | | $1.21/CCF | |

For purposes of convenience in collection and bookkeeping, Bid Rates stated in AT5 include payment of deposits for sale area betterment required pursuant to 16 U.S.C. 576b. Such deposits are not included as Required Deposits defined hereunder.

AT5c - Schedule of Payment Units

| Payment Unit Number | Approx. Acres | Quantity of Species and Products to be Escalated under AT5a | Total Tentative Payment | Quantity of Species and Products to be Paid for at Flat Rates under AT5b | Total Flat Rate Payment | Total Required Deposits for Slash Disposal |
|---|---|---|---|---|---|---|
| 1 | 278 | | | 708 CCF Ponderosa Pine Sawtimber and 478 CCF Ponderosa Pine Roundwood | $48,389.20 | $ 792.96 SLASH ( 708 CCF)<br>$1435.06 SRR (1178 CCF) |
| 2 | 373 | | | 753 CCF Ponderosa Pine Sawtimber and 622 CCF Ponderosa Pine Roundwood | $52,532.80 | $ 843.36 SLASH (753 CCF)<br>$ 1663.75 SRR (1375 CCF) |
| AT# | Unest. | Unestimated vol. from damaged trees & ROW. (Ponderosa Pine) | | | | $1.12/CCF SLASH<br>$1.21/CCF SRR |

The following definitions are established for the terms used in AT5:

**Base Rates** are the lowest rates of payment for timber which are authorized by this contract. Base rates remain constant throughout the life of this contract and are not subject to change by rate redetermination except for reduction under BT3.32.

**Advertised Rates** are the minimum acceptable Bid Rates for timber, exclusive of Required Deposits. These rates are those indicated by appraisal in which no cost allowance has been made for construction of Specified Roads listed in AT9 but are never less than Base Rates.

**Bid Premium Rates** are the amounts by which Purchaser's bid is in excess of Advertised Rates. Bid Premium Rates are constant during this contract.

**Bid Rates** are the rates bid by Purchaser (exclusive of Required Deposits for slash disposal and road maintenance) and are the sum of Advertised Rates and Bid Premium Rates. Until a rate redetermination becomes effective, the Bid Rate for species and products in AT5a is the Tentative Rate which is subject to quarterly adjustment under BT3.2; for species and products in AT5b the Bid Rate is the Flat Rate.

**Required Deposits** are deposits which Purchaser may be required by law to pay for slash disposal (16 U.S.C. 490) and road maintenance (16 U.S.C. 537). Required Deposits may be adjusted as part of a rate redetermination or Contract Term Extension. The tables show only Required Deposits for slash disposal; road maintenance deposits, if any, are given in CT5.4 or CT5.41.

**Base Index** is the specified average of the lumber or other product selling value index used as the basis for computing adjustment in rates for variance in product selling value as provided in BT3.2. Base Indices shall be redetermined when rate redeterminations are made under BT3.31.

**AT6 - Indices used in Quarterly Adjustment**, applicable to BT3.2

| SPECIES | INDEX NAME AND DATE |
|---|---|
| Ponderosa Pine and Other | WWPAA Rocky Mountain Ponderosa Pine, 1985-1986 Basis |

**AT7 - Scheduled Rate Redetermination**, applicable to BT3.31.

Date for scheduled rate redetermination is N/A . Rate redeterminations shall cover Included Timber in the entire sale unless otherwise specified in CT3.31. Timber quantity required to be paid for and Released for Cutting before lower rates developed from scheduled rate redetermination can become effective is N/A (State quantity and unit of measure based on estimates in AT5c) or the quantities from Payment Units numbered N/A.

**AT8 - High Stumps**, applicable to BT6.412.

| SPECIES | MAXIMUM STUMP HEIGHT (inches) |
|---|---|
| Ponderosa Pine 9.0"+ DBH Sawtimber All Other Cutting Units | 12" |
| Ponderosa Pine 5-8.9" DBH Roundwood | 6" |