# APPENDIX

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PRECISION PINE & TIMBER, INC. )
)
Plaintiff, )
)
v. ) No. 02-131C
) (Judge George Miller)
THE UNITED STATES )
)
Defendant. )

## Declaration of David P. Harris

I, David P. Harris, declare as follows:

1. I am a Supervisory Forester in the Region 3, Regional Office of the U.S. Department of Agriculture Forest Service ("Forest Service") located in Albuquerque, New Mexico. Region 3 covers the states of Arizona and New Mexico.

2. As a Supervisory Forester, I am responsible for regional oversight of all sale preparation and sale administration aspects of timber sale contracts in Region 3. I am responsible for the training and certification of timber sale administrators and Contracting Officers in Region 3. In this role I am responsible for providing the necessary training opportunities and testing required for meeting the national standards established for certified sale administrators and

Contracting Officers. I have held my current position since December 1, 2002.

3. Previously, I served as a Timber Specialist and Contracting Officer on the Kaibab National Forest in Williams, Arizona. I served in that position from January 1994 to November 2002. As timber specialist and Contracting Officer for the Kaibab National Forest, my responsibilities included oversight of the Forest timber management program, including but not limited to, timber sale preparation, appraisal, contract formulation, and contract administration.

4. Between July 22, 1994, and October 5, 2000, Precision Pine incurred 45 breaches on 17 Forest Service timber sale contracts.

5. During July, 2000, the contracting officers handling Precision Pine's Forest Service timber sale contracts, including but not limited to Susan Lee, Richard Stephens, David Harris, Dave Cummings, and Marion (Bob) Yost reviewed all of Precision Pine's contracts dating back to mid-1994, one year before the Mexican Spotted Owl (MSO) suspension, pulled all the documentation regarding breaches by Precision Pine and compiled a summary of these breaches in an effort to gain a better perspective on all of Precision Pines operations. A true and correct copy of the table containing that information is

attached as exhibit A to this declaration. The Contracting Officers did not go back further than one year prior to the MSO suspension for review.

6. A review of the summary indicates that most of PP&T's breaches were due to their failure to pay for material cut and removed. A true and correct copy of this summary is attached as Exhibit A to this Declaration.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this __7th__ day of May 2004.

David P. Harris
Supervisory Forester

USDA FOREST SERVICE – REGION 3

Precision Pine and Timber, Inc. Breach History

| Forest | Sale Name | Dates Of Breaches | Contract Provision Breached | Date of Follow-Up Remedy Notices | Date Remedied |
|---|---|---|---|---|---|
| A/S | Hay | 7/28/95 | C4.4 (1/84)-Payments Not Received. Letter did not specifically mention breach, But did suspend felling & skidding | | 8/26/95 |
| | Gentry M.P. | 7/20/00 | BT9.1 & BT4.3- Failure to provide acceptable Performance Bond | 10/2/2000 | Not Remedied-Sale Terminated for Breach on 1/9/01. |
| | Wiggins M.P. | 7/20/00 | BT9.1 & BT4.3- Failure to provide acceptable Performance Bond | 10/2/2000 | Not Remedied-Sale Terminated for Breach on 1/9/01. |
| | | 1/11/00 | CT4.4- Payments not received for material cut and removed. | | 04/24/00 |
| | | 12/29/98 | BT4.3- Blanket Payment Bond expired. | | 1/11/99- Bond Renewed |
| | Jersey Horse | 7/20/00 | BT9.1 & BT4.3- Failure to provide acceptable Performance Bond | 10/2/2000 | Not Remedied-Sale Terminated for Breach on 1/9/01. |
| | | 3/21/97 | CT4.222- Failure to return downpayment to full amount after temporary reduction. | | 3/31/97 |
| | Brookbank M.P. | 7/20/00 | BT9.1 & BT4.3- Failure to provide acceptable Performance Bond | 10/2/2000 | Not Remedied-Sale Terminated for Breach on 1/9/01. |
| | | 12/29/98 | BT4.3 – Blanket Payment Bond expired. | | 1/11/99 – Bond Renewed. |
| | | 8/4/98 | CT4.4 – Payment not received for material cut and removed. | | 8/20/98 |
| | | 5/14/98 | CT4.4 – Payment not received for material cut and removed. | | 7/22/98 |
| | | 3/21/97 | CT4.222- Failure to return downpayment to full amount after temporary reduction. | | 3/31/97 |

