**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) ) ) ) ) ) ) ) ) ) | No. 02-131C (Judge George W. Miller) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S ADDITIONAL PROPOSED FINDINGS OF UNDISPUTED FACT**

Pursuant to Rules of the Court of Federal Claims, Rule 56(h)(2), plaintiff, Precision Pine and Timber, Inc. ("Precision Pine"), provides this response to defendant's Additional Proposed Findings of Undisputed Fact:[1]

**DEFENDANT'S ADDITIONAL PROPOSED FINDING OF FACT NO. 16:**

Each appraisal used in the respective contracting officers' final decisions assessing damages as result of Precision Pine's default was conducted in accordance with the standard Forest Service method in use at the time of termination. DA4, 6-8 (Harris Decl. ¶¶ 9, 14, 18, 21).

[1]Precision Pine notes that defendant's Additional Proposed Findings of Undisputed Fact are supported in their entirety solely by the Declaration of David P. Harris. Mr. Harris is not currently a contracting officer. Harris Declaration at ¶¶ 1-2. He was only ever the contracting officer for two of the sales at issue, Brann and Saginaw Kennedy. Harris Declaration at ¶¶ 3-4. His knowledge of the remaining ten contracts came from a review of the contract files. Harris Declaration at ¶ 11. As such, Mr. Harris does not have personal knowledge of the facts regarding those contracts.

**RESPONSE:**

Plaintiff cannot agree or disagree with this statement as defendant has provided no evidence as to the manner in which the appraisals for each of the contracts at issue were done. The paragraphs of the Harris Declaration to which the government cites merely state that the appraisals were done "using the standard Forest Service appraisal method, and appraisal bulletin values, in effect at the time of termination." Harris Declaration at ¶¶ 9, 14, 18, 21. Simply stating that the appraisals were done correctly does nothing to support the proposition that the appraisals were, in fact, done correctly. Moreover, Mr. Harris was only ever the contracting officer for the Brann and Saginaw-Kennedy sales. Harris Declaration at ¶¶ 4, 11. Thus, he has no personal knowledge as to the manner in which the appraisals on the other ten sales were conducted. Finally, the Harris Declaration does not address the Manaco sale (other than to say he reviewed the contract file and that it was terminated), therefore, his declaration does not provide any support as to how the appraisal on that sale was conducted.

**DEFENDANT'S ADDITIONAL PROPOSED FINDING OF FACT NO. 17:**

Each contracting officer final decision assessing damages as a result of Precision Pine's default assessed damages in accordance with contract clause CT9.4. DA2-3, 6-8 (Harris Decl. ¶¶ 7, 13, 17, 20).

**RESPONSE:**

Plaintiff disagrees with this statement. Whether the contracting officers assessed damages in accordance with CT9.4 is one of the primary issues in this case. A large portion of the plaintiff's briefs with regard to its Motion for Summary Judgment have been dedicated to

arguing that the contracting officers did not comply with contract clause CT9.4. The paragraphs of the Harris Declaration to which the government cites do not provide any evidence showing that the contracting officers properly assessed damages in accordance with CT9.4. The cited paragraphs merely assert that the proposition is true without demonstrating or explaining why that is the case. Moreover, Mr. Harris was only ever the contracting officer for the Brann and Saginaw-Kennedy sales. Harris Declaration at ¶¶ 4, 11. Thus, he has no personal knowledge as to the manner in which the damages on the other ten sales were assessed.

**DEFENDANT'S ADDITIONAL PROPOSED FINDING OF FACT NO. 18:**

No timber upon the Brookbank, Saginaw-Kennedy, Brann, U-Bar, Monument; Manaco, Hutch-Boondock, Gentry and Lily has been resold. DA4, 7-8 (Harris Decl. ¶¶ 10, 15, 19, 22). The Forest Service does not plan to resell timber from these contracts. Id.

**RESPONSE:**

The plaintiff does not disagree with this statement. However, Precision Pine notes that the decisions documents for all of the contracts except Hutch-Boondock indicated that the listed sales were to be resold. The Forest Service's current intention with regard to these sales is irrelevant. The relevant issue is whether the sales had been resold at the time the damages were assessed. Additionally, Precision Pine notes that the Harris Declaration does not address whether Manaco has been sold.

**DEFENDANT'S ADDITIONAL PROPOSED FINDING OF FACT NO. 19:**

The Forest Service has resold some or all of the remaining timber upon the O.D. Ridge, Jersey Horse and Wiggins contracts. DA6-7 (Harris Decl. ¶ 15).

**RESPONSE:**

The plaintiff does not disagree with this statement, but adds that none of these three sales had been resold at the time the contracting officers' decisions were issued.

Respectfully submitted,

s/Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

Of Counsel:

Richard W. Goeken
David J. Craig
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: May 10, 2004