**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-131C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court grant this motion for leave to file supplemental authority in support of the United States' motion for summary judgment. As explained below, the recent decision of the United States Court of Appeals for the Federal Circuit, Barron Bancshares, Inc. v. United States, Nos. 03-5048, 03-5049, ___ F.3d ___, 2004 WL 1048197 (May 11, 2004) ("Barron Bancshares"), directly supports our motion for summary judgment. The recent decision of this Court in Airport Industrial Park, Inc. v. United States, 59 Fed. Cl. 332 (2004), likewise supports summary judgment. Copies of the Barron Bancshares and Airport Industrial decisions are attached as Exhibits A and B, respectively.

In Barron Bancshares, the Federal Circuit addressed the defense of prior material breach. The trial court, quoting Cities Service Helex, Inc. v. United States, 211 Ct. Cl. 222, 543 F.2d 1306, 1313 (1976), had ruled that the defendant waived the defense of prior material breach by "chos[ing] to continue to perform under the contract." Barron Bancshares, 2004 WL 1048197, at *18. The Federal Circuit affirmed the trial court's ruling. Id. at *19 ("we affirm the decision of

the court that by continuing to perform, the [defendant] waived any claim with respect to a prior material breach"). The Federal Circuit explained:

> We are persuaded by the fact that the [defendant] continued its assistance payment to [plaintiff] until it completed its obligation to do so . . . . Under these circumstances, it cannot be disputed that by doing so, the [defendant] was performing under the contract. See Cities Service Helex, 543 F.2d at 1313-17 (finding that the plaintiffs had elected to continue to the contract because of their failure to take any action to end it, their continued performance, their insistence on continued government performance, and their acceptance of that performance) . . . .
>
> On the one hand, the [defendant] claims that "investor plaintiffs almost immediately implemented a practice or reckless lending; yet on the other, it nevertheless continued to make its assistance payment for the full five years. In order to preserve its claim of a prior material breach giving rise to the right to terminate the contract, the [defendant] had to treat [plaintiff] as if it had breached the contract. See 14 Williston on Contracts § 43:15 (4th ed. 2000) (explaining that faced with a material breach by the other party to a contract, one has the choice "to continue to perform under the contract or to cease to perform, and conduct indicating an intention to continue the contract . . . in effect waiv[es] the right to assert that the breach discharged any obligation to perform"); Cities Service Helex, 543 F.2d at 1313-14 (discussing four approaches to the question of whether a party's conduct precludes it from asserting prior material breach as a defense); First Heights Bank, FSB v. United States, 51 Fed. Cl. 659, 663-64 (2001) (explaining the rules set forth in Cities Service Helex). It did not do that. We conclude that the government waived its right to treat Barron's actions as having terminated the contract.

Id. at *19. Thus, the Federal Circuit confirmed that the defense of prior material breach is unavailable where, as here, the non-breaching party fails to treat the breach as having terminated the contract. Id. at *19. Furthermore, the Barron Bancshares decision refutes Precision Pine's assertion that "waiver" of the defense of prior material breach may not be properly resolved by summary judgment. Id. at *19 (affirming the trial court's summary judgment ruling that the

defendant had "waived" the defense of prior material breach "through its continued performance").

In Airport Industrial, this Court considered whether a contractor's failure to maintain bonding justified the contract's termination for default. 59 Fed. Cl. at 334-35, 338. In doing so, the Court held that a failure to maintain contractually-required bonding constitutes "a material breach that justifies termination for default." Id. at 334 (citing cases). Additionally, the Court explained that once the Government has shown default (i.e., shown a failure to maintain required bonding), the contractor bears "the burden of proving that the default was excusable under the terms of the contract." Id. at 338. Thus, the recent decision in Airport Industrial confirms that summary judgment is appropriate in this action unless Precision Pine establishes that its undisputed material breach was excusable under the terms of the contracts.

## CONCLUSION

Because the Barron Bancshares decision provides the latest guidance from the court of appeals upon the defense of prior material breach, and because the Airport Industrial decision reaffirms that a failure to maintain bonding constitutes a material breach warranting termination for default, we respectfully request that the Court grant this motion for leave to file supplemental authority in support of our motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

OF COUNSEL:

DAVID A. HARRINGTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277
(202) 307-0972 (fax)

May 27, 2004

Attorneys for Defendant