**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-131C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLMENTAL AUTHORITY**

On May 27, 2004, defendant submitted a document titled Defendant's Motion For Leave To File Supplemental Authority. Although a motion to file supplemental authority can be properly made, defendant's motion goes well beyond its stated purpose and, in fact, includes several pages of new legal argument in support of defendant's position. This is improper. Moreover, defendant also seeks leave to file a "recent decision" of the Court of Federal Claims which, in fact, was decided nearly six months ago and long before defendant submitted its briefs in this matter. Defendant has proffered no excuse for its previous failure to find and cite this decision. Accordingly, Precision Pine & Timber, Inc. ("Precision Pine") respectfully requests that the portions of defendant's motion constituting improper legal argument be stricken and that the Court refuse to consider any portion of defendant's legal argument premised on non-binding precedent that was available to defendant at the time it submitted its briefs in this matter.

Although there is no Rule of the Court of Federal Claims directly governing motions for leave to file supplemental authority, other courts have been clear that such motions cannot contain legal argument and that any such legal argument will be stricken. See Sterling Consulting Corp. v. United States, 245 F.3d 1161, 1165 n.5 (10th Cir. 2001) (granting party's motion to strike submission of supplemental authority because it contained legal argument); Phelps v. Hamilton, 122 F.3d 1309, 1315 n.4 (10th Cir. 1997) (same); 2002 Amendments to Fed. R. App. P. 28(j) (changing the language of the rule but acknowledging that motions for leave to file supplemental authority cannot contain legal argument); Desper Products, Inc. v. QSound Labs, Inc., 157 F.3d 1325, 1335 (Fed. Cir. 1998) ("Rule 28(j), however, permits a party to bring supplemental authorities to the court's attention, not supplemental argument"). Here, defendant seeks to advance several pages of legal argument in what purports to be a motion for leave to file supplemental authority. In essence, defendant has filed an unauthorized sur-reply in the guise of a motion for leave to file supplemental authority. This tactic has been properly rebuked by other courts, e.g., General Elec. Co. v. Latin American Imports, S.A., 187 F. Supp.2d 749, 752 n.1 (W.D. Ky. 2001). Although defendant could have sought leave to submit additional briefing, it did not do so. Accordingly, such legal argument is improper in the context of a motion for leave to file supplemental authority and should be stricken.[1]

---

[1]Moreover, Barron Bancshares, Inc. v. United States, 50 Fed. Cl. 310, *aff'd in part, rev'd in part*, 366 F.3d 1360 (Fed. Cir. 2004), does not purport to alter the applicable law of this Circuit with respect to the waiver of a prior material breach, nor does anything in it change the proper application of that law to the facts in this case as presented in Precision Pine's briefing in this matter. See, e.g., Plaintiff's Response To Defendant's Motion For Summary Judgment at 23 (distinguishing defendant's reliance on the underlying decision in Barron Bancshares from the instant case).

Further, defendant asks for leave to "file" supplemental authority consisting of "[t]he recent decision of this Court in Airport Industrial Park, Inc. v. United States, 59 Fed. Cl. 332 (2004)." Id. However, in addition to also advancing improper legal argument about this case, the fact is that this case was decided on January 16, 2004, i.e., long before defendant had submitted its motion for summary judgment on March 25, 2004 and its reply brief on May 10, 2004, in the instant matter. Because defendant thus had the opportunity to cite and argue this case previously, and has proffered no excuse for its failure to locate and cite this authority which it now contends is relevant, Precision Pine respectfully requests that the Court disregard this non-binding authority and strike defendant's legal argument regarding it.

Respectfully submitted,

s/Alan I. Saltman

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Counsel for Plaintiff

Of Counsel:

Richard W. Goeken
David J. Craig
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Dated: June 10, 2004

F:\Files\SHARE\FLWP20\PRECISION\Defaults\motion to strike.doc