**Precision Pine and Timber, Inc**
**v.**
**The United States**

**Summary Regarding Final Damage Calculations**
**Pursuant to Provision CT9.4 -- Failure to Cut (4/82)**

Pursuant to the Opinion and Order of the Court dated October 29, 2004, this memorandum documents the methodology used in the recalculation of damages and explains how each recalculation is consistent with provision CT9.4 as interpreted by the Court.

The contracts addressed in this memorandum are: O.D. Ridge (Contract No.001574), Brookbank (Contract No. 001822, Jersey Horse (Contract No. 001756), Saginaw-Kennedy, (Contract No. 006585), Brann (Contract No. 006577), U-Bar (Contract No.005051) Monument (Contract No. 005564), Manaco (Contract No. 004625), Hutch-Boondock (Contract No. 005465), Gentry (Contract No. 005564), Wiggins (Contract No. 020012), and Lily (Contract No. 020140).

Each of the contracts contained provision CT 9.4-Failure to Cut (4/82) describing the method for calculating damages in the event of termination for breach:

> CT9.4 - FAILURE TO CUT. (4/82) In event of (a) termination for breach or (b) Purchaser's failure to cut designated timber on portions of Sale Area by Termination Date, Forest Service shall appraise remaining Included Timber, unless termination is under CT8.2 or BT8.22. Such appraisal shall be made with the standard Forest Service method in use at time of termination.
>
> Damages due the United States for Purchaser's failure to cut and remove Included Timber meeting Utilization Standards shall be the amount by which Current Contract Value, plus costs described below, less any Effective Purchaser Credit remaining at time of termination, exceeds the resale value at new Bid Rates. If there is no resale, damages due shall be determined by subtracting the value established by said appraisal from the difference between Current Contract Value and unused Effective Purchaser Credit, plus any of the following applicable costs:
>
> (a) The cost of resale or reoffering;
>
> (b) Any increase in Purchaser Credit Limit allowance for un-constructed Specified Road facilities which are needed to harvest the remaining uncut volume. Such increases are limited to costs for constructing the road to the same standard and specifications required by this contract;

(c) If Purchaser has failed to cut individual trees in the portions of Sale Area cutover and there is no resale of such individual trees, Purchaser shall pay Forest Service for cost of felling and removal or otherwise eliminating such uncut trees in addition to payment of damages described above, except for occasional trees not cut for reasons stated in BT6.4;

(d) The Government's loss caused by the delay in receipt of stumpage payments. Such loss will be measured by interest at the current rate being paid for borrowing by the United States (as calculated and published by the Treasury Department in TFRM 6-8025.2) on the unpaid contract value at Termination Date. Interest will be charged for the total number of months, or portions thereof from Termination Date until midpoint of the contract resale period, less any time in excess of 1 year needed to make the resale;

(e) Any increase in reforestation costs, including site preparation, seeding, and planting caused by Purchaser's failure to harvest Included Timber by Termination Date.

Based upon the provision, and consistent with the Court's finding, there are two alternative methods for determining damages in the event of breach: one where the timber has been resold; and another where the timber has not been resold. This memorandum uses the following abbreviations:

| | | |
|---|---|---|
| Appraised Value @ Termination | = | AppV |
| Current Contract Value (@ term) | = | CCV |
| Effective Purchaser Credit | = | EPC |
| Resale Value @ New Bid Rates | = | RSV |
| Subparagraphs (a) through (e) (or 1-5) | = | MISC$ |

Therefore, pursuant to CT9.4, damages are calculated according to the following formulas:

1) Damages Under Resale = [(CCV+MISC$-EPC)-RSV] = Damages

2) Damages with No Resale = [ (CCV-EPC)- AppV + MISC$] = Damages

Detailed calculations using these formulas are shown on spreadsheets addressing each sale.

Final damages are calculated under formula 1 for the O.D. Ridge, Jersey Horse and Wiggins contracts.

Final Damages under formula 2 are affected by the fact that there are at least two scenarios which could result in "no resale:" one where there is a management decision to not reoffer the sale; and a second where there is a reoffered sale which received "No Bids." The only

difference between the two scenarios is on the inclusion of certain MISC$ values (*i.e.* under a management decision to not reoffer, there would be no charges for subpart (a) - the cost of resale or reoffering.)

