**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-131C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STATEMENT OF PLAINTIFF'S POSITION WITH RESPECT TO THE GOVERNMENT'S RECALCULATION OF DAMAGES**

Pursuant to the Court's order of July 22, 2005, as amended at the status conference held in this matter on September 13, 2005, plaintiff sets forth its position with regard to the government's recalculation of damages in the wake of the decision of this Court on October 29, 2004. 63 Fed. Cl. 635 (2004). In that decision the Court concluded that the Forest Service had improperly calculated the damages it seeks with respect to each of the 12 contracts at issue. The Court, therefore, ordered the Forest Service to re-calculate the damages it seeks consistent with the analysis set forth by the Court in its decision.

In response to the Court's order, on April 28, 2005 defendant filed and served revised default damage calculations with regard to each of the timber sale contracts in issue. Thereafter, on July 14, 2005, defendant filed revised damage calculations with regard to the Gentry timber sale contract and by notice dated September 16, 2005, defendant filed recalculated damages with regard to eight sales, i.e., "the Brann, Gentry, Hutch-Boondock, Jersey Horse, Mud, O.D. Ridge,

Saginaw-Kennedy, and Wiggins contracts."[1] This filing included Exhibit A, a revised summary of final damage calculations, and Exhibit B, a revised summary of final default damages showing interest through September 30, 2005.

Based on review of defendant's revised calculations, plaintiff's present position regarding same is as follows:[2]

1. With regard to all of the sales:
   a. Defendant miscalculates the amount of interest due by
      i. Calculating interest from the date of the initial Bill for Collection rather than from the date of re-calculation after summary judgment.
      ii. Except with regard to U-Bar, using a fixed, rather than the appropriate variable, rate of interest.
   b. Calculating a penalty on both principal and any interest due.

2. For those sales for which damages were determined by re-appraisal (Saginaw-Kennedy, Brann, U-Bar, Hutch-Boondock, and Lilly), defendant has not provided sufficient detail to determine whether those appraisals are correct.[3]

[1]Defendant's reference to the Mud timber sale contract is in error because that contract was successfully completed by Precision Pine and is not involved in the instant case.

[2]Precision Pine has used its best efforts to identify the issues it has with defendant's calculation of damages, however, Precision Pine respectfully reserves the right to identify other such issues.

3. With regard to individual sales:

a. Defendant has failed to credit Precision Pine for effective Purchaser Credit that existed on the Brookbank contract at the time of default. This should have been credited to Gentry or Jersey Horse.

b. Defendant is not entitled to the cost of resale with regard to timber sales which were not in fact actually resold, i.e., Monument, Gentry and Lilly.

c. Defendant is not entitled to the cost of resale on Wiggins.

d. Defendant uses the wrong rate of interest for the U-Bar sale.

e. Defendant is not entitled to any penalty on the U-Bar sale.

Respectfully submitted,

s/Alan I. Saltman

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

Of Counsel:

Richard W. Goeken
Bryan T. Bunting
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: September 20, 2005

[3] E.g., on page 2 of the default damage calculation for U-Bar (filed 4/28/05), the Forest Service indicates that the quality value adjustment was updated because of significant changes in the formulas that were instituted after the original sale was sold but provides no details.