*SALTMAN & STEVENS, P.C.*
1801 K Street, N.W., Washington, D.C. 20006

(202) 452-2140
Fax: (202) 775-8217
E-mail: asaltman@saltmanandstevens.com

October 25, 2005

**VIA E-MAIL**

David A. Harrington, Esq.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
1100 L Street, N.W.
8th Floor
Washington, D.C. 20530

Dear David:

This letter will attempt to summarize the points that I brought up in our telephone conversation today. As I indicated, pursuant to the Court's Order of October 20, 2005, we have reviewed the appraisal summaries that you provided us at the status conference earlier that day. That material did answer several of the questions that we had. That is, of the items set forth on pages 9 and 10 of the Revised Statement of Plaintiff's Position with Respect to the Government's Recalculation of Damages, the material which you have provided does indicate:

(a) The Basic Data Period used and the values applicable in that Basic Data Period;

(c) Any adjustments made to Basic Data Period values;

(e) Any Market Value Adjustments made;

(g) Whether the Forest Service applied any rollback to determine the "Predicted High Bid Appraisal value at termination."

The material which you have provided does not, however, include the analysis by which the Forest Service confirmed that values set out in the Base Data Period were the product of bids

**EX. 1**

from competitive areas. Moreover, while the appraisal summaries do indicate that amount that the Forest Service calculated as the costs on each sale for hauling, road maintenance, skidding, slash removal and temporary road construction, they do not indicate how the Forest Service calculated these costs. Likewise, while the appraisal summaries do show the amount of any quality value adjustments that was made, it does not provide the basis for them and the precise means by which the amount of each was calculated. As such, we still need an explanation from the Forest Service about the following items relating to the indicated sales:

| How did the Forest Service compute the following items on the appraisal summary | | | | |
|---|---|---|---|---|
| | Brann | Saginaw-Kennedy | U-Bar | Hutch-Boondock |
| 11. Sale Skid-Yard Cost | x | x | x | x |
| 14. Sale Haul Cost | x | x | x | x |
| 17. Sale Road Maint. Cost | x | x | x | x |
| 20. Sale Slash Cost | x | x | x | x |
| 23. Sale Temp Road Cost | x | x | x | x |
| 25. Quality Adjustment | x | x | x | x |
| 26. Unusual Adjustment | | | x | |

We believe that the most efficient way of obtaining an explanation of these items is by the Forest Service providing whatever paperwork it has as to these items and, if necessary, our

following that up with an informal session with the one or two Forest Service folk most knowledgeable about the appraisals.

At the status conference you recognized the basic correctness of the point that we made on page 8 of the Revised Statement of Plaintiff's Position, i.e., that even if defendant were correct that the computation of a penalty on both principal and interest were appropriate and that interest should be calculated from the date of the initial Bill for Collection, defendant's calculation of penalty is still erroneous. As such, you asked me how plaintiff believes that such a calculation should be done given that the total amount of interest changes daily. Without prejudice to our position that penalty on interest is not recoverable, my thought is that if the Court were to disagree, the way to calculate the total penalty due is (1) to calculate the amount of penalty for each period during which the interest was fixed, (2) to do so based on the principal plus total accrued interest to date as of the mid-point of each such period, and (3) then sum the amount penalty calculated for each period. See the attached sheet.

Lastly, as to the $2,752.54 worth of unused Effective Purchaser Credits remaining on Brookbank, the regulation which you cited at the status conference, 36 C.F.R. § 223.41 does not, as you indicated, preclude the transfer of such credits to pay for damages owing on another sale. Rather, what the provision precludes is the transfer of such credits in "amounts needed to satisfy unfulfilled payment obligations or claims for damages due the United States [on the contract **from which** the Purchaser proposes to make the transfer]." This view not only makes common sense (particularly in comparison to the position that these credits, which after all represent payment for permanent roads built by Precision Pine, simply escheat to the Forest Service) but it is consistent with the Forest Service Manual.

Per contract clause B 4.2 as Purchaser Credit is earned, it is recorded in the Timber Sale account. Indeed, while it can only be used to pay for timber in excess of base rate value, it is treated as a deposit. See, e.g., B 4.222. In this regard, Forest Service Manual § 2456.6 indicates

that transfers of deposits will be permitted under the same conditions as are refunds which per § 2456.5 are allowed, except that "An amount sufficient to cover ['damages result from breach or non-completion of a contract'] must be retained out of deposits that would otherwise be refunded," i.e., retained so as to be applied to damages on the contract from which the deposit is being refunded/transferred.

