**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-131C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**[PROPOSED] ORDER**

On or before January 10, 2006, the government is ordered to file and serve a declaration(s) of a Forest Service employee(s) setting forth the following information with respect to the Forest Service's computation of damages for the skid-yard cost, haul cost, slash cost, temporary road cost, and quality adjustment cost for the Brann, Saginaw-Kennedy, Hutch-Boondock and U-Bar contracts, which are referred to collectively below as "the sale-specific costs:"

1. Identify and attach a copy of all documents, including but not limited to regulations, handbook and manual provisions, containing the standard Forest Service appraisal method in effect at the time of termination and used by the Forest Service in calculating the sale-specific costs;

2. Confirm that the Forest Service's standard appraisal method was in fact applied to the calculation of the sale-specific costs;

3. To the extent that the Forest Service's standard appraisal method was not applied or was deviated from in any way in computing the sale-specific costs, describe in detail why the standard method was not followed, what appraisal method was used, and how that appraisal method was applied to the sale;

4. Identify the individual(s) who prepared, reviewed, and approved the damage appraisals;

5. Describe in detail what data specific to each sale was used in determining the sale-specific costs;

6. Describe in detail how that data was used in calculating the sale-specific costs; and

7. As requested in plaintiff's letter of October 25, 2005, provide the analysis by which the Forest Service confirmed that values set out in the appraisals for the Base Data Period were the product of bids from competitive areas. See Ex. 1 to Plaintiff's Statement of Information Needed To Respond To Defendant's Recalculation Of Damages On Certain Contracts (Document No. 72).

____________________________________
GEORGE W. MILLER
Judge



**EXHIBIT 1**

**EXHIBIT 1**