# In the United States Court of Federal Claims

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, | ) | No. 02-131 C |
| v. | ) | Filed December 14, 2005 |
| THE UNITED STATES, Defendant. | ) | |

## ORDER

On November 3, 2005, plaintiff filed Plaintiff's Statement of Information Needed to Respond to Defendant's Recalculation of Damages on Certain Contracts ("Plaintiff's Statement"). Plaintiff's Statement requested additional information concerning the calculation of certain amounts utilized in performing the post-termination appraisals of four contracts (Brann, Saginaw-Kennedy, U-Bar and Hutch-Boondock). Defendant used such appraisals as the basis for calculating default damages in this action. On December 8, 2005, the Court held a telephonic status conference to determine the nature and timing of further proceedings in view of plaintiff's request for additional information.

After consulting with the parties, the Court ORDERS that on or before **Tuesday, January 10, 2005**, defendant shall file and serve a declaration describing in detail the standard methodology used by the Forest Service in Region 3 (Arizona and New Mexico) as of January 9, 2001 to appraise a timber sale following the sale's termination for default and stating whether the standard method was applied in performing the appraisals of the Brann, Saginaw-Kennedy, U-Bar and Hutch-Boondock contracts.

The declaration shall specifically describe the methodology used to determine adjustments for sale-specific: (1) skid yard costs, (2) haul costs, (3) road maintenance costs, (4) slash costs, (5) temporary road construction costs, and (6) quality adjustments. Additionally, the declaration shall state whether such adjustments in the post-termination appraisals of the Brann, Saginaw-Kennedy, U-Bar and Hutch-Boondock contracts were determined in accordance with the standard Forest Service methodology referenced above, and shall describe the data used to determine such adjustments for each contract.

The declaration shall also identify the individual or individuals who prepared, reviewed, and

approved the post-termination appraisals for the four contracts at issue. The declaration shall describe the standard Forest Service method (as of January 9, 2001) used to calculate base data period values and shall state whether such standard Forest Service method was used to calculate the base data period values that were used in performing the post-termination appraisals of the four contracts at issue.

Finally, the declarant shall submit with his or her declaration copies of any and all regulations and handbook and manual provisions describing the standard Forest Service appraisal method in effect at the time of termination.

In the event that any appraisal was not performed or any adjustment was not determined in accordance with the standard Forest Service method, the declaration shall describe the method used, explain why the standard method was not employed, and state what effect, if any, this had upon the calculation of default damages.

The Court FURTHER ORDERS that the parties shall participate in a telephonic status conference on **Friday, January 13, 2006 at 9:30 a.m.** to discuss the nature and timing of further proceedings in this case. The Court will initiate the call.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge