# In the United States Court of Federal Claims

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, | ) | No. 02-131 C |
| v. | ) | Filed January 12, 2006 |
| THE UNITED STATES, Defendant. | ) | |

**ORDER**

On January 10, 2006, defendant filed the declaration of David P. Harris, pursuant to the Court's Order of December 14, 2005. After reviewing the declaration, the Court requested that Mr. Harris participate in the telephonic status conference scheduled for January 13, 2006 for the limited purpose of answering questions posed by the Court. Defendant responded that both Mr. Harris and Ms. Lori Polin Jones (from the General Counsel's Office of the Department of Agriculture) would participate in the January 13, 2006 call. The Court does not anticipate that plaintiff or defendant will be provided the opportunity to examine Ms. Jones or Mr. Harris during the call.

Defendant also requested that the Court identify the types of questions that it anticipates asking Mr. Harris about the declaration. Among other things, the Court anticipates asking the following:

1. Paragraphs 14 through 21 of the declaration describe how the sale-specific haul, road maintenance, slash and temporary road costs were calculated for the Brann, Saginaw-Kennedy, U-Bar and Hutch-Boondock contracts. Paragraph 21 states that "the cost adjustments for haul, slash, road maintenance, and temporary roads were conducted in accordance with standard Forest Service appraisal methodology." Paragraph 22 describes what would have happened if there had been detailed updating of these sale-specific costs in the post-termination appraisals. The Court intends to ask whether detailed updating of these items was part of the standard Forest Service appraisal methodology.

2. Paragraph 30 states that "[b]etween the time of the original appraisals . . . and January 9, 2001, the Region 3 Ponderosa Pine Quality Adjustment formulas and formula coefficients changed significantly." The Court intends to ask Mr. Harris to describe how the formulas

and formula coefficients changed.

3. Paragraphs 29 and 30 describe how the Ponderosa Pine Quality Adjustment was calculated for the Brann, Saginaw-Kennedy, U-Bar and Hutch-Boondock contracts. Paragraph 31 describes what would have happened if the appraisers had used the original sale Quality Adjustments in the post-termination appraisals. The Court intends to ask whether using the original sale Quality Adjustments was part of the standard Forest Service appraisal methodology.

The Court does not anticipate limiting its questions to Mr. Harris to the ones described in this Order. However, in response to the defendant's request for information about the types of questions that the Court will ask, the Court ORDERS that Mr. Harris shall be prepared to answer the three questions described above.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge