No. 02-131C
(Judge George W. Miller)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PRECISION PINE & TIMBER, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S APPENDIX

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277

Attorneys for Defendant

OF COUNSEL:

Lori Polin Jones
Patricia L. Disert
Office of General Counsel
U.S. Department of Agriculture
1400 Independence Ave., S.W.
Washington, D.C. 20250

Dated: March 6, 2006

# INDEX TO APPENDIX


Document — Page

Restated Interest and Penalty Calculations (Mar. 6, 2006) . . . . . . . . . . 1

Excerpts from U-Bar Timber Sale Contract (Oct. 5, 1992) . . . . . . . . . . 8

Excerpts from Brookbank Multi-Product Sale Contract (Apr. 13, 1995) . . . . . . . . . . 13

Excerpts from Wiggins Multi-Product Sale Contract (Dec. 2, 1998) . . . . . . . . . . 20

Excerpt from Transcript in *Precision Pine & Timber, Inc. v. United States*, No. 98-720 (May 16, 2005) . . . . . . . . . . 26

Final Default Damage Calculations for the Gentry Multi-Product Sale (filed July 14, 2005) . . . . . . . . . . 29

Summary Regarding Final Damage Calculations (filed Sept. 16, 2005) . . . . . . . . . . 33

Summary of Final Damages in PP&T v. United States (filed Sept. 16, 2005) . . . . . . . . . . 40

Declaration of David P. Harris (Mar. 6, 2006) . . . . . . . . . . 41

# Restated Interest and Penalty Calculations

*Precision Pine & Timber, Inc. v. United States*,
No. 02-131 (Fed. Cl.)

| | Date Billed | Interest Rate | Penalty Rate | CT 9.4 Default Damages |
|---|---|---|---|---|
| **Brann** | Mar. 1, 2001 | 6.375% | 6.0% | $25,994.77 |
| **Brookbank** | Mar. 1, 2001 | 6.375% | 6.0% | $0.00 |
| **Gentry** | Mar. 1, 2001 | 6.375% | 6.0% | $35,029.56 |
| **Hutch-Boondock** | Feb. 21, 2001 | 6.375% | 6.0% | $2,278.72 |
| **Jersey Horse** | Mar. 1, 2001 | 6.375% | 6.0% | $17,431.60 |
| **Lily** | Mar. 15, 2001 | 6.375% | 6.0% | $59,761.05 |
| **Manaco** | Apr. 5, 2001 | 6.375% | 6.0% | $0.00 |
| **Monument** | Feb. 17, 2001 | 6.375% | 6.0% | $70,845.50 |
| **O.D. Ridge** | Mar. 1, 2001 | 6.375% | 6.0% | $0.00 |
| **Saginaw-Kennedy** | Mar. 1, 2001 | 6.375% | 6.0% | $83,157.15 |
| **U-Bar** | Feb. 17, 2001 | 6.0% | 6.0% | $124,367.14 |
| **Wiggins** | Mar. 1, 2001 | 6.375% | 6.0% | 9,128.70 |

# Restated Interest and Penalty Calculations

*Precision Pine & Timber, Inc. v. United States*,
No. 02-131 (Fed. Cl.)

| | Interest (2001-02) | Sub-Total | Penalty (2001-02) | Total (as of 2002) |
|---|---|---|---|---|
| **Brann** | $1,657.17 | $27,651.94 | $1,659.12 | $29,311.06 |
| **Brookbank** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Gentry** | $2,233.13 | $37,262.69 | $2,235.76 | $39,498.45 |
| **Hutch-Boondock** | $145.27 | $2,423.99 | $145.44 | $2,569.43 |
| **Jersey Horse** | $1,111.26 | $18,542.86 | $1,112.57 | $19,655.43 |
| **Lily** | $3,809.77 | $63,570.82 | $3,814.25 | $67,385.07 |
| **Manaco** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Monument** | $4,516.40 | $75,361.90 | $4,521.71 | $79,883.61 |
| **O.D. Ridge** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Saginaw-Kennedy** | $5,301.27 | $88,458.42 | $5,307.51 | $93,765.93 |
| **U-Bar** | $7,462.03 | $131,829.17 | $7,909.75 | $139,738.92 |
| **Wiggins** | $581.95 | $9,710.65 | $582.64 | $10,293.29 |

# Restated Interest and Penalty Calculations

*Precision Pine & Timber, Inc. v. United States*,
No. 02-131 (Fed. Cl.)

