**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

PRECISION PINE & TIMBER, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 02-131C
(Judge George W. Miller)

**PLAINTIFF'S SUPPLEMENTAL APPENDIX**

Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, NW
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

Of Counsel:

Richard W. Goeken
Bryan T. Bunting
SALTMAN & STEVENS, P.C.
1801 K Street, NW
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: March 31, 2006

# INDEX TO PLAINTIFF'S SUPPLEMENTAL APPENDIX

| Description | PSA Page |
|---|---|
| Forest Service Contract Clause CT9.2 "Disputes" (7/80) | 1 |
| Forest Service Contract Clause CT9.2 "Disputes" (10/96) | 3 |
| Excerpt from Jersey Horse II Timber Sale Contact showing April 24, 2002 Award Date | 5 |
| Work Sheet Presenting Sample Calculation of Penalty | 6 |
| Table of Treasury Current Value of Funds Interest Rates, 1978 to Present | 7 |
| Contract Clause CT4.4 (1/84) from U-Bar Timber Sale Contract | 10 |

CT9.2 - DISPUTES. (7/80)

(a) This contract is subject to the Contract Disputes Act of 1978 (Pub. L. 95-563).

(b) Except as provided in the Act, all disputes arising under or relating to this contract shall be resolved in accordance with the provision.

(c)(i) As used herein, "claim" means a written demand or assertion by one of the parties seeking, as a legal right, the payment of money, adjustment or interpretation of contract terms, or other relief, arising under or relating to this contract.

(ii) A voucher, invoice, or request for payment that is not in dispute when submitted is not a claim for the purposes of the Act. However, where such submission is subsequently not acted upon in a reasonable time, or disputed either as to liability or amount, it may be converted to a claim pursuant to the Act.

(iii) A claim by the contractor shall be made in writing and submitted to the Contracting Officer for decision. A claim by the Government against the contractor shall be subject to a decision by the Contracting Officer.

(d) For contractor claims of more than $50,000, the contractor shall submit with the claim a certification that the claim is made in good faith; the supporting data are accurate and complete to the best of the contractor's knowledge and belief; and the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable. The certification shall be executed by the contractor if an individual. When the contractor is not an individual, the certification shall be executed by a senior company official in charge at the contractor's plant or location involved, or by an officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs.

(e) For contractor claims of $50,000 or less, the Contracting Officer must render a decision within 60 days. For contractor claims in excess of $50,000, the Contracting Officer must decide the claim within 60 days or notify the contractor of the date when the decision will be made.

(f) The Contracting Officer's decision shall be final unless the contractor appeals or files a suit as provided in the Act.

(g) The authority of the Contracting Officer under the Act does not extend to claims or disputes which by statute or regulation other agencies are expressly authorized to decide.

(h) Interest on the amount found due on a contractor claim shall be paid from the date the claim is received by the Contracting Officer until the date of the payment.

CT9.2 (7/80) (CONTINUED)

(i) Except as the parties may otherwise agree, pending final resolution of a claim of the contractor arising under the contract the contractor shall proceed diligently with the performance of the contract in accordance with the Contracting Officer's decision.

<u>WO-2452-CT9.2</u>
7/80

**<u>INSTRUCTIONS</u>: Include in all new contracts and modifications of existing contracts. List BT9.2 as inapplicable.**

CT9.2 - DISPUTES. (10/96)

(a) This contract is subject to the Contract Disputes Act of 1978 (Pub. L. 95-563).

(b) Except as provided in the Act, all disputes arising under or relating to this contract shall be resolved in accordance with this clause.

(c) (i) As used herein, "claim" means a written demand or assertion by one of the parties seeking, as a legal right, the payment of money, adjustment or interpretation of contract terms, or other relief, arising under or relating to this contract.

(ii) A voucher, invoice, or request for payment that is not in dispute when submitted is not a claim for the purposes of the Act. However, where such submission is subsequently not acted upon in a reasonable time, or disputed either as to liability or amount, it may be converted to a claim pursuant to the Act.

