# In the United States Court of Federal Claims

PRECISION PINE & TIMBER, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 02-131 C

Filed October 5, 2006

ORDER

The Court is presently considering plaintiff's motion for summary judgment of February 6, 2006, and defendant's cross-motion for summary judgment of March 6, 2006, on the issue of quantum. After review, the Court finds that further briefing is necessary with respect to the proper calculation of penalty charges.

As background, defendant initially calculated penalty charges by assessing a six-percent charge on the final total amount due. App. to Pl. Mot. at 170. Plaintiff objected to this method because it presupposed that the amount due remained constant throughout the indebtedness, when in fact, the amount due increases over time as interest and other charges accrue. Pl. Mot. at 18. Plaintiff contended that defendant thus overstated the penalty charge due. Instead, plaintiff argued that a more accurate method of calculating penalty charges is to assess the six-percent charge periodically based upon the amount that was due during each period. Plaintiff asserts that the proper method of calculating the penalty charge is

> (1) to calculate the amount of penalty for each period during which the interest was fixed, (2) to do so based on the principal plus total accrued interest to date as of the mid-point of each such period, and (3) then sum the amount [of] penalty calculated for each period.

Pl. Mot. at 19. Plaintiff has also provided a practical illustration of how its method would operate by submitting a sample worksheet showing how it would calculate penalty charges due under the Brann contract. Supp. App. to Pl. Mot. at 6.

Defended conceded that the penalty charges should be assessed periodically based on the amount due during each period. Defendant, however, objects to plaintiff's method of calculation. Defendant asserts that penalty charges should be calculated by applying a "6 percent simple interest penalty on the outstanding debt . . . every 12 months." D. Reply at 16. Defendant also included a summary of its calculated penalties but did not completely reveal its arithmetic in arriving at the amounts it contends are due. App. to D. Mot. at 1–7. After reviewing Defendant's summary, it appears to the Court that under defendant's method, penalty charges that accrue in one year are themselves subject to a six-percent penalty charge the following year. In other words, it appears to the Court that the defendant proposes a compound penalty charge as opposed to a "simple" penalty charge.

The Court finds that it is not obvious on the face of the pleadings precisely what remains in dispute between the parties with respect to the calculation of penalty charges. Accordingly, the Court ORDERS that the parties submit supplemental briefs as follows. In all cases, the discussion within each brief should be confined solely to the calculation of penalty charges and should not discuss whether penalty charges should apply to the U-Bar contract or any other matters.

Defendant shall submit a brief explaining its proposed method of penalty calculations. In particular defendant's brief should explain whether its method uses a simple penalty or whether it provides for a compound penalty. Defendant shall also provide a precise statement of differences it perceives exist between its method of calculation and that of plaintiff, and offer its rationale for selecting its method. In addition, Defendant shall also include in an appendix a sample worksheet showing how its method of calculation would apply to the Brann contract. Defendant's brief shall not exceed ten pages, excluding cover page, table of contents, table of authorities and appendix, and shall be filed and served no later than **Friday, October 20, 2006.**

Plaintiff shall file a brief responding to the arguments of defendant with respect to the calculation of penalty charges. In addition, plaintiff shall explain in its brief why, in its sample worksheet, the sum of the principal ($25,994.78) and the "total interest" ($5,657.61) is significantly greater than amount stated as the principal plus "interest accrued as of the mid point" of the period beginning on July 1, 2005, and ending on September 30, 2005 ($27,275.74). Plaintiff shall also explain why the "principal plus accrued interest at the start of the period" is identical for the first period of each year from 2002 to 2005 ($26,580.46) but not for 2001 ($25,994.78). If necessary to correct any typographical or arithmetic errors, plaintiff shall submit in an appendix a revised worksheet calculating damages on the Brann contract. In addition, to the extent that plaintiff's worksheet is "submitted without prejudice to [its] position that no penalty should be computed on interest," plaintiff shall identify where in the filings related to quantum it has set forth its position and the basis therefor. Plaintiff shall also discuss how CT4.41(c), App. to Pl. Mot at 3, relates to its position. Plaintiff's brief shall not exceed ten pages, excluding cover page, table of contents, table of authorities and appendix, and shall be filed and served no later than **Friday, November 3, 2006.**

Defendant shall file and serve a reply brief not to exceed five pages, excluding cover page, table of contents, table of authorities and appendix, no later than **Wednesday, November 15, 2006.**

IT IS SO ORDERED.

/s/ George W. Miller
GEORGE W. MILLER
Judge