**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-131C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Court's October 5, 2006 order, the United States submits this supplemental brief in support of its cross-motion for summary judgment on quantum.

**ARGUMENT**

**I. Defendant's Proposed Method Of Penalty Calculations**

As explained in our reply brief, the respective contracts assess a "penalty charge of 6 percent per annum" upon "all outstanding amounts including interest and administrative costs." Def.'s Reply at 16-17. Thus, each year, on the date that the Forest Service's bill of collection was sent to Precision Pine, a penalty charge of 6 percent of the outstanding debt is assessed.

The proper calculation of this penalty charge is a straightforward endeavor. First, the outstanding debt on the anniversary date of the Forest Service bill of collection is determined. This debt is the total amount owed by Precision Pine, including interest and administrative costs, but excluding any prior penalty charges. Then, six percent of the outstanding debt is assessed as a penalty charge. If the period being considered is less than a full year, a *pro rata* penalty is charged.

For example, the bill of collection for default damages upon the Brann contract was dated March 1, 2001. PA83-95. Therefore, on March 1, 2002, Precision Pine had an outstanding debt of $27,651.94 – the principal amount ($25,994.77), plus one year of simple interest at 6.375 percent ($1,657.17). App. 1. The six percent penalty charge on this debt ($27,651.94 x 0.06) is $1,659.12. Id.

On March 1, 2003, Precision Pine's outstanding debt, excluding the prior year's penalty charge, was $29,309.11 – the principal amount ($25,994.77), plus two years of simple interest at 6.375 percent ($3,314.34). App. 2. Therefore, the six percent penalty charge for the second year ($29,309.11 x 0.06) is $1,758.55. Id. This approach has been used to calculate the penalty for each successive year through March 1, 2006. App. 1-5.

To assess the penalty charge for the partial year beginning March 1, 2006, a *pro rata* calculation is performed. For example, to calculate the penalty for the 245 day period from March 1, 2006 to November 1, 2006, the outstanding debt on November 1, 2006 is determined.[1] Then, a factor of 245/365 is employed to derive the six percent penalty owed for the period through November 1, 2006. App. 6.

Using this methodology, the United States has calculated the penalty owed by Precision Pine using a six percent simple interest charge on the outstanding debt (excluding prior penalty charges) in accordance with the respective contracts.

[1] The United States' previously filed calculations ran through March 31, 2006. See DA007.

## II. Precision Pine's Proposed Penalty Calculation Is Not Consistent With The Contractual Language

Precision Pine proposes a different methodology that does not calculate the penalty charge using "all outstanding amounts" owed on the date that interest is assessed. Instead, Precision Pine calculates the penalty "based on the principal plus total interest to date as of the mid-point of each period." Pl.'s Reply at 20 (emphasis added). Thus, for the first year for Brann contract, Precision Pine would use the outstanding debt on September 1, 2001 (i.e., the mid-point of the first year) as the basis for the March 1, 2002 penalty.[2] This methodology does not comport with the contracts' plain language, which calls for the penalty to be based upon "all outstanding amounts" owed by the contractor. See DA23 (CT 4.41(3)).

## CONCLUSION

For these reasons, as well as the reasons provided in the United States' previously-filed briefs, the Court should grant the United States' cross-motion for summary judgment on quantum.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

---

[2] Precision Pine uses a variable interest rate for the illustration attached to its reply brief, which complicates the calculations and obscures the proposed methodology. See PSA6. As we have explained, a variable interest rate is contrary to both the Debt Collection Act and the contracts themselves. See Def's Cross-Motion at 12-14; Def.'s Reply at 13-15.

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277
(202) 307-0972 (fax)

Attorneys for Defendant

OF COUNSEL:

Lori Polin Jones
Patricia L. Disert
Office of General Counsel
U.S. Department of Agriculture
1400 Independence Ave., S.W.
Washington, D.C. 20250

October 11, 2006

**CERTIFICATE OF FILING**

I hereby certify that on 11th day of October, 2006, a copy of "DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON DAMAGES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington