IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-131C |
| v. | ) | Judge George W. Miller |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, requests that the plaintiffs respond to the following interrogatories.

**DEFINITIONS**

1. The terms "you," "your," or "plaintiff" refer to Precision Pine & Timber, Inc., as well as all predecessor and successor institutions, current or former subsidiary and parent corporations or related entities; past or present experts, employees, consultants, agents, investigators, directors, officers, representatives, including counsel; and all other persons or entities that acted or purported to act, or act or purport to act upon behalf of any plaintiff.

2. The term "document," as used herein has the same meaning ascribed to it in Rule 34 of the United States Court of Federal Claims.

3. The term "person" is not limited to natural persons and includes, without limitation, natural persons, corporations, associations, partnerships, and governmental entities.

4. As used in this discovery request, the term "communications" includes written, verbal, non-verbal, electronic, wire and telephonic communications.

**Exhibit 1**

5. The term "identify," as used herein, in reference to:

A. A natural individual means to state, to the extent known, his or her:

(1) full name;

(2) present residence address, and if that is not known, the answer shall so state, and in lieu of the present residence address, the last known address and the last known date the person resided there;

(3) present employer, business address, telephone number and job title, if known and if not known, the answer shall so state; and

(4) employer, address and job title at the time of the event, transactions or occurrence to which the interrogatory relates.

B. A person other than a natural individual means to state, to the extent known, the:

(1) full name;

(2) present or last known address;

(3) state of incorporation, if known;

(4) place(s) of business at the present time and at all times relevant to the interrogatory involved;

C. A document, means to state, to the extent known the:

(1) title, heading or caption of such document;

(2) identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof;

(3) date appearing on such document, and if no date appears thereon, the answer shall so state and shall give the date, or approximate date, on which such document was prepared and/or executed;

(4) description of the type of document (for example, letter, handwritten notes, etc.) and the number of pages;

The foregoing information shall be given in sufficient detail to enable a party or person to whom a subpoena is directed to identify fully the document to be produced, and to enable defendant to determine that such document, when produced, is in fact the document so described. (In lieu of the description requested above, plaintiff may, at its election, provide a copy of the document, with a notation on a cover page attached to the document that refers to the relevant interrogatory).

7. References to the name of a company or the designation of a party includes the company or corporation, as the case may be, or the party, and its employees, agents, directors, officers, stockholders, principals, partners, representatives, attorneys, investigators, and consultants.

8. An interrogatory asking you to "explain in detail," "describe in detail," "state each fact," or "state all facts" seeks disclosure of each and every fact, circumstance, condition, and thing known to you about the subject of the interrogatory containing such a phrase and full identification and description of the source(s) of such facts, circumstances, conditions and things, including, but not limited to, pertinent date(s) and identification of each person having knowledge of and each document containing information relating to such fact, circumstance, condition or thing.

9. Unless otherwise stated, this discovery request concerns the period from January 1, 2000 to December 31, 2003.

10. As used in this discovery request, the term "this matter" refers to the action filed in the Court of Federal Claims captioned Precision Pine & Timber, Inc. v. United States and assigned case number 02-131.

11. As used in this discovery request, the term "Saltman & Stevens" refers to Saltman & Stevens, P.C., and includes all predecessor and successor institutions, current or former subsidiary and parent corporations or related entities; and past or present employees, consultants, agents, investigators, directors, officers or representatives.

## INSTRUCTIONS

1. In responding to the interrogatories, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of yourself, your employees, experts, plaintiff's attorney, or appearing in your documents, not merely information within the personal knowledge of the individuals executing plaintiff's answers to interrogatories.

2. If you cannot answer the following interrogatories in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Specify your inability to answer the remainder, and state whatever information or knowledge plaintiff has concerning the unanswered portion.

3. Provide separate responses for each interrogatory or subpart thereof; do not join together and provide a common response or answer to two or more interrogatories or to subparts of an interrogatory.

4. Where exact statistical or numerical information, including dates or times, cannot be furnished, estimated or approximate information is to be supplied. Where an estimate or approximation is supplied, it should be so indicated, and an explanation provided as to the basis upon which the estimate or approximation was made. State the reason(s) why exact statistical or numerical information cannot be furnished.

5. If any response, or any portion of any response, to any of the following interrogatories or subparts thereof is not made on or by the present knowledge of the person signing or swearing to such response, identify each person from whom the information was obtained and is a matter of personal knowledge. Designate the number of the interrogatory for which each such person supplied information.

6. To the extent you consider any of the following interrogatories, or subparts thereof, to be objectionable, answer that portion of the interrogatory, or subpart thereof, to which you have no objection and separately state the portion of the interrogatory, or subpart thereof, to which you lodge an objection and state the specific grounds for your objections.

7. Should you claim a privilege for any document requested, or about which information is requested by any of the following interrogatories, you shall so state and describe such documents in the manner indicated above. You shall state all facts that demonstrate why the document(s) sought or the information requested by any of the following document requests or interrogatories is entitled to the privilege requested.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each subsidiary or parent company owned or controlled by Precision Pine.

**Response:**

**INTERROGATORY NO. 2:**

Identify each suit or other legal action to which Precision Pine was a party as of January 1, 2002.

**Response:**

**INTERROGATORY NO. 3:**

For each lawsuit identified in response to interrogatory number 2, as of January 1, 2002, explain in detail the nature of the suit, including but not limited to the nature of the claims asserted, the status of the suit, and the recovery (or liability) that Precision Pine anticipated as a result of the suit.

