SALTMAN & STEVENS, P.C.
1801 K Street, N.W., Suite M-110, Washington, D.C. 20006

(202) 452-2140
Fax: (202) 775-8217
E-mail: rgoeken@saltmanandstevens.com

March 3, 2008

**COPY VIA FACSIMILE**
**ORIGINAL VIA FIRST-CLASS MAIL**

David A. Harrington, Esq.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
1100 L Street, N.W.
8th Floor
Washington, D.C. 20530

Re: Precision Pine & Timber, Inc. v. United States, CoFC No. 02-131C

Dear Mr. Harrington:

We are in receipt of "Defendant's First Set of Interrogatories" and "Defendant's Request for Production of Documents" which were mailed to us on February 27, 2008. As an initial matter, we find nothing in the Rules of the Court of Federal Claims providing the government with an automatic right to propound these requests in a proceeding under the Equal Access to Justice Act ("EAJA"). The government's requests purport to rely on Rules 26,[1] 33 and 34 of the Court of Federal Claims which pertain to pre-trial discovery, while the proceedings governing the recovery of attorneys' fees under the EAJA are provided for under RCFC 54(d)(2). Notably, Rule 54 is in a section of the Rules pertaining to "Judgment" and the entry of a final, unappealable judgment is a prerequisite to the filing of an application under the EAJA. RCFC 54(d)(2)(B). Moreover, Rule 54 specifies those matters which be must set forth in the application, Precision Pine has satisfied those requirements, and the government has not suggested otherwise. In this regard, the government's Request for Production No. 6 seeks "All documents providing or reflecting the terms and conditions for the payment of services rendered by Saltman and Stevens in this matter." However, RCFC 54(d)(2)(B) provides that:

[1]Rule 26(d) specifies that, except for in certain circumstances that do not exist here, discovery may not be had from any source until the parties have conferred as required by Appendix A ¶ 3, something which has not occurred in this case.

**Exhibit 2**

> If directed by the court, the motion [for fees and costs under the EAJA] shall also disclose the terms of any agreement with respect to fees to be paid for the service for which claim is made.

This provision indicates that the there is no automatic right for the government to seek such information. To date, the government has not requested the Court to make such a direction nor has the Court made such direction to Precision Pine. Although we have located one case in the Court of Federal Claims where the government was allowed some discovery into plaintiff's financial status and number of employees in an EAJA proceeding, the Court noted that this was only done after defendant took the "unusual step of moving for discovery regarding the EAJA application. . . ." Lion Raisons, Inc. v. United States, 57 Fed. Cl. 505, 506 (2003). Defendant has made no such motion or showing regarding the need for discovery here. Indeed, and as the government is already aware, Precision Pine readily satisfies both requirements.

In this regard, Precision Pine has provided the sworn Declaration of Lorin D. Porter, the President of Precision Pine, regarding the number of employees and value of Precision Pine at the time of the filing of the lawsuit, and has attached Precision Pine's financial statement for the relevant time period in support of that declaration. Plaintiff's Brief in Support of Its Application for Attorneys Fees and Expenses Pursuant to the Equal Access to Justice Act, Exhibit 3. The government has not provided any basis for questioning the accuracy or completeness of these statements.

Finally, even assuming that the government were to provide the Court with some rationale for a limited inquiry into matters relevant to the EAJA application, the requests propounded by the government are irrelevant and/or overly broad both as to time frame and information sought. As noted above, the EAJA requires that plaintiff demonstrate that its net worth did not exceed $7,000,000 and that it did not have more than 500 employees "at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). Precision Pine has submitted the sworn declaration of its President and attached the relevant financial statement for the time this case was filed. Nevertheless, many of the government's requests for financial data are for January 1, 2000 to December 31, 2003, a time period considerably before and after the relevant time period. See Defendant First Set of Interrogatories, Definitions No. 9; Defendant's Request for Production of Documents, Instructions No. 4.

Accordingly, and in effort to avoid unnecessary motions practice, Precision Pine will request a status conference at the Court's earliest convenience to address these issues unless the government immediately indicates that it will withdraw its interrogatories and requests for production. Additionally, please be advised that Precision Pine will not consent to any extension of time for the government to respond to Precision Pine's EAJA application on the basis of

defendant's requests for information. As provided for by RCFC 54(d)(2)(D), the government's response brief remains due on or before March 17, 2008.

Very truly yours,

SALTMAN & STEVENS, P.C.

Richard W. Goeken

RWG/bjr