# In the United States Court of Federal Claims

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, | ) | No. 02-131 C |
| v. | ) | Filed March 4, 2008 |
| THE UNITED STATES, Defendant. | ) | |

ORDER

On March 3, 2008, plaintiff filed a motion for status conference (docket entry 112). Plaintiff states that its request is pursuant to "Defendant's First Set of Interrogatories" and "Defendant's Request for Production Documents," mailed to plaintiff on February 27, 2008 in response to plaintiff's motion for attorneys' fees under the EAJA, filed February 11, 2008 (docket entry 111).

Plaintiff argues that defendant's requests are procedurally improper, overly broad and irrelevant. Specifically, plaintiff states that proceedings governing the recovery of attorneys' fees under the EAJA are set out in RCFC 54, which does not provide for an automatic right to seek the information sought by defendant in this case, and that in the only caselaw authority identified by plaintiff, the court allowed the defendant some discovery into plaintiff's financial status and number of employees in an EAJA proceeding only after the defendant moved for such discovery. *See* docket entry 112-3 at 2 (citing *Lion Raisons, Inc. v. United States*, 57 Fed. Cl. 505, 506 (2003)).

In light of plaintiff's request for clarification as to the permissibility, procedure and appropriate scope of such a request for information, the Court ORDERS that defendant file, on or before **5:00 p.m. on Wednesday, March 12, 2008**, a memorandum (1) describing defendant's reason for requesting the discovery in question in connection with plaintiff's motion for attorneys' fees under the EAJA; and (2) identifying any authorities that support the propriety of such discovery.

The Court further ORDERS that the parties participate in a telephonic status conference

on **Friday, March 14, 2008**, **at 9:30 a.m.** to discuss further proceedings relating to plaintiff's application for attorneys' fees under the EAJA, in light of defendant's memorandum. In the meantime, plaintiff's obligation, if any there be, to respond to defendant's discovery is stayed.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge