IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-131C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM REGARDING DISCOVERY ABOUT PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Pursuant to the Court's March 4, 2008 order, the United States respectfully files this memorandum regarding its February 27, 2008 interrogatories and requests for production. As explained below, the United States served this discovery to enable it to determine whether Precision Pine & Timber, Inc. ("Precision Pine") is eligible to seek attorney fees pursuant to the Equal Access to Justice Act ("EAJA") and to obtain information necessary to evaluate Precision Pine's attorney fee petition. The discovery sought by the United States is permitted by and consistent with the Rules of the Court of Federal Claims ("RCFC") and this Court's orders.

**DISCUSSION**

**I. The United States Is Entitled Under The Rules Of The Court Of Federal Claims To Seek Discovery About Any "Relevant Matter"**

This Court's rules authorize parties to obtain discovery on "any matter, not privileged, that is relevant to the claim or defense of any party." RCFC 26(b); Afro-Lecon, Inc. v. United States, 820 F.2d 1198, 1203 (Fed. Cir. 1987); see also RCFC 33(a) (allowing up to 25 interrogatories "without leave of court"); RCFC 34(a) (authorizing "any party" to serve requests to produce documents). Both Precision Pine's complaint and EAJA fee petition seek attorney fees. Compl. at 21; Pl.'s Br. In Support Of Its Application For Attorney Fees & Expenses

Pursuant To The Equal Access To Justice Act at 1-2 ("Pl.'s Pet. at __"). Discovery regarding Precision Pine's claim for attorney fees is, therefore, authorized by the Rules of the Court of Federal Claims. RCFC 26(b).

The Court is, of course, permitted to place limits on the timing and scope of discovery in pending civil actions. RCFC 26(c). However, Precision Pine has neither sought nor obtained a protective order. Nor has Precision Pine identified any Court order that precludes or limits discovery about its attorney fee claim.[1] Accordingly, the United States was authorized to serve interrogatories and document requests seeking relevant information about Precision Pine's petition for attorney fees. RCFC 26(b), 33 & 34.

In its motion for a status conference, Precision Pine argues that discovery sought by the United States is "procedurally improper." Pl.'s Mot. For Status Conference at 1 ("Pl.'s Mot. at __") (citing a letter attached as Exhibit 2). Without citing legal authority, Precision Pine asserts that Rules 26, 33 and 34 only "pertain to pre-trial discovery." The rules contain no such limitation. To the contrary, because discovery is allowed about any matter "relevant to a claim," and because Precision Pine claims a right to attorney fees in its complaint, the plain language of the rules authorizes discovery pertaining to Precision Pine's claimed attorney fees. Indeed, Precision Pine itself points the Court to precedent allowing discovery about EAJA fee claims. See Lion Raisins v. United States, 57 Fed. Cl. 505, 507 (2003) (noting that the United States had taken depositions and obtained other discovery concerning plaintiff's eligibility for EAJA fees).

---

[1] The Court issued no scheduling order providing that discovery closed as of a particular date nor entered any other order that precludes discovery at this juncture. If such an order had been in place, the United States would have sought leave to serve discovery concerning Precision Pine's EAJA fee application. RCFC 26(b)(1) (permiting discovery about any relevant matter upon a showing of "good cause").

Precision Pine also suggests that RCFC 54(d) places limits on discovery about attorney fees petitions. Pl.'s Mot., Ex 2 at 2. Precision Pine is mistaken. RCFC 54(d) simply states that attorney fees must be requested by motion, gives the deadline for filing a motion for attorney fees, and describes basic information that must be included with a motion for fees. It does not reference RCFC 26 or discuss – much less limit – discovery pertaining to claimed attorney fees.

Precision Pine points out that RCFC 54(d)(2)(B) allows the Court to require that the party seeking fees "disclose the terms of any agreement with respect to fees" as part of its motion. Id. (citing RCFC 54(d)(2)(B)). This provision does not, however, prevent a party from obtaining such information where the Court has not addressed the issue. The terms of an agreement with respect to fees (e.g., a retention agreement with a law firm) is relevant to the fees that a party has "incurred," 28 U.S.C. § 2412(d)(1)(A), and is, therefore, discoverable, RCFC 26(b).

