# In the United States Court of Federal Claims

| | |
|---|---|
| PRECISION PINE & TIMBER, INC., | No. 02-131 C |
| Plaintiff, | |
| v. | Filed March 14, 2008 |
| THE UNITED STATES, | |
| Defendant. | |

## ORDER

Pursuant to the Court's order filed March 4, 2008 (docket entry 113) the parties participated with the Court on Friday, March 14, 2008, in a telephonic status conference to consider further proceedings relating to plaintiff's application for fees and expenses under the Equal Access to Justice Act and defendant's requests for discovery with respect to the net worth requirement and the amount of fees and expenses incurred by plaintiff.

The Court directed counsel for plaintiff to ascertain whether plaintiff can produce audited or reviewed financial statements (including a balance sheet) prepared by an outside accountant in accordance with Generally Accepted Accounting Principles that would show plaintiff's net worth at the relevant time. If such statements are available, plaintiff shall produce them for inspection and copying by defendant in substantial compliance with paragraphs 1 and 2 of defendant's request for production of documents served February 27, 2008.

Alternatively, the Court directed that if such financial statements are not available, plaintiff shall produce for inspection and copying by defendant copies of tax returns, loan applications or appraisals of assets as described in paragraphs 3, 4 and 5 of defendant's request for production of documents served February 27, 2008, except that pertinent the time period shall be 1/1/2000 through 12/31/03.

The Court directed that Precision Pine provide to defendant a copy of its retainer agreement with counsel in this action.

With respect to defendant's request for copies of bills rendered by Saltman & Stephens to and paid by Precision Pine for services rendered and expenses incurred in prosecuting this action, the Court directed counsel for plaintiff to prepare a more detailed declaration to accompany the "general statement" submitted with counsel's declaration executed February 14, 2008 (docket entry 111-8). The declarant would, in substance, swear upon his own personal knowledge that the general statement was prepared from the firm's bills rendered to its client; the bills, in turn, were prepared from contemporaneous time sheets completed by lawyers working on the case; in some cases the declarant edited the descriptions for clarity and uniformity of expression; the time devoted to particular tasks was taken directly from the firm's contemporaneous time sheets; and the amounts set forth were actually billed to and paid by Precision Pine.

Plaintiff shall identify each subsidiary or parent company owned or controlled by Precision Pine during the period April 1, 2001 through March 31, 2002.

Precision Pine need not respond, for the time being, to defendant's interrogatories 2 and 3.

The parties shall participate with the Court in a further telephonic status conference to consider further proceedings in connection with this matter, including the deadline for the Government to respond to plaintiff's application, assuming the net worth criterion is satisfied. The further status conference will be held at **9 a.m. on Monday, March 24, 2008.** The Court will initiate the call.

In the meantime, as the Court emphasized during the status conference, the Court expects that the parties will confer among themselves with a view toward coming into an agreement with respect to whether plaintiff meets the net worth criterion or, at least, with respect to the universe of evidence from which the Court can properly make such a determination.

The Court also expects that the parties will confer with a view toward coming into an agreement with respect to the terms of a declaration that will avoid the necessity for producing copies of counsel's bills. Failing such an agreement, the Court will consider whether defendant should bear the costs incurred by plaintiff in producing such bills (including making any necessary redactions).

The Court understands that plaintiff does not favor the Government's suggestion that the determination of the amount of fees and expenses incurred by Precision Pine be deferred until after resolution of the issues whether Precision Pine satisfies the net worth criterion and whether

plaintiff is a prevailing party (recognizing that if either of those issues were resolved against plaintiff, the amount of fees and expenses would be moot).

**IT IS SO ORDERED**.

/s/ George W. Miller
GEORGE W. MILLER
Judge