# In the United States Court of Federal Claims

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, | ) | No. 02-131 C |
| v. | ) | Filed March 27, 2008 |
| THE UNITED STATES, Defendant. | ) | |

**ORDER**

On March 27, 2008, the parties participated with the Court in a telephonic status conference pursuant to the Court's order filed March 14, 2008 (docket entry 115). In consideration of the discussion during the status conference, the Court does hereby **ORDER** as follows:

1) In view of plaintiff's discovery responses, defendant does not dispute that plaintiff meets the net worth criterion for eligibility for recovery under the Equal Access to Justice Act ("EAJA").

2) Plaintiff shall furnish to defendant a copy of the retainer agreement between counsel and Precision Pine in Docket No. 98-720, involving the same parties.

3) In response to defendant's Interrogatory No. 4, counsel for plaintiff shall determine, as best he can, the date or approximate date upon which counsel's representation of Precision Pine commenced with respect to the claims asserted in this action and shall provide such information to defendant in a declaration that also describes the basis for counsel's determination.

4) During the status conference, the Court advised counsel for defendant that it should promptly advise counsel for plaintiff whether, in light of the Second Declaration of Alan Saltman, dated March 20, 2008, and Mr. Saltman's initial declaration, dated February 14, 2008, and the summary attached thereto showing the legal services performed by counsel, the time devoted to performing such services, the legal fees for such services at the firm's standard hourly rates, the expenses incurred in connection with the representation, and the amounts billed to and paid by Precision Pine (or, if not paid, which Precision Pine is legally obligated to pay),

defendant requests production of the bills rendered to Precision Pine by counsel for plaintiff for legal services and expenses incurred in connection with this action. If defendant does request such production, the Court, for the reasons stated during the status conference, will require defendant to pay plaintiff's reasonable expenses, including attorneys' fees incurred in making such production (*e.g.*, counsel's review of the bills to determine whether counsel wishes to assert that any of the information contained therein is privileged or protected from discovery by the attorney work product doctrine). *Compare* Rule 26(b)(3)(B) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) (in requiring discovery court must protect against disclosure of mental impressions, conclusions, opinions or legal theories of party's attorney), Rule 26(b)(5)(A), Fed. R. Civ. P. (party withholding material from discovery must describe the nature of the material withheld in a manner that, without revealing information itself privileged or protected, will enable the other party to assess the claim of privilege or protection), and Rule 26(c)(1)(B), Fed R. Civ. P. (court may issue order to protect party from annoyance, embarrassment, oppression or undue burden or expense). Subsequent to the status conference, counsel for defendant advised plaintiff's counsel and the Court that defendant does, indeed, request production of the bills described in this paragraph, and the Court accordingly **ORDERS** that defendant shall pay plaintiff's reasonable expenses, including attorneys' fees, incurred in making such production.

5) Defendant shall file its opposition to plaintiff's motion for attorneys' fees and expenses under the EAJA by **Monday, April 28, 2008**. Plaintiff shall file its reply in support of its motion by **Monday, May 12, 2008.**

**IT IS SO ORDERED**.

s/ George W. Miller
GEORGE W. MILLER
Judge