**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-131C |
| v. | ) | Judge George W. Miller |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Defendant, the United States, respectfully opposes the motion for protective order filed by Precision Pine & Timber, Inc. ("Precision Pine") on March 28, 2008. The United States further objects to the terms and requirements of the draft protective order attached to Precision Pine's motion.

## I. The Court Should Deny Precision Pine's Motion For Protective Order

Precision Pine has failed to establish good cause for the entry of a protective order in this matter. See RCFC 7(b). In its motion, Precision Pine merely asserts that the retainer agreement and attorney bills that it has been ordered to produce contain unspecified "financial and business information."[1] Mot. at 1. Precision Pine has already produced – without seeking a protective order – annual financial statements for the years 2001, 2002 and 2003.[2] If Precision Pine is

---

[1] Counsel for the United States received an e-mail from counsel for Precision Pine requesting that the United States agree to entry of a protective order in this matter. Aside from the same conclusory statement contained in its motion, Precision Pine's counsel declined to explain why a protective order was warranted. After Precision Pine filed its motion, undersigned counsel contacted Precision Pine's attorney, Alan Saltman, about the requested protective order. Mr. Saltman again declined to give any further explanation for Precision Pine's request.

[2] The United States assured Precision Pine that we would "treat the documents that the Court has ordered produced in the same manner as 'sensitive financial and business information,' such as Precision Pine's annual financial reports, that have been produced in this

suggesting that attorney bills or a retainer agreement would reveal "sensitive financial or business information" that are not reflected in its financial statements, Precision Pine has failed to state that proposition clearly. At present, there exists no reason to believe that the documents at issue contain any sensitive financial or business information about Precision Pine.[3]

In addition, Precision Pine has already publicly disclosed a summary that allegedly describes the services rendered by Saltman & Stevens, the billing rates charged by Saltman & Stevens, the general terms under which services were provided, and the hours expended by Saltman & Stevens in connection with this matter. See Pl.'s Mot. For Attorney Fees, Ex. 7 (filed Feb. 14, 2008). Where information has already been publicly disclosed, there exists no basis for a protective order. Further, the Court has authorized Precision Pine to redact privileged information contained in the bills it received from the Saltman & Stevens firm.[4] To the extent Precision Pine is seeking a protective order to prevent the dissemination of privileged communications or attorney work product, a protective order is unnecessary.

---

action and in case number 98-720 over the past several years." E-mail from David A. Harrington to Alan Saltman (Mar. 28, 2008) (attached as Exhibit A).

[3] The motion for protective order purports to seek a protective order upon behalf of Precision Pine. No request to intervene has been filed by the Saltman & Stevens firm, nor does the motion aver that it seeks to prevent the disclosure of financial or business information on behalf of Saltman & Stevens.

[4] As explained during the March 27, 2008 status conference, the United States respectfully disagrees that Precision Pine's bills contain any privileged information that can properly be redacted. Precision Pine has knowingly, deliberately and publicly disclosed information about the services rendered by the Saltman & Stevens firm. This waives any attorney client privilege or work product protection regarding the subject matter. Furthermore, Precision Pine placed at issue the amount and reasonableness of attorney fees incurred in this matter by filing a petition for attorney fees pursuant to the Equal Access to Justice Act, 12 U.S.C. § 2412(d). This also operates as a waiver of any attorney-client privilege or work product protection.

In sum, Precision Pine's motion provides no basis to conclude that attorney bills or the retainer agreement contain any sensitive business or financial information about Precision Pine. In any event, Precision Pine has publicly disclosed details about the services rendered by Saltman & Stevens in this matter. Accordingly, Precision Pine has failed to show that good cause exists for entering a protective order.

**II. The Protective Order Requested By Precision Pine Is Unduly Burdensome And, If The Court Enters A Protective Order, Should Model The Order On The Form Used By This Court In Bid Protest Actions**

Even if the Court concludes that a protective order is warranted, the United States opposes any protective order that would include burdensome administrative provisions or that would limit the dissemination of information received from Precision Pine within the Department of Justice or the agency represented in litigation (in this instance the Department of Agriculture). Precision Pine attached to its motion a draft protective order that suffers from both of these infirmities. See Pl.'s Mot., Ex. 1.