USDA FOREST SERVICE – REGION 3

Precision Pine and Timber, Inc. Breach History

| Forest | Sale Name | Dates Of Breaches | Contract Provision Breached | Date of Follow-Up Remedy Notices | Date Remedied |
|---|---|---|---|---|---|
| A/S | O.D.Ridge | 7/20/00 | BT9.1 & BT4.3- Failure to provide acceptable Performance Bond | 10/2/2000 | Not Remedied-Sale Terminated for Breach on 1/9/01. |
| | | 6/12/00 | CT4.4 – Payments not received for material cut and removed. | 7/5/00 | Not remedied prior to contract termination. |
| | | 5/31/00 | CT4.4 – Payments not received for material cut and removed. | | Not remedied. |
| | | 4/27/00 | CT4.4 – Payments not received for material cut and removed. | | 5/3/00 |
| | | 1/11/00 | CT4.4 – Payments not received for material cut and removed. | | 2/10/00 |
| | | | | | |
| Coconino | Hutch-Boondock | 7/17/00 | BT9.1 & BT4.3- Failure to provide acceptable Performance Bond. | 07/2/00<br>08/10/00<br>09/26/00 | Not Remedied-Sale Terminated for Breach on 1/9/01. |
| | | 02/09/99 | CT4.4 &CT4.224- Blanket Payment Bond. Expired. | | 02/22/99<br>Bond Replaced |
| | | 8/31/98 | CT4.4 – Payments not received for material cut and removed | | 09/18/98-Payment Received |
| | Monument | 07/17/00 | BT9.1 & BT4.3- Failure to provide acceptable Performance Bond. | 07/2/00<br>08/10/00<br>09/26/00 | Not Remedied-Sale Terminated for Breach on 1/9/01. |
| | | 02/09/99 | CT4.4 &CT4.224- Blanket Payment Bond. expired. | | 02/22/99<br>Bond Replaced |

USDA FOREST SERVICE – REGION 3

Precision Pine and Timber, Inc. Breach History

| Forest | Sale Name | Dates Of Breaches | Contract Provision Breached | Date of Follow-Up Remedy Notices | Date Remedied |
|---|---|---|---|---|---|
| | Monument (continued) | 05/15/98 | CT4.264# - Failure to pay Initial Periodic Payment. | | 05/22/98 PP&T given an extension of contract time. |
| | | 01/23/97 | CT4.222 – Failure to reestablish down payment deposit refunded during the injunction.. | | 02/04/97- Bill Paid- Downpayment reestablished. |
| | U-Bar | 7/17/00 | BT9.1 & BT4.3- Failure to provide acceptable Performance Bond. | 07/2/00 08/10/00 09/26/00 | Not Remedied-Sale Terminated for Breach on 1/9/01. |
| | | 02/09/99 | CT4.4 &CT4.224- Blanket Payment Bond expired. | | 02/22/99 - Bond Replaced |
| | | 08/01/97 | CT4.4 –Payment not received for volume cut and removed in June of '97 | | 08/21/97 Payment Made |
| | | 07/16/97 | CT4.4 –Payment not received for volume cut and removed in May of '97 | | 07/28/97 Payment Made |
| | Kendrick Fire Salvage | 02/09/99 | C4.4 - Blanket Payment Bond expired. | | 02/22/99 Bond Replaced |
| | | 08/31/98 | CT4.4 –Payment not received for volume cut and removed in July of '98. | | 09/23/98 Payment Made |
| | | 08/04/98 | CT4.4 – Payment not received for volume cut and removed in June of '98 | | 08/28/98 Payment Made |
| | Mud | 08/31/98 | CT4.4 –Payment not received for volume cut and removed. | | 09/04/98 Payment Made |
| | | 08/04/98 | CT4.4 – Payment not received for volume cut and removed. | | 08/05/98 Payment Made |
| | | | | | |