The following sales were not reoffered for sale due to management decisions or on-the-ground conditions: Brann, Saginaw-Kennedy, Hutch-Boondock, and U-Bar. Damages are assessed pursuant to formula 2 with MISC$ charges for subparts (b), (c) and (d), if applicable. The following sales were reoffered for sale but received "no bids" on the assigned date of bid opening: Manaco (reoffered as the "Diamond" sale), Lily, Monument, Brookbank and Gentry. The final damage assessments are based on Formula 2 and include the costs incurred for resale or reoffering pursuant to subparagraph (a), and costs detailed in subparagraphs (b), (c) and (e), if applicable.

The following table summarizes the final damage assessments for each of the sales at issue and shows the change from the initial damage estimates. Amounts shown do not include interest or penalties as prescribed by provisions CT4.4 and CT4.41 of the contract.

| **Sale Name** | **Original Forest Service Damage Estimate** | **Forest Service "Final" Damage Estimates ++** | **Difference** |
|---|---|---|---|
| O.D.Ridge Timber Sale | $148,845.38 | $0.00 | *** |
| Jersey Horse Timber Sale | $9,035.47 | $17,056.01 | $8,020.54 |
| Saginaw-Kennedy Timber Sale | $101,642.20 | $83,157.15 | ($18,485.05) |
| Brann Timber Sale | $36,888.97 | $25,994.78 | ($10,894.19) |
| U-Bar Timber Sale | $215,691.04 | $124,367.14 | ($91,323.90) |
| Monument Multi-Product Sale | $81,477.88 | $70,835.50 | ($10,642.38) |
| Hutch-Boondock Multi-Product Sale | $2,278.72 | $2,278.72 | $0.00 |
| Gentry Multi-Product Sale | $92,236.78 | $75,241.81 | ($16,994.97) |
| Wiggins Multi-Product sale | $13,016.93 | $14,387.27 | $1,370.34 |
| Lily Timber Sale | $66,512.35 | $58,890.90 | ($ 7,621.45) |
| Brookbank Multi-Product Sale | $0.00 | $0.00 | $0.00 |
| Manaco Timber Sale | $0.00 | $0.00 | $0.00 |
| **Total (Excluding Interest)** | **$767,625.72** | **$472,209.28** | |

++ Final Damage Estimates **do not** include interest charges. Interest charges are shown on a spreadsheet attached to this memorandum.

*** **O.D. Ridge**: The original damage assessment showed there were no damages suffered by the Government pursuant to provision CT9.4. The damages shown above are charges Precision Pine owed for timber cut and removed from the sale area that had not been paid. Precision Pine subsequently paid for this timber, plus applicable interest and penalty charges. The calculation of final damages confirms that there were no other damages.

A separate document attached at the end of this memorandum provides a summary of damages due and interest calculations for each sale. Interest is calculated from the date of initial billing for estimated damages through May 31, 2005.

INTEREST AND PENALTIES:

No damages are being assessed pursuant to CT9.4 for the O.D. Ridge timber sale, Manaco timber sale or Brookbank multi-product sale. The following discussion does not, therefore, pertain to these sales.

Each of the remaining contracts contains contract provision CT4.4- Payments Not Received for Timber Cut and Other Charges (version 1/84, 3/93 or 10/96). The U-Bar contract contains the (1/84) version of the provision; Brann, Saginaw-Kennedy, Hutch-Boondock, Monument, and Jersey Horse contain the (3/93) version of the provision and the Lily, Gentry and Wiggins contracts each contain the (10/96) version of the provision. With the exception of the U-Bar contract, each of the contracts also contains contract provision CT4.41- Other Payments Not Received (3/93).

Contract provision CT4.4-Payments Not Received for Timber Cut and Other Charges (3/93 and 10/96 versions) states, in pertinent part:

> Pursuant to the Debt Collection Act, as amended (31 U.S.C 3701, et seq.) , if payment is not received by the Forest Service within 15 days of the date of issue as indicated on the Bill for Collection:
>
> 1. Simple Interest shall be assessed at the higher of the U.S. Treasury current value of funds rate, as published by the Secretary of Treasury in the Federal Register, or the rate established by the Secretary of Treasury under section 12 of the Contract Disputes Act of 1978 (41 U.S.C. 611). Interest will begin to accrue as of the date of issue as indicated on the initial Bill for Collection.
>
> 2. Debtors will be assessed administrative charges in addition to the delinquent amount due. Administrative charges are those additional costs incurred by the Government in processing, handling and collecting delinquent debts.
>
> 3. A penalty charge of 6 percent per annum will be assessed on any portion of a debt delinquent more than 90 days. This penalty charge will be in addition to the interest and administrative charges under paragraph (1) and (2). Such penalty charge shall accrue from the date of issue as indicated on the Bill for Collection and shall be assessed on all outstanding amounts including interest and administrative costs assessed under paragraphs (1) and (2).