Such being the case, since the $2,752.54 worth of Purchaser Credits in question is not needed to pay any damages resulting from the non-completion of the Brookbank contract, Precision Pine requests that the Forest Service apply these credits (whether by transfer or other means) to amounts it alleges is owing as a result of Precision Pine's not completing the Gentry timber sale contract. If the Forest Service is unwilling to do so, in the alternative, Precision Pine hereby simply requests that the unused Effective Purchaser Credit on the Brookbank sale be transferred to an active timber sale contract that Precision Pine has on the Apache-Sitgreaves National Forest, more precisely that it be transferred to the Jersey Horse II timber sale contract.

Please review the above points and get back to me so that I can get back to the Court as soon as possible.

Sincerely yours,

SALTMAN & STEVENS, P.C.

Alan I. Saltman

Alan I. Saltman

AIS/bjr
Attachment

| 2001 | Length of period | CDA Interest rate(per annum) | CDA Interest rate(per day) | principal | Principal plus accrued interest at the start of the period | interest for full period | interest at mid point of period | interest plus interest accrued as of the mid point of the period | 6% interest at daily rate | Penalty for the period at 6% per anum on interest plus interest accrued as of the mid point of the period | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Feb 21-Jun 30 | 129 | 0.06375 | 0.0002 | $ 25,994.78 | $ 25,994.78 | $ 585.68 | $ 292.84 | $ 26,287.62 | 0.000164 | $ 557.44 | |
| Jul 1 - Dec 31 | 184 | 0.05875 | 0.0002 | | $ 26,580.46 | $ 769.87 | $ 384.94 | $ 26,965.40 | 0.000164 | $ 815.61 | |
| | | | | | | | | | | | |
| 2002 | | | | | | | | | | | |
| Jan 1- Jun 30 | 181 | 0.055 | 0.0002 | | $ 26,580.46 | $ 708.98 | $ 354.49 | $ 26,934.95 | 0.000164 | $ 801.41 | |
| Jul 1 - Dec 31 | 184 | 0.0525 | 0.0001 | | $ 27,289.44 | $ 687.97 | $ 343.99 | $ 27,633.43 | 0.000164 | $ 835.82 | |
| | | | | | | | | | | | |
| 2003 | | | | | | | | | | | |
| Jan 1- Jun 30 | 181 | 0.0425 | 0.0001 | | $ 26,580.46 | $ 547.85 | $ 273.92 | $ 26,854.39 | 0.000164 | $ 799.01 | |
| Jul 1 - Dec 31 | 184 | 0.03125 | 9E-05 | | $ 27,128.31 | $ 409.43 | $ 204.71 | $ 27,333.03 | 0.000164 | $ 826.73 | |
| | | | | | | | | | | | |
| 2004 | | | | | | | | | | | |
| Jan 1- Jun 30 | 182 | 0.04 | 0.0001 | | $ 26,580.46 | $ 517.05 | $ 258.53 | $ 26,838.99 | 0.000164 | $ 802.96 | |
| Jul 1 - Dec 31 | 184 | 0.045 | 0.0001 | | $ 27,097.52 | $ 588.08 | $ 294.04 | $ 27,391.56 | 0.000164 | $ 828.50 | |
| | | | | | | | | | | | |
| 2005 | | | | | | | | | | | |
| Jan 1- Jun 30 | 181 | 0.0425 | 0.0001 | | $ 26,580.46 | $ 547.85 | $ 273.92 | $ 26,854.39 | 0.000164 | $ 799.01 | |
| Jul 1 - Sep 30 | 92 | 0.045 | 0.0001 | | $ 27,128.31 | $ 294.84 | $ 147.42 | $ 27,275.74 | 0.000164 | $ 412.50 | |
| | | | | | | | | | | | |
| Total | | | | **$ 25,994.78** | | **$ 5,657.61** | | | | **$ 7,478.99** | **$ 39,131.38** |

**This work sheet is submitted without prejudice to Precision Pine's position that no penalty should be computed on interest and interest should be calculated from the date of the initial Bill for Collection**