| | Interest (2002-03) | Sub-Total | Penalty (2002-03) | Total (as of 2003) |
|---|---|---|---|---|
| **Brann** | $1,657.17 | $30,968.23 | $1,758.55 | $32,726.78 |
| **Brookbank** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Gentry** | $2,233.13 | $41,731.58 | $2,369.75 | $44,101.33 |
| **Hutch-Boondock** | $145.27 | $2,714.70 | $154.16 | $2,868.86 |
| **Jersey Horse** | $1,111.26 | $20,766.69 | $1,179.25 | $21,945.94 |
| **Lily** | $3,809.77 | $71,194.84 | $4,042.84 | $75,237.68 |
| **Manaco** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Monument** | $4,516.40 | $84,400.01 | $4,792.70 | $89,192.71 |
| **O.D. Ridge** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Saginaw-Kennedy** | $5,301.27 | $99,067.20 | $5,625.59 | $104,692.79 |
| **U-Bar** | $7,462.03 | $147,200.95 | $8,357.47 | $155,558.42 |
| **Wiggins** | $581.95 | $10,875.24 | $617.56 | $11,492.80 |

# Restated Interest and Penalty Calculations

*Precision Pine & Timber, Inc. v. United States*,
No. 02-131 (Fed. Cl.)

| | Interest (2003-04) | Sub-Total | Penalty (2003-04) | Total (as of 2004) |
|---|---|---|---|---|
| **Brann** | $1,657.17 | $34,383.95 | $1,857.98 | $36,241.93 |
| **Brookbank** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Gentry** | $2,233.13 | $46,334.46 | $2,503.74 | $48,838.20 |
| **Hutch-Boondock** | $145.27 | $3,014.13 | $162.87 | $3,177.00 |
| **Jersey Horse** | $1,111.26 | $23,057.20 | $1,245.92 | $24,303.12 |
| **Lily** | $3,809.77 | $79,047.45 | $4,271.42 | $83,318.87 |
| **Manaco** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Monument** | $4,516.40 | $93,709.11 | $5,063.68 | $98,772.79 |
| **O.D. Ridge** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Saginaw-Kennedy** | $5,301.27 | $109,994.06 | $5,943.66 | $115,937.72 |
| **U-Bar** | $7,462.03 | $163,020.45 | $8,805.19 | $171,825.64 |
| **Wiggins** | $581.95 | $12,074.75 | $652.47 | $12,727.22 |

# Restated Interest and Penalty Calculations

*Precision Pine & Timber, Inc. v. United States*,
No. 02-131 (Fed. Cl.)

| | Interest (2004-05) | Sub-Total | Penalty (2004-05) | Total (as of 2005) |
|---|---|---|---|---|
| **Brann** | $1,657.17 | $37,899.1 | $1,957.41 | $39,856.51 |
| **Brookbank** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Gentry** | $2,233.13 | $51,071.33 | $2,637.72 | $53,709.05 |
| **Hutch-Boondock** | $145.27 | $3,322.27 | $171.59 | $3,493.86 |
| **Jersey Horse** | $1,111.26 | $25,414.38 | $1,312.60 | $26,726.98 |
| **Lily** | $3,809.77 | $87,128.64 | $4,500.01 | $91,628.65 |
| **Manaco** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Monument** | $4,516.40 | $103,289.19 | $5,334.66 | $108,623.85 |
| **O.D. Ridge** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Saginaw-Kennedy** | $5,301.27 | $121,238.99 | $6,261.74 | $127,500.73 |
| **U-Bar** | $7,462.03 | $179,287.67 | $9,252.93 | $188,540.60 |
| **Wiggins** | $581.95 | $13,309.17 | $687.39 | $13,996.56 |

# Restated Interest and Penalty Calculations

*Precision Pine & Timber, Inc. v. United States*,
No. 02-131 (Fed. Cl.)

| | Interest (2005-06) | Sub-Total | Penalty (2005-06) | Total (as of 2006) |
|---|---|---|---|---|
| **Brann** | $1,657.17 | $41,513.68 | $2,056.84 | $43,570.52 |
| **Brookbank** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Gentry** | $2,233.13 | $55,942.18 | $2,771.72 | $58,713.90 |
| **Hutch-Boondock** | $145.27 | $3,639.13 | $180.30 | $3,819.43 |
| **Jersey Horse** | $1,111.26 | $27,838.24 | $1,379.27 | $29,217.51 |
| **Lily** | $3,809.77 | $95,438.42 | $4,728.59 | $100,167.01 |
| **Manaco** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Monument** | $4,516.40 | $113,140.25 | $5,605.65 | $118,745.90 |
| **O.D. Ridge** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Saginaw-Kennedy** | $5,301.27 | $132,802.00 | $6,579.81 | $139,381.81 |
| **U-Bar** | $7,462.03 | $196,002.63 | $9,700.64 | $205,703.27 |
| **Wiggins** | $581.95 | $14,578.51 | $722.31 | $15,300.82 |