(iii) A claim by the contractor shall be made in writing and submitted to the Contracting Officer for decision. A claim by the Government against the contractor shall be subject to a decision by the Contracting Officer.

(d) For contractor claims of more than $100,000, the contractor shall submit with the claim a certification that the claim is made in good faith; the supporting data are accurate and complete to the best of the contractor's knowledge and belief; and the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable. The certification shall be executed by the contractor if an individual. When the contractor is not an individual, the certification shall be executed by a senior company official in charge at the contractor's plant or location involved, or by an officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs.

(e) For contractor claims of $100,000 or less, the Contracting Officer must render a decision within 60 days. For contractor claims in excess of $100,000, the Contracting Officer must decide the claim within 60 days or notify the contractor of the date when the decision will be made.

(f) The Contracting Officer's decision shall be final unless the contractor appeals or files a suit as provided in the Act.

(g) The authority of the Contracting Officer under the Act does not extend to claims or disputes which by statute or regulation other agencies are expressly authorized to decide.

(h) Interest on the amount found due on a contractor claim shall be paid from the date the claim is received by the Contracting Officer until the date of the payment.

(i) Except as the parties may otherwise agree, pending final resolution of a claim of the contractor arising under the contract the contractor shall proceed diligently with the performance of the contract in accordance with the Contracting Officer's decision.

**INSTRUCTIONS:** Include in all new contracts and with extension modifications of existing contracts.

List BT9.2 as inapplicable in AT19.

| U.S. DEPARTMENT OF AGRICULTURE<br>FOREST SERVICE<br><br>**TIMBER SALE CONTRACT**<br>*(Applicable to Sales to be Measured Before Felling)* | | Name of Purchaser<br>**Precision Pine and Timber, Inc.**<br>**P.O. Box 70**<br>**Heber, AZ 85928** | | |
|---|---|---|---|---|
| National Forest<br>**APACHE-SITGREAVES** | Ranger District<br>**BLACK MESA** | Region<br>**03** | Contract Number<br>**020129** 020194 | |
| Sale Name<br>**JERSEY HORSE II** | | Subregion | Award Date<br>**April 24, 2002** | Termination Date<br>**12/31/2004** |

The parties to this contract are The United States of America, acting through the Forest Service, United States Department of Agriculture, hereinafter called Forest Service, and 1/ Precision Pine and Timber, Inc.,

a corporation organized and existing under the laws of the state of Arizona,

hereinafter called Purchaser.

Forest Service having advertised a sale at which either (1) Purchaser, whose required bid deposit is now held by Forest Service as an initial deposit, was the successful bidder, or (2) no bids were received and Purchaser having subsequently offered at least the minimum advertised price and made an initial deposit in the same amount as the bid deposit specified in the sale advertisement; and the parties hereto desiring to record their agreement; now therefore,

In consideration of the premises and the promises hereinafter contained, unless provided otherwise herein, Forest Service agrees to sell and permit Purchaser to cut and remove and Purchaser agrees to purchase, cut, and remove Included Timber.

This contract consists of three Divisions: AT – Specific Conditions, BT – Standard Provisions, and CT – Special Provisions, together with Sale Area Map, Drawings and specifications for developments (if any), and such attachments as may be provided for in Division CT. Specific Conditions are numbered and apply to the Part, Section, Subsection, or Item of the Standard Provisions, as indicated hereunder. Other conditions of this contract are stated in Division CT – Special Provisions.

IN WITNESS WHEREOF, the parties hereto have executed this contract as of the award date.