**Response:**

**INTERROGATORY NO. 4:**

State the date upon which Precision Pine retained Saltman & Stevens to represent it in this matter.

**Response:**

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Deputy Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0465
Fax: (202) 305-7644

February 27, 2008

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 27th day of February 2008, I caused to be delivered by U.S. mail (first class, postage prepaid), Defendant's First Set of Interrogatories to:

Alan I. Saltman
Saltman & Stevens
1801 K Street, N.W., Suite 110
Washington, D.C. 20006

______________________________

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) ) ) ) ) ) ) ) ) | No. 02-131C Judge George W. Miller |

**DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims, the United States, requests that plaintiffs produce copies of the following documents within 30 days of service. Defendant further requests that plaintiffs produce copies of all documents responsive to the requests which are in its possession, custody or control, including, without limitation, documents in the possession or custody of its agents, accountants, attorneys, or other persons.

A. Definitions

1. The terms "you," "your," or "Plaintiff" refer collectively to Precision Pine & Timber, Inc., and include all predecessor and successor institutions, current or former subsidiary and parent corporations, and related entities; past or present experts, employees, consultants, agents, investigators, directors, officers, representatives, including counsel; and all other persons or entities that acted or purported to act, or act or purport to act upon behalf of plaintiff.

2. As used in this discovery request, the term "person" is not limited to natural persons and includes, without limitation, natural persons, corporations, associations, partnerships, other business association or entity recognized by law, and the employees or

independent contractors thereof, and any government body, commission, board, agency, branch, department, component, or element thereof.

3. As used in this discovery request, the term "communications" includes written, verbal, non-verbal, electronic, wire, telephonic, and electronic communications.

4. As used in this discovery request, the term "document" has the same meaning ascribed to it in Rule 34 of the United States Court of Federal Claims, and includes without limitation the following items, whether printed, micro-filmed, electronically recorded in sound and/or pictures, or reproduced by any process, or written or produced by hand, and regardless of whether claimed to be privileged or confidential or personal: letters, correspondence, memoranda, reports, e-mails, summaries, notes, notebooks, sketches, prints, photographs, printed forms, manuals, brochures, diaries, books, lists, publications, agreements, working papers, intra-company and inter-company communications, forecasts, statistical statements, graphs, charts, plans, drawings, minutes or records of meetings or conferences, policy statements, circulars, and any and all other writings. The above includes any and all other materials of any tangible medium of expression and original or preliminary notes, including drafts, typing, printings, minutes, or copies or reproductions thereof that are now or have ever been in the possession, custody or control of plaintiffs.

5. As used in this discovery request, the term "this matter" refers to the action filed in the Court of Federal Claims captioned Precision Pine & Timber, Inc. v. United States and assigned case number 02-131.

6. As used in this discovery request, the term "Saltman & Stevens" refers to Saltman & Stevens, P.C., and includes all predecessor and successor institutions, current or former

subsidiary and parent corporations or related entities; and past or present employees, consultants, agents, investigators, directors, officers or representatives.

B. Instructions

1. A request for production of a particular document is a request that each non-identical copy be produced, including all marginalia and/or stamped material, any envelopes and/or file folders in which the document is enclosed and each attachment. Documents already produced to the Government in earlier stages of this litigation are exempted from these requests for production of documents.

2. With respect to each document which you have withheld from production upon the grounds of any privilege or protection, state the date on which the document was drafted, state each privilege or protection upon which you rely in withholding the document, identify the person who drafted the document, identify each person who received the document, state the content of the document in as much detail as is possible without revealing the privileged matter, state the location(s) of the original and each copy of the document and identify the person(s) with custody of the original and each copy of the document.

3. For each document responsive to these requests that is known to have existed but cannot be located, or has been destroyed or discarded, identify the author(s), date and recipient(s) of the document, and summarize its contents.

4. Unless a particular request states otherwise, produce all responsive documents prepared from January 1, 2000, to December 31, 2003.

5. For purposes of this discovery request, the terms "and" and "or," the singular and the plural, each include the other, so as to maximize the number of documents responsive to the requests.

## REQUESTS FOR PRODUCTION

Please produce the following documents in accordance with the foregoing definitions and instructions:

1. All annual financial statements (audited or unaudited) prepared by or on behalf of Precision Pine, including all footnotes relating to such financial statements and any correspondence relating to such financial statements.

2. All monthly financial statements prepared by or on behalf of Precision Pine from April 2000 to March 2002, including all footnotes and any correspondence relating to such financial statements.

3. All income tax or other tax returns filed by Precision Pine with the United States, the State of Arizona, or any other governmental entity.

4. All documents reflecting the valuation of any asset owned or controlled by Precision Pine, whether prepared by Precision Pine, performed on behalf of Precision Pine, or otherwise.

5. All documents concerning loans, lines of credit, financing, or refinancing sought or obtained by Precision Pine, including but not limited to any applications submitted by Precision Pine.

6. All agreements between Precision Pine and Saltman & Stevens regarding legal or other services related to this matter.

7. All documents providing or reflecting the terms and conditions for the payment of services rendered by Saltman & Stevens in this matter.

8. All bills, invoices, correspondence, or other documents sent to Precision Pine regarding services rendered by Saltman & Stevens in this matter.

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Depurty Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0465
Fax: (202) 305-7644

February 27, 2008

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 27th day of February 2008, I caused to be delivered by U.S. mail (first class, postage prepaid), Defendant's Requests For Production of Documents, to:

Alan I. Saltman
Saltman & Stevens
1801 K Street, N.W., Suite 110
Washington, D.C. 20006

______________________________