In sum, the United States is authorized to seek discovery about a party's eligibility and entitlement to attorney fees under EAJA.[2] This does not mean that discovery is likely to be sought in every case. To the contrary, the United States evaluates the need for discovery on a case-by-case basis and concludes in many cases that discovery concerning EAJA fees is unwarranted. As explained below, however, this is not such a case.

---

[2] Discovery about whether the position of the United States was "substantially justified" is not appropriate. 28 U.S.C. § 2412(d)(1)(B) ("Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."). The United States does not seek such discovery.

## II. The United States Seeks Discovery To Respond To Precision Pine's Assertion That It Is Eligible For And Entitled To Recover Attorney Fees

The March 3, 2008 letter attached to Precision Pine's motion for status conference asserts that certain discovery requests posed by the United States are "over broadly both as to time frame and information sought." Pl.'s Mot., Ex. 2 at 2. The Court subsequently ordered the United States to "describe [its] reason for requesting the discovery in question." Order of Judge George W. Miller at 1 (Mar. 4, 2008).

The United States seeks discovery to determine Precision Pine's eligibility to seek attorney fees under EAJA and to determine Precision Pine's entitlement to the fees claimed in its motion. Indeed, the United States has carefully crafted its discovery requests to meet these ends.

### A. Discovery Regarding Precision Pine's Net Worth

Precision Pine's motion for attorney fees seeks an award of fees pursuant to EAJA. Only corporations with a "net worth" of less than $7 million are eligible to seek EAJA fees. 28 U.S.C. § 2412(d)(2)(B). To attempt to establish eligibility, Precision Pine attached to its petition (1) a conclusory declaration asserting that "Precision Pine had a net worth of less $7 million," Pl.'s Pet., Ex. 3, and (2) an unaudited, incomplete balance sheet, Pl.'s Pet., Ex. 4.[3]

This Court has repeatedly held that a "conclusory affidavit without supporting evidence is inadequate to establish" that a "party" is eligible to recover fees under EAJA. Fields v. United States, 29 Fed. Cl. 376, 382 (1993); Doe v. United States, 54 Fed. Cl. 337, 342 (2002); see also

[3] At the trial conducted in Precision Pine v. United States, No. 98-720C (Fed. Cl.), Precision Pine's company president testified that he believed the company to be worth at least $10 million in August 1995. Given this testimony and the paucity of evidence presented with Precision Pine's motion, the United States has a well-founded basis for questioning the conclusory assertion that Precision Pine's net worth in February 2002 was less than $7 million.

Lion Raisins, 57 Fed. Cl. at 511 (holding "verified answers" insufficient). "A petitioner requesting fees under the EAJA must present evidence so that his or her net worth may be ascertained and verified by the court." Fields, 29 Fed. Cl. at 382 (citing Scherr Constr., 26 Cl. Ct. at 250-51). Accordingly, the declaration submitted by Precision Pine is, standing alone, insufficient to establish the company's eligibility for attorney fees. Id.

An unaudited, qualified balance sheet – such as the document appended to Precision Pine's motion – is likewise insufficient. E.g., Lion Raisins, 57 Fed. Cl. at 511 (finding three balance sheets without supporting documents to be insufficient); Doe, 54 Fed. Cl. at 342 (ruling that a "'naked' worksheet in the itemized form of a balance sheet" did not qualify plaintiff to receive attorney fees); Scherr Constr., 26 Cl. Ct. at 248 (finding an "unaudited, qualified balance sheet" to be an insufficient "predicate for an award under EAJA"); Mantle Ranges, Inc. v. United States Park Service, 993 F. Supp. 1335, 1337-38 (D. Col. 1998) (rejecting an EAJA claim where plaintiff failed to submit a "systemic analysis of their assets and liabilities" consistent with generally acceptable accounting principles). Precision Pine's February 2002 balance sheet was not audited. It neither purports to be the unqualified opinion of an accountant, nor indicates that it was prepared in accordance with generally accepted accounting principles. In fact, the balance sheet contains no footnotes, is unaccompanied by backup material, is incomplete on its face, and fails to specifically state the company's net worth.[4] Precision Pine's failure to submit an