This Court frequently uses a standard protective order in procurement protest actions ("bid protests"). See RCFC, Form 8. This order has proved adequate to protect sensitive business and proprietary information that is commonly exchanged in bid protests. The standard order provides that court, agency and Department of Justice personnel are automatically subject to its terms. Id. ¶ 7. It thus frees the Government from burdensome administrative requirements and places no restrictions on the dissemination of information within the Department of Justice or the represented agency. If the Court concludes that a protective order should be entered, an order based upon the standard Court of Federal Claims protective order should be used. The

United States has attached to this brief as Exhibit B a proposed protective order based upon the standard form used by this Court.[5]

## CONCLUSION

For these reasons, the United States respectfully opposes Precision Pine's motion for protective order. In the event that the Court grants Precision Pine's motion, the United States respectfully submits that the Court enter the protective order attached to this response, which is based upon the standard protective order included as Form 8 of the Rules of the Court of Federal Claims.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee

BRYANT G. SNEE
Deputy Director

---

[5] The United States provided this draft order to counsel for Precision Pine in the hopes of reaching an agreement regarding Precision Pine's motion. Precision Pine proposed changes to the draft order that rendered it unacceptable to the United States including, but not limited to, excising standard language that makes Department of Justice and agency personnel automatically subject to the terms of the order.

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0465
Fax: (202) 305-7644

April 2, 2008

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of April 2008, a copy of "DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington

**Harrington, David (CIV)**

**From:** Harrington, David (CIV)
**Sent:** Friday, March 28, 2008 2:34 PM
**To:** Alan Saltman
**Cc:** Rick Goeken; GWMiller_chambers@ao.uscourts.gov
**Subject:** RE: Precision Pine v. US , CoFC No. 02-131C

Alan:

I cannot agree to your proposed confidentiality agreement which would, among other things, create unnecessary administrative burdens. I am at a loss to understand why such an agreement is necesary or appropriate. And I am disturbed that you did not raise this issue during our status conference with Judge Miller yesterday. We will treat the documents that the Court has ordered produced in the same manner as "sensitive financial and business information," such as Precision Pine's annual financial reports, that have been produced in this action and in case number 98-720 over the past several years. This should allay your concerns.

Please understand that we do not consider time spent requesting a confidentiality agreement or moving for a protective order to fall within the scope of the Court's March 27, 2008 order. We will oppose any request for payment of attorney fees or cost that are not directly related to a review of Precision Pine's bills for privilege.

David

**David A. Harrington**
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530 (for overnight deliveries 20005)
(202) 616-0465

---

**From:** Alan Saltman [mailto:alan@saltmanandstevens.com]
**Sent:** Friday, March 28, 2008 1:12 PM
**To:** Harrington, David (CIV)
**Cc:** Rick Goeken; GWMiller_chambers@ao.uscourts.gov
**Subject:** Precision Pine v. US , CoFC No. 02-131C

David

Enclosed is a copy of my third declaration in this matter relating to the date on which Saltman & Stevens was engaged to handle the matter that became CoFC No. 02-131C

As I indicated to you earlier, we believe that both the attachments to the declaration and the bills that we plan to provide you next week contain sensitive financial and business information. Accordingly, as indicated in the footnote in the declaration, those documents will not be provided to you until either the parties enter into an appropriate confidentiality agreement or the Court rules on a motion from plaintiff seeking a protective order.

I continue to wait for your response as to whether the government will agree to a confidentiality agreement substantially in the form that I have proposed. However, given both the court's desire that this material be provided to you promptly and the need to protect it from disclosure, unless we reach an accord on a confidentiality agreement, I will file a motion with the Court seeking a protective order sometime this afternoon.

Alan

SALTMAN & STEVENS, P.C
1801 K Street, NW
Suite M110
Washington, D.C. 20006
Ph: (202) 452-2140 Fax: (202) 775-8217

This electronic message transmission contains information from the law firm of Saltman & Stevens, P.C. which may be confidential or privileged. The information is intended for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone (202)452-2140 or by electronic mail at the above address.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-131 |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROTECTIVE ORDER**

The court has determined that certain information that may necessarily be disclosed orally or in writing during this action may be sensitive, proprietary, confidential, or otherwise protectable. To address these concerns, it is ordered that protected information, provided formally or informally during the course of this action, shall be disclosed by the parties only as follows:

1. "Protected information" as used herein means:

(a) Information that is proprietary or confidential that is contained in any document (including any pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by any party to this litigation that is designated as protected by a party (see paragraph 3); and

(b) Information that is proprietary or confidential that is contained in any deposition, testimony, or affidavit taken or provided during this litigation, that is designated as protected by a party (see paragraph 3).