USDA FOREST SERVICE – REGION 3

Precision Pine and Timber, Inc. Breach History

| Forest | Sale Name | Dates Of Breaches | Contract Provision Breached | Date of Follow-Up Remedy Notices | Date Remedied |
|---|---|---|---|---|---|
| | Mud (cont) | 05/15/98 | CT4.254#- Failure to make additional periodic payment. | | 5/22/98 – PP&T given an extension of contract time. |
| Gila | Lily | 7/31/00 | BT9.1 & BT4.3- Failure to provide acceptable Performance Bond. | 8/11/00<br>9/26/00 | Not Remedied-Sale Terminated for Breach on 1/9/01. |
| | | | | | |
| Kaibab | Saginaw-Kennedy | 7/17/00 | BT9.1 & BT4.3- Failure to provide acceptable Performance Bond. | 8/11/00<br>9/26/00 | Not Remedied-Sale Terminated for Breach on 1/9/01. |
| | | | | | |
| | Brann | 10/05/00 | CT4.264# - Failure to make required Additional Periodic Payment. | | Not Remedied- CO made demand on Letter of Credit securing partial payment. Sale terminated prior to remedy. |
| | | 7/17/00 | BT9.1 & BT4.3- Failure to provide acceptable Performance Bond. | 8/11/00<br>9/26/00 | Not Remedied-Sale Terminated for Breach on 1/9/01. |
| | | 7/28/98 | CT4.4 – Failure to pay for timber cut and removed-amount of $117.51. | | 8/17/98- Payment received. |
| | | | | | |
| Tonto | Rose TS (closed-8/25/95) | 07/22/94 | CT4.4 – Payment not received for material cut and removed. | None | 7/26/940- Payment Received |
| | | 5/31/95 | CT7.2 – Failure to comply with specific Fire Precautionary Measures. | None | 6/5/95 |
| | | | | | |
| | | | | | |

USDA FOREST SERVICE – REGION 3

Precision Pine and Timber, Inc. Breach History

| Forest | Sale Name | Dates Of Breaches | Contract Provision Breached | Date of Follow-Up Remedy Notices | Date Remedied |
|---|---|---|---|---|---|
| Tonto | Manaco TS | 7/18/00 | BT9.1 & BT4.3- Failure to provide acceptable Performance Bond | | Not Remedied-Sale Terminated for Breach on 1/9/01. |
| | | 8/17/98 | CT4.4-Payments not received for material cut and removed. | None | 8/21/98 |
| | | 7/31/95 | CT4.4-Payments Not Received for material cut and removed. | None | 8/14/95 |
| | Salt TS | 6/9/98 | CT4.222-Failure to replace downpayment deposit refunded during the injunction. | | 8/14/98- PP&T notified CO if intent not to perform the contract. (Contract repudiation) |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

COPY

United States Department of Agriculture
Forest Service
Apache-Sitgreaves National Forests
P.O. Box 640
Springerville, AZ 85938
(520) 333-4301
V/TTY (520) 333-6292

File Code: 2450
Date: June 9, 2000

Stone Forest Industries
ATTN: Bob McKain
P.O. Box 457
Fernandina Beach, FL 32035-0457

CERTIFIED MAIL - RRR

Dear Bob:

It has come to our attention that your surety for performance bonds and blanket payment bonds, Frontier Insurance Company, is no longer listed in the Department of Treasury Circular 570 as an acceptable surety for Federal bonding, as required by BT4.3 - Payment Guaranteed by Bond or Deposited Securities, and BT9.1 - Performance Bond.