> Payments will be credited on the date received by the designated depository or collection officer, at the designated address.

Additionally, contract provision CT4.41 – Other Payments Not Received (3/93) states, in pertinent part:

> Payments are due and payable on the date of issue as indicated on the Bill for Collection. When payment for charges other than those subject to CT4.4 is not received at the location designated by the Forest Service by the date allowed for receipt of payment as indicated on the Bill for Collection, Forest Service will suspend all or any of the Purchaser's Operations until payment is received. Such charges may be, but are not limited to: (a) damages pursuant to CT9.4, (b) ineffective Purchaser Credit, (c) road use fees, (Periodic Payments pursuant to CT4.264#, or (e) other mandatory deposits.
>
> Except for Advance Deposits, failure to pay amounts due by the date allowed for receipt of payment…..shall be considered a breach under BT9.3…………..
>
> If performance or payment is guaranteed by surety bond, the surety(s) will receive………for immediate payment.
>
> Pursuant to the Debt Collection Act, as amended (31 U.S.C 3701, et seq.) , if payment is not received by the Forest Service within 15 days of the date of issue as indicated on the Bill for Collection:
>
> 1. Simple Interest shall be assessed at the higher of the U.S. Treasury current value of funds rate, as published by the Secretary of Treasury in the Federal Register, or the rate established by the Secretary of Treasury under section 12 of the Contract Disputes Act of 1978 (41 U.S.C. 611). Interest will begin to accrue as of the date of issue as indicated on the initial Bill for Collection.
>
> 2. Debtors will be assessed administrative charges in addition to the delinquent amount due. Administrative charges are those additional costs incurred by the Government in processing, handling and collecting delinquent debts.
>
> 3. A penalty charge of 6 percent per annum will be assessed on any portion of a debt delinquent more than 90 days. This penalty charge will be in addition to the interest and administrative charges under paragraph (1) and (2). Such

penalty charge shall accrue from the date of issue as indicated on the Bill for Collection and shall be assessed on all outstanding amounts including interest and administrative costs assessed under paragraphs (1) and (2).

Payments will be credited on the date received by the designated depository or collection officer, at the designated address.

Provisions CT4.4 (3/93 and 10/96 versions) and CT4.41 (3/93) are applicable to all contracts at issue in this matter with the exception of O.D. Ridge and U-Bar and provide the Government the authority and obligation to assess both interest and penalties on amounts due from the initial date indicated on the Bill for Collection.

Provision CT4.4 – Payments Not Received (1/84 version) is applicable to the U-Bar contract only. The provision states:

> When payment is not received by collection officer or depository at the designated address within 15-calander days of billing, Forest Service may suspend all or any part of Purchaser's Operations until payment or acceptable payment guarantee is received.
>
> Failure to pay amounts due when payments are guaranteed by a payment guarantee shall be considered a breach under BT9.3, and the 30-calander day notice period prescribed therein shall begin to run as of end of business of the 15-calalder days allowed for such payment. Such payments received after the due date are subject to <u>interest charges</u> (*emphasis in original*) at the current rate of interest prescribed by the U.S. Department of treasury (TFRM 6-8020.20), as published in the FEDERAL REGISTER, <u>beginning from the date the bill was due.</u> (*emphasis in original).* Such interest rate shall remain unchanged until those bills have been paid or settled. If follow-up becomes necessary due to failure to pay principal and/or interest due, cost of such billings may be added to the amounts due. *In addition, amounts overdue in excess of 90 days shall be subject to an additional 6 percent penalty charge.* (*Emphasis Added*) Payments will be credited on the date received by the designated depositary or collection officer.
>
> Forest Service remedies for Purchaser's failure to pay amounts due, except for the accrual of interest, suspension of all or any part or Purchaser's Operation and Administrative offset, shall be stayed for so long as (a) bona fide dispute exists as to Purchaser's obligation to make such payment, and (b) Purchaser files and prosecutes and timely claim under the Contract Disputes Act of 1978.