# Restated Interest and Penalty Calculations

*Precision Pine & Timber, Inc. v. United States*,
No. 02-131 (Fed. Cl.)

| | Interest (to 3/31/06) | Sub-Total | Penalty (to 3/31/06) | Total (as of 3/31/06) |
|---|---|---|---|---|
| **Brann** | $136.21 | $43,706.73 | $169.73 | $43,875.46 |
| **Brookbank** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Gentry** | $183.55 | $58,897.45 | $228.72 | $59,126.17 |
| **Hutch-Boondock** | $15.12 | $3,834.55 | $18.87 | $3,853.42 |
| **Jersey Horse** | $91.34 | $29,308.85 | $113.82 | $29,422.67 |
| **Lily** | $167.00 | $100,334.01 | $207.72 | $100,541.73 |
| **Manaco** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Monument** | $519.70 | $119,265.60 | $648.62 | $119,914.22 |
| **O.D. Ridge** | $0.00 | $0.00 | $0.00 | $0.00 |
| **Saginaw-Kennedy** | $435.72 | $139,817.53 | $542.96 | $140,360.49 |
| **U-Bar** | $858.64 | $206,561.91 | $1,122.17 | $207,684.08 |
| **Wiggins** | $47.83 | $15,348.65 | $59.60 | $15,408.25 |
| **GRAND TOTAL** | | | | **$720,186.49** |

| | | | |
|---|---|---|---|
| Note: | February 17 to March 31: | 42 days | 42/365 = 0.115 years |
| | February 21 to March 31 | 38 days | 38/365 = 0.104 years |
| | March 1 to March 31: | 30 days | 30/365 = 0.082 years |
| | March 15 to March 31: | 16 days | 16/365 = 0.044 years |

U-B 10

| U.S. DEPARTMENT OF AGRICULTURE<br>FOREST SERVICE<br>TIMBER SALE CONTRACT<br>(Applicable to Sales to be Measured Before Felling) | | NAME OF PURCHASER<br>Precision Pine & Timber, Inc. | |
|---|---|---|---|
| NATIONAL FOREST<br>COCONINO | RANGER DISTRICT<br>BLUE RIDGE | REGION<br>SOUTHWESTERN | CONTRACT NO.<br>005051 |
| SALE NAME<br>U-BAR | | SUBREGION | AWARD DATE: OCT. 5, 1992 / TERMINATION DATE: DECEMBER 31, 1996 |

The parties to this contract are The United States of America, acting through the Forest Service, United States Department of Agriculture, hereinafter called Forest Service, and Precision Pine & Timber, Inc., P.O. Box 70, Heber, AZ 85928, a corporation organized and existing under the laws of the State of Arizona hereinafter called Purchaser.

2/ Forest Service having advertised a sale at which either (1) Purchaser, whose required bid deposit is now held by Forest Service as an initial deposit, was the successful bidder, or (2) no bids were received and Purchaser having subsequently offered at least the minimum advertised price and made an initial deposit in the same amount as the bid deposit specified in the sale advertisement; and the parties hereto desiring to record their agreement; now therefore,

In consideration of the premises and the promises hereinafter contained, unless provided otherwise herein, Forest Service agrees to sell and permit Purchaser to cut and remove and Purchaser agrees to purchase, cut and remove Included Timber.

This contract consists of three Divisions: AT - Specific Conditions, BT - Standard Provisions, and CT - Special Provisions, together with Sale Area Map, Drawings and specifications for developments (if any) and such attachments as may be provided for in Division CT. Specific Conditions are numbered and apply to the Part, Section, Subsection, or Item of the Standard Provisions, as indicated hereunder. Other conditions of this contract are stated in Division CT-Special Provisions.

IN WITNESS WHEREOF, the parties hereto have executed this contract as of the award date.

UNITED STATES OF AMERICA

BY [signature]

Contracting Officer
(Title)

Two Witnesses: 3/

(Name)

(Address)

(Name)

(Address)

*
(Purchaser) 4/
Precision Pine & Timber, Inc.