**UNITED STATES OF AMERICA**

By: [signature] Contracting Officer
*(Title)*

Two Witnesses: 3/

*(Name)*

*(Address)*

*(Name)*

*(Address)*

*(Purchaser)* 4/

By: [signature]

President
*(Title)*

P.O. Box 70
Heber, AZ 85928
*(Business Address)*

I, 5/ Tonita Porter, certify that I am the ________ Secretary of the corporation named as Purchaser herein; that Lorin D. Porter who signed this contract on behalf of Purchaser, was then President of said corporation; that said contract was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

[signature] Tonita Porter

CORPORATE SEAL 5/



PSA 5

| 2001 | Length of period | CDA Interest rate(per annum) | CDA Interest rate(per day) | principal | Principal plus accrued interest at the start of the period | interest for full period | interest at mid point of period | interest plus interest accrued as of the mid point of the period | 6% interest at daily rate | Penalty for the period at 6% per anum on interest plus interest accrued as of the mid point of the period | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Feb 21-Jun 30 | 129 | 0.0638 | 0.000174658 | $ 25,994.78 | $25,994.78 | $ 585.68 | $ 292.84 | $26,287.62 | 0.000164 | $ 557.44 | |
| Jul 1 - Dec 31 | 184 | 0.0588 | 0.000160959 | | $26,580.46 | $ 769.87 | $ 384.94 | $26,965.40 | 0.000164 | $ 815.61 | |
| | | | | | | | | | | | |
| 2002 | | | | | | | | | | | |
| Jan 1- Jun 30 | 181 | 0.055 | 0.000150685 | | $26,580.46 | $ 708.98 | $ 354.49 | $26,934.95 | 0.000164 | $ 801.41 | |
| Jul 1 - Dec 31 | 184 | 0.0525 | 0.000143836 | | $27,289.44 | $ 687.97 | $ 343.99 | $27,633.43 | 0.000164 | $ 835.82 | |
| | | | | | | | | | | | |
| 2003 | | | | | | | | | | | |
| Jan 1- Jun 30 | 181 | 0.0425 | 0.000116438 | | $26,580.46 | $ 547.85 | $ 273.92 | $26,854.39 | 0.000164 | $ 799.01 | |
| Jul 1 - Dec 31 | 184 | 0.0313 | 0.0000856 | | $27,128.31 | $ 409.43 | $ 204.71 | $27,333.03 | 0.000164 | $ 826.73 | |
| | | | | | | | | | | | |
| 2004 | | | | | | | | | | | |
| Jan 1- Jun 30 | 182 | 0.04 | 0.00010929 | | $26,580.46 | $ 517.05 | $ 258.53 | $26,838.99 | 0.000164 | $ 802.96 | |
| Jul 1 - Dec 31 | 184 | 0.045 | 0.000122951 | | $27,097.52 | $ 588.08 | $ 294.04 | $27,391.56 | 0.000164 | $ 828.50 | |
| | | | | | | | | | | | |
| 2005 | | | | | | | | | | | |
| Jan 1- Jun 30 | 181 | 0.0425 | 0.000116438 | | $26,580.46 | $ 547.85 | $ 273.92 | $26,854.39 | 0.000164 | $ 799.01 | |
| Jul 1 - Sep 30 | 92 | 0.045 | 0.000123288 | | $27,128.31 | $ 294.84 | $ 147.42 | $27,275.74 | 0.000164 | $ 412.50 | |
| | | | | | | | | | | | |
| Total | | | | **$ 25,994.78** | | **$5,657.61** | | | | **$ 7,478.99** | **$39,131.38** |

**This work sheet is submitted without prejudice to Precision Pine's position that no penalty should be computed on interest and interest should be calculated from the date of the initial Bill for Collection**

PSA 6

**Rate History**

Prior to 1978, Federal agencies determined their own interest rates for overdue debt. Following are the rates in effect during the specified periods from March 1978 to date:

| Time Period | Rate | TFM Bulletin Number | Federal Register ( Volume / Date / Page ) |
|---|---|---|---|
| Jan. 1, 2006 - Dec. 31, 2006 | 2.00% | 2006-02 | Vol. 70 / Nov. 1, 2005 / 65980 |
| Jan. 1, 2005 - Dec. 31, 2005 | 1.00% | 2005-02 | Vol. 69 / Nov. 2, 2004 / 63570 |
| Jan. 1, 2004 - Dec. 31, 2004 | 1.00% | 2004-03 | Vol. 68 / Oct. 30, 2003 / 61865 |
| Jan. 1, 2003 - Dec. 31, 2003 | 2.00% | 2003-02 | Vol. 67 / Oct. 23, 2002 / 65187 |