[4] The balance sheet makes no reference to wholly-owned subsidiaries of Precision Pine, nor acknowledges that Precision Pine was asserting claims against the Government for more than $20 million. See Precision Pine v. United States, No. 96-593 (Fed. Cl.) (claiming $7 million); Precision Pine v. United States, No. 98-720 (Fed. Cl.) (seeking $13 million after having obtained a favorable decision on liability); Precision Pine v. United States, No. 01-415 (Fed. Cl.) (claiming $1.85 million). The balance sheet likely contains other as yet unknown deficiencies.

unqualified opinion prepared in accordance with generally accepted accounting principles should be fatal to its claim for attorney fees. E.g., Scherr Construction, 26 Cl. Ct. at 248 (citing Continental Web Press, Inc. v. NLRB, 767 F.2d 321, 323 (7th Cir. 1985)).

The United States has served discovery intended to enable it to evaluate Precision Pine's net worth as of early 2002.[5] The United States will use the information obtained through discovery to address Precision Pine's eligibility for EAJA fees. It is for this reason that the United States has requested that Precision Pine produce annual, audited financial statements (with footnotes and supporting correspondence), tax returns, any contemporaneous appraisals of Precision Pine assets, and any contemporaneous loan applications to financial institutions. Furthermore, because subsidiary and related companies are under certain circumstances considered in determining net worth, see, e.g., National Truck Equip. Ass'n v. NHTSA, 972 F.2d 669 (6th Cir. 1992); Lion Raisins, 57 Fed. Cl. at 508-10, and because Precision Pine had several wholly-owned subsidiaries in 1995, the United States has asked Precision Pine to identify related corporate entities as of 2002.

The Court should allow the United States to obtain discovery relating to Precision Pine's net worth to provide the United States a full and fair opportunity to address Precision Pine's eligibility for attorney fees pursuant to EAJA.

[5] The United States seeks information for the years immediately before and after 2002. This provides a more complete picture of the accounting treatment of company assets and liabilities (e.g., depreciation) than would a request for documents limited to the year of 2002.

**B. Discovery Regarding Attorney Fees "Incurred" By Precision Pine**

EAJA provides that attorney fees "incurred" in a civil action against the United States can potentially be recovered. 28 U.S.C. § 2412(d)(1)(A); Doe, 54 Fed. Cl. at 340 (plaintiff must establish that it "actually incurred the fees it is seeking to recover"). In addition, only "reasonable" fees and expenses are recoverable. 28 U.S.C. § 2412(d)(2)(A). The United States is, therefore, seeking limited discovery that will enable it to assess whether the fees and expenses sought by Precision Pine were incurred and are reasonable.

Precision Pine submits only a "general description" of attorneys fees and expenses with its motion. See Pl.'s Pet., Ex. 6 ¶ 2 (describing exhibits 7 and 8). The United States has requested that Precision Pine produce the actual bills received from its attorneys. It is not uncommon, for instance, for law firms to decline to bill a client for excessive time required to perform a task. This would be reflected in Precision Pine bills. In any event, actual bills – not a general computerized summary – are the best evidence of the fees and expenses incurred by Precision Pine in this matter.

The United States has also requested that Precision Pine produce the retention agreement between itself and Saltman & Stevens, P.C. and to identify the date that it first retained Saltman & Stevens in this matter. The fee arrangement between Precision Pine and Saltman & Stevens is clearly relevant to whether fees and expenses were incurred by Precision Pine. The United States will also use this information to assess Precision Pine's claim for fees for services as early as May 2001 – 9 months before this action was filed. It is unclear that such fees were "incurred" by Precision Pine in a "civil action" against the United States. See 28 U.S.C. § 2412(d)(1)(A).

The discovery requested by the United States is relevant to core issues concerning the recovery of attorney fees and expenses sought by Precision Pine. The Court should not prevent the United States from obtaining information needed to respond to Precision Pine's EAJA fee petition.

## CONCLUSION

For these reasons, the United States respectfully requests that Precision Pine be given 30 days to respond to the United States discovery requests, and that the United States be given 30 days from the receipt of such information to respond to Precision Pine's motion for attorney fees.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee

BRYANT G. SNEE
Deputy Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 616-0465
(202) 305-8744 (fax)

March 12, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 12th day of March, 2008, a copy of “DEFENDANT'S MEMORANDUM REGARDING DISCOVERY ABOUT PLAINTIFF’S MOTION FOR ATTORNEY FEES” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ David A. Harrington