2. Protected information shall be used by private parties for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.

(a) Except as provided in paragraphs 2(c) and (d), the only persons who may be given access to protected information are (i) legal counsel for a party and (ii) independent consultants and experts assisting such counsel in connection with the litigation.

(b) To be granted access to protected information, any such person shall first read this Protective Order and, if an attorney, execute a copy of the Application for Access to Information Under Protective Order by Inside or Outside Counsel (Form 9) or, if a consultant or expert, execute a copy of the Application for Access to Information Under Protective Order by a Consultant or Expert (Form 10). The party seeking to have such person granted access shall then provide a copy of the executed Application to each other party. Such person shall, without further action by the court, be permitted access to protected information at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection. If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the court. Such person shall not be given access unless and until the court authorizes such access.

(c) Paralegal, clerical and administrative support personnel assisting any counsel who has been admitted under this Protective Order may be given access to protected information if such personnel have first been informed by such counsel of the obligations imposed by this Protective Order.

(d) Court, agency and Department of Justice personnel are automatically subject to the terms of this Protective Order and are entitled to access to protected information, without further action.

3. Protected information of any kind may be provided only to the court and to individuals authorized by this Protective Order, and must be in a sealed parcel containing the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

(a) The first page of each document containing protected information is to be clearly marked as follows:

**Protected Information to be Disclosed Only in Accordance with U.S. Court of Federal Claims Protective Order**

The party claiming protection must identify the specific portion of the information for which it is claiming protection.

(b) Any courtesy copies of protected information that are filed with the court for use by the judge should be marked as such.

(c) The court will maintain properly marked protected pleadings or information under seal.

4. A party that files a pleading in accordance with paragraph 3 hereof shall promptly serve on each other party a proposed redacted copy of the pleading with the claimed protected information deleted and clearly marked “Proposed Redacted Copy” in the upper right-hand corner of the first page.

(a) Within five business days after their receipt of the proposed redacted copy, other parties shall advise the party originating the pleading of any additional redactions they require. The originating party shall promptly provide each party with a copy of the pleading from which all information that any party has requested be redacted has been

redacted and clearly marked "Agreed-Upon Redacted Copy – May Be Made Public" in the upper right-hand corner of the page. During the five-day period, the proposed redacted copy shall be treated as protected. At the expiration of the five-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the court by the originating party.

(b) Any party at any time may serve on the other parties a proposed redacted copy of any document (other than a pleading, to which paragraph 4(a) applies) filed with the court or of any document produced or generated in discovery whether or not filed with the court and shall clearly mark the document in the manner provided above. The other parties shall respond promptly, advising the serving party of any additional redactions they require. The serving party shall proceed as provided in the last sentence of paragraph 4(a).

5. Any party may at any time object to another party's designation of particular information as protected. If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the court for resolution. Until the court resolves this matter, the disputed information shall be treated as protected.

6. Without the consent of the other parties, no private party may make more than three (3) copies of any document containing protected information received from another party. Private parties may make additional copies for filing with the court, service on the parties or use in discovery and may also incorporate limited amounts of protected information in their pleadings. All copies of such documents and of pleadings referring to protected information shall be clearly labeled in the manner required by paragraph 3 of this Protective Order.

7. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding and restricting access to the protected information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

8. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for each private party shall (i) destroy all protected information and certify in writing to all parties that such destruction has occurred and/or (ii) return the protected information to the parties from which the information was received. Provided the documents are marked protected and are properly secured, counsel for each party may retain one copy of the unredacted pleadings.

9. Any party whose information has been designated as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

10. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the court that sets forth the basis for the relief sought.

11. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order.

12. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the opposing party. Upon discovery of any breach, plaintiff's, defendant's attorneys shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

______________________________
Judge George W. Miller