The following sales are affected; all are covered by payment bond #152924 for a total amount of $126,000:

1. Elk Multiproduct (#001749) – $15,000.
2. Whitcom Multiproduct (#001780) – $54,000.
3. Morgan Multiproduct (#001970) – $57,000.

Notice of Breach is hereby given, and under the terms of BT9.3 - Breach, you have 30 calendar days from the date of receiving this notice to provide acceptable surety or other security for the afore mentioned timber sales.

Sincerely,

KERRY NEDROW
Acting Contracting Officer

cc:
Susan Lee, Springerville RD
Dave Reisner, Lakeside RD
Alan Lucas, RO



Printed on Recycled Paper

SCHEER'S
INCORPORATED

23 West 55th Street
Countryside, Illinois 60525
708-352-6282 • Fax 708-352-6295

June 22, 2000

Mr. Kerry Nedrow
Acting Contracting Officer
United States Dept. of Agriculture
Forest Service Division
P.O. Box 640
Springerville, AZ 85938

SENT CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Re: Stone Forest Industries
Bond No. 152924

Dear Mr. Nedrow:

Please be advised that pursuant to your letter dated June 9, 2000 to Bob McKain of Stone Forest Industries, we, on behalf of Greenwich Insurance Company have issued bond no. 157710 with an effective date of June 21, 2000, as a replacement bond to bond no. 152924. The actual bond no. 157710 has been sent directly to Jefferson Smurfit Corporation for signature and will be sent directly to Bob McKain to forward onto you.

As there is no specific cancellation clause on bond no. 152924, we request that you return bond no. 152924 upon receipt of bond no. 157710. Please feel free to contact me if you have additional questions or concerns. Thank you for your assistance.

Sincerely,

SCHEER'S, INCORPORATED

Bonnie Kruse

Bonnie Kruse
Agent for Frontier Insurance Company

cc: Jefferson Smurfit Corporation
Stone Forest Industries
Frontier Insurance Company



*Specializing in Bonds and Insurance – since 1963*
Member National Association of Surety Bond Producers
Member Independent Insurance Agents of America

COPY

United States Department of Agriculture

Forest Service

Apache-Sitgreaves National Forests

P.O. Box 640
Springerville, AZ 85938
(520) 333-4301
V/TTY (520) 333-6292

File Code: 2450 ✓
Date: September 19, 2000

Stone Forest Industries
ATTN: Bob McKain
PO Box 457
Fernandina Beach, FL 32035-0457

CERTIFIED MAIL – RRR

Dear Bob:

Somehow we overlooked the fact that Frontier Insurance Company also carried the performance bond for the Elk Multiproduct Sale, (contract #81099), which is no longer an acceptable surety. The performance bond for $26,000.00 will need to be replaced by an acceptable surety, as listed in the Department of Treasury Circular 570.

Also, we have just recently noticed that your performance bonds for Morgan, (contract #001970), in the amount of $12,600, and Whitcom, (contract #001780), in the amount of $28,000, carried by Amwest Surety Insurance have expired. Please furnish new bonds with surety satisfactory to the Forest Service within 30 days of receipt, as per BT9.1 Performance Bond.

Sincerely,

Kerry Nedrow

KERRY NEDROW
Acting Contracting Officer

cc:
Susan A. Lee, Springerville R.D.
Lakeside R.D.
Alan Lucas, R.O.