Based upon the language of the provision, the Forest Service is authorized to assess interest and penalty charges for damages owed the Government on the U-Bar contract.

Prepared By:

David P. Harris
Forester, Southwestern Region
USDA Forest Service
333 Broadway, SE
Albuquerque, NM 87102

**Summary of Final Default Damages in PP&T v United States, Fed Cl. No. 02-131C**

Damages are calculated pursuant to CT9.4 and represent the final calculations. The initial, estimated damages calculations resulted in Bills for Collection being issued. The respective bills were never paid when initially issued and interest continues to accrue pursuant to CT4.4 or CT4.41. Additionally, amounts due in exces of 90 days are assessed a penalty, from the initial date of issue, at the rate of 6 % per annum on all principal, accrued interest and accrued administrative charges. The interest rate is 6.3755% for simple interest in effect in the first half of 2001 (January, '01 through June 30, '01. No administrative charges have been applied to these calculations. Penalties are assessed per CT4.4 or CT4.41 of the timber sale contract

| Sale Name | Final Damages | Interest Rate/Yr | Date of Initial Bill For Collection | Length of time for Int. Calcs thru 5/31/2005 (Years = D/365) | Accrued Simple Interest | Subtotal P&I Due | Penalty per CT4.41 @ 6% | Total Due |
|---|---|---|---|---|---|---|---|---|
| **Brann** | **$25,994.78** | 6.375 | 03/01/2001 | 4.25479 | $ **7,050.91** | **$33,045.69** | **$8,436.16** | **$41,481.84** |
| **Saginaw-Kennedy** | **$83,157.15** | 6.375 | 03/01/2001 | 4.25479 | $ **22,555.81** | **$105,712.96** | **$26,987.21** | **$132,700.17** |
| **Manaco** | **$0.00** | 6.375 | N/A | N/A | **$0.00** | **$0.00** | **$0.00** | **$0.00** |
| **U-Bar** | **$124,367.14** | 6.375 | 02/17/2001 | 4.28767 | $ **33,994.39** | **$158,361.53** | **$40,740.13** | **$199,101.67** |
| **Hutch-Boondock** | **$2,278.72** | 6.375 | 02/21/2001 | 4.27397 | $ **620.87** | **$2,899.59** | **$743.57** | **$3,643.16** |
| **Monument** | **$70,845.50** | 6.375 | 02/17/2001 | 4.28767 | $ **19,364.84** | **$90,210.34** | **$23,207.54** | **$113,417.88** |
| **O.D.Ridge** | **$0.00** | 6.375 | N/A | N/A | **$0.00** | **$0.00** | **$0.00** | **$0.00** |
| **Jersey Horse** | **$17,056.01** | 6.375 | 03/01/2001 | 4.25479 | $ **4,626.33** | **$21,682.34** | **$5,535.23** | **$27,217.57** |
| **BrookBank** | **$0.00** | 6.375 | N/A | N/A | **$0.00** | **$0.00** | **$0.00** | **$0.00** |
| **Gentry** | **$63,629.56** | 6.375 | 03/01/2001 | 4.25479 | $ **17,259.08** | **$80,888.64** | **$20,649.87** | **$101,538.52** |
| **Wiggins** | **$9,128.73** | 6.375 | 03/01/2001 | 4.25479 | $ **2,476.11** | **$11,604.84** | **$2,962.57** | **$14,567.41** |
| **Lily** | **$59,761.05** | 6.375 | 03/15/2001 | 4.21644 | $ **16,063.65** | **$75,824.70** | **$19,182.61** | **$95,007.31** |
| | | | | | | | | |
| **Totals** | **$456,218.64** | | | | $ **124,011.98** | **$580,230.62** | **$148,444.89** | **$728,675.52** |

| Calculation of Interest: | | Days |
|---|---|---|
| 2001 | 2/17 thru 12/31 | 318 |
| | 2/21 thru 12/31 | 313 |
| | 3/1 thru 12/31 | 306 |
| | 3/15 thru 12/31 | 292 |
| 2002 | 1/1 thru 12/31 | 365 |
| 2003 | 1/1 thru 12/31 | 365 |
| 2004 | 1/1 thru 12/31 | 366 |
| 2005 | 1/1 thru 5/31 | 151 |