BY [signature]

* President
(Title)

* P.O. Box 70
(Business Address)
Heber, AZ: 85928

I, 5/ Tonita Porter, certify that I am the

Secretary of the corporation named as Purchaser herein; that * who signed this contract on behalf of Purchaser, was then * of said corporation; that said contract was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

[signature] Tonita Porter

| CORPORATE SEAL 6/ |



DA008

U-B

Periodic Payment Determination Date(s) that have not been reached shall be adjusted when a Contract Term Adjustment under BT8.21 or a Market-related Contract Term Addition under CT8.212# is granted. When a contract is lengthened as a result of market-related contract term additions any subsequent Periodic Payment Determination Date(s) shall be delayed one month for each month added to the contract's term. Periodic Payment Determination Date(s) will not be adjusted when the Contract Term Extension is granted under CT8.23.

**CT4.3 - Letters of Credit for Payment Bond.** (9/78) Notwithstanding the provisions of BT4.3, approved letters of credit may be used in lieu of a surety bond for payment bond purposes. Such letters of credit shall be subject to Forest Service approval.

**CT4.4 - Payments Not Received.** (1/84) When payment is not received by collection officer or depositary at the designated address within 15-calendar days of billing, Forest Service may suspend all or any part of Purchaser's Operations until payment or acceptable payment guarantee is received.

Failure to pay amounts due when payments are guaranteed by a payment guarantee shall be considered a breach under BT9.3, and the 30-calendar day notice period prescribed therein shall begin to run as of end of business of the 15-calendar days allowed for such payment. Such payments received after the due date are subject to an interest charge at the current rate of interest prescribed by the U.S. Department of Treasury (TFRM 6-8020.20), as published in the FEDERAL REGISTER, beginning from the date the bill was due. Such interest rate shall remain unchanged until those bills have been paid or settled. If followup becomes necessary due to failure to pay principal and/or interest due, cost of such billings may be added to the amounts due. In addition, amounts overdue in excess of 90 days shall be subject to an additional 6 percent penalty charge. Payments will be credited on the date received by the designated depositary or collection officer.

Forest Service remedies for Purchaser's failure to pay amounts due, except for accrual of interest, suspension of all or any part of Purchaser's Operations and Administrative offset, shall be stayed for so long as (a) bona fide dispute exists as to Purchaser's obligation to make such payment, and (b) Purchaser files and prosecutes a timely claim under the contract Disputes Act of 1978.

**CT5.101# - Road Completion Date** (11/85). Construction of Specified Roads shall be completed no later than May 20, 1993; except for earlier construction completion dates for roads listed below:

| Road | | Station | |
|---|---|---|---|
| Number | Name | From - To | Completion Date |
| | N/A | | |

Completion date is binding on party that constructs road, whether Purchaser or Forest Service. By written agreement, the completion date may be modified to conform to the approved plan of operation.

When Purchaser elects Forest Service construction of specified roads shown in sale advertisement, construction completion date may be adjusted by Forest Service when road construction is interrupted or delayed for causes which qualify for an adjustment of the completion date of the road construction contract. When qualifying interruptions or delays of road construction occur, Forest Service shall evaluate such occurrences and document any findings. The current status of any adjustment shall be available to Purchaser on request. Promptly after the end of the Normal Operating Season in which qualifying days occur, Forest Service shall give Purchaser written notice of (1) number of qualifying days claimed, and (2) new construction completion dates. After all road construction is complete, Forest Service shall grant Contract Term Adjustment under BT8.21. Such adjustment shall be limited to road completion date delays which occurred during Normal Operating Season.

If Forest Service is responsible for road construction and the actual date of road completion is one year or more after the completion date stated above, Purchaser may request a rate redetermination under BT3.31 for remaining volume. Such request must be made within 30 days of notification that road construction has been completed. Upon receipt of such request Forest Service shall redetermine rates using standard methods in effect on the completion date of road construction. Rates to be established shall apply to all Included Timber Released for Cutting subsequent to the effective date of the rate redetermination.

Forest Service shall in no way be responsible for any delay or damage caused by road contractor in performing the road construction except such delay as may be the fault or negligence of Forest Service.

When Purchaser constructs Specified Roads and requests Contract Term Adjustment under BT8.21, completion dates shall be adjusted by number of days which qualify for such adjustment, provided such qualifying days occur before specified construction completion date. When Purchaser desires to construct an alternate facility under BT5.26, Forest Service and Purchaser shall agree, in writing, on a construction completion date for alternate facility. Contract Term Adjustment under CT8.21 as noted above will apply. Completion date shall be adjusted where a design change, or physical changes necessitate a modification of Specified Road construction work which increases the scope or magnitude of the required work.

If Purchaser fails to complete construction of any or all Specified Roads by applicable completion date, as adjusted, Contract Term Extension under CT8.23 shall not be granted.