PSA 7

| | | | |
|---|---|---|---|
| July 1, 2002 - Dec. 31, 2002 | 3.00% | 2002-05 | Vol. 66 / Apr. 24, 2002 / 20203 |
| Jan. 1, 2002 - June 30, 2002 | 5.00% | 2002-02 | Vol. 66 / Oct. 25, 2002 / 54060 |
| Jan. 1, 2001 - Dec. 31, 2001 | 6.00% | 2001-02 | Vol. 65 / Oct. 31, 2000 / 65040 |
| Jan. 1, 2000 - Dec. 31, 2000 | 5.00% | 2000-03 | Vol. 64 / Oct. 29, 1999 / 58467 |
| Jan. 1, 1999 - Dec. 31, 1999 | 5.00% | 1999-03 | Vol. 63 / Oct. 30, 1998 / 58457 |
| Jan. 1, 1998 - Dec. 31, 1998 | 5.00% | 1998-05 | Vol. 62 / Oct. 28, 1997 / 55848 |
| Jan. 1, 1997 - Dec. 31, 1997 | 5.00% | 1997-02 | Vol. 61 / Oct. 30, 1996 / 56086 |
| Jan. 1, 1996 - Dec. 31, 1996 | 5.00% | 1996-02 | Vol. 60 / Oct. 26, 1995 / 54911 |
| July 1, 1995 - Dec. 31, 1995 | 5.00% | 1995-08 | Vol. 60 / Apr. 28, 1995 / 21024 |
| Jan. 1, 1995 - June 30, 1995 | 3.00% | 1995-06 | Vol. 59 / Nov. 1, 1994 / 54672 |
| Jan. 1, 1994 - Dec. 31, 1994 | 3.00% | 1994-03 | Vol. 58 / Oct. 28, 1993 / 58037 |
| Jan. 1, 1993 - Dec. 31, 1993 | 4.00% | 1993-02 | Vol. 57 / Oct. 27, 1992 / 48651 |
| Jan. 1, 1992 - Dec. 31, 1992 | 6.00% | 1992-03 | Vol. 56 / Oct. 28, 1991 / 55521 |
| Jan. 1, 1991 - Dec. 31, 1991 | 8.00% | 1991-02 | Vol. 55 / Oct. 30, 1990 / 45710 |
| Jan. 1, 1990 - Dec. 31, 1990 | 9.00% | 1990-02 | Vol. 54 / Oct. 31, 1989 / 45886 |
| Jan. 1, 1989 - Dec. 31, 1989 | 7.00% | 1989-02 | Vol. 53 / Nov. 15, 1988 / 46010 |
| Jan. 1, 1988 - Dec. 31, 1988 | 6.00% | 1988-02 | Vol. 52 / Nov. 30, 1987 / 45523 |
| Jan. 1, 1987 - Dec. 31, 1987 | 7.00% | 1987-03 | Vol. 51 / Nov. 25, 1986 / 42673 |
| Jan. 1, 1986 - Dec. 31, 1986 | 8.00% | 1986-02 | Vol. 50 / Oct. 31, 1985 / 45524 |
| Oct. 1, 1985 - Dec. 31, 1985 | 9.00% | 1985-16 | Vol. 50 / Aug. 5, 1985 / 31668 |
| July 1, 1985 - Sep. 30, 1985 | 9.00% | 1985-11 | Vol. 50 / May 2, 1985 / 18761 |