Caring for the Land and Serving People

Printed on Recycled Paper

OCT 24 2000

**FRONTIER INSURANCE COMPANY**
**2636 Elm Hill Pike, Ste. 500, Nashville, TN 37214**

October 17, 2000

Administrator
U.S. Dept. of Agriculture
Dept. of Forest Services
309 S. Mountain Avenue
Springersville, AZ 85938

RE: **Bond Number: 81099**
**Principal: Stone Container Corporation**
**Reason for Cancellation: Bond Replaced through Gulf Insurance Company, Bond No. BE0939856, effective October 11, 2000**

Dear Sir/Madam:

Please be advised that, in accordance with the terms of the above identified bond(s), the Surety hereby elects to cancel said bond(s) and hereby gives written notice of said cancellation to the Obligee.

The cancellation shall be effective **effective on October 11, 2000,** at which time the liability of Frontier Insurance Company under **Bond Number 81099** shall cease and terminate as to subsequent acts and liabilities of the Principal.

Sincerely,

FRONTIER INSURANCE COMPANY

Bonnie Kruse
Attorney-in-Fact

cc: Mr. Rusty Briggs, Risk Management
Stone Container Corporation
8182 Maryland Avenue
St. Louis, MO 63105

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Smurfit-Stone

VIA AIRBORNE

October 20, 2000

United States Department of Agriculture
ATTN: Kerry Nedrow
309 S. Mountain Avenue
Springerville, AZ 85938

Dear Kerry:

Enclosed are the executed bonds as requested in your letter of September 19, 2000.

If you require any additional information, please do not hesitate to contact me at 314-746-1146.

Sincerely,

Mindy Lewis

Mindy M. Lewis
Insurance Analyst

Enclosures (4)

Cc: Bob McKain
John Cantrell

Smurfit-Stone Container Corporation
**Corporate Mailing Address** P.O. Box 66820 St. Louis, MO 63166
8182 Maryland Avenue St. Louis, MO 63105 phone 314-746-1100

BOND NO. BE0939856 (Issued in [illegible]licate)

# PERFORMANCE BOND
*(See instructions on reverse)*

DATE BOND EXECUTED *(Must be same or later than date of contract)*: October 11, 2000

OMB No.: 9000-0045
Expires: 09/30/98

[illegible] reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data [illegible]s, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other [illegible] of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, [illegible]20405

PRINCIPAL *(Legal name and business address)*
Stone Container Corporation, a Delaware Corporation
1300 S. Milton Road, Ste. 220
Flagstaff, AZ 86001

TYPE OF ORGANIZATION *("X" one)*: Corporation
☐ INDIVIDUAL ☐ PARTNERSHIP
☐ JOINT VENTURE ☒ CORPORATION

STATE OF INCORPORATION: Delaware

SURETY(IES) *(Name(s) and business address(es)*
Gulf Insurance Company
2636 Elm Hill Pike, Ste. 500
Nashville, TN 37214

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| --------- | --26--- | ---000-- | --00-- |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 09/30/93 | 001749 Elk Multiproduc |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The Principal has entered into the contract identified above.

THEREFORE:

[illegible]bove obligation is void if the Principal -

(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

**PRINCIPAL** — STONE CONTAINER CORPORATION

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | [signature] (Seal) | (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1 CHARLES A. HINRICHS VICE PRESIDENT AND TREASURER | | 3. | |

**INDIVIDUAL SURETY(IES)**

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) *(Typed)* | 1. | 2. |

**CORPORATE SURETY(IES)** — GULF INSURANCE COMPANY

| | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | 2636 Elm Hill Pike, Ste. 500 Nashville, TN 37214 | STATE OF INC. MO | LIABILITY LIMIT $33,382,000.00 | Corporate Seal |
| SIGNATURE(S) | 1. [signature] | 2. | | |
| NAME(S) & TITLE(S) *(Typed)* | 1. Peggy Faust Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

STANDARD FORM 25 (REV. 5-96)
Prescribed by GSA-FAR (48 CFR) 53.228(b)

BOND NO. B[illegible]

| PERFORMANCE BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract): October 11, 2000 | OMB No.: 9000-0045 Expires: 09/30/98 |
|---|---|---|

reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data es, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other ct of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