As used in this provision, construction of a road is completed when:

(a) Purchaser constructs Specified Roads and Forest Service furnishes Purchaser with written notice of acceptance under BT6.35, or

(b) Forest Service constructs road and furnishes Purchaser with written notice authorizing use of road.

(c) All other - Purchaser must file any claims not later than 60 days after receipt of Forest Service written notice to purchaser that sale is closed.

**CT9.3 - Breach.** (6/90) The Contracting Officer, with the concurrence of the Regional Forester, may terminate this contract for breach in the event Purchaser:

(a) is convicted for violation of criminal statutes, civil standards, or any other offense indicating a lack of business integrity or honesty that seriously and directly affects the responsibility of Purchaser pursuant to CT6.0;

(b) is convicted for a violation of criminal statutes or civil standards, orders, permits, or other regulations for the protection of environmental quality issued by a Federal agency, State agency, or political subdivision thereof in the conduct of operations thereunder on National Forest System lands, pursuant to CT6.0;

(c) files false information or makes false statements on bid forms or other documents to gain award of this contract;

(d) has engaged in a pattern of activity that demonstrates flagrant disregard for the terms of this contract, such as, but not limited to; repeated suspensions for breach pursuant to BT9.3; causing undesignated timber meeting Utilization Standards to be unnecessarily damaged, negligently, or willfully cut; or, causing other serious environmental degradation or resource damage.

(e) fails to remedy a breach of contract within time limits stated in BT9.3.

Damages due the United States for termination under this provision shall be determined pursuant to CT9.4.

**CT9.4 - Failure to Cut.** (4/82) In event of (a) termination for breach or (b) Purchaser's failure to cut designated timber on portions of Sale Area by Termination Date, Forest Service shall appraise remaining Included Timber, unless termination is under CT8.2 or BT8.22. Such appraisal shall be made with the standard Forest Service method in use at time of termination.

Damages due the United States for Purchaser's failure to cut and remove Included Timber meeting Utilization Standards shall be the amount by which Current Contract Value, plus costs described below, less any Effective Purchaser Credit remaining at time of termination, exceeds the resale value at new Bid Rates. If there is no resale, damages due shall be determined by subtracting the value established by said appraisal from the difference between Current Contract Value and unused Effective Purchaser Credit, plus any of the following applicable costs:

U-B 111



(1) The cost of resale or reoffering;

(2) Any increase in Purchaser Credit Limit allowance for unconstructed Specified Road facilities which are needed to harvest the remaining uncut volume. Such increases are limited to costs for constructing the road to the same standard and specifications required by this contract;

(3) If Purchaser has failed to cut individual trees in the portions of Sale Area cutover and there is no resale of such individual trees, Purchaser shall pay Forest Service for cost of felling and removal or otherwise eliminating such uncut trees in addition to payment of damages described above, except for occasional trees not cut for reasons stated in BT6.4;

(4) The Government's loss caused by the delay in receipt of stumpage payments. Such loss will be measured by interest at the current rate being paid for borrowing by the United States (as calcuated and published by the Treasury Department in TFRM 6-8020-20) on the unpaid contract value at Termination Date. Interest will be charged for the total number of months, or portions thereof from Termination Date until midpoint of the contract resale period, less any time in excess of 1 year needed to make the resale;

(5) Any increase in reforestation costs, including site preparation, seeding, and planting caused by Purchaser's failure to harvest Included Timber by Termination Date.

**CT9.41 - Failure to Execute Contract.** (11/85) Within 30 calendar days of the date of the award Purchaser shall execute and return this contract. Failure to so execute and return this contract shall constitute repudiation of this contract by Purchaser. In such event, Purchaser and Forest Service agree that Purchaser's bid guarantee shall be retained by Forest Service as liquidated damages.

**CT9.5 - Settlement.** (10/77) If this contract is terminated by Forest Service under CT8.2, Purchaser agrees that the liability of the United States shall be limited to the sum of (1) the value of unused Purchaser Credit; (2) the estimated expenditures for felling, bucking, lopping, skidding, and decking any products so processed, but not removed from Sale Area because of the termination action; (3) out-of-pocket expenses involved in acquiring and holding the contract such as maintaining performance bonds and cash deposits; and (4) the difference between (a) Current Contract Rates for the remaining uncut volume, and (b) the rates paid for comparable timber on the same National Forest during the preceding 6-month period for the remaining uncut volume. Comparable timber is timber of similar size and quality with similar topography and access. Cost estimates for items listed in (2) shall be based upon Forest Service appraisal methods in use on the date contract is terminated.



U-B