PSA 8

| | | | |
|---|---|---|---|
| Apr. 1, 1985 - June 30, 1985 | 9.00% | 1985-05 | Vol. 50 / Jan. 31, 1985 / 4609 |
| Jan. 1, 1985 - Mar. 31, 1985 | 9.00% | 1985-04 | Vol. 49 / Oct. 31, 1984 / 43830 |
| Oct. 1, 1984 - Dec. 31, 1984 | 9.00% | 1984-17 | Vol. 49 / Aug. 3, 1984 / 31190 |
| July 1, 1984 - Sep. 30, 1984 | 9.00% | 1984-12 | Vol. 49 / Apr. 30, 1984 / 18373 |
| Apr. 1, 1984 - June 30, 1984 | 9.00% | 1984-09 | Vol. 49 / Jan. 27, 1984 / 3560 |
| Jan. 1, 1984 - Mar. 31, 1984 | 9.00% | 1984-04 | Vol. 48 / Oct. 26, 1983 / 49571 |
| Oct. 1, 1983 - Dec. 31, 1983 | 9.00% | 1983-29 | Vol. 48 / July 26, 1983 / 33961 |
| July 1, 1983 - Sep. 30, 1983 | 11.00% | 1983-21 | Vol. 48 / May 2, 1983 / 19814 |
| Apr. 1, 1983 - June 30, 1983 | 13.00% | 1983-15 | Vol. 48 / Jan. 25, 1983 / 3443 |
| Jan. 1, 1983 - Mar. 31, 1983 | 13.00% | 1983-05 | Vol. 47 / Oct. 29, 1982 / 49137 |
| Oct. 1, 1982 - Dec. 31, 1982 | 11.98% | 1982-26 | Vol. 47 / Sep. 20, 1982 / 41459 |
| July 1, 1982 - Sep. 30, 1982 | 14.26% | 1982-16 | Vol. 47 / June 18, 1982 / 26489 |
| Apr. 1, 1982 - June 30, 1982 | 13.22% | 1982-09 | Vol. 47 / Mar. 19, 1982 / 12006 |
| Jan. 1, 1982 - Mar. 31, 1982 | 14.39% | 1982-05 | Vol. 46 / Dec. 16, 1981 / 61383 |
| Oct. 1, 1981 - Dec. 31, 1981 | 18.35% | 1981-14 | Vol. 46 / Sep. 17, 1981 / 46273 |
| July 1, 1981 - Sep. 30, 1981 | 16.19% | 1981-09 | Vol. 46 / June 17, 1981 / 31804 |
| Apr. 1, 1981 - June 30, 1981 | 17.74% | 1981-06 | Vol. 46 / Mar. 25, 1981 / 18637 |
| Jan. 1, 1981 - Mar. 31, 1981 | 13.14% | 1981-04 | |
| Oct. 1, 1980 - Dec. 31, 1980 | 9.09% | 1980-11 | |
| July 1, 1980 - Sep. 30, 1980 | 14.72% | 1980-08 | |
| Mar. 31, 1978 - June 30, 1980 | 9.00% | | |

PSA 9

**CT4.4 - Payments Not Received.** (1/84) When payment is not received by collection officer or depositary at the designated address within 15-calendar days of billing, Forest Service may suspend all or any part of Purchaser's Operations until payment or acceptable payment guarantee is received.

Failure to pay amounts due when payments are guaranteed by a payment guarantee shall be considered a breach under BT9.3, and the 30-calendar day notice period prescribed therein shall begin to run as of end of business of the 15-calendar days allowed for such payment. Such payments received after the due date are subject to an interest charge at the current rate of interest prescribed by the U.S. Department of Treasury (TFRM 6-8020.20), as published in the FEDERAL REGISTER, beginning from the date the bill was due. Such interest rate shall remain unchanged until those bills have been paid or settled. If followup becomes necessary due to failure to pay principal and/or interest due, cost of such billings may be added to the amounts due. In addition, amounts overdue in excess of 90 days shall be subject to an additional 6 percent penalty charge. Payments will be credited on the date received by the designated depositary or collection officer.

Forest Service remedies for Purchaser's failure to pay amounts due, except for accrual of interest, suspension of all or any part of Purchaser's Operations and Administrative offset, shall be stayed for so long as (a) bona fide dispute exists as to Purchaser's obligation to make such payment, and (b) Purchaser files and prosecutes a timely claim under the contract Disputes Act of 1978.