**PRINCIPAL** (Legal name and business address)

Stone Container Corporation
d.b.a. Stone Forest Industries
1300 S. Milton Road, Ste. 220
Flagstaff, AZ 86001

**TYPE OF ORGANIZATION** ("X" one)

☐ INDIVIDUAL ☐ PARTNERSHIP
☐ JOINT VENTURE ☒ CORPORATION

**STATE OF INCORPORATION**

Delaware

**SURETY(IES)** (Name(s) and business address(es))

Gulf Insurance Company
2636 Elm Hill Pike, Ste. 500
Nashville, TN 37214

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| ------- | ---12--- | --600--- | --00-- |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 12/11/97 | 001970 Morgan Multiprc duct |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The Principal has entered into the contract identified above.

EFORE:

above obligation is void if the Principal -

(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

**PRINCIPAL** — STONE CONTAINER CORPORATION D.B.A

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | STONE FOREST INDUSTRIES [signature] (Seal) | (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | CHARLES A. HINRICHS VICE PRESIDENT AND TREASURER | | | |

**INDIVIDUAL SURETY(IES)**

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) (Typed) | | |

**CORPORATE SURETY(IES)** — GULF INSURANCE COMPANY

| | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | 2636 Elm Hill Pike, Ste. 500 Nashville, TN 37214 | STATE OF INC. MO | LIABILITY LIMIT $33,382,000.00 | Corporate Seal |
| SIGNATURE(S) | 1. [signature] | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. Peggy Faust Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

STANDARD FORM 25 (REV. 5-96)
Prescribed by GSA-FAR (48 CFR) 53.228(b)

Bond No. BE09308519

| PERFORMANCE BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) October 13, 2000 | OMB No.: 9000-004 Expires: 09/30/98 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washin DC 20405

PRINCIPAL (Legal name and business address)

Stone Container Corporation
d.b.a. Stone Forest Industries
P.O. Box 1480
Eager, AZ 85925

TYPE OF ORGANIZATION ("X" one)

- [ ] INDIVIDUAL
- [ ] PARTNERSHIP
- [ ] JOINT VENTURE
- [X] CORPORATION

STATE OF INCORPORATION: Delaware

SURETY(IES) (Name(s) and business address(es))

Gulf Insurance Company
2636 Elm Hill Pike, Ste. 500
Nashville, TN 37214

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENT |
|---|---|---|---|
| -------- | ---28--- | --000--- | --( |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 07/14/94 | 001780 Whitcom |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only fo purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally wit Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full an of the penal sum.

CONDITIONS:

The Principal has entered into the contract identified above.

THEREFORE:

The above obligation is void if the Principal -

(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term o contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any gua required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms conditions, and agreements of any and all authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respe which this bond is furnished.

WITNESS:

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

**PRINCIPAL**

STONE CONTAINER CORPORATION
d.b.a. STONE FOREST INDUSTRIES

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | [signature] (Seal) | (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | CHARLES A. HINRICHS VICE PRESIDENT AND TREASURER | | | |

**INDIVIDUAL SURETY(IES)**

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (S |
| NAME(S) (Typed) | | |

**CORPORATE SURETY(IES)**

GULF INSURANCE COMPANY

| SURETY A | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | 2636 Elm Hill Pike, Ste. 500 Nashville, TN 37214 | STATE OF INC. MO | LIABILITY LIMIT $ 33,382,000.00 | Corporate Seal |
| SIGNATURE(S) | 1. [signature] | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. Peggy Faust Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

STANDARD FORM 25 (REV. 5-96)
Prescribed by GSA-FAR (48 CFR) 53.228(

**PRECISION PINE & TIMBER, INC.**
P.O. BOX 70
HEBER, ARIZONA 85928
(602) 535-9112 • FAX (602) 535-9196

September 21, 1995

Stone Container
Forest Products Division
P O Drawer 450
Snowflake, AZ 85937
Sean Leary

Dear Mr. Leary:

In light of the current timber shortage in Region 3, I was not surprised to hear recently that Stone Forest Industries is interested in purchasing round wood. As a long-time supplier of round wood to Stone, we were surprised that no one contatcted us regarding Precision Pines's availability as a source of supply. In any case, Prescision Pine does have round wood available. I am offering Stone approximately 1000 cords at $93.00 per cord form the Park Timber Sale. We are ready to make this available to you immediately. Please get back to me as soon as possible regarding this offer.

Sincerely yours,

Lewis N. Tenney, Jr.

EXHIBIT
Tenney no 12 2/5/04

**Stone Container Corporation**

Forest Products Division

P.O. Drawer 450
Snowflake, Arizona 85937

602 536-4314

OCTOBER 3, 1995

LEWIS TENNEY
**PRECISION PINE & TIMBER**
PO BOX 70
HEBER, AZ 85928

DEAR LEWIS

THANK YOU FOR YOUR LETTER REGARDING PULPWOOD FROM THE PARK TIMBER SALE. AT THIS TIME OUR SITUATION AT THE LOG LANDING IS FAIRLY SECURE FOR THE CURRENT LOGGING SEASON, AND AT THIS TIME WE ARE NOT LOOKING TO MAKE ANY NEW COMMITMENTS FOR PULPWOOD IN THIS SEASON.

WE AT STONE FOREST PRODUCTS APPRECIATE THE VOLUME OF PULPWOOD DELIVERED BY PRECISION PINE IN 1995.

SINCERELY

Sean

SEAN P. LEARY
AREA MANAGER

EH

CC: STEVE C. BENNETT

EXHIBIT
Tenney no. 13
2/5/03

PRECISION PINE & TIMBER, INC.
P.O. BOX 70
HEBER, ARIZONA 85928
(602) 536-2181
P.O. DRAWER W WINSLOW, AZ 86047

EXHIBIT
Smith No 29
2/9/04

31 Oct 95

Al Schirman, TSA
Long Valley RD
Coconino N.F.

RE: Hutch BD

Al,

As we discussed at the Hutch BD Pre Work yesterday - PP&T does not have an outlet for pulpwood at this time. Jerry Zellner at Camp Verde has indicated that he would take the wood in the spring.

In terms of Hutch BD we plan to harvest Sawlogs only at this time concentrating on the Hutch side.

We anticipate entering the Hatch side and the Boondock Side next Spring to harvest the pulpwood and Misc Saw logs that will develope.

Thank You for your understanding on this Matter.

Sincerely,

B. Smith, Par. Rep.

~~MARCH~~ [Date] 22, 1996

MILO LARSON, TIMBER STAFF
USFS - SOUTHWESTERN REGION
517 GOLD AVE, S.W.
ALBUQUERQUE, NEW MEXICO 87102

MILO,

PRECISION PINE & TIMBER, INC. IS THE HOLDER OF TIMBER SALE CONTRACT - 02-006577, OTHERWISE KNOWN AS BRANN ON THE CHALENDER DISTRICT OF THE KAIBAB NATIONAL FOREST.

WE BEGAN HARVEST OF THIS SALE IN JANUARY OF 1996. WE HARVESTED THE SAWLOG COMPONENT ONLY, AS WE DID NOT HAVE AN OUTLET FOR THE 5" TO 8.9" DBH PULPWOOD COMPONENT.

DURING THE SAWLOG HARVEST WE WERE APPROACHED BY A COMPANY INTERESTED IN HARVESTING THE PULPWOOD FOR DELIVERY TO STONE CONTAINER IN FLAGSTAFF. WE CONTRACTED WITH THIS COMPANY AND THE PULPWOOD OPERATION WAS STARTED.

TWO DAYS INTO THE HAUL THE PULPWOOD OPERATION WAS FORCED TO CEASE BECAUSE STONE CONTAINER DID NOT WANT THE WOOD.

WE ASSUMED THAT "SOMEONE" AT STONE REALIZED THAT THE WOOD WAS FROM A PRECISION PINE & TIMBER INC. SALE, BRANN, AND THAT THEY WOULD NOT ACCEPT THE WOOD. WE WERE TOLD LATER THAT A COMMENT WAS MADE BY A STONE EMPLOYEE - (SOMETHING TO THE EFFECT THAT...) - YOU DID NOT TELL ME THAT THIS WOOD WAS FROM A PRECISION SALE.

A LATER INCIDENT INVOLVES A STONE EMPLOYEE RELATING THAT STONE WOULD NOT PURCHASE PULPWOOD FROM PRECISION PINE AND TIMBER OR DUKE CITY LUMBER COMPANY.

THESE INCIDENTS FURTHER SUPPORTS OUR POSITION THAT MULTI-PRODUCT SALES NEED TO BE DISCONTINUED. THE SAWLOG AND PULPWOOD COMPONENTS NEED TO BE SOLD SEPARATELY OR THE PULPWOOD BE LISTED

WE AS A COMPANY CANNOT SURVIVE LONG WHEN WE HAVE NO OUTLET FOR A PRODUCT-(PULPWOOD) THAT WE ARE FORCED TO PURCHASE ALONG WITH SAW-LOGS WHICH WE DO REQUIRE.

WILL YOU PLEASE, ONCE AGAIN, CONSIDER SEPARATING THE SAWLOG - PULPWOOD COMPONENT FROM FUTURE TIMBER SALE PLANNING AND LAYOUT.

SINCERELY,

LORIN D. PORTER
PRESIDENT

MUD 117 / 18

PRECISION PINE & TIMBER, INC.
P.O. BOX 70
HEBER, ARIZONA 85928
(602) 535-9112 • FAX (602) 535-9196

P.O. DRAWER W WINSLOW, AZ 86047

Richard Stevens, F.S.R.
Mormon Lake R.D.

12 July 96

RE: Mud M.P.

Dick,

After meeting with everyone today I can finally put together some semblance of an Operating Plan. As we discussed Warren Smith Contracting will start the P.C. work on Wednesday the 17th starting on PU1 and working through 2, 3 and 4 if you can get 4 squared away for us. We had started logging on the State (Park T.S.) and had to move to the Saddle Sale (till) today.

EXHIBIT
Smith no 46
[illegible] 2/12/04

Once TriStar has their feet on the ground on Saddle I will request permission and plan a Prework for WLd. I understand that we can work P.U. 1 without concern over the two small pieces of PC road which won't be used for PU1 any way. Hopefully the road work will progress as planed so that we can proceed behind it with logging. We will plan to harvest sawlogs 9"+ at this time.

Lewis and Lonnie have been in

MUD 669

Contact with Stone. Stone has indicated that they will probably Take our pulpwood Some time this fall. We would plan to begin the Pulpwood harvest once that outlet is available. At this time I don't know if we would go tree length direct or bolts thru the reload in Flag.

At any rate it appears that we will have a/the logical outlet for our pulpwood.

I will prepare more detail on other items for the Logging Prework.

Sincerely,

Keith, Pur. Rep.



(Copy taken)

PRECISION PINE & TIMBER, INC.
P.O. BOX 70
HEBER, ARIZONA 85928
(602) 535-9112 • FAX (602) 535-9196
P.O. DRAWER W WINSLOW, AZ 86047

22 Jan 97

To: Various Interested Parties
From: John B. Smith, Purchaser Rep
RE: Logging Plans for Various Sales

Please find attached an estimated Logging Schedule/plan for our Sales for 1997.

These are estimated start dates and are subject to change depending upon which Mill or Mills we have open and the availability of a Market for our pulpwood.

Sincerely
John B. Smith
John B Smith