**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-131C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: June 6, 2008

**TABLE OF CONTENTS**


**PAGE**

Index to Plaintiff's Appendix ..... ii

Table of Authorities ..... iii

I. Precision Pine Is A Prevailing Party Under The EAJA ..... 1

A. Precision Pine Obtained Favorable Court Orders And Judgments Materially Altering The Legal Relationship Between Itself And The Government ..... 1

B. Precision Pine Does Not Rely On The "Catalyst Theory" To Establish That It Is A Prevailing Party ..... 13

C. The Government Did Not "Ultimately Recover Over 75% Of The Damages Sought In Its Counterclaim" ..... 16

II. The Government Has Not Carried Its Burden To Prove That Its Position Was Substantially Justified ..... 17

III. Precision Pine's Entitlement To Recover Fees And Expenses ..... 23

A. A Small Amount Of Unrecoverable Fees Were Inadvertently Included In Precision Pine's EAJA Application ..... 23

B. Precision Pine Should Be Awarded All Of Its Remaining Costs And Fees ..... 24

C. To The Extent That The Court Believes That Precision Pine's EAJA Award Should Be Reduced, The Matter Is Left Largely To The Discretion Of The Court ..... 26

IV. Precision Pine Has Updated Its Itemized Fees And Expenses ..... 30

A. Precision Pine's Request For Attorneys Fees Under The EAJA ..... 30

B. Precision Pine's Request For Expenses Under The EAJA ..... 32

CONCLUSION ..... 32

APPENDIX

# INDEX TO PLAINTIFF'S APPENDIX


| **Description** | **Exhibit Number** |
|---|---|
| Plaintiff's Review of Defendant's Summary of Unrecoverable Charges | Exhibit A |
| Itemized Statement of Attorneys Hours and Fees Incurred from May 2001 to June 2008 | Exhibit B |
| Itemized Statement of Expenses Incurred from May 2001 to June 2008 | Exhibit C |
| Fourth Declaration of Alan I. Saltman dated June 6, 2008 | Exhibit D |

Attachment 1 – Bureau of Labor Statistics Chart Containing Consumer Price Index – Urban (May 2001 – June 2008)

Attachment 2 – Calculation Cost of Living Adjustment for EAJA Rates

Attachment 3 – Calculation of Attorneys Fees at EAJA Rates

# TABLE OF AUTHORITIES

**CASES** **PAGE**

Appeal under Equal Access to Justice Act of JR & Associates,
ASBCA No. 41377, 92-3 BCA ¶ 25,121 (1992) ....8, 14

Baldi Bros. Constructors v. United States,
52 Fed. Cl. 78 (2002) ....26

Brickwood Contractors, Inc. v. United States,
288 F.3d 1371 (Fed. Cir. 2001)....9, 10

Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res.,
532 U.S. 598 (2001)....8, 13, 14

Commission, I.N.S. v. Jean,
496 U.S. 154 (1990)....28

Community Heating & Plumbing Co., Inc. v. Garrett,
2 F.3d 1143 (Fed. Cir. 1993)....2, 17

Daff v. United States,
78 F.3d 1566 (Fed. Cir. 1996)....16

Doty v. United States,
71 F.3d 384 (Fed. Cir. 1995)....17, 20

Ellis v. United States,
711 F.2d 1571 (Fed. Cir. 1983)....2

Filtration Development Co., LLC v. United States,
63 Fed Cl. 612 (2005) ....9

Former Employees of Motorola Ceramic Products v. United States,
336 F.3d 1360 (Fed. Cir. 2003)....9, 10

Fru-Con Constr. Corp. v. United States,
46 Fed. Cl. 8 (1999) ....11, 12

Gavette v. Office of Personal Management,
808 F.2d 1456 (Fed. Cir. 1986) ....2, 17

Hensley v. Eckerhart,
461 U.S. 424 (1983)....1, 24, 26

Hubbard v. United States,
480 F.3d 1327 (Fed. Cir. 2007)....24

In re Omeprazole Patent Litigation,
2004 WL 1782547 (S.D.N.Y. 2004), aff'd, 483 F.3d 1364 (Fed. Cir. 2007)....12, 14

Keeton Corrections, Inc. v. United States,
62 Fed. Cl. 134 (2004)....25

KMS Fusion, Inc. v. United States,
39 Fed. Cl. 593 (1997)....26, 28

Loomis v. United States,
74 Fed. Cl. 350 (2006)....24

Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. United States,
837 F.2d 465 (Fed. Cir. 1988)....17

Medina Const., Ltd. v. United States,
43 Fed. Cl. 537 (1999)....16

Mulholland v. United States,
361 F.2d 237 (Ct. Cl. 1996)....15

Naekel v. DOT, FAA,
884 F.2d 1378 (Fed. Cir. 1989)....24, 26

Naplesyacht.com, Inc. v. United States,
2005 WL 6112642 (Fed. Cl., Mar. 31, 2005)....12

PCI/RCI v. United States,
37 Fed. Cl. 785 (1997)....2

Phillips v. General Services Admin.,
924 F.2d 1577 (Fed. Cir. 1991)....29

Precision Pine & Timber, Inc. v. United States,
__ Fed. Cl. __ (2008), 2008 WL ______ (May 2, 2008)....3

Precision Pine & Timber, Inc. v. United States,
75 Fed. Cl. 80 (Fed. Cl. 2006)....5, 19, 23, 25

Precision Pine & Timber, Inc. v. United States,
62 Fed. Cl. 635 (2004)....4, 5, 18, 21

Renda Marine, Inc. v. United States,
509 F.3d 1372 (Fed. Cir. 2007).....15

Rice Servs., Ltd. v. United States,
405 F.3d 1017 (Fed. Cir. 2005).....1, 9, 10

Richlin Sec. Service Co. v. Chertoff,
482 F.3d 1358 (Fed. Cir. 2007), cert. granted, 76 U.S.L.W. 3023
(U.S., Nov. 13, 2007), rev'd, 2008 WL 2229175 (June, 2, 2008).....31

Schuenemeyer v. United States,
776 F.2d 329 (Fed. Cir. 1985).....17, 28

Schultz v. United States,
918 F.2d 164 (Fed. Cir. 1990).....1, 11

Sole v. Wyner,
__ U.S. __, 127 S. Ct. 2188, 167 L.Ed.2d 1069 (2007).....1

Tex. State Teachers Assn. v. Garland Indep. Sch. Dist.,
489 U.S. 782 (1989).....1

The Sweetwater v. United States,
75 Fed. Cl. 214 (2007).....28

United States v. Kasler Elec. Co., Inc.,
123 F.3d 341 (6th Cir. 1997).....16

Vaughn v. Principi,
336 F.3d 1351 (Fed. Cir. 2003).....10

**STATUTES AND REGULATIONS**

28 U.S.C. § 1345.....15

28 U.S.C. § 1491(a)(1).....15

28 U.S.C. § 1491(a)(2).....15

28 U.S.C. § 1503.....16

28 U.S.C. § 2308.....16

28 U.S.C. § 2412(d)(1)(A)..... *passim*

28 U.S.C. § 2412(d)(1)(D)....................15, 16

41 U.S.C. § 605(a)....................15

41 U.S.C. § 605(b)....................3

**MISCELLANEOUS**

H. R. Rep. No. 96-1418, reprinted in 1980 U.S.C.C.A.N. 4984....................2

RCFC 54(d)....................11

Fed. Cir. Rule 36....................7, 19

http://www.cafc.uscourts.gov/oralarguments/ mp3/2007-5085.mp3....................20

I. Precision Pine Is A Prevailing Party Under The EAJA

A. Precision Pine Obtained Favorable Court Orders And Judgments Materially Altering The Legal Relationship Between Itself And The Government

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) provides that "a court shall award to a prevailing party fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust" (emphasis added).[1] The parties concur that prevailing party status may be established where a party shows that it obtained an enforceable judgment on the merits or a court-ordered consent decree that materially altered the legal relationship between the parties, or the equivalent of either of those. Rice Servs., Ltd. v. United States, 405 F.3d 1017, 1025 (Fed. Cir. 2005). Plaintiffs' Brief in Support of Its Application for Attorneys' Fees and Expenses Pursuant to the Equal Access to Justice Act [hereinafter cited as "P's Brief"] at 4; Defendant's Response to Plaintiff's Motion for Fees and Expenses Pursuant to the Equal Access to Justice Act [hereinafter cited as "G's Brief"] at 2. It is well-established that "The touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." Sole v. Wyner, __ U.S. __, __, 127 S. Ct. 2188, 2194, 167 L.Ed.2d 1069 (2007) (quoting Tex. State Teachers Assn. v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-793 (1989)).[2]

[1]Defendant has not identified any special circumstances that make an award unjust and there are none.

[2]Although Sole arose in the context of a federal civil rights fee shifting statute, it is well-established that the phrase "prevailing party" is a term of art that is afforded the same meaning in a number of fee shifting statutes. ("[T]he definition of 'prevailing party' does not differ from rule-to-rule or statute-to-statute." Schultz v. United States, 918 F.2d 164, 166 n.2 (Fed. Cir. 1990) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 n.7 (1983)).)

As the Federal Circuit has held, "the purpose of the EAJA is 'to eliminate legal expenses as a barrier to challenges of unreasonable government action.'" Community Heating & Plumbing Co., Inc. v. Garrett, 2 F.3d 1143, 1146 (Fed. Cir. 1993) (quoting Ellis v. United States, 711 F.2d 1571, 1576 (Fed. Cir. 1983)). In enacting the EAJA, Congress specifically found that the American Rule, whereby each side pays its own legal fees, deterred individuals and small businesses "'from seeking review of, or defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights.'" Gavette v. Office of Personnel Management, 808 F.2d 1456, 1459 (Fed. Cir. 1986) (en banc) (quoting H. R. Rep. No. 96-1418, at 5 (1980), reprinted in 1980 U.S.C.C.A.N. 4984) (emphasis supplied); see also PCI/RCI v. United States, 37 Fed. Cl. 785, 788 (1997).[3] As Congress explained:

> For many citizens, the costs of securing vindication of their rights and the inability to recover attorney fees preclude resort to the adjudicatory process. When the cost of contesting a Government order, for example, exceeds the amount at stake, a party has no realistic choice and no effective remedy. In these cases, it is more practical to endure an injustice than to contest it.

H. R. Rep. No. 96-1418, at 9, 1980 U.S.C.C.A.N. at 4988.

Here, as of early April 2001, the Forest Service had issued 12 contracting officers' final decisions seeking the recovery of damages in the principal amount of more than $767,000, plus interest and penalty with respect to 12 defaulted contracts. At the time that those final decisions were issued, the legal relationship between the parties was that, unless those decisions were

[3]After initially propounding overly broad and burdensome discovery requests and then putting Precision Pine to the time and expense of responding to that questionable discovery (as narrowed by the Court), the government concedes the obvious and does not dispute that Precision Pine has fewer than 500 employees and a net worth of less than $7 million and, thus, meets the size requirements of the EAJA.

timely appealed, the Forest Service would have been absolutely entitled to recover the full amounts claimed in those decisions which would have become unappealable by operation of law. 41 U.S.C. § 605(b). Given this starting point, there is no question that in the instant litigation Precision Pine & Timber, Inc. ("Precision Pine") vindicated its rights and obtained a material alteration of the legal relationship between itself and the government in precisely the manner that Congress sought to promote by enacting the EAJA. More specifically, in each of the final decisions the government had adopted an unreasonable interpretation of the timber sale contracts pursuant to which it had assessed inflated "estimated" damages against Precision Pine. Faced with the prospect that these improper decisions would become final, Precision Pine had little choice but to litigate the propriety of the final decisions, which it did successfully.[4]

Contrary to the government's contentions (see G's Brief at 4), by challenging the contracting officers' improper final decisions before this Court, Precision Pine did, in fact, prevail and obtain relief sought in its complaint. That is, in its complaint, Precision Pine repeatedly stated that the government was seeking to recover "estimated" damages on each of the contracts, i.e., damages to which it was not entitled. Complaint ¶¶ 16, 28, 36, 43, 58, 65, 72, 79, 86, 91, 96 and 102. Moreover, in the concluding paragraph of its complaint, Precision Pine specifically requested that the Court "overturn the contracting officers' final decision seeking the recovery of estimated damages. . . ." Id. at ¶ 20. This relief was, in fact, granted to Precision Pine upon summary judgment during the liability stage of the proceedings. Indeed, all of the

[4]As the Court is aware, Precision Pine was in the very difficult position of being both unable to afford legal fees or to pay the government's unreasonable and overstated damages claims due to "the debilitating effect of the suspensions [at issue in Case No. 98-720C] on plaintiff's post-suspension performance in the real world." Precision Pine & Timber, Inc. v. United States, __ Fed. Cl. __ (2008), 2008 WL ______ (May 2, 2008).

estimated damages in the final decisions were struck down and the matters were remanded to the contracting officers for their recalculation of damages in the manner provided for in the contracts. Precision Pine & Timber, Inc. v. United States, 62 Fed. Cl. 635, 656 (2004). Thus, Precision Pine prevailed on a seminal issue that was raised in its complaint.[5]

In addition, the government's counterclaim filed on April 17, 2002, which sought the recovery of $767,625.72, included a claim for $148,845.38 regarding timber harvested but allegedly not paid for on the O.D. Ridge timber sale. The assertion of the government's entitlement to putatively unpaid amounts on O.D. Ridge was included in its counterclaim notwithstanding the fact that, as the government knew full well, Precision Pine had paid all amounts owed for the timber removed from the O.D. Ridge timber sale contract (including applicable interest) on September 17, 2001, nearly five months before Precision Pine brought this action and a full eight months before the government filed its counterclaim. See Plaintiff's Response To Defendant's Motion For Summary Judgment On Liability, Docket No. 39 at 15-16. This fact notwithstanding, adding insult to injury, the government refused to relent in its efforts to collect the amounts already paid on O.D. Ridge and instead, at summary judgment on liability, continued to seek damages on O.D. Ridge, despite the fact the bill had been paid long before. See Precision Pine, 62 Fed. Cl. at 639. Thus, for no valid reason, Precision Pine was forced to litigate the issue. Id. Despite the absence of any justification for continuing to seek moneys that it had already been paid, the government only reduced its claim on O.D. Ridge to $0 in its April

[5]Following remand, a new issue was injected into the case by virtue of the government's unreasonable attempt to assess interest and penalty as if it had correctly calculated its damages at the time the original final decisions were issued. Of course, this aspect of the government's claim could not have been anticipated at the time the complaint was filed.

28, 2005 re-calculation of damages after this Court remanded the matters to the contracting officers. See Precision Pine & Timber, Inc. v. United States, 75 Fed. Cl. 80, 85 (Fed. Cl. 2006).[6] Clearly, Precision Pine prevailed on the O.D. Ridge "issue" regarding which the government's conduct in pursuing and forcing Precision Pine to litigate was wholly unreasonable.

In addition to ultimately forcing the government to reduce its counterclaim by the $148,845.38 that it had improperly sought on O.D. Ridge, as noted above, Precision Pine also prevailed against the government's counterclaim based on this Court's ruling that the government's attempt to collect "estimated damages" was improper because doing so was not authorized by the contracts. Precision Pine, 62 Fed. Cl. at 655. The government was found not to be entitled to any of the damages sought on any of the defaulted contracts and, as a result of this ruling, all of the contracts were remanded to the contracting officers for recalculation of the damages, if any. The resulting contracting officers' recalculation of damages on remand resulted a reduction in the principal amount claimed by the government in each of the contracts for which the government had sought damages save one[7] and a further substantial reduction of the government's counterclaim:

| | |
|---|---|
| Original counterclaim | $767,652.72 |
| Principal amount of counterclaim following remand | $427,994.20 |

[6] In fact, the default and subsequent resale of the O.D. Ridge contract redounded to the benefit of the government in the amount of at least $123,986.57 after all costs are considered. Status Report Providing Defendant's Recalculation Of Contract Damages, Docket No. 58, Attachment #10 at 4. This amount was a windfall to the government, as Forest Service timber sale contracts make no provision for a credit to a defaulting purchaser when a subsequent resale results in a net benefit to the Forest Service.

[7] The Hutch-Boondock contract for which the damages remained $2,278.72. Precision Pine, 75 Fed. Cl. at 85.

Thus, Precision Pine prevailed against unreasonable government actions at the liability stage by reducing the principal amount of the government's counterclaim by more than 44%.

Of course, Precision Pine prevailed in this case in other ways as well. Following remand and recalculation of the principal amount of the damages, the government, quite unreasonably, sought interest and penalty on the reduced principal amount for each contract as if it had originally calculated that amount back in 2001 as required under the terms of the contracts. An already wounded Precision Pine was therefore required to litigate yet another issue, upon which it prevailed, resulting in another significant reduction in the government's claim, i.e., from the $728,675.52 in principal, interest and penalty sought in the government's April 28, 2005 recalculations to $427,994.20 (plus interest and penalty from April 28, 2005). Second Amended Judgment, Docket No. 107. This reduction alone is more than 41% of the government's recalculated counterclaim.[8]

In sum, at the liability stage of the litigation, Precision Pine prevailed by preventing the government from recovering $340,007.11 in estimated damages that it unreasonably sought to obtain and then at the damages stage, Precision Pine again prevailed by preventing the government from recovering another $300,081.32 in principal, penalty and interest charges that it unreasonably sought to recover. Accordingly, over the course of three years of costly litigation, Precision Pine prevailed in this Court by eliminating unreasonable government claims totaling more than $640,000.00. Although the reduced monetary award contained in this Court's

[8]Not only did Precision Pine significantly reduce the amount of the government's counterclaim but, as discussed infra, Precision Pine established that the government's efforts were unreasonable.

final judgment is enforceable against Precision Pine, the judgment is equally enforceable by Precision Pine against the numerous unreasonable claims advanced by the government with regard to these contracts.

That Precision Pine was a prevailing party in this case can also be seen in the fact that the government (and only the government) appealed from this Court's rulings. On November 9, 2007, after still more costly litigation, the Federal Circuit affirmed this Court's rulings pursuant to Rule 36, entered judgment against the government and taxed the costs of the appeal against the government.[9] Thus, it was the government and not Precision Pine that was dissatisfied with, and tried unsuccessfully to alter on appeal, the legal relationship between the parties that Precision Pine had achieved by prevailing in this Court.

By opposing the contracting officers' final decisions, filing suit in this Court, prevailing on a central and substantial issue at summary judgment on liability, prevailing again on the major issue at summary judgment on damages and prevailing yet one more time at the Federal Circuit, Precision Pine clearly obtained enforceable rulings which established that the government's contract interpretations were unreasonable as well as Precision Pine's right to pay hundreds of

[9]Costs were taxed against the government as part of the mandate issued on January 2, 2008. See P's Brief, Exhibit 2. The government has, however, yet to pay these costs and has ignored repeated requests from Precision Pine to do so. Precision Pine has thus been forced to incur the costs of filing a motion with the Federal Circuit to seek enforcement of the court's order taxing costs against the government. The cost of having to do so has been included in the fees which Precision Pine seeks. In a similar vein, notwithstanding this Court's order that defendant pay for the time expended by counsel for Precision Pine to review invoices to its client to determine whether they contain privileged material, no payment has been forthcoming. A follow-up letter and e-mail to counsel for defendant concerning the status of payment have gone unanswered.

thousands of dollars less than the amounts improperly sought by the government. In this way Precision Pine clearly and significantly altered the legal relationship between it and the government. Because the EAJA was enacted to allow small companies to litigate claims against unreasonable government actions in circumstances just like these, Precision Pine qualifies as a "prevailing party."

Defendant argues that "Precision Pine has cited no case where a consent decree or enforceable judgment against the United States was not the predicate to an EAJA fee award." G's Brief at 3. However, defendant ignores Precision Pine's reliance on Appeal under Equal Access to Justice Act of JR & Associates, ASBCA No. 41377, 92-3 BCA ¶ 25,121 (1992), in which the Board upheld the government's default termination but nevertheless found that the defaulted contractor was entitled to recover its fees under the EAJA because the contractor had significantly reduced the government's claimed excess re-procurement costs.[10]

These facts notwithstanding, defendant, continuing to exercise its apparently limitless imagination and its ability to read only parts of the relevant holdings of the Federal Circuit, avers not only that Precision Pine has failed to meet the prerequisites to qualify as a prevailing party but, in fact, that defendant has done so. G's Brief at 2-3. This incredible view is premised solely on the defendant's reading of what it states is the unequivocal, threshold requirement established by the Federal Circuit, i.e., that:

[10]Although, this case was decided before the Supreme Court's ruling in Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res., 532 U.S. 598 (2001), its reasoning is not affected by the outcome in Buckhannon.

> [I]n order to demonstrate that it is a "prevailing party," an EAJA applicant must show that it obtained an enforceable judgment on the merits or a court-ordered consent decree that materially altered the legal relationship between the parties, or the equivalent of either of those.

Rice, 405 F.3d at 1025; id. at 2.

Defendant asserts that because Precision Pine failed to obtain a judgment on the merits but rather that judgment in this case was entered in favor of the United States, under Rice, the United States not Precision Pine is the prevailing party. Such a view both seriously misconstrues Rice and ignores the Federal Circuit's rationale articulated in that case.[11]

In Rice, the Federal Circuit indicated that the above quote was a summation of its holdings in Brickwood Contractors, Inc. v. United States, 288 F.3d 1371 (Fed. Cir. 2001); Former Employees of Motorola Ceramic Products v. United States, 336 F.3d 1360 (Fed. Cir.

[11] In light of defendant's misconstruction here of the supposed need not only for a judgment but one in favor of the applicant, we note another EAJA case where the government, represented by Mr. Harrington, also attempted to dispute the obvious in part by asserting a need for an enforceable judgment in favor of plaintiff if it is to be deemed a "prevailing party." Filtration Development Co., LLC v. United States, 63 Fed Cl. 612 (2005). There, Judge Futey stated that:

> defendant severely misconstrues the court's holding as well as the position defendant advanced during the prior proceedings in this case. The court, therefore, will take a moment to refresh defendant's recollection and put an end to the confusion

Id. at 617. The judge thereafter proceeded to outline a series of cases indicating that a plaintiff can be a prevailing party under EAJA so long as it succeeds on any significant issue which achieves some benefit that the party sought in bringing suit and further commented that:

> While defendant argued that these holdings are irrelevant without an enforceable judgment, that argument crumbles with an accurate assessment of the court's previous holding.

Id. at 618.

2003); and Vaughn v. Principi, 336 F.3d 1351 (Fed. Cir. 2003). Rice, 405 F.3d at 1025. Each of those cases, like Rice, involved the government taking some action that was consistent with the desires of the plaintiff before the court ever issued a ruling on the merits. Brickwood involved a bid protest in which the Navy had moved to dismiss the case in light of its unilateral decision to cancel the protested solicitation and its planned re-solicitation of bids. Rice involved very similar facts, except that there the Navy moved to dismiss the protest simply to re-evaluate bids. Vaughn, in turn, involved government motions to have the matter sent back to the agency in light of intervening legislation and the existence of new evidence. In each of these cases, not only was there no enforceable judgment materially altering the legal relationship of the plaintiff and the government, but there was also nothing "equivalent" and the government essentially undertook voluntary action. Absent the requisite judicial imprimatur, the Federal Circuit held that the plaintiff was not entitled to legal fees pursuant to EAJA.

Contrary to defendant's position, the test for being a prevailing party is not solely whether the court ultimately directed the clerk to enter judgment for that party. Rather, as the Federal Circuit stated in Former Employees of Motorola Ceramic Products, 336 F.3d at1364, and reiterated in Rice, 405 F.3d at 1025, the real question is whether the party received at least some relief on the merits which altered the legal relationship of the parties. Clearly, a judgment for the party is one example. Contrary to defendant's narrow reading of Rice, it certainly is not the only example. Indeed, the Court in both Former Employees of Motorola Ceramic Products and Rice expressed the view that an EAJA applicant can demonstrate that it was a "prevailing party" if it obtained an enforceable judgment on the merits that materially altered the legal relationship between the parties or something equivalent to that.

That the entry of a monetary judgment for the applicant is not the only means of establishing that the applicant was a prevailing party can be also be seen in Fru-Con Constr. Corp. v. United States, 46 Fed. Cl. 8 (1999). In Fru-Con, the government sought to recover its costs under Court of Federal Claims Rule 54(d) which provides for the recovery of costs by the "prevailing party."[12] There, defendant prevailed on a number of contested claims and the Court initially awarded costs to it. However, as the result of plaintiff's motion for reconsideration, the court recognized that a monetary judgment should ultimately be entered in favor of plaintiff. Id. at 8. In opposing defendant's request for costs, plaintiff argued that a "judgment entered in [plaintiff's] favor precludes an award of costs to Defendant because it is not the prevailing party." Id. at 9. The court disagreed finding that:

> Ascertaining the "prevailing party" requires us to look to the substance of the litigation to determine whether an applicant has substantially prevailed in its position, and not merely the technical disposition of the case or motion. In effect, substance should prevail over form.

Id. at 11 (citations and quotation omitted). From this the court concluded that even though a monetary judgment had been entered in favor of the plaintiff, defendant had defeated a number of plaintiff's claims and therefore defendant was entitled to recover its costs as the prevailing party. Id. at 12.[13]

---

[12]As the Court in Fru-Con observed: "standards for prevailing party are generally applicable 'from rule-to-rule or statute-to-statute.'" Id. at 11, quoting Schultz, 918 F.2d at 166 n.2.

[13]In Fru-Con, the court took the additional step of ordering that "judgment shall enter for defendant on plaintiff's claims." Id. at 12. Similarly, this Court could enter an order containing the same overt recognition of the claims that Precision Pine prevailed on, although that recognition is already part of the reduced damages contained in the Second Amended Judgment.

This view was iterated in In re Omeprazole Patent Litigation, 2004 WL 1782547 (S.D.N.Y. 2004), aff'd, 483 F.3d 1364 (Fed. Cir. 2007), where the court found that:

> Ascertaining which party prevailed requires the Court to "look at the substance of the litigation to determine whether an applicant has substantially prevailed in its position, and not merely the technical disposition of the case or motion. In effect, substance should prevail over form." Schultz v. United States, 918 F.2d 164, 166. A party does not necessarily have to succeed on the central issue in the litigation in order to be considered prevailing so long as the party "succeed[s] in any significant issue in the litigation which achieves some benefit the parties sought in bringing [suit]." Farrar v. Hobby, 506 U.S. 103, 109 (1992); see also Gentry Gallery v. Berkline Corp., 134 F.3d 1473, 1480 (Fed. Cir. 1998).

Id. at *1.

Similarly, in Naplesyacht.com, Inc. v. United States, 2005 WL 6112642 (Fed. Cl., Mar. 31, 2005), the court denied the injunctive relieve requested by plaintiff in a bid protest but ruled that the agency had abused its discretion by making contract award. In opposing plaintiff's fee application, the government argued that plaintiff was not a prevailing party because "the court had issued a judicial pronouncement unaccompanied by judicial relief." Id. at *9. The court rejected the government's argument and ruled that "the relief the court ordered was designed to prevent abuse on future contracts for which plaintiff may compete. The court considers this relief makes plaintiff a prevailing party." Id. Plainly, the judicial relief obtained by Precision Pine here, i.e., the reversal of unreasonable government conduct at each stage of the litigation before this court and on appeal as well as the corresponding elimination of more than $600,000 in damages improperly claimed by the government, changed the legal relationship between the parties directly and is more than sufficient to qualify Precision Pine as a prevailing party. In sum, Naplesyacht.com, Inc., Fru-Con and Omeprazole Patent Litigation hold, contrary to

defendant's bald assertion, that the technical disposition of a case is not determinative of whether an applicant is a prevailing party.

Moreover, as a result of this litigation, Precision Pine has obtained judgments from this Court and on appeal which confirm that the government acted unreasonably and which preclude the government from collecting anywhere near the amount of principal, interest and penalty that it originally sought to collect. In doing so, Precision Pine obtained just the sort of enforceable judgment (or its equivalent) that materially changed the legal relationship between the parties. Accordingly, it is a "prevailing party" for purposes of the EAJA.

B. Precision Pine Does Not Rely On The "Catalyst Theory" To Establish That It Is A Prevailing Party

In an attempt to avoid the fact that Precision Pine did obtain favorable court orders and judgments materially altering the legal relationship between the parties, the government asserts that Precision Pine is attempting to advance the "'catalyst theory' of 'prevailing party'" that was rejected by the Supreme Court in Buckhannon. G's Brief at 3. This is quite incorrect as the catalyst theory merely granted prevailing party status to a plaintiff "if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Buckhannon, 532 U.S. at 601 (emphasis supplied). In other words, the catalyst theory of prevailing party status that was rejected in Buckhannon had prior to that decision been applied where plaintiff's suit alone, not any decision of the court going to the merits, brought about a desired change in defendant's conduct through voluntary actions. Plainly, that is not what happened here. The desired change in the government's conduct (i.e., an end to its pursuit of

inflated damages, interest and penalties based on unreasonable contract interpretations) certainly did not come about voluntarily. Rather, this only occurred as the direct result of the issuance of two summary judgment rulings, a final judgment by this Court, and the denial of the government's appeal and entry judgment against the government by the Federal Circuit. Nothing in Buckhannon or its progeny suggests that a party that obtains relief in court orders and a final judgment granting it some, but not all of the relief it sought, cannot be a "prevailing party" under the EAJA. Indeed, Buckhannon recognizes that "a 'prevailing party' is one who has been awarded some relief by the court. . . ." Id. at 603. Accordingly, Buckhannon's rejection of the catalyst theory has no impact whatever on the fact that here Precision Pine obtained the requisite "judicial imprimatur" through which plaintiff vindicated its rights in a number of substantial ways that changed the legal relationship that had existed between the parties.

In a footnote, the government contends that "Precision Pine identifies no authority establishing that, standing alone, partial success opposing a counterclaim can provide a basis for the recovery of attorneys fees under the EAJA. G's Brief at 4 n.2. Again, the government ignores Appeal under Equal Access to Justice Act of JR & Associates in which the Board upheld the government's default termination and awarded some damages to the government, but also found defaulted contractor was a prevailing party entitled to recover fees under the EAJA where the contractor had significantly reduced government's claimed excess re-procurement costs. See also Omeprazole supra at *1 (Plaintiff is a "prevailing party" where its successes outweighed defendants' gains on counterclaims).

In the same footnote, the government cites to § 2412(d)(1)(D) of the EAJA which authorizes the recovery of fees and other expenses in certain circumstances in "a civil action brought by the United States." G's Brief at 4 n.2. The government has cited no cases suggesting that this provision applies to government counterclaims, let alone any cases applying this provision to a government counterclaim asserted in a CDA case brought by a contractor in the Court of Federal Claims. Moreover, the CDA essentially withdraws the government's ability to "bring" suit in the Court of Federal Claims. See CDA § 605(a) (Only authorizing direct jurisdiction over government claims alleging fraud). Renda Marine, Inc. v. United States, 509 F.3d 1372, 1380 (Fed. Cir. 2007) (Jurisdiction in the Court of Federal Claims on a government claim only arises if the claim has been the subject of a contracting officers' final decision and is appealed by the contractor to the Court of Federal Claims). See also Mulholland v. United States, 361 F.2d 237, 245 (Ct. Cl. 1966) (Court of Claims is generally without authority to adjudicate claims by the United States against other persons. . . ."); 28 U.S.C. § 1491(a)(1) (granting the Court of Federal Claims jurisdiction "to render judgment upon any claim against the United States" based on the Constitution, federal statutes or regulations, or contracts with the United States, or seeking damages against the United States in non-tort cases); 28 U.S.C. § 1491(a)(2) (granting the Court of Federal Claims jurisdiction "to render judgment upon any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act [41 U.S.C. § 609(a)(1), which provides for a contractor to bring an action]. . . ."); compare 28 U.S.C. § 1345 (placing original jurisdiction of suits in which the United States is the plaintiff in the district courts).

Had Precision Pine not brought suit, the contracting officers' final decisions would have become unappealable and enforceable in the district court or state court by the government, but not in this court. United States v. Kasler Elec. Co., Inc., 123 F.3d 341, 344 (6th Cir. 1997) ("Clearly, the United States could not bring suit on the [contracting officers' final] decision in the Court of Federal Claims. . . . Therefore, only a district court would have the opportunity to assess the finality and unreviewability of an order if the issue first arose in a government-instituted action to enforce the order") (emphasis in original) (citation omitted). Moreover, the government's counterclaim in the instant case was asserted pursuant to 28 U.S.C. § 1503 and 28 U.S.C. § 2308. See Docket No. 8 at 15 (Defendant's Answer, Affirmative Defenses, and Counterclaim filed April 19, 2002). "However, as a prerequisite for the exercise of counterclaim jurisdiction pursuant to 28 U.S.C. § 1503, 2308, a claim must be pleaded against the United States which is within the jurisdiction of this Court." Medina Const., Ltd. v. United States, 43 Fed. Cl. 537, 560 (1999) (citing Daff v. United States, 78 F.3d 1566, 1573 (Fed. Cir. 1996)). Absent jurisdiction over a contractor's claim, the Court of Federal Claims has no jurisdiction over a government counterclaim and must dismiss the counterclaim. Id. Accordingly, because the instant CDA case in the Court of Federal Claims was not, and could never be, "a civil action brought by the United States," § 2412(d)(1)(D) of the EAJA does not apply.

C. The Government Did Not "Ultimately Recover Over 75% Of The Damages Sought In Its Counterclaim"

The government repeatedly asserts that Precision Pine cannot be the prevailing party because the government recovered "just over 75% of the sum sought in its counterclaim." G's Brief at 6, accord G's Brief at 9, 11, 12 n.6. As demonstrated above, however, this is not correct.

The government's original counterclaim improperly sought to recover estimated damages in the principal amount of $767,625.72. However, the government ultimately recovered the principal amount of $427,994.20 (see Second Amended Judgment, Docket No. 107, filed January 1, 2007). Even this amount was only awarded after an additional $300,000 of improper claims for interest and penalty starting in 2001 had been stripped away. Accordingly, the government's recovery was significantly less than 75% of its counterclaim.

## II. The Government Has Not Carried Its Burden To Prove That Its Position Was Substantially Justified

It is well-established that the strong deterrents to small companies contesting government action that motivated enactment of the EAJA also require that the burden of proof on the issue of substantial justification be placed on the government. Schuenemeyer v. United States, 776 F.2d 329, 330 (Fed. Cir. 1985); Garrett, 2 F.3d at 1145. The government's burden to establish that it was substantially justified requires a showing that "it was clearly reasonable in asserting its position, including its position at the agency level, in view of the law and the facts." Doty v. United States, 71 F.3d 384, 386 (Fed. Cir. 1995) (emphasis in original) (quoting Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. United States, 837 F.2d 465, 466 (Fed. Cir. 1988) (citing Gavette, 808 F.2d at 1465-66)). The primary problem for the government in the instant case is, of course, that this Court's rulings, which have been upheld by the Federal Circuit, have already determined that the government's position was not merely unconvincing but was, in fact, unreasonable.

That is, as discussed above, the Department of Justice elected to defend the contracting officer's unreasonable interpretation that the timber sale contracts provided the Forest Service with the ability to assess "estimated" damages. However, this Court determined as a matter of law that the agency's interpretation of the timber contracts was not just incorrect, but was unreasonable as well:

> "A reasonable, intelligent person, acquainted with the contemporaneous circumstances, would likely understand [the contract clause] to provide the Forest Service with only the two options described [in the contract] for ascertaining the amount of damages due. . . ."
>
> * * * * *
>
> "[The contract] simply does not provide for the assessment of estimated damages based on a possible future resale, plus an <u>estimated</u> cost of resale and an <u>estimated</u> amount of interest, subject to reassessment after an actual resale."

62 Fed. Cl. at 655 (emphasis in original). Thus, both the government's attempt to collect estimated damages at the agency level and its assertion before this Court that this position was based on a reasonable interpretation of the contracts were unequivocally rejected by the Court.

Following remand to the agency so that it could, for the first time, calculate its damages in conformity with the unambiguous terms of the contracts, the contracting officer adopted yet another unreasonable interpretation of the timber contracts purporting to allow the Forest Service to collect interest and penalty just as if it had calculated its damages in conformity with the contracts on day one. The Department of Justice advanced this additional unreasonable interpretation of the contracts before this Court, and again this Court specifically rejected the position of the Forest Service and the Department of Justice as unreasonable:

> Under [the government's] interpretation, the government would be entitled to interest and penalty charges as soon as it submitted any claim for default damages – without regard to whether the asserted claims are even permitted by the

> contracts. The court rejects this interpretation in favor of one that gives "reasonable meaning to all parts" of a contract.

Precision Pine, 75 Fed. Cl. at 89 (emphasis supplied, citation omitted). The government, dissatisfied that Precision Pine had prevailed on the point, appealed the matter and lost again before the Federal Circuit on a Rule 36 determination issued just two days after oral argument was heard.[14] Thus, the Federal Circuit affirmed this Court's determination that the government's interpretation was unreasonable and entered judgment against the government.

In light of all of these specific rulings finding the government's position to be unreasonable, the government's assertion that "Precision Pine's argument boils down to the fact that the Government did not recover the full amount of its counterclaim" (G's Brief at 7) is quite incorrect. The government did not simply fail to recover the full amount of its counterclaim; rather, it repeatedly and persistently presented arguments found to have been unreasonable by

---

[14] Federal Circuit Rule 36 provides:

> **Entry of Judgment – Judgment of Affirmance Without Opinion**
>
> The court may enter a judgment of affirmance without opinion, citing this rule, when it determines that any of the following conditions exist and an opinion would have no precedential value:
>
> (a) the judgment, decision, or order of the trial court appealed from is based on findings that are not clearly erroneous;
> (b) the evidence supporting the jury's verdict is sufficient;
> (c) the record supports summary judgment, directed verdict, or judgment on the pleadings;
> (d) the decision of an administrative agency warrants affirmance under the standard of review in the statute authorizing the petition for review; or
> (e) a judgment or decision has been entered without an error of law.

this Court which was affirmed on appeal by the Federal Circuit.[15] Because the agency's and the Department of Justice's positions have been consistently rejected as "unreasonable," this Court has already made the requisite finding that the position of the government was not substantially justified. See Doty, 71 F.3d at 386 (government must show that its position was clearly reasonable both at the agency level and in litigation for it to be deemed "substantially justified").

The government somehow asserts that "Precision Pine does not contend that the Government actions that prompted this litigation were unreasonable. . . ." G's Brief at 7 n. 4. Nothing could be further from the truth – this lengthy litigation was the result of the fact that the government's damages were based on a wholly "unreasonable" interpretation of the contract which resulted in vastly overstated demands in the contracting officers' final decisions. Back in 2001, had the government simply presented default damages reasonably calculating in conformity with the terms of the contract, it may well have been that Precision Pine would have paid those amounts rather than proceeding with years of time-consuming and expensive litigation with the government in the hope that it could reverse the defaults. What would have happened if the government acted reasonably, however, can never be known because of the unreasonable and hugely inflated claims presented by the contracting officers that effectively mandated Precision Pine's litigating the matters. The same is true of the government's attempt following remand to

[15]The government's stubborn adherence to its unjustified position was still in evidence at the oral argument before the Federal Circuit on November 7, 2007, where, among other things, it steadfastly stood by its original methods of computing damages which Chief Judge Michel described as having been "inexplicably used." http://www.cafc.uscourts.gov/oralarguments/mp3/2007-5085.mp3 at 3:15. Indeed, the government averred that "there was nothing that the contracting officers were required to do that was not done here." Id. at 30:13. To this, Chief Michel immediately retorted "Sure there was. They were required to follow the only available formula and they didn't." Id.

collect huge sums of interest and penalty to which it was not entitled. In these instances, Precision Pine vindicated its position against the unreasonable position of the government and again reduced its putative liability by hundreds of thousands of dollars.

The government also suggests that because it sought remand so that it could recompute the damages for "several contracts" it had "a reasonable good faith approach to the default damages counter claim." G's Brief at 8. Although the government did seek remand of three of the twelve contracts at issue because those defaulted sales had been resold by the Forest Service, the fact remains that the only reason why the remand was necessary in those instances was because the Forest Service and the Department of Justice had previously and unreasonably sought to collect estimated damages on those contracts before they had been resold, something which this Court determined was not authorized. ("[T]he contracts require the Forest Service to decide whether to resell the contract and wait until the resale is concluded to calculate damages or not to resell the contract and calculate damages immediately." 62 Fed. Cl. at 655 (emphasis supplied.)) Had the government acted reasonably and waited until the sales were resold to calculate its damages as required by the contracts, no remand would have been necessary because the government would not have issued the improper final decisions seeking estimated damages in the first place. Thus, the government's "request" for a remand on the three contracts does not indicate that the government acted reasonably, but rather was merely part and parcel of its unreasonable contract interpretation that it could assess and collect "estimated" damages subject to future revision. See Defendant's Reply in Support of Its Motion for Summary Judgment, Docket No. 44 at 14. Because the requested remand is further evidence that the

government's litigating position was unreasonable, it too demonstrates that the government's position was not substantially justified either at the agency level or in court.

The government also urges that its position in this Court was substantially justified because "[t]he United States presented substantial arguments – many of which were accepted by the Court. . . ." G's Brief at 7. However, this contention in no way changes the fact that the agency on two occasions issued a wholly unreasonable set of bills, the propriety of which the government adamantly and unsuccessfully litigated both before this Court and on appeal. At most, the government has presented an argument for limiting the extent of the fees awarded to Precision Pine.[16] However, in light of the numerous significant rulings made against the government and the incredulity exhibited by the courts with regard to the government's positions,[17] its winning on some issues in no way demonstrates that that the government's position "taken as a whole" was substantially justified. G's Brief at 5.

Finally, the government contends that even though the Court rejected the government's position that "penalty interest" could accrue under the U-Bar contract, the government's position was not unreasonable. G's Brief at 8. The government again ignores this Court's ruling that the government's proffered interpretation of the contract language was not just incorrect, but was so tortured in light of the contract language that it was, in fact, unreasonable:

> The relevant contractual provision suspends all remedies except for the accrual of interest while a CDA claim is pending. The government argues that the penalty

[16]As discussed below, Precision Pine does not believe that its recovery should be reduced or apportioned in any way.

[17]See, e.g., oral argument at the Federal Circuit.

> charge should be thought of as "penalty interest." The Court declines to adopt the Government's approach. A contract should be read as a whole giving "reasonable meaning to all parts" of a contract. Northrop Grumman, 50 Fed. Cl. at 459. Here, the contract specifically distinguishes between "interest" and "penalty charges" and only exempts "interest" from the general suspension of remedies.

73 Fed. Cl. at 97 (emphasis supplied). Once again, this Court's ruling totally belies the government's claim that its interpretation was reasonable.[18]

## III. Precision Pine's Entitlement To Recover Fees And Expenses

### A. A Small Amount Of Unrecoverable Fees Were Inadvertently Included In Precision Pine's EAJA Application

Exhibit 1 to the government's brief identifies 97.9 hours totaling $17,483 (at full rates) that the government claims are not recoverable because they relate to administrative matters with Forest Service's contracting officers or are otherwise not directly related to this litigation. See G's Brief at 9-10. Although defendant is correct with respect to a portion of the time that it has identified, the government has considerably overstated the number of hours to be deducted. In a table attached as Exhibit A to this Reply Brief, Precision Pine has commented on each of the deductions sought by the government. For the reasons set forth in the attached Exhibit A, Precision Pine suggests that a deduction of 55.6 hours, which at EAJA rates totals $8,608.55 would be appropriate. Precision Pine has deducted this amount in its final accounting of fees. See Exhibit D, Attachment 3.

[18] Contrast the Court's ruling that the government's interpretation of the U-Bar contract allowed the government to collect "penalty interest" was unreasonable with the Court's decision not to accept Precision Pine's argument that penalty charges should be calculated from the midpoint of each period. Precision Pine, 75 Fed. Cl. at 98 ("Although Precision Pine's approach appears sound, and the parties may wish to adopt such an approach future contracts, the Court does not believe that it can read such an approach into these contracts").

B. Precision Pine Should Be Awarded All Of Its Remaining Costs And Fees

Defendant asserts that an award of fees to Precision Pine should be apportioned based on the number of claims won compared to the number of claims lost and the fees reduced by no less than 80%. G's Brief at 12. Ignoring for the moment defendant's questionable determination of the number of claims won versus claims lost, such an apportionment is not mandatory even if an EAJA plaintiff does not prevail on every claim asserted. See Naekel v. DOT, FAA, 884 F.2d 1378, 1379 (Fed. Cir. 1989) ("We do not consider this an appropriate case for fractional division of the attorney fee award"); see also Loomis v. United States, 74 Fed. Cl. 350, 359 (2006) ("In light of these circumstances, we conclude that the attorneys' fees requested by plaintiff are reasonable. We see no reason to reduce the fees merely because plaintiff did not prevail on all the issues he raised"). As stated in Hensley, 461 U.S. at 436-37 [T]here is "no precise rule or formula for making these determinations. . . . The court necessarily has discretion in making this equitable judgment."[19]

Not inconsistently, the government has argued here that the award of fees in this mater should be based on a review of the case "as a whole." G's Brief at 5. In this regard:

> [I]t is possible to achieve more than partial or limited success even where an applicant did not receive all of the relief requested. Instead, the court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

---

[19]Although the United States Court of Appeals for the Federal Circuit has recognized that Hensley "involved the fee-shifting provision of the Civil Rights Act," the Federal Circuit has stated that "we see no reason why the foregoing principles there announced should not be equally applicable to the parallel fee-shifting provision of the Equal Access to Justice Act." Hubbard v. United States, 480 F.3d 1327, 1333 (Fed. Cir. 2007) (citing Hensley, 461 U.S. at 435-36).

Keeton Corrections, Inc. v. United States, 62 Fed. Cl. 134, 138 (2004) (citation omitted) (Refusing to prorate fee award because issues involving TRO (which plaintiff lost) were intertwined with issues involving declaratory judgment (which plaintiff won)). As demonstrated above, each stage of the proceedings in this case was characterized by unreasonable and obstinate conduct by the government to which Precision Pine was obliged to respond and to which it successfully responded.

Moreover, many of the positions advanced by Precision Pine were, of necessity, off-shoots of responding to the unreasonable positions of the defendant. For example, although Precision Pine did not ultimately win its argument that penalty charges should be determined as of the mid-point of the relevant time period, a position which this Court found to be sound (Precision Pine, 75 Fed. Cl. at 98), the need to litigate the question at all only arose in response to the government's patently unreasonable view that penalty charges (and interest) could begin to accrue years before the principal amount of damages had ever been properly determined.

It is also important to note that this case may have been avoided either entirely or at least in large measure absent the government's persistently unreasonable and obstinate behavior. That is, the government twice issued and then vigorously defended contracting officers' final decisions including an appeal to the Federal Circuit based on contract interpretations which charitably could be called "strained" and which resulted in hugely inflated damage claims. Regardless of Precision Pine's liability for the default, the government claimed hundreds of thousands of dollars to which it had no entitlement whatsoever and which Precision Pine had precious little choice but to contest. Precision Pine should not be penalized in the form of

reduced fees for having to counter the repeatedly unreasonable positions of the government, even if not all of its counter arguments ultimately prevailed.

Such being the case, viewing the case "as a whole" as defendant suggests provides the Court with the requisite vantage point to exercise its discretion and award Precision Pine the full amount that it seeks.

C. To The Extent That The Court Believes That Precision Pine's EAJA Award Should Be Reduced, The Matter Is Left Largely To The Discretion Of The Court

In making an award of attorneys' fees, the trial court has significant discretion because of its superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. KMS Fusion, Inc. v. United States, 39 Fed. Cl. 593, 602 (1997) (citations and internal quotations omitted). In cases of "partial success," the prevailing party has sometimes been awarded fees proportionate to its success. E.g., Neal, 121 F.3d at 685 (citing Naekel, 884 F.2d at 1379). To calculate the prorated amount, however, the Court of Federal Claims does not use "strictly mathematical" formulas such as percentage of issues prevailed upon or ratio of damages received to damages sought. KMS Fusion, 39 Fed. Cl. at 602. Rather, "when calculating an award based on only limited success, '[t]here is no precise rule or formula for making . . . [such a] determination[ ]. The . . . court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'" Id. at 602-03 (quoting Hensley, 461 U.S. at 436-37) (alterations in original); accord Baldi Bros. Constructors v. United States, 52 Fed. Cl. 78, 83 (2002) and cases cited therein.

Defendant's main contention is that Precision Pine's bills should be reduced by "no less than 80%" because Precision Pine "lost as to [the] liability half of this action, and [] failed with respect to most issues in the damages half. . . ." Even if defendant's suggested approach were the correct one, which it is not, the government's facts are simply not correct: Precision Pine did not lose the liability half of this case. Instead, at summary judgment on liability, the government's claimed "estimated" damages were found to be improper and the contracts were remanded to the contracting officers for recalculation of damages in conformity with the contracts. Thus, on the issue of whether Precision Pine was liable for the amounts initially billed by the Forest Service, it prevailed in full. More realistically, the fact is that Precision Pine obtained a ruling on liability which resulted in a reduction of the principal amount of the government's counterclaim by more than $300,000.

At the damages stage, Precision Pine again prevailed on the central issue of whether interest and penalty could begin to accrue before the government had even tried to calculate the principal amount of its damages in conformity with the contracts. By prevailing on this issue, Precision Pine obtained another reduction of the amount sought by the government of more than $300,000.

Additionally, the government neglects to mention its appeal of this Court's ruling to the Federal Circuit, which it lost badly. That appeal focused solely on re-litigating its unreasonable position that interest and penalty could accrue even before the government had actually

calculated its damages in conformity with the contracts. Accordingly, all of the fees and costs incurred in litigating the appeal should be awarded.[20]

In sum, defendant's suggested reduction of Precision Pine's damages by at least 80% based on the number of issues prevailed upon totally ignores the true extent to which Precision Pine prevailed in this case.

Defendant's proposed 80% reduction also runs afoul of the law which states that: "To calculate the prorated amount, however, the Court of Federal Claims does not use 'strictly mathematical' formulas such as percentage of issues prevailed upon. . . ." KMS Fusion, 39 Fed. Cl. at 602. As the cases indicate, instead of using a mathematical formula such the one suggested by defendant, the issue of an attorneys' fee award is largely committed to the discretion to the trial court. Id. at 602-03. Here, Precision Pine's efforts were highly successful and it thus falls squarely within the interests that the EAJA was enacted by Congress to protect, i.e., a small business confronted with unreasonable government action. Precision Pine does not believe that any reduction in award is warranted, however, to the extent that the Court determines that a reduction in fees may be warranted because Precision Pine did not win on each and every issue, Precision Pine respectfully suggest that a discretionary fee reduction of no more than 10% would be appropriate given the extent of its success. The Sweetwater v. United States, 75 Fed. Cl. 214, 218 (2007) (Where plaintiff's success was "limited somewhat" discretionary fee

[20] Additionally, the government has not contested the reasonableness of Precision Pine's fees incurred in pursuing its EAJA application and those fees are also fully recoverable. See Commissioner, I.N.S. v. Jean, 496 U.S. 154, 157 (1990); Schuenemeyer, 776 F.2d at 333.

reduction of ten percent based on estimate of hours expended on unsuccessful claims was appropriate).

Finally, in its discussion of apportioning the fees, the government also raises a few other niggling issues that are readily dispatched. For example, defendant complains that Precision Pine has produced no fee agreement or paid bills that relate to this matter. G's Brief at 11 n.5. Plaintiff has identified the nature of the attorney-client relationship as well as the fact that Precision Pine has been billed for legal services rendered by Saltman & Stevens in this matter. See Third Decl. of Alan I. Saltman. For fees to have been "incurred" within the meaning of a fee shifting statute, there need only be an express or implied agreement that the fee award will be paid over to the legal representative. Phillips v. General Services Admin., 924 F.2d 1577, 1583 (Fed. Cir. 1991). For this reason, the propriety of fee awards under the EAJA has been recognized even in contingent fee cases, pro bono cases and cases involving pre-paid legal services. Id. Accordingly, the demonstrated attorney-client relationship between Saltman & Stevens and Precision Pine and the concomitant obligations of Precision Pine to pay over fees it recovers establishes that the fees requested have been "incurred" for purposes of the EAJA.

The government also asserts that Precision Pine's bills show that during the first 52 months of the 71-month period that this action was pending "no work on damages calculation issues was being performed." G's Brief at 11 n.5. This is absurd. The sole support for the claim is a single time entry dated 6/23/05 stating "begin legal research" concerning default damages. Not coincidently, however, this is the first substantive entry for associate attorney "CA" and comes one day after a conference between that associate and Mr. Saltman. Clearly, this shows

that a new associate on the case was simply beginning to familiarize himself with the damages issues and not that no work on damages had been performed by any member of the firm prior to that date. Indeed, the time records confirm that many years earlier, and beginning even before the complaint was finalized, the firm was performing legal research into the issue of the government's improper attempt to collect "estimated damages in final decisions." See Exhibit B at p. 5, time entry for 2/12/2002. As one would expect, such entries exist throughout the billing records prior to CA's beginning his work in this case on 6/23/05.[21] The government's contention that no work was done on damages issues for the first four years and four months of this suit is wholly without merit.

IV. Precision Pine Has Updated Its Itemized Fees And Expenses

Attached Exhibits B and C set forth records establishing that Precision Pine has incurred fees at full rates and expenses from May of 2001 to June of 2008 in the total amount of $402,036.81.

A. Precision Pine's Request For Attorneys Fees Under The EAJA

Pursuant to the EAJA, Precision Pine's requests its attorneys' fees for 1,458.20 hours of attorney time at the full EAJA rate adjusted for cost of living increases in the total amount of

[21] As the Court will recall, the government submitted its damage recalculations on April 25, 2005. Thereafter, from May 12 to June 20, 2005, trial was held in Case No. 98-720C. Under the circumstances, that counsel would turn their attention to the government's recalculation of its damages on June 25 is understandable.

$225,765.82.[22] Fourth Declaration of Alan I. Saltman, Exhibit D, Attachment 3. Precision Pine also seeks to recover 124.2 hours that were billed by attorney William B. Kinner (listed in Exhibit 7 to Plaintiff's Opening Brief as "WBK"), who worked 37.7 hours at $135 per hour in 2001, and 86.5 hours at $140 per hour in 2002 (these latter rates were less than the adjusted EAJA cap and therefore are being charged as billed to the client). Id.

Moreover, Exhibit 3 to Plaintiff's Opening Brief identifies 15.3 hours billed by "EMT," "MRJ," "JRC," and "WDP," which were removed from the total of attorneys' hours and added to the other expenses of the firm, pursuant to the Federal Circuit's ruling in Richlin Sec. Service Co. v. Chertoff, 482 F.3d 1358, 1359 (Fed. Cir. 2007), cert. granted, 76 U.S.L.W. 3023 (U.S. Nov. 13, 2007) (No. 06-1717) (paralegal fees not awarded as attorney fees under EAJA and instead are to be considered as a cost). This was done even though EMT and JRC, unlike the others, were summer associates and not paralegals. The Supreme Court has now reversed the Federal Circuit and held that charges for paralegals are recoverable as fees. Richlin Sec. Service Co. v. Chertoff, __ U.S. __, 2008 WL 2229175 (June 2, 2008). Accordingly, Precision Pine has moved the 15.3 hours charged for its summer associates and paralegals, all of whom were billed out at rates well below the EAJA cap, from expenses and included them in Exhibit B containing attorneys' fees at the hourly rate of $94.15. See Fourth Declaration of Alan I. Saltman, Exhibit D, Attachment 3 explaining how these fees were accounted for in the application.

[22]The justification for and methodology used in calculating the cost of living increase are set forth in Plaintiff's Opening Brief at 11-13. Defendant has not challenged Precision Pine's calculation of the cost of living adjustment.

Precision Pine has also deducted $8,608.55 of fees that had been inadvertently included in its fee request submitted on February 14, 2008. See attached Exhibit A.

B. Precision Pine's Request For Expenses Under The EAJA

Finally, pursuant to the EAJA, Precision Pine also seeks the recovery of $10,125.81 in expenses incurred in this matter from May of 2001 through the date of this brief as itemized in the attached Exhibit C.

CONCLUSION

In light of the foregoing, Precision Pine respectfully requests that the Court grant its application for fees in the amount of $235,797.26 and expenses in the amount of $10,125.81 pursuant to the Equal Access to Justice Act.

Respectfully submitted,

s/Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: June 6, 2008

**PLAINTIFF'S REVIEW OF DEFENDANT'S SUMMARY OF "UNRECOVERABLE CHARGES"**

* Description of services contains additional components. The United States has made no attempt to allocate the hours billed within an individual entry.

** From Exhibit 8 of plaintiff's fee application.

| Date | Time | Subject | Defendant's Contention | Plaintiff's Response | Recoverable Time |
|---|---|---|---|---|---|
| May 4, 2001 | 2.5 | Draft letter to bonding company; legal research; review documents from client; conference with W. Kinner. | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |
| May 4, 2001 | 0.3 | Conference with A. Saltman re: consent of surety; legal research re: same. | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |
| May 7, 2001 | 8.8 | Continue legal research re: consent of surety; conference with A. Saltman re: same; prepare memorandum re: same. | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |

| Date | Time | Subject | Defendant's Contention | Plaintiff's Response | Recoverable Time |
|---|---|---|---|---|---|
| May 7, 2001 | 1.0 | Conference with W. Kinner; legal research; send letter to J. Caine; conference with R. Goeken. | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | From the next time entry (see Ex. B), it is clear that the conference re: consent of surety only lasted 0.2. This time has been deducted. J. Caine was DOJ counsel. | 0.8 |
| May 7, 2001 | 0.2 | Conference with W. Kinner. | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |
| May 7, 2001 | 1.2 | Conference with A. Saltman re: bonding company issues; draft letter to client re: same; review contract clause BT 9.1. | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | Time spent reviewing contract retained. Remaining time for meeting (.2) and draft letter (.5) have been deducted. | 0.5 |
| May 8, 2001 | 3.2 | Continue legal research re: consent of surety; continue to work on memorandum re: same. | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |
| May 8, 2001 | 0.1 | Review letter to client | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |

| Date | Time | Subject | Defendant's Contention | Plaintiff's Response | Recoverable Time |
|---|---|---|---|---|---|
| Oct. 1, 2001 | 0.9 | Work on talking points for Lewis; telephone conference with same; telephone conference with B. Imbergamo. | Services concern unspecified "talking points;" do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |
| Oct. 3, 2001 | 0.5 | Telephone conference with D. Fitzgerald; telephone call to L. Tenney. | Services concern administrative interactions with Forest Service; do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |
| Oct. 5, 2001 | 0.9 | Listen to voicemail message from L. Tenney; telephone conference with F. Gladics; draft letter to Congressman Udall and Congressman Moran. | Services concern communications with political representatives; do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |
| Oct. 10, 2001 | 0.5 | Telephone conference with L. Tenney; telephone call to F. Gladics; conference with W. Kinner | Services do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |
| Oct. 16, 2001 | 2.0 | Research re: impleader/third-party practice; work on motion for notice to third parties; review file. | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |
| Oct. 16, 2001 | 0.1 | Telephone conference with F. Gladics. | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |

| Date | Time | Subject | Defendant's Contention | Plaintiff's Response | Recoverable Time |
|---|---|---|---|---|---|
| Oct. 17, 2001 | 1.7 | Legal research re: third party practice; continue to work on motion for notice to third party. | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |
| Oct. 17, 2001 | 0.3 | Telephone conference with F. Gladics; send e-mail to R. Goeken | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |
| Oct. 18, 2001 | 0.8 | Legal research re: joinder of third parties. | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | This time should be deducted. | 0.0 |
| Oct. 19, 2001 | 3.8 | Motion for notice to third party, and associated legal research re: joinder of third party; review file.* | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | Half of time deducted. Remainder of time is recoverable as it relates to work on the complaint and review of the file. <u>See</u> full time entry on Ex. B. | 1.9 |
| Oct. 25, 2001 | 2.5 | Telephone conference with client; conference with A. Saltman; review and revised draft letter to Regional Forester; fax letter and send e-mail to client.* | Services concern administrative interactions with Forest Service; do not involve preparing the complaint in this action. | All time collectable as it is related to payment of the claim on U-Bar which was a matter litigated in this case. | 2.5 |

| Date | Time | Subject | Defendant's Contention | Plaintiff's Response | Recoverable Time |
|---|---|---|---|---|---|
| Oct. 26, 2001 | 0.5 | Telephone conference with J. Caine and client re: letter of payment on O.D. Ridge. | Services concern administrative interactions with Forest Service; do not involve preparing the complaint in this action. | All time collectable as it is related to payment of the claim on U-bar which was a matter litigated in this case. J. Caine is former DOJ counsel | 0.5 |
| Dec. 4, 2001 | 0.3 | Telephone conference with M. Bowers re: response to Forest Service letter re: U-Bar. | Services do not involve preparing the complaint in this action. | All time collectable as it is related to payment of the claim on U-bar which was a matter litigated in this case. | 0.3 |
| Jan. 15, 2002 | 0.7 | Conference with R. Goeken | Services do not involve preparing the complaint in this action. | All time collectable as it is related to payment of the claim on U-bar which was a matter litigated in this case. | 0.7 |
| Jan 29, 2002 | 0.1 | Conference with W. Kinner | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | All time collectable as it is related to payment of the claim on U-bar which was a matter litigated in this case. | 0.1 |

| Date | Time | Subject | Defendant's Contention | Plaintiff's Response | Recoverable Time |
|---|---|---|---|---|---|
| Jan 29, 2002 | 0.1 | Conference with A. Saltman re: complaints and motion for joinder of third party. | Services concern dispute with bonding company; do not involve preparing the complaint in this action. | Time is recoverable as it relates to preparation of complaint. | 0.1 |
| Feb. 4, 2002 | 0.2 | Conference with R. Goeken. | Services concern dispute with bonding company; do not involve preparing the complaint in this civil action. | Time is recoverable as it relates to preparation of complaint. | 0.2 |
| Feb. 4, 2002 | 0.4 | Legal research re: proposed new Court of Federal Claims rule concerning joinder of parties. | Services concern dispute with bonding company; do not involve preparing the complaint in this civil action. | Time is recoverable as it relates to preparation of complaint. | 0.4 |
| May 23, 2002 | 0.7 | Conference with A. Saltman re: telephone call from Frontier Insurance; research re: SOL in NY, AZ and TN. | Services concern dispute with bonding company; do not involve this civil action. | This time should be deducted. | 0.0 |
| May 23, 2002 | 2.5 | Conference with R. Goeken re: Frontier Insurance; Conference with E. Tamarkin.* | Services concern dispute with bonding company; do not involve this civil action. | This time should be deducted. | 0.0 |
| July 24, 2003 | 0.1 | Docket control entry | Entry does not concern services rendered in this civil action. | This time should be deducted. | 0.0 |

| Date | Time | Subject | Defendant's Contention | Plaintiff's Response | Recoverable Time |
|---|---|---|---|---|---|
| Dec. 18, 2003 | 4.5 | Research *Manufacturers' Casualty Ins. Co.* case; research *Shedd Bartish Foods* case; research implied duty not to hinder case. | Entry does not concern services rendered in this civil action – the "implied duty to hinder" was not at issue in this civil action. | This time should be deducted. | 0.0 |
| Dec. 19, 2003 | 3.8 | Research BCA cases on implied duties; research law review articles on implied duties. | Entry does not concern services rendered in this civil action. | This time should be deducted. | 0.0 |
| Dec. 22, 2003 | 4.1 | Research law revision articles on government increasing the cost of performance; research Board of Contract Appeals Cases on increasing the cost of performance. | Entry does not concern services rendered in this civil action. | This time should be deducted. | 0.0 |
| Dec. 23, 2003 | 3.3 | Research 6th Circuit caselaw on increasing the cost of performance. | Entry does not concern services rendered in this civil action. | Time is recoverable as it relates to consideration of possible defenses. | 3.3 |
| Dec. 30, 2003 | 3.1 | Research *Lesh*, *Stafford* and *Fort Sill* cases. | Entry does not concern services rendered in this civil action. | This time should be deducted. | 0.0 |
| Dec. 31, 2003 | 6.8 | Research cases that have cited *York* positively or negatively; conference with A. Saltman regarding research. | Entry does not concern services rendered in this civil action. | Time is recoverable as it relates to consideration of possible defenses. | 6.8 |

| Date | Time | Subject | Defendant's Contention | Plaintiff's Response | Recoverable Time |
|---|---|---|---|---|---|
| Dec. 31, 2003 | 0.2 | Conference with C. Miller | Entry does not concern services rendered in this civil action. | Time is recoverable as it relates to consideration of possible defenses. | 0.2 |
| Jan. 2, 2004 | 4.5 | Research *Standard Accident Ins. Co.* and *Stafford* cases; research act of congress cases. | Entry does not concern services rendered in this civil action. | This time should be deducted. | 0.0 |
| Jan. 5, 2004 | 2.3 | Research *Fort Sill* and *Appeal of Daniel Hamm Company* cases. | Entry does not concern services rendered in this civil action. | This time should be deducted. | 0.0 |
| Jan. 8, 2004 | 7.1 | Complete research on government action increasing cost of performance indirectly. | Entry does not concern services rendered in this civil action. | Time is recoverable as it relates to consideration of possible defenses. | 7.1 |
| Jan. 9, 2004 | 5.8 | Compile research on increased cost of performance; pull key quotes from cases and provide brief summaries; conference with A. Saltman re: research. | Entry does not concern services rendered in this civil action. | Time is recoverable as it relates to consideration of possible defenses. | 5.8 |
| Jan. 9, 2004 | 0.2 | Conference with C. Miller. | Entry does not concern services rendered in this civil action. | Time is recoverable as it relates to consideration of possible defenses. | 0.2 |

| Date | Time | Subject | Defendant's Contention | Plaintiff's Response | Recoverable Time |
|---|---|---|---|---|---|
| Jan. 26, 2004 | 0.8 | Conference with D. Craig and C. Miller; draft e-mail to P. Dissert | Services concern services rendered in a Board appeal concerning the Salt contract; do not involve this action. | Time is recoverable as it relates to consolidation with this case at the COFC. D. Harrington cc'ed on referenced email | 0.8 |
| Feb. 27, 2004 | 7.9 | Conference with A. Saltman re: motion for consolidation on Salt contract.* | Services concern services rendered in a Board appeal concerning the Salt contract; do not involve this action. | Time is recoverable as it relates to consolidation with this case at the COFC. Also, entry includes time for drafting motion for summary judgment in this matter. See full time entry on Ex. B | 7.9 |
| Feb. 27, 2004 | 0.8 | Telephone conference with P. Disert; draft email to same; conference with D. Craig. | Services concern services rendered in a Board appeal concerning the Salt contract; do not involve this action. | Time is recoverable as it relates to consolidation with this case at the COFC. D. Harrington cc'ed on referenced email | 0.8 |
| Apr. 15, 2004 | 3.2 | Telephone call to L. Porter re: letter to E. Townes; research re: Frontier Insurance; conference with R. Goeken re: same. | Services concern dispute with bonding company; do not involve this civil action. | This time should be deducted. | 0.0 |

| Date | Time | Subject | Defendant's Contention | Plaintiff's Response | Recoverable Time |
|---|---|---|---|---|---|
| Oct. 13, 2005 | 0.7 | Review order from Board; email A. Saltman re: same. | Services concern services rendered in a Board appeal; do not involve this action. | Time is recoverable as it relates to consolidation with this case at the COFC. | 0.7 |
| Oct. 25, 2005 | 0.5 | Draft letter for client to contracting officer; telephone call to L. Porter.* | Services concern services rendered in a Board appeal; do not involve this action. | One-third of time entered is recoverable as it involved drafting letter to D. Harrington. See full time entry on Ex. B | 0.5 |
| Dec. 6, 2005 | 0.4 | Review fax from L. Porter re: Frontier seeking payment; leave voicemail message re: same | Services concern dispute with bonding company; do not involve this civil action. | This time should be deducted. | 0.0 |
| Dec. 6, 2005 | 0.4 | Telephone call with L. Porter re: Frontier Ins. Co.* | Services concern dispute with bonding company; do not involve this civil action. | One-half of time entered is recoverable as it also involved reviewing pleadings for status conf. in this matter. See full time entry on Ex. B | 0.2 |
| May 23, 2002 | 0.6 | Conference with A. Saltman; performance bond arrangements.** | Services concern dispute with bonding company; do not involve this civil action. | This time should be deducted. | 0.0 |

**SUMMARY**

| | **Time** | **EAJA Rate** | **Amount** |
|---|---|---|---|
| **Total Deducted by Defendant** | 97.9 | $154.83 | $15,157.86 |
| **Amount Improperly Deducted** | 42.3 | $154.83 | $6,549.31 |
| **Total Properly Deductible** | 55.6 | $154.83 | $8,608.55 |

Saltman & Stevens, P.C.
1801 K Street, N.W.
Mezzanine M110
Washington, DC 20006

Invoice submitted to:
PRECISION PINE & TIMBER, INC.
P.O. BOX 70
HEBER, AZ 85923
ATTN: LON PORTER

In Reference To: 90096-00013 - DEFAULTS

Professional Services

| Date | | Atty | Description | Hours | Amount |
|---|---|---|---|---|---|
| 5/3/2001 | - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $60.00 |
| | - | RWG | TIME<br>Review default letters; conference with A. Saltman. | 0.90 | $162.00 |
| 5/4/2001 | - | AIS | TIME<br>Draft letter to bonding company; legal research; review documents from client; conference with W. Kinner. | 2.50 | $750.00 |
| | - | WBK | TIME<br>Conference with A. Saltman re: consent of surety; legal research re: same. | 0.30 | $40.50 |
| 5/7/2001 | - | WBK | TIME<br>Continue legal research re: consent of surety; conference with A. Saltman re: same; prepare memorandum re: same. | 8.80 | $1,188.00 |
| | - | AIS | TIME<br>Conference with W. Kinner; legal research; send letter to J. Caine; conference with R. Goeken. | 1.00 | $300.00 |
| | - | RGT | TIME<br>Conference with W. Kinner. | 0.20 | $50.00 |
| | - | RWG | TIME<br>Conference with A. Saltman re: bonding company issues; draft letter to client re: same; review contract clause BT9.1. | 1.20 | $216.00 |
| 5/8/2001 | - | WBK | TIME<br>Continue legal research re: consent of surety; continue to work on memorandum re: same. | 3.20 | $432.00 |
| | - | AIS | TIME<br>Review letter to client. | 0.10 | $30.00 |
| 7/12/2001 | - | RWG | TIME<br>Review Contracting Officer's final decision re: Manaco timber sale; conference with A. Saltman. | 0.50 | $90.00 |

**EXHIBIT B**

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 7/12/2001 - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $60.00 |
| 8/23/2001 - | AIS | TIME<br>Review fax from J. Bedell; legal research re: material breach. | 0.40 | $120.00 |
| 8/29/2001 - | RWG | TIME<br>Draft e-mail to A. Saltman re: Manaco default situation. | 1.50 | $270.00 |
| 10/1/2001 - | AIS | TIME<br>Work on talking points for Lewis; telephone conference with same; telephone conference with B. Imbergamo. | 0.90 | $270.00 |
| 10/3/2001 - | AIS | TIME<br>Telephone conference with D. Fitzgerald; telephone call to L. Tenney. | 0.50 | $150.00 |
| 10/5/2001 - | AIS | TIME<br>Listen to voicemail message from L. Tenney; telephone conference with F. Gladics; draft letter to Congressman Udall and Congressman Moran. | 0.90 | $270.00 |
| 10/10/2001 - | WBK | TIME<br>Review defaults files to determine which matters final decisions were issued in; conference with A. Saltman re: same. | 0.80 | $108.00 |
| - | AIS | TIME<br>Telephone conference with L. Tenney; telephone call to F. Gladics; conference with W. Kinner. | 0.50 | $150.00 |
| 10/11/2001 - | AIS | TIME<br>Conference with W. Kinner re: preparing complaint. | 0.60 | $180.00 |
| - | WBK | TIME<br>Conference with A. Saltman re: claims, final decisions, docketing and complaint; review defaults files to determine appropriate docketing, and ensure we received back-up for each final decision; docket appropriate due dates; work on complaint. | 3.40 | $459.00 |
| 10/12/2001 - | AIS | TIME<br>Conference with W. Kinner re: complaint; conference with W. Kinner re: third-party practices. | 0.40 | $120.00 |
| - | WBK | TIME<br>Continue to work on complaint; conference with A. Saltman re: same; conference with A. Saltman re: third-paty practice/impleading surety. | 5.40 | $729.00 |
| 10/15/2001 - | WBK | TIME<br>Continue to work on complaint; review defaults files; begin legal research re: third-party practice before Court of Federal Claims. | 2.30 | $310.50 |

| Date | | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|---|
| 10/16/2001 | - | WBK | TIME<br>Research re: impleader/third-party practice; work on motion for notice to third parties; review file. | 2.00 | $270.00 |
| | - | AIS | TIME<br>Telephone conference with F. Gladics. | 0.10 | $30.00 |
| 10/17/2001 | - | WBK | TIME<br>Legal research re: third-party practice; continue to work on motion for notice to third party. | 1.70 | $229.50 |
| | - | AIS | TIME<br>Telephone conference with F. Gladics; send e-mail to R. Goeken. | 0.30 | $90.00 |
| 10/18/2001 | - | WBK | TIME<br>Legal research re: joinder of third parties. | 0.80 | $108.00 |
| 10/19/2001 | - | WBK | TIME<br>Continue to work on complaint, motion for notice to third party, and associated legal research re: joinder of third party; review file. | 3.80 | $513.00 |
| 10/25/2001 | - | WBK | TIME<br>Conference with A. Saltman and R. Goeken re: complaint. | 0.10 | $13.50 |
| | - | RWG | TIME<br>Telephone conference with client; conference with A. Saltman; review and revise draft letter to Regional Forester; fax letter and send e-mail to client; telephone conference with J. Caine; conference with G. Stevens and A. Saltman re: case strategy; conference with A. Saltman and W. Kinner re: complaint. | 2.50 | $450.00 |
| | - | GGS | TIME<br>Conference with A. Saltman and R. Goeken re: settlement issues. | 0.10 | $28.00 |
| | - | AIS | TIME<br>Conference with G. Stevens and R. Goeken; conference with R. Goeken and W. Kinner re: complaint. | 0.30 | $90.00 |
| 10/26/2001 | - | WBK | TIME<br>Continue to work on complaint. | 0.40 | $54.00 |
| | - | RWG | TIME<br>Telephone conference with J. Caine and client re: letter of payment on O.D. Ridge. | 0.50 | $90.00 |
| 10/29/2001 | - | WBK | TIME<br>Continue to work on complaint. | 0.10 | $13.50 |
| 11/12/2001 | - | WBK | TIME<br>Work on complaint; conference with R. Goeken re: missing final decisions; conference with R. Goeken re: complaint. | 3.00 | $420.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 11/12/2001 - | RWG | TIME<br>Conference with W. Kinner re: total defaults damages claimed. | 0.30 | $57.00 |
| 11/14/2001 - | WBK | TIME<br>Review defaults file to determine total damages on all sales. | 1.60 | $224.00 |
| 12/4/2001 - | RWG | TIME<br>Telephone conference with M. Bowers re: response to Forest Service letter re: U-Bar. | 0.30 | $57.00 |
| 1/15/2002 - | AIS | TIME<br>Conference with R. Goeken. | 0.70 | $217.00 |
| 1/29/2002 - | AIS | TIME<br>Conference with W. Kinner. | 0.10 | $31.00 |
| - | WBK | TIME<br>Conference with A. Saltman re: complaints and motion for joinder of third party. | 0.10 | $14.00 |
| 2/4/2002 - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $62.00 |
| - | WBK | TIME<br>Legal research re: proposed new Court of Federal Claims rule concerning joinder of parties. | 0.40 | $56.00 |
| - | RWG | TIME<br>Review and revise draft complaint; conference with A. Saltman. | 2.90 | $551.00 |
| 2/5/2002 - | RWG | TIME<br>Continue to review and revise draft complaint. | 1.50 | $285.00 |
| 2/6/2002 - | RWG | TIME<br>Review sale files; telephone conference with client re: default issues. | 3.50 | $665.00 |
| 2/7/2002 - | RWG | TIME<br>Continue to work on draft complaint; review Contracting Officer's final decision and damage claims. | 3.50 | $665.00 |
| 2/8/2002 - | RWG | TIME<br>Continue to review and revise draft complaint. | 3.70 | $703.00 |
| 2/11/2002 - | RWG | TIME<br>Continue to review and revise draft complaint; draft fax to client; telephone conference with M. Bowers re: same. | 4.80 | $912.00 |
| 2/12/2002 - | RWG | TIME<br>Continue to review and revise draft complaint; conference with W. Kinner re: same. | 5.90 | $1,121.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 2/12/2002 - | WBK | TIME<br>Legal research re: estimates of damages in final decisions; conference with R. Goeken re: same. | 8.60 | $1,204.00 |
| 2/13/2002 - | AIS | TIME<br>Continue to review and revise draft complaint; conference with R. Goeken. | 0.50 | $155.00 |
| - | WBK | TIME<br>Continue legal research re: final decision and estimates of damages. | 8.30 | $1,162.00 |
| - | RWG | TIME<br>Continue to review and revise draft complaint; conference with A. Saltman; legal research re: joinder of third party. | 4.50 | $855.00 |
| 2/14/2002 - | WBK | TIME<br>Continue legal research re: CDA final decisions and estimates; prepare summary of same. | 4.00 | $560.00 |
| - | AIS | TIME<br>Continue to work on complaint. | 0.40 | $124.00 |
| - | RWG | TIME<br>Continue to review and revise draft complaint; continue legal research re: joinder issues. | 4.00 | $760.00 |
| 2/15/2002 - | RWG | TIME<br>Review default contracts; telephone conference with client re: defaults; draft chart of defaults overview; conference with A. Saltman. | 3.50 | $665.00 |
| - | AIS | TIME<br>Review and revise complaint; conference with R. Goeken. | 0.70 | $217.00 |
| 2/19/2002 - | RWG | TIME<br>Review notice of assignment from court; legal research re: same. | 0.40 | $76.00 |
| 2/20/2002 - | RWG | TIME<br>Telephone conference with clerk; telephone conference with Judge Damich's chambers. | 0.40 | $76.00 |
| 2/25/2002 - | AIS | TIME<br>Conference with R. Goeken; review notice of assignment. | 0.50 | $155.00 |
| - | RWG | TIME<br>Conference with A. Saltman. | 0.40 | $76.00 |
| 3/5/2002 - | RWG | TIME<br>Draft memorandum re: use of Hobin in litigation. | 1.50 | $285.00 |
| 4/22/2002 - | RWG | TIME<br>Review new court rules; review government's answer; docket dates. | 1.80 | $342.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 4/23/2002 - | RWG | TIME<br>Conference with A. Saltman; review court rules; docket dates. | 1.90 | $361.00 |
| - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $62.00 |
| 4/30/2002 - | RWG | TIME<br>Review and revise draft reply to counterclaim. | 0.70 | $133.00 |
| 5/1/2002 - | RWG | TIME<br>Review and revise reply to counterclaim; conference with A. Saltman. | 1.90 | $361.00 |
| - | AIS | TIME<br>Conference with W. Kinner re: motion to dismiss; review memorandum re: sum certain; conference with W. Kinner re: same; conference with R. Goeken. | 0.70 | $217.00 |
| - | WBK | TIME<br>Research re: final decision and sum certain as jurisdictional basis for CDA claim; conference with A. Saltman re: same; research rules re: Joint Preliminary Status Report, meeting of counsel and motion to dismiss; conference with A. Saltman re: same. | 2.20 | $308.00 |
| 5/2/2002 - | WBK | TIME<br>Legal research re: CDA jurisdiction/indispute/sum certain. | 0.90 | $126.00 |
| 5/3/2002 - | AIS | TIME<br>Conference with W. Kinner. | 0.10 | $31.00 |
| - | WBK | TIME<br>Conference with A. Saltman re: motion to dismiss counterclaim for lack of jurisdiction; legal research re: same; work on motion re: same. | 1.50 | $210.00 |
| 5/6/2002 - | WBK | TIME<br>Continue to work on motion to dismiss and associated research. | 6.80 | $952.00 |
| 5/7/2002 - | AIS | TIME<br>Conference with W. Kinner re: "in dispute" and "sum certain"; review dates for submission of Joint Preliminary Status Report. | 0.70 | $217.00 |
| - | WBK | TIME<br>Continue to work on motion to dismiss and associated legal research; conference with A. Saltman re: same; conference with R. Goeken re: same; research re: definition of claim in FSH, FSM and CFR. | 8.20 | $1,148.00 |
| - | RWG | TIME<br>Conference with W. Kinner re: legal theories. | 0.60 | $114.00 |
| 5/8/2002 - | WBK | TIME<br>Continue to work on motion to dismiss and associated legal research. | 4.60 | $644.00 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 5/9/2002 - | WBK | TIME<br>Continue to work on motion and associated legal research; email R. Goeken re: how handling FAR applicability in motion. | 3.80 | $532.00 |
| 5/10/2002 - | AIS | TIME<br>Conference with W. Kinner. | 0.10 | $31.00 |
| - | WBK | TIME<br>Conference with A. Saltman re: motion to dismiss. | 0.10 | $14.00 |
| 5/16/2002 - | WBK | TIME<br>Continue to work on motion to dismiss. | 4.70 | $658.00 |
| 5/17/2002 - | WBK | TIME<br>Continue to work on motion to dismiss. | 5.90 | $826.00 |
| 5/20/2002 - | AIS | TIME<br>Review and revise motion to dismiss. | 1.50 | $465.00 |
| 5/21/2002 - | AIS | TIME<br>Continue to review and revise motion to dismiss. | 2.00 | $620.00 |
| - | RWG | TIME<br>Review draft motion to dismiss; conference with W. Kinner. | 0.60 | $114.00 |
| - | WBK | TIME<br>Conference with R. Goeken re: motion to dismiss; telephone conference with M. Bowers re: Wiggins and Brann bills for collection; telephone conference with L. Porter re: same. | 0.50 | $70.00 |
| 5/23/2002 - | RWG | TIME<br>Conference with A. Saltman re: telephone call from Frontier Insurance; research re: SOL in NY, AZ and TN. | 0.70 | $133.00 |
| - | AIS | TIME<br>Continue to review and revise motion to dismiss; conference with W. Kinner re: same; conference with R. Goeken re: Frontier Insurance; conference with E. Tamarkin. | 2.50 | $775.00 |
| - | WBK | TIME<br>Factual research re: date Frontier was removed from approved list of sureties; conference with A. Saltman re: motion to dismiss; continue to work on same. | 1.00 | $140.00 |
| - | EMT | TIME<br>Conference with A. Saltman; performance bond arrangements. | 0.60 | $60.00 |
| 5/24/2002 - | RWG | TIME<br>Conference with A. Saltman and W. Kinner. | 0.20 | $38.00 |

| | | | Hours | Amount |
|---|---|---|---|---|
| 5/24/2002 - | AIS | TIME<br>Conference with R. Goeken and W. Kinner; review final decision re: method used to estimate damages; follow-up conference with W. Kinner. | 0.90 | $279.00 |
| - | WBK | TIME<br>Conference with A. Saltman and R. Goeken re: motion to dismiss; review notes & correspondence file for indication of dispute as to liabiity or amount; follow-up conference with A. Saltman. | 4.70 | $658.00 |
| 5/28/2002 - | AIS | TIME<br>Conference with W. Kinner. | 0.20 | $62.00 |
| - | WBK | TIME<br>Continue to work on motion to dismiss and associated research; conference with A. Saltman re: same. | 7.10 | $994.00 |
| 5/29/2002 - | AIS | TIME<br>Continue to review and revise draft motion to dismiss. | 2.00 | $620.00 |
| - | WBK | TIME<br>Continue to work on motion to dismiss; review Court of Federal Claims rules re: format of motion; review files for documents to be included in the appendix; conference with A. Saltman re: motion to dismiss. | 7.50 | $1,050.00 |
| 5/30/2002 - | AIS | TIME<br>Continue to review and revise draft motion to dismiss. | 3.70 | $1,147.00 |
| - | WBK | TIME<br>Continue to work on motion to dismiss; conference with A. Saltman re: same; assist A. Saltman with location of documents for motion; prepare appendix list for same. | 2.90 | $406.00 |
| 5/31/2002 - | RWG | TIME<br>Conference with A. Saltman. | 0.10 | $19.00 |
| - | AIS | TIME<br>Continue to work on draft motion to dismiss; conference with W. Kinner; conference with R. Goeken. | 1.10 | $341.00 |
| - | WBK | TIME<br>Continue to work on motion to dismiss; conference with A. Saltman re: same. | 2.40 | $336.00 |
| 6/3/2002 - | AIS | TIME<br>Review and revise motion to dismiss. | 0.50 | $155.00 |
| 6/4/2002 - | AIS | TIME<br>Continue to review and revise motion to dismiss. | 0.40 | $124.00 |

| Date | | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|---|
| 6/5/2002 | - | RWG | TIME<br>Telephone call to M. Palko. | 0.50 | $95.00 |
| | - | WBK | TIME<br>Review edits to motion to dismiss. | 0.10 | $14.00 |
| 6/6/2002 | - | RWG | TIME<br>Conference with A. Saltman; telephone conference with M. Palko; draft motion to stay and fax to same. | 1.80 | $342.00 |
| | - | AIS | TIME<br>Conference with R. Goeken. | 0.10 | $31.00 |
| 6/10/2002 | - | RWG | TIME<br>Telephone conference with M. Palko. | 0.20 | $38.00 |
| 6/11/2002 | - | RWG | TIME<br>Review, revise and finalize motion to stay. | 0.50 | $95.00 |
| 6/13/2002 | - | WBK | TIME<br>Edit motion to dismiss. | 0.10 | $14.00 |
| 6/14/2002 | - | WBK | TIME<br>Review edits to motion to dismiss. | 0.10 | $14.00 |
| 11/8/2002 | - | RWG | TIME<br>Telephone conferences with Judge Damich's clerk; telephone conferences with Dept. of Justice counsel; prepare Motion to Reimpose Stay; review and finalize same. | 2.50 | $562.50 |
| 5/1/2003 | - | RWG | TIME<br>Telephone conference with opposing counsel. | 0.30 | $67.50 |
| 5/2/2003 | - | RWG | TIME<br>Exchange emails with opposing counsel; telephone conference with same re: status report. | 0.30 | $67.50 |
| 5/4/2003 | - | RWG | TIME<br>Draft motion for enlargement. | 0.50 | $112.50 |
| 5/5/2003 | - | RWG | TIME<br>Finalize motion for enlargement. | 0.50 | $112.50 |
| 5/27/2003 | - | RWG | TIME<br>Review file; telephone conference with D. Harrington. | 0.50 | $112.50 |
| 5/28/2003 | - | RWG | TIME<br>Conference with A. Saltman. | 0.30 | $67.50 |
| | - | AIS | TIME<br>Conference with R. Goeken; conference with D. Craig. | 0.40 | $132.00 |

| | | | Hours | Amount |
|---|---|---|---|---|
| 5/28/2003 - | DJC | TIME<br>Conference with A. Saltman re: court order; make docket contry entries. | 0.20 | $32.00 |
| 5/29/2003 - | AIS | TIME<br>Conference with R. Goeken; review and revise status report. | 0.50 | $165.00 |
| - | RWG | TIME<br>Telephone conference with D. Harrington; conference with A. Saltman; draft, review and revise joint status report; email same to D. Harrington. | 2.90 | $652.50 |
| 5/30/2003 - | RWG | TIME<br>Review draft Joint Status Report; email D. Harrington. | 0.90 | $202.50 |
| 7/24/2003 - | DJC | TIME<br>Docket control entry. | 0.10 | $16.00 |
| 9/9/2003 - | DJC | TIME<br>Prepare electronic pleadings file; review and download court notification; telephone conference with A. Saltman and R. Ryan re: same. | 0.30 | $48.00 |
| 11/14/2003 - | AIS | TIME<br>Conference with R. Goeken and C. Miller. | 1.00 | $350.00 |
| - | CTM | TIME<br>Conference with A. Saltman and R. Goeken re: memorandum on improper defaults. | 0.40 | $64.00 |
| - | RWG | TIME<br>Conference with A. Saltman re: case options; conference with C. Miller and A. Saltman re: same. | 0.80 | $208.00 |
| 11/18/2003 - | CTM | TIME<br>Review *Precision Pine* case and motions for preliminary facts for memorandum. | 3.10 | $496.00 |
| 12/5/2003 - | RWG | TIME<br>Review order; conference with A. Saltman. | 0.20 | $52.00 |
| - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $70.00 |
| 12/9/2003 - | CTM | TIME<br>Write summation of issues in *Precision Pine*; conduct preliminary research on indirect government interference. | 2.40 | $384.00 |
| 12/15/2003 - | AIS | TIME<br>Review and revise memorandum from C. Miller. | 0.60 | $210.00 |

| | | | Hours | Amount |
|---|---|---|---|---|
| 12/15/2003 - | CTM | TIME<br>Research *Seaboard Lumber* opinions; research *J.A. Jones* opinion; research *W. Green* opinion; conference with A. Saltman re: research. | 7.40 | $1,184.00 |
| 12/16/2003 - | AIS | TIME<br>Conference with C. Miller. | 0.40 | $140.00 |
| - | CTM | TIME<br>Research *Benttas* line of cases dealing with raising the minimum wage; research *Southland* line of cases dealing with multiple contracts; research cases dealing with multiple contractors working on the same site; conference with A. Saltman regarding research. | 7.10 | $1,136.00 |
| 12/17/2003 - | CTM | TIME<br>Research *Sunswick* , *LeVeque* , *York* , *Clemmer* and *Paretta* cases dealing with government actions increasing the cost of performance under a contract. | 4.30 | $688.00 |
| 12/18/2003 - | CTM | TIME<br>Research *Manufacturers' Casualty Ins. Co.* case; research *Shedd Bartish Foods* case; research implied duty not to hinder case. | 4.50 | $720.00 |
| 12/19/2003 - | CTM | TIME<br>Research BCA cases on implied duties; research law review articles on implied duties. | 3.80 | $608.00 |
| 12/22/2003 - | CTM | TIME<br>Research law revision articles on the government increasing the cost of performance; research Board of Contract Appeals cases on increasing the cost of performance. | 4.10 | $656.00 |
| 12/23/2003 - | CTM | TIME<br>Research 6th Circuit caselaw on increasing the cost of performance; shepardize *York* and related cases. | 3.30 | $528.00 |
| 12/29/2003 - | AIS | TIME<br>Conference with D. Craig. | 0.20 | $70.00 |
| - | DJC | TIME<br>Conference with A. Saltman re: strategy. | 0.10 | $16.50 |
| 12/30/2003 - | CTM | TIME<br>Research *Lesh* , *Stafford* and *Fort Sill* cases. | 3.10 | $496.00 |
| 12/31/2003 - | CTM | TIME<br>Research cases that have cited *York* positively or negatively; conference with A. Saltman regarding research. | 6.80 | $1,088.00 |
| - | AIS | TIME<br>Conference with C. Miller. | 0.20 | $70.00 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 1/2/2004 - | CTM | TIME<br>Research *Standard Accident Ins. Co.* and *Stafford* cases; research act of congress cases. | 4.50 | $720.00 |
| 1/5/2004 - | CTM | TIME<br>Research *Fort Sill* and Appeal of *Daniel Hamm Company* cases. | 2.30 | $368.00 |
| 1/6/2004 - | CTM | TIME<br>Research *Shedd -Bartish* and *Lesh* cases; research law review articles on default terminations. | 3.80 | $608.00 |
| 1/7/2004 - | CTM | TIME<br>Research Board of Contract Appeals cases on default termination with act of congress defenses. | 2.40 | $384.00 |
| 1/8/2004 - | CTM | TIME<br>Complete research on government action increasing cost of performance indirectly. | 7.10 | $1,136.00 |
| 1/9/2004 - | CTM | TIME<br>Compile research on increased cost of performance; pull key quotes from cases and provide brief summaries; conference with A. Saltman re: research. | 5.80 | $928.00 |
| - | AIS | TIME<br>Conference with C. Miller. | 0.20 | $70.00 |
| 1/22/2004 - | RWG | TIME<br>Review new case from Court of Federal Claims; forward same to A. Saltman. | 0.40 | $104.00 |
| 1/23/2004 - | AIS | TIME<br>Conference with R. Goeken. | 0.70 | $245.00 |
| - | RWG | TIME<br>Conference with A. Saltman re: case options. | 0.70 | $182.00 |
| 1/24/2004 - | AIS | TIME<br>Work on draft outline of summary judgment brief; conference with D. Craig re: same. | 1.30 | $455.00 |
| - | DJC | TIME<br>Conference with A. Saltman re: summary judgment motion. | 0.10 | $16.50 |
| 1/26/2004 - | AIS | TIME<br>Conference with D. Craig and C. Miller; draft e-mail to P. Dissert. | 0.80 | $280.00 |
| - | DJC | TIME<br>Review outline from A. Saltman; conference with C. Miller re: same; conference with A. Saltman and C. Miller; review pleadings file. | 0.90 | $148.50 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 1/26/2004 - | CTM | TIME<br>Begin writing draft of summary judgment brief; conference with A. Saltman and D. Craig; conference with D. Craig. | 4.80 | $768.00 |
| 1/27/2004 - | CTM | TIME<br>Conference with A. Saltman regarding summary judgment brief; re-read research on points in outline. | 2.40 | $384.00 |
| - | AIS | TIME<br>Conference with C. Miller re: summary judgment brief. | 0.20 | $70.00 |
| 1/28/2004 - | CTM | TIME<br>Finalize memorandum re: privileges and attorneys fees; research issues for summary judgment brief. | 4.10 | $656.00 |
| 1/29/2004 - | CTM | TIME<br>Review cases for summary judgment brief. | 3.20 | $512.00 |
| 1/30/2004 - | DJC | TIME<br>Download and review case transfer order and notice. | 0.10 | $16.50 |
| 2/2/2004 - | CTM | TIME<br>Re-read essential cases for brief. | 3.50 | $560.00 |
| 2/3/2004 - | CTM | TIME<br>Outline keypoints and quotes for brief. | 4.10 | $656.00 |
| 2/4/2004 - | CTM | TIME<br>Continue outline of key points and quotes for brief. | 3.30 | $528.00 |
| 2/10/2004 - | DJC | TIME<br>Review pleadings and correspondence as background for summary judgment motion; review Court of Federal Claims rules re: summary judgment. | 4.30 | $709.50 |
| 2/11/2004 - | CTM | TIME<br>Conference with D. Craig on brief; work on draft of brief. | 3.20 | $512.00 |
| - | DJC | TIME<br>Review file and pleadings for summary judgment motion; research caselaw re: material breach and waiver; review treatises for same; conference with C. Miller. | 6.20 | $1,023.00 |
| 2/13/2004 - | DJC | TIME<br>Research caselaw re: material breaches and election and waiver; continue work on draft summary judgment motion. | 3.80 | $627.00 |
| - | CTM | TIME<br>Work on a rough draft of memorandum dealing with defaults. | 2.40 | $384.00 |
| 2/20/2004 - | CTM | TIME<br>Research level of proof needed. | 2.10 | $336.00 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 2/23/2004 - | DJC | TIME<br>Continue drafting motion for summary judgment. | 1.40 | $231.00 |
| - | CTM | TIME<br>Work on brief. | 2.90 | $464.00 |
| 2/24/2004 - | DJC | TIME<br>Continue working on summary judgment motion; conference with C. Miller re: same. | 2.80 | $462.00 |
| - | CTM | TIME<br>Continue to work on brief; conference with D. Craig. | 2.40 | $384.00 |
| 2/25/2004 - | DJC | TIME<br>Continue drafting summary judgment motion; conference with C. Miller and A. Saltman re: same. | 6.40 | $1,056.00 |
| - | AIS | TIME<br>Conference with C. Miller and D. Craig. | 0.20 | $70.00 |
| - | CTM | TIME<br>Continue work on brief; conference with D. Craig and A. Saltman. | 2.50 | $400.00 |
| 2/26/2004 - | DJC | TIME<br>Continue drafting brief; review and download order re: status conference; conference with A. Saltman re: same. | 9.40 | $1,551.00 |
| - | AIS | TIME<br>Review order from Judge Miller; conference with D. Craig. | 0.40 | $140.00 |
| - | CTM | TIME<br>Continue writing portion of summary judgment brief. | 5.20 | $832.00 |
| 2/27/2004 - | DJC | TIME<br>Continue drafting motion for summary judgment; conference with C. Miller re: same; conference with A. Saltman re: motion for consolidation on Salt contract. | 7.90 | $1,303.50 |
| - | AIS | TIME<br>Telephone conference with P. Disert; draft email to same; conference with D. Craig. | 0.80 | $280.00 |
| - | CTM | TIME<br>Complete portion of summary judgment brief; conference with D. Craig. | 6.20 | $992.00 |
| 2/28/2004 - | DJC | TIME<br>Continue drafting summary judgment motion. | 4.50 | $742.50 |
| 2/29/2004 - | DJC | TIME<br>Continue drafting summary judgment motion. | 2.00 | $330.00 |

| Date | | Staff | Description | Hours | Amount |
|---|---|---|---|---|---|
| 3/1/2004 | - | RWG | TIME<br>Conference with A. Saltman re: case; review draft motion. | 2.50 | $650.00 |
| | - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $70.00 |
| | - | DJC | TIME<br>Finish drafting summary judgment motion; conference with C. Miller re: same; download and review court order re: status conference; draft motion for consolidation; research statutes and case law re: same. | 5.90 | $973.50 |
| | - | CTM | TIME<br>Complete section of summary judgment brief and revise entire brief; conference with D. Craig. | 4.80 | $768.00 |
| 3/2/2004 | - | RWG | TIME<br>Review and revise draft Motion to Dismiss; review case law; conference with A. Saltman and D. Craig; conference with G. Stevens; conference with D. Craig. | 5.50 | $1,430.00 |
| | - | AIS | TIME<br>Conference with R. Goeken and D. Craig; conference with G. Stevens. | 1.20 | $420.00 |
| | - | GGS | TIME<br>Conference with R. Goeken and A. Saltman re: summary judgment brief. | 0.20 | $67.00 |
| | - | DJC | TIME<br>Conference with A. Saltman and R. Goeken re: summary judgment motion; research consolidation of cases between Court of Federal Claims and the board; review files for multi-product sales; review damage claims from Forest Service; conference with R. Goeken re: same. | 1.90 | $313.50 |
| 3/3/2004 | - | CTM | TIME<br>Conference with A. Saltman, D. Craig and R. Goeken. | 0.20 | $32.00 |
| | - | RWG | TIME<br>Conference with A. Saltman; review and revise draft Motion to Dismiss; conference with A. Saltman, D. Craig and C. Miller. | 4.50 | $1,170.00 |
| | - | AIS | TIME<br>Conference with R. Goeken re: brief; review and revise summary judgment brief; conference with R. Goeken, D. Craig and C. Miller. | 2.50 | $875.00 |
| | - | DJC | TIME<br>Conference with A. Saltman, R. Goeken and C. Miller re: motion for summary judgment. | 0.50 | $82.50 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 3/4/2004 - | DJC | TIME<br>Review draft motion for dismissal and summary judgment; review files for documents for appendix; telephone call to M. Bowers. | 4.50 | $742.50 |
| - | RWG | TIME<br>Research re: estimated damages and CDA jurisdiction; conference with A. Saltman and D. Craig. | 2.60 | $676.00 |
| 3/5/2004 - | DJC | TIME<br>Review contract binders and files for individual clauses and relevant correspondence for summary judgment motion appendix; confer with R. Goeken re: appendix; begin compiling appendix; telephone conference with M. Bowers; telephone conference with L. Porter. | 6.40 | $1,056.00 |
| - | RWG | TIME<br>Confer with D. Craig re: Motion to Dismiss. | 0.30 | $78.00 |
| - | AIS | TIME<br>Review fax from Dept. of Justice; respond to same. | 0.50 | $175.00 |
| 3/8/2004 - | DJC | TIME<br>Continue preparing appendix; conference with R. Goeken re: same; telephone conference with L. Porter re: same. | 1.50 | $247.50 |
| - | AIS | TIME<br>Confer with C. Miller. | 0.20 | $70.00 |
| - | CTM | TIME<br>Confer with A. Saltman on jurisdictional issues; research where claims can be brought after they are withdrawn; conference with A. Saltman on results. | 2.20 | $352.00 |
| - | RWG | TIME<br>Conference with D. Craig. | 0.20 | $52.00 |
| 3/9/2004 - | DJC | TIME<br>Continue preparing appendix for motion to dismiss; participate in status conference at Court of Federal Claims. | 1.30 | $214.50 |
| - | AIS | TIME<br>Prepare for and attend status conference. | 0.30 | $105.00 |
| - | RWG | TIME<br>Participate in status conference at Court of Federal Claims. | 0.30 | $78.00 |
| 3/10/2004 - | RWG | TIME<br>Conference with D. Craig and A. Saltman. | 0.20 | $52.00 |
| - | DJC | TIME<br>Download and review scheduling order; conference with A. Saltman and R. Goeken re: same. | 0.30 | $49.50 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 3/10/2004 - | AIS | TIME<br>Conference with R. Goeken and D. Craig. | 0.20 | $70.00 |
| 3/15/2004 - | RWG | TIME<br>Conference with D. Craig re: Jersey Horse sale. | 0.30 | $78.00 |
| - | DJC | TIME<br>Review fax from L. Porter re: Jersey Horse resale; conference with R. Goeken re: same; telephone call to L. Porter; review Jersey Horse file. | 2.20 | $363.00 |
| 3/17/2004 - | DJC | TIME<br>Continue to review contract files for motion appendix documents. | 0.40 | $66.00 |
| 3/18/2004 - | DJC | TIME<br>Continue to review contract files for documents for appendix to motion to dismiss; revise motion and review appendix; conference with R. Goeken. | 2.10 | $346.50 |
| 3/19/2004 - | RWG | TIME<br>Conference with D. Craig; review and revise draft brief. | 1.50 | $390.00 |
| - | DJC | TIME<br>Conference with R. Goeken re: Motion to Dismiss and appendix. | 0.60 | $99.00 |
| 3/21/2004 - | RWG | TIME<br>Continue to work on brief. | 1.80 | $468.00 |
| 3/22/2004 - | DJC | TIME<br>Conference with R. Goeken re: motion; review revised version of same. | 1.10 | $181.50 |
| - | AIS | TIME<br>Review and revise brief; conference with R. Goeken. | 0.60 | $210.00 |
| - | RWG | TIME<br>Review and revise draft brief; conference with A. Saltman; conference with D. Craig. | 3.50 | $910.00 |
| 3/23/2004 - | DJC | TIME<br>Draft proposed finding of uncontroverted facts; revise appendix accordingly; review and revise dispositive motion; review case law for same. | 7.30 | $1,204.50 |
| 3/24/2004 - | RWG | TIME<br>Work on draft motion; conference with A. Saltman and D. Craig. | 2.50 | $650.00 |
| - | AIS | TIME<br>Conference with R. Goeken re: Forest Service appraisal; conference with D. Craig. | 0.40 | $140.00 |
| - | DJC | TIME<br>Telephone call to Court of Federal Claims; revise proposed finding of uncontroverted facts and motion to dismiss; draft index to appendix | 4.10 | $676.50 |

| Date | | Initials | Description | Hours | Amount |
|---|---|---|---|---|---|
| | | | for same; conference with R. Goeken re: same; conference with A. Saltman. | | |
| 3/25/2004 | - | RWG | TIME<br>Review, revise and finalize brief; review government's motion for summary judgment; conference with D. Craig; conference with A. Saltman. | 4.40 | $1,144.00 |
| | - | DJC | TIME<br>Conference with R. Goeken re: Motion to Dismiss; electronically file same; review government's motion for summary judgment. | 1.10 | $181.50 |
| | - | AIS | TIME<br>Review and revise brief; conference with R. Goeken; scan government's brief and appendix. | 1.60 | $560.00 |
| 3/29/2004 | - | DJC | TIME<br>Draft letter to L. Porter re: dispositive motions briefing; conference with A. Saltman re: same. | 0.20 | $33.00 |
| | - | RWG | TIME<br>Review government's brief; draft outline; conduct legal research in response to government's brief. | 4.40 | $1,144.00 |
| | - | AIS | TIME<br>Conference with R. Goeken; conference with D. Craig; send brief to client. | 0.30 | $105.00 |
| 3/30/2004 | - | DJC | TIME<br>Review summary of roundwood volumes remaining. | 0.40 | $66.00 |
| | - | RWG | TIME<br>Research and draft re: motion for summary judgment. | 5.00 | $1,300.00 |
| 3/31/2004 | - | RWG | TIME<br>Work on draft response to motion for summary judgment. | 0.50 | $130.00 |
| 4/1/2004 | - | MRJ | TIME<br>Review TSSAs. | 0.60 | $45.00 |
| 4/2/2004 | - | DJC | TIME<br>Conference with A. Saltman and R. Goeken re: waiver issue. | 0.40 | $66.00 |
| | - | MRJ | TIME<br>Review TSSAs; conference with D. Craig. | 0.70 | $52.50 |
| | - | AIS | TIME<br>Conference with R. Goeken and D. Craig. | 1.00 | $350.00 |
| | - | RWG | TIME<br>Conference with A. Saltman and D. Craig; review and revise draft brief. | 3.50 | $910.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 4/2/2004 - | DJC | TIME<br>Conference with M. Jones. | 0.20 | $33.00 |
| 4/5/2004 - | RWG | TIME<br>Conference with A. Saltman. | 0.20 | $52.00 |
| - | AIS | TIME<br>Review and revise portion of brief; conference with R. Goeken re: same. | 1.30 | $455.00 |
| 4/6/2004 - | DJC | TIME<br>Conference with R. Goeken re: response to government's motion; review government's motion; research Federal Circuit opinions re: reasonableness and discretion; conference with A. Saltman re: other companies and selective enforcement. | 3.50 | $577.50 |
| - | AIS | TIME<br>Conference with D. Craig. | 0.20 | $70.00 |
| - | RWG | TIME<br>Review and revise draft waiver argument; conference with D. Craig. | 3.90 | $1,014.00 |
| 4/7/2004 - | DJC | TIME<br>Draft arguments for response to summary judgment motion; review RCFC and case law re: notice pleading. | 6.10 | $1,006.50 |
| - | RWG | TIME<br>Conference with D. Craig; review draft brief. | 0.80 | $208.00 |
| 4/8/2004 - | RWG | TIME<br>Conference with A. Saltman and D. Craig re: response and brief. | 0.60 | $156.00 |
| - | AIS | TIME<br>Conference with R. Goeken and D. Craig re: status of brief. | 0.30 | $105.00 |
| - | DJC | TIME<br>Continue drafting argument in response to summary judgment motion; revise same; review waiver cases; review Forest Service regulation and manual; review Contracting Officer declarations; conference with R. Goeken and A. Saltman re: response; review *Northern Pacific* files and research *Frontier Pacific* insurance. | 6.70 | $1,105.50 |
| 4/9/2004 - | DJC | TIME<br>Continue drafting response to government's summary judgment motion. | 3.10 | $511.50 |
| 4/12/2004 - | RWG | TIME<br>Conference with D. Craig; review and revise draft brief; legal research. | 2.50 | $650.00 |
| - | DJC | TIME<br>Conference with R. Goeken re: draft response and *North Pacific Timber;* review *North Pacific Timber* file. | 0.20 | $33.00 |

| | | | | Hours | Amount |
|---|---|---|---|---|---|
| 4/14/2004 | - | AIS | TIME<br>Conference with R. Goeken; conference with C. Miller re: K. Williams declaration; telephone conference with same; conference with D. Craig. | 0.80 | $280.00 |
| | - | DJC | TIME<br>Review North Pacific Timber file; draft declaration of K. Williams; conference with A. Saltman re: same; participate in telephone conference with K. Williams; conference with R. Goeken. | 1.80 | $297.00 |
| | - | RWG | TIME<br>Draft response brief; conference with D. Craig; conference with A. Saltman. | 3.90 | $1,014.00 |
| | - | CTM | TIME<br>Conference with A. Saltman. | 0.20 | $32.00 |
| 4/15/2004 | - | DJC | TIME<br>Revise declaration of K. Williams; conference with A. Saltman re: same; send email to K. Williams; review files for correspondence re: material breach; conference with R. Goeken re: same; telephone call to L. Porter re: letter to E. Townes; research re: Frontier Insurance; conference with R. Goeken re: same. | 3.20 | $528.00 |
| | - | RWG | TIME<br>Review and revise draft; research and review files; conference with D. Craig; conference with A. Saltman. | 5.60 | $1,456.00 |
| | - | AIS | TIME<br>Conference with D. Craig re: K. Williams declaration; conference with R. Goeken re: same. | 0.40 | $140.00 |
| 4/16/2004 | - | RWG | TIME<br>Review and revise draft brief and declaration of L. Porter. | 4.50 | $1,170.00 |
| 4/19/2004 | - | DJC | TIME<br>Review correspondence for letter re: material breach; conference with R. Goeken re: same. | 0.50 | $82.50 |
| | - | RWG | TIME<br>Review and revise draft brief; conference with D. Craig. | 2.70 | $702.00 |
| 4/20/2004 | - | DJC | TIME<br>Review contracts for clause CT8.212; conference with R. Goeken re: same; telephone call to and send email to K. Williams; telephone call to M. Bowers; review Federal Register re: CT8.212. | 1.80 | $297.00 |
| | - | RWG | TIME<br>Review and revise draft brief; conference with D. Craig; conference with A. Saltman. | 7.90 | $2,054.00 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 4/20/2004 - | AIS | TIME<br>Review portion of reply brief; conference with R. Goeken. | 0.40 | $140.00 |
| 4/21/2004 - | RWG | TIME<br>Review and revise draft response to defendant's motion for summary judgment; conference with D. Craig. | 5.50 | $1,430.00 |
| - | DJC | TIME<br>Download and review order; research re: Clause C8.212; review regulations and federal register re: same; conference with R. Goeken; review contract binders for correspondence for summary judgment response appendix; telephone call to K. Williams. | 3.20 | $528.00 |
| 4/22/2004 - | RWG | TIME<br>Continue work on summary judgment brief, declaration of L. Porter; telephone conferences with client re: same; draft proposed findings of uncontroverted fact; conference with A. Saltman; conference with D. Craig. | 7.90 | $2,054.00 |
| - | AIS | TIME<br>Review and revise reply brief; conference with R. Goeken. | 1.50 | $525.00 |
| - | DJC | TIME<br>Conference with M. Jones re: reviewing contract files; telephone call to K. Williams; conference with R. Goeken re: appendix to response; review contract binders for correspondence; draft index to appendix; review draft response to summary judgment motion. | 3.60 | $594.00 |
| - | MRJ | TIME<br>Review documents; conference with D. Craig. | 1.70 | $127.50 |
| 4/23/2004 - | RWG | TIME<br>Review, revise and finalize summary judgment brief, response to defendant's proposed findings of uncontroverted fact; conference with A. Saltman; conference with D. Craig. | 7.00 | $1,820.00 |
| - | AIS | TIME<br>Review responses to government's proposed finding of uncontroverted fact; conference with R. Goeken re: same. | 0.80 | $280.00 |
| - | DJC | TIME<br>Review and revise response to defendant's summary judgment motion, proposed findings of uncontroverted fact, and index to appendix; assemble appendix; add and cross-reference cites for response and proposed findings of fact; research re: summary judgment and jurisdictional issues for brief; conference with R. Goeken. | 7.50 | $1,237.50 |
| 4/24/2004 - | RWG | TIME<br>Review, revise and finalize draft response brief; conference with D. Craig. | 4.50 | $1,170.00 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 4/24/2004 - | DJC | TIME<br>Review and revise draft of response; conference with R. Goeken re: same. | 1.70 | $280.50 |
| 4/26/2004 - | DJC | TIME<br>Revise, finalize and file response to defendant's motion for summary judgment and related pleadings; telephone call to L. Porter; download and review defendant's response to plaintiff's Motion to Dismiss; conference with A. Saltman and R. Goeken; review summary judgment pleadings. | 6.10 | $1,006.50 |
| - | AIS | TIME<br>Review government's brief; legal research; conference with R. Goeken and D. Craig. | 1.50 | $525.00 |
| - | RWG | TIME<br>Review government's reply brief; draft outline approach to our reply brief; conference with A. Saltman and D. Craig. | 3.00 | $780.00 |
| 4/27/2004 - | DJC | TIME<br>Review arguments in summary judgment pleadings; conference with A. Saltman and R. Goeken re: drafting reply brief; begin drafting reply brief; research caselaw re: same. | 7.90 | $1,303.50 |
| - | AIS | TIME<br>Conference with R. Goeken and D. Craig re: response. | 1.00 | $350.00 |
| - | RWG | TIME<br>Review government's response brief; conference with A. Saltman and D. Craig re: reply brief. | 1.50 | $390.00 |
| 4/28/2004 - | AIS | TIME<br>Conference with D. Craig. | 0.20 | $70.00 |
| - | DJC | TIME<br>Continue drafting reply in support of Motion to Dismiss; review pleadings and research for same; conference with A. Saltman and R. Goeken re: same. | 7.10 | $1,171.50 |
| 4/29/2004 - | DJC | TIME<br>Continue drafting reply in support of motion to dismiss; review file and research online for same; conference with A. Saltman re: same. | 9.10 | $1,501.50 |
| - | AIS | TIME<br>Conference with D. Craig. | 0.30 | $105.00 |
| 4/30/2004 - | AIS | TIME<br>Legal research; conference with D. Craig. | 0.60 | $210.00 |
| - | DJC | TIME<br>Continue drafting reply in support of motion to dismiss; research for same; conference with A. Saltman re: *Placeway* case. | 7.80 | $1,287.00 |

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 5/1/2004 - | DJC | TIME<br>Continue drafting reply brief; conference with A. Saltman re: same. | 5.30 | $874.50 |
| - | AIS | TIME<br>Work on reply brief; conference with D. Craig. | 2.50 | $875.00 |
| 5/2/2004 - | DJC | TIME<br>Review A. Saltman's revisions on reply brief. | 0.20 | $33.00 |
| 5/3/2004 - | DJC | TIME<br>Conference with A. Saltman re: revisions to reply brief; continue revising same; conference with R. Goeken re: same. | 4.10 | $676.50 |
| - | AIS | TIME<br>Conference with D. Craig re: reply brief. | 0.60 | $210.00 |
| - | RWG | TIME<br>Conference with D. Craig. | 0.20 | $52.00 |
| 5/4/2004 - | DJC | TIME<br>Review and revise reply brief according to A. Saltman's edits; fill in cites for same; review case law for same. | 8.10 | $1,336.50 |
| 5/5/2004 - | RWG | TIME<br>Review draft brief. | 0.90 | $234.00 |
| - | DJC | TIME<br>Finish revising reply brief; find cites in appendix and pleadings for same; draft chart of overstated damages. | 3.90 | $643.50 |
| 5/6/2004 - | DJC | TIME<br>Draft declaration for L. Porter; telephone call to same; draft response to defendant's additional proposed findings of uncontroverted fact; conference with R. Goeken and A. Saltman. | 2.40 | $396.00 |
| - | AIS | TIME<br>Work on brief; conference with R. Goeken and D. Craig. | 5.50 | $1,925.00 |
| - | RWG | TIME<br>Conference with A. Saltman and D. Craig. | 0.20 | $52.00 |
| 5/7/2004 - | DJC | TIME<br>Draft response to defendant's proposed findings of uncontroverted fact; conference with A. Saltman re: reply brief. | 1.50 | $247.50 |
| - | AIS | TIME<br>Work on brief; conference with D. Craig. | 8.10 | $2,835.00 |
| 5/8/2004 - | DJC | TIME<br>Review and revise reply brief; conference with A. Saltman re: same. | 3.20 | $528.00 |

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 5/8/2004 - | AIS | TIME<br>Work on reply brief. | 2.40 | $840.00 |
| 5/9/2004 - | DJC | TIME<br>Continue to work on reply brief; check cites for same. | 0.80 | $132.00 |
| 5/10/2004 - | AIS | TIME<br>Review and revise brief; conference with D. Craig re: same; scan government's brief. | 1.20 | $420.00 |
| - | RWG | TIME<br>Conference with D. Craig. | 0.20 | $52.00 |
| - | DJC | TIME<br>Review, revise and finalize reply brief; conference with A. Saltman re: same; electronically file same and response to defendant's additional proposed findings of uncontroverted fact; draft letter to L. Porter and L. Tenney re: briefs; download and review government's brief; conference with R. Goeken re: same. | 3.90 | $643.50 |
| 5/13/2004 - | AIS | TIME<br>Continue to review government's reply brief. | 0.50 | $175.00 |
| 5/17/2004 - | AIS | TIME<br>Conference with J. Cook. | 0.20 | $70.00 |
| - | JRC | TIME<br>Conference with A. Saltman; review government's reply brief. | 2.30 | $230.00 |
| 5/24/2004 - | AIS | TIME<br>Conference with J. Cook. | 0.50 | $175.00 |
| - | JRC | TIME<br>Conference with A. Saltman. | 0.50 | $50.00 |
| 5/25/2004 - | DJC | TIME<br>Conference with A. Saltman and J. Cook re: election of remedy doctrine in preparation of oral argument. | 1.00 | $165.00 |
| - | JRC | TIME<br>Conference with A. Saltman and D. Craig re: waiver and cite checking government brief. | 1.00 | $100.00 |
| - | AIS | TIME<br>Conference with J. Cook and D. Craig. | 1.00 | $350.00 |
| 5/27/2004 - | RWG | TIME<br>Review defendant's motion re: supplemental authority; conference with A. Saltman re: same. | 0.50 | $130.00 |
| - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $70.00 |

| | | | Hours | Amount |
|---|---|---|---|---|
| 5/28/2004 - | JRC | TIME<br>Review government's cases on disparate treatment of contractors. | 1.50 | $150.00 |
| 5/29/2004 - | DJC | TIME<br>Review defendant's motion. | 0.20 | $33.00 |
| 6/1/2004 - | AIS | TIME<br>Prepare for oral argument. | 0.40 | $140.00 |
| - | CTM | TIME<br>Prepare motion to strike in response to government's motion for leave to file supplemental authority. | 3.30 | $528.00 |
| 6/2/2004 - | AIS | TIME<br>Review and revise motion to strike portion of government's motion to file new authority. | 0.30 | $105.00 |
| 6/3/2004 - | AIS | TIME<br>Conference with D. Craig. | 0.20 | $70.00 |
| - | DJC | TIME<br>Download and review order re: defendant's motion for supplemental authority; conference with A. Saltman re: waiver and continued performance. | 0.40 | $66.00 |
| 6/7/2004 - | AIS | TIME<br>Telephone call to Judge Miller's chambers. | 0.20 | $70.00 |
| - | DJC | TIME<br>Download and review order rescheduling oral argument; make docket control entry for same. | 0.10 | $16.50 |
| 6/8/2004 - | AIS | TIME<br>Telephone conference with Judge Miller's chambers. | 0.30 | $105.00 |
| 6/10/2004 - | RWG | TIME<br>Review, revise and file Motion to Strike. | 0.90 | $234.00 |
| 6/11/2004 - | RWG | TIME<br>Review briefs; conference with A. Saltman and D. Craig re: oral argument. | 3.50 | $910.00 |
| - | AIS | TIME<br>Prepare for oral argument; conference with R. Goeken and D. Craig regarding brief and oral argument. | 5.30 | $1,855.00 |
| - | DJC | TIME<br>Organize electronic files; review summary judgment pleadings; conference with A. Saltman and R. Goeken re: oral argument. | 4.20 | $693.00 |
| 6/12/2004 - | AIS | TIME<br>Prepare for oral argument. | 5.00 | $1,750.00 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 6/13/2004 - | AIS | TIME<br>Continue preparation for oral argument. | 4.20 | $1,470.00 |
| 6/14/2004 - | AIS | TIME<br>Prepare for and participate in oral argument; telephone call to clients; conference with R. Goeken and D. Craig re: same. | 6.40 | $2,240.00 |
| - | RWG | TIME<br>Prepare for and attend oral argument; conference with A. Saltman and D. Craig re: same. | 4.00 | $1,040.00 |
| - | DJC | TIME<br>Conference with A. Saltman; review Cities Services case and contract files; prepare for oral argument; participate in oral argument; conference with A. Saltman and R. Goeken re: same. | 4.30 | $709.50 |
| - | JRC | TIME<br>Work on oral argument. | 3.50 | $350.00 |
| 6/15/2004 - | DJC | TIME<br>Conference with A. Saltman and R. Goeken re: oral argument and defendant's motion for supplemental authority. | 0.20 | $33.00 |
| - | AIS | TIME<br>Miscellaneous; telephone call to Judge Miller's chambers. | 0.40 | $140.00 |
| - | RWG | TIME<br>Conference with A. Saltman and D. Craig re: oral argument and defendant's motion to supplement; organize and file case materials. | 1.10 | $286.00 |
| 7/30/2004 - | AIS | TIME<br>Conference with C. Miller. | 0.20 | $70.00 |
| - | CTM | TIME<br>Conference with A. Saltman. | 0.20 | $32.00 |
| 10/29/2004 - | AIS | TIME<br>Review Court of Federal Claims decision; conference with R. Goeken. | 1.00 | $350.00 |
| - | RWG | TIME<br>Review opinion on summary judgment; research re: same; conference with A. Saltman. | 2.00 | $520.00 |
| 11/1/2004 - | RGT | TIME<br>Review court's decision. | 0.80 | $252.00 |
| - | AIS | TIME<br>Continue to analyze opinion; conference with R. Goeken; draft letter to client. | 2.00 | $760.00 |

| | | | Hours | Amount |
|---|---|---|---|---|
| 11/1/2004 - | RWG | TIME<br>Review opinion; research re: same; conference with A. Saltman. | 2.00 | $600.00 |
| 11/3/2004 - | RWG | TIME<br>Review opinion; research re: same. | 0.70 | $210.00 |
| 11/19/2004 - | AIS | TIME<br>Review emails from G. Wiechec, D. McDonald. | 0.10 | $38.00 |
| 12/29/2004 - | AIS | TIME<br>Review pleading from government. | 0.20 | $76.00 |
| 1/28/2005 - | AIS | TIME<br>Review government's status report. | 0.10 | $38.00 |
| 6/22/2005 - | AIS | TIME<br>Conference with C. Alba. | 0.20 | $76.00 |
| - | CA | TIME<br>Conference with A. Saltman. | 0.20 | $36.00 |
| 6/23/2005 - | CA | TIME<br>Begin legal research re: Forest Service right to interest and administration fees for default damages. | 0.70 | $126.00 |
| 6/24/2005 - | CA | TIME<br>Legal research re: Forest Service right to interest and administrative charges under default damage clause. | 1.90 | $342.00 |
| 6/28/2005 - | CA | TIME<br>Review legal research files re: C9.4 and C4.4 for information re: default damages rules re: interest and administrative charges. | 1.80 | $324.00 |
| 7/1/2005 - | CA | TIME<br>Compile C4.4 and C9.4 from all Precision PIne contracts at issue; conference with R. Goeken re: research on penalties and interest due to default; review April 2005 status report and government claims. | 0.60 | $108.00 |
| 7/5/2005 - | CA | TIME<br>Legal research re: improper default damages and penalties (interest) - Debt Collection Act of 1982; review workfile re: C(T) 4.4 and C(T) 9.4. | 4.70 | $846.00 |
| 7/6/2005 - | AIS | TIME<br>Conference with C. Alba. | 0.10 | $38.00 |
| - | CA | TIME<br>Conference with A. Saltman; legal research re: tolling of interest due in default. | 0.70 | $126.00 |

| | | | Hours | Amount |
|---|---|---|---|---|
| 7/8/2005 - | CA | TIME<br>Legal research re: tolling and delay of default damages interest accrual due to miscalculation. | 5.30 | $954.00 |
| 7/11/2005 - | CA | TIME<br>Continue legal research re: tolling of interest accrual due to miscalculation. | 6.40 | $1,152.00 |
| 7/12/2005 - | AIS | TIME<br>Telephone conference with D. Harrington. | 0.20 | $76.00 |
| 7/13/2005 - | AIS | TIME<br>Conference with C. Alba. | 0.30 | $114.00 |
| 7/14/2005 - | AIS | TIME<br>Review government's motion; conference with C. Alba. | 0.20 | $76.00 |
| - | CA | TIME<br>Conference with A. Saltman; complete legal research and draft memorandum re: accrual of interest due to default. | 3.80 | $684.00 |
| 7/15/2005 - | AIS | TIME<br>Review memorandum from C. Alba. | 0.20 | $76.00 |
| 7/18/2005 - | CA | TIME<br>Review government's recalculation of damages and check against previous version for changes. | 0.50 | $90.00 |
| 7/19/2005 - | AIS | TIME<br>Telephone conference with Judge Miller's chambers. | 0.20 | $76.00 |
| 7/21/2005 - | RWG | TIME<br>Conference with A. Saltman re: case strategy. | 0.30 | $90.00 |
| - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $76.00 |
| 7/22/2005 - | RWG | TIME<br>Attend telephonic status conference. | 0.70 | $210.00 |
| - | AIS | TIME<br>Telephone conference with Judge Miller. | 0.50 | $190.00 |
| 7/25/2005 - | CA | TIME<br>Find and separate government's revised damages calculations. | 0.90 | $162.00 |
| 8/8/2005 - | BTB | TIME<br>Research re: history of goverment's damages calculations. | 0.50 | $90.00 |
| 8/9/2005 - | AIS | TIME<br>Work on damages. | 3.00 | $1,140.00 |

| Date | | Initials | Description | Hours | Amount |
|---|---|---|---|---|---|
| 8/10/2005 | - | CA | TIME<br>Find and calculate difference in damages requested from April status report to new revised damages. | 0.20 | $36.00 |
| | - | AIS | TIME<br>Work on damages. | 1.50 | $570.00 |
| | - | RGT | TIME<br>Telephone conference with A. Saltman re: interest issues; research re: same. | 0.20 | $63.00 |
| 8/11/2005 | - | AIS | TIME<br>Work on damages. | 1.00 | $380.00 |
| 8/12/2005 | - | AIS | TIME<br>Work on damages. | 1.00 | $380.00 |
| | - | CA | TIME<br>Produce "Gentry" damages recalculations and calculate difference between old and new calculations. | 0.20 | $36.00 |
| 9/8/2005 | - | RWG | TIME<br>Conference with A. Saltman re: case strategy. | 0.30 | $90.00 |
| | - | AIS | TIME<br>Conference with R. Goeken re: case strategy. | 0.30 | $114.00 |
| 9/12/2005 | - | CA | TIME<br>Conference with A. Saltman; legal research re: Forest Service claim that 6% penalty charge under the Debt Collection Act is calculated including interest already accrued. | 2.30 | $414.00 |
| | - | RWG | TIME<br>Conference with A. Saltman. | 0.20 | $60.00 |
| | - | AIS | TIME<br>Conference with R. Goeken; conference with C. Alba re: legal research needed; review calculations. | 0.70 | $266.00 |
| 9/13/2005 | - | AIS | TIME<br>Participate in status conference; work on statement of plaintiff's position. | 2.40 | $912.00 |
| | - | BTB | TIME<br>Attend telephone status conference; legal research re: bid for Jersey Horse II; telephone conference with M. Bowers and send fax re: same. | 1.70 | $306.00 |
| 9/14/2005 | - | BTB | TIME<br>Telephone conference with M. Bower re: Jersey Horse II contract. | 0.10 | $18.00 |

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 9/15/2005 - | BTB | TIME<br>Telephone conference with M. Bower; telephone conference with L. Porter re: Jersey Horse II contract. | 0.20 | $36.00 |
| 9/16/2005 - | RWG | TIME<br>Review government's pleading; conference with A. Saltman re: same; legal research re: Debt Collection Act. | 1.00 | $300.00 |
| - | AIS | TIME<br>Review material received from client; work on statement to the court; conference with R. Tiger. | 3.00 | $1,140.00 |
| 9/19/2005 - | AIS | TIME<br>Complete final draft of statement of position. | 0.40 | $152.00 |
| 9/20/2005 - | RWG | TIME<br>Review and file Precision Pine's statement re: government's damage claim. | 0.60 | $180.00 |
| 9/22/2005 - | AIS | TIME<br>Telephone conference with Dept. of Justice; telephone conference with Judge Miller's chambers. | 0.30 | $114.00 |
| 10/5/2005 - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $76.00 |
| - | RWG | TIME<br>Conference with A. Saltman. | 0.20 | $60.00 |
| 10/7/2005 - | CA | TIME<br>Find research re: timing of interest accrual after contract default; legal research re: allowing of the computation of penalties on top of interest after contract default; conference with B. Bunting. | 3.80 | $684.00 |
| - | BTB | TIME<br>Conference with C. Alba re: interest calculations; analyze government's calculations. | 2.10 | $378.00 |
| - | AIS | TIME<br>Work on revised statement of position. | 7.20 | $2,736.00 |
| 10/8/2005 - | AIS | TIME<br>Legal research, work on revised statement of position. | 2.10 | $798.00 |
| 10/9/2005 - | AIS | TIME<br>Legal research and draft argument re: computation of statutory penalty on principal plus interest. | 2.10 | $798.00 |
| - | CA | TIME<br>Research and draft argument re: computation of statutory penalty on principal plus interest. | 2.10 | $378.00 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 10/10/2005 - | RWG | TIME<br>Review and revise draft supplemental filing re: damage calculations issues. | 2.20 | $660.00 |
| - | BTB | TIME<br>Legal research re: example of Forest Service timber sale appraisal. | 0.20 | $36.00 |
| - | CA | TIME<br>Complete research and 1st draft re: charging statutory penalty on debt including interest under the Debt Collection Act; edit and add citations for the revised statement of plaintiff's position with respect to the government's recalculaton of damages. | 4.70 | $846.00 |
| - | AIS | TIME<br>Work on revised statement of plaintiff's position. | 3.80 | $1,444.00 |
| 10/11/2005 - | RWG | TIME<br>Review, revise and file statement re: recalculation. | 2.90 | $870.00 |
| - | CA | TIME<br>Draft example of how government debt calculation is equal to the method prohibited under the Debt Collection Act. | 0.80 | $144.00 |
| - | AIS | TIME<br>Work on restatement of position. | 2.50 | $950.00 |
| 10/13/2005 - | RWG | TIME<br>Review order from Board; email A. Saltman re: same. | 0.70 | $210.00 |
| 10/20/2005 - | RWG | TIME<br>Prepare for status conference. | 3.00 | $900.00 |
| - | AIS | TIME<br>Attend status conference; review material provided by government; work on letter. | 4.50 | $1,710.00 |
| 10/21/2005 - | AIS | TIME<br>Work on letter to D. Harrington. | 2.00 | $760.00 |
| 10/24/2005 - | AIS | TIME<br>Telephone conference with D. Harrington; finalize letter to same. | 0.40 | $152.00 |
| 10/25/2005 - | AIS | TIME<br>Finalize letter to D. Harrington; draft letter for client to contracting officer; telephone call to L. Porter. | 0.50 | $190.00 |
| 10/26/2005 - | AIS | TIME<br>Telephone conference with L. Porter; send email to same. | 0.40 | $152.00 |
| 10/27/2005 - | AIS | TIME<br>Telephone conference with L. Porter; send fax to same. | 0.30 | $114.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 11/1/2005 - | AIS | TIME<br>Review Court's order preparatory to responding to Court. | 0.20 | $77.00 |
| 11/2/2005 - | AIS | TIME<br>Review fax from government. | 0.20 | $77.00 |
| 11/3/2005 - | AIS | TIME<br>Draft status report to Court. | 1.00 | $385.00 |
| 11/23/2005 - | AIS | TIME<br>Legal research re: Debt Collection Act. | 0.50 | $192.50 |
| 11/28/2005 - | RWG | TIME<br>Review court order; legal research re: case status; draft email to A. Saltman re: same; conference with A. Saltman re: same. | 1.20 | $384.00 |
| - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $77.00 |
| 12/6/2005 - | RWG | TIME<br>Review fax from L. Porter re: Frontier seeking payment; leave voicemail message re: same. | 0.40 | $128.00 |
| 12/7/2005 - | RWG | TIME<br>Telephone conference with L. Porter re: Frontier Ins. Co.; review pleadings for status conference. | 0.40 | $128.00 |
| 12/8/2005 - | AIS | TIME<br>Participate in telephone status conference. | 1.00 | $385.00 |
| - | RWG | TIME<br>Prepare for and participate in telephone status conference. | 2.50 | $800.00 |
| 12/9/2005 - | AIS | TIME<br>Scan new Forest Service Timber Sale Preparation Handbook. | 0.20 | $77.00 |
| - | RWG | TIME<br>Review appraisal handbook, manual and regulations; review draft language for proposed order. | 1.80 | $576.00 |
| 12/12/2005 - | AIS | TIME<br>Telephone conference with Judge Miller's chambers; conference with R. Goeken. | 0.40 | $154.00 |
| - | RWG | TIME<br>Review draft order; review and revise same; conference with A. Saltman. | 1.80 | $576.00 |
| 12/13/2005 - | AIS | TIME<br>Review and revise proposed order. | 0.20 | $77.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 12/13/2005 - | RWG | TIME<br>Review, revise, finalize and file proposed order. | 2.00 | $640.00 |
| 12/19/2005 - | AIS | TIME<br>Telephone conference with Judge Miller's chambers. | 0.20 | $77.00 |
| 1/10/2006 - | RWG | TIME<br>Review government's decision. | 0.30 | $96.00 |
| - | AIS | TIME<br>Review government's declaration; send email to D. McDonald; review data from same. | 1.60 | $616.00 |
| 1/11/2006 - | RWG | TIME<br>Review declaration of D. Harris. | 0.90 | $288.00 |
| 1/12/2006 - | RWG | TIME<br>Review Declaration of D. Harris; conference with A. Saltman review Court Order re: telephone status conference; conference with A. Saltman re: same. | 1.50 | $480.00 |
| - | AIS | TIME<br>Conference with R. Goeken. | 0.30 | $115.50 |
| 1/13/2006 - | AIS | TIME<br>Prepare for and participate in status conference. | 0.70 | $269.50 |
| - | RWG | TIME<br>Prepare for and participate in status conference call. | 0.40 | $128.00 |
| 1/24/2006 - | RWG | TIME<br>Review file; begin drafting motion for summary judgment. | 4.80 | $1,536.00 |
| 1/25/2006 - | RWG | TIME<br>Continue legal research re: draft motion for summary judgment. | 4.90 | $1,568.00 |
| 1/26/2006 - | RWG | TIME<br>Continue research and drafting re: motion for summary judgment. | 0.80 | $256.00 |
| 1/27/2006 - | RWG | TIME<br>Continue to conduct research on draft motion for summary judgment. | 6.20 | $1,984.00 |
| 1/28/2006 - | RWG | TIME<br>Review and revise draft motion for summary judgment. | 3.00 | $960.00 |
| 1/29/2006 - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $77.00 |
| - | RWG | TIME<br>Review and revise draft motion for summary judgment; conference with A. Saltman. | 5.00 | $1,600.00 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 1/30/2006 - | RWG | TIME<br>Continue to review and revise draft motion for summary judgment. | 7.00 | $2,240.00 |
| 1/31/2006 - | RWG | TIME<br>Review and revise draft motion. | 5.00 | $1,600.00 |
| 2/1/2006 - | AIS | TIME<br>Review order from court; review and revise draft brief. | 1.20 | $462.00 |
| - | RWG | TIME<br>Revise draft motion for summary judgment. | 3.50 | $1,120.00 |
| 2/2/2006 - | AIS | TIME<br>Review and revise draft brief; conference with R. Goeken. | 1.50 | $577.50 |
| - | RWG | TIME<br>Conference with A. Saltman re: draft brief; review and revise same; review and revise draft motion to file appendix in paper form. | 3.60 | $1,152.00 |
| - | BTB | TIME<br>Draft motion to file appendix in paper form; review and revise same; conference with R. Goeken re: same; file same with court. | 1.30 | $240.50 |
| 2/3/2006 - | AIS | TIME<br>Miscellaneous; telephone conference with Judge Miller's chambers re: motion to file hand copy of appendix. | 0.30 | $115.50 |
| - | RWG | TIME<br>Continue to review and revise appendix. | 5.70 | $1,824.00 |
| 2/4/2006 - | RWG | TIME<br>Review and revise draft motion for summary judgment. | 1.80 | $576.00 |
| 2/6/2006 - | AIS | TIME<br>Review and revise brief; conference with R. Goeken. | 1.00 | $385.00 |
| - | RWG | TIME<br>Review, revise and finalize motion for summary judgment; conference with A. Saltman re: same. | 4.80 | $1,536.00 |
| 2/10/2006 - | AIS | TIME<br>Review and revise client letter. | 0.20 | $77.00 |
| 3/6/2006 - | RWG | TIME<br>Review government's response and cross-motion for summary judgment; legal research re: same. | 0.80 | $256.00 |
| 3/7/2006 - | RWG | TIME<br>Review government's response and cross-motion for summary judgment; legal research re: same. | 1.50 | $480.00 |

| Date | | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|---|
| 3/8/2006 | - | RWG | TIME<br>Legal research re: government's motion for summary judgment. | 0.70 | $224.00 |
| 3/14/2006 | - | RWG | TIME<br>Research and draft response to government's motion for summary judgment. | 2.50 | $800.00 |
| 3/15/2006 | - | RWG | TIME<br>Begin review and response to plaintiff motion for summary judgment. | 3.50 | $1,120.00 |
| 3/16/2006 | - | RWG | TIME<br>Work on reply brief re: damages. | 4.50 | $1,440.00 |
| 3/17/2006 | - | RWG | TIME<br>Continue to work on reply brief; draft, review and file motion for enlargement. | 6.20 | $1,984.00 |
| 3/18/2006 | - | RWG | TIME<br>Work on reply brief re: changes issued. | 6.30 | $2,016.00 |
| 3/19/2006 | - | RWG | TIME<br>Review and revise draft motion for summary judgment. | 6.50 | $2,080.00 |
| 3/20/2006 | - | RWG | TIME<br>Review and revise draft reply motion to clerk for summary judgment; telephone conference with clerk; legal research re: same. | 4.50 | $1,440.00 |
| 3/21/2006 | - | RWG | TIME<br>Review and revise brief; conference with A. Saltman re: same. | 2.50 | $800.00 |
| | - | AIS | TIME<br>Review and revise reply brief; conference with R. Goeken. | 2.00 | $770.00 |
| 3/22/2006 | - | AIS | TIME<br>Conference with R. Goeken re: response brief. | 0.50 | $192.50 |
| | - | RWG | TIME<br>Conference with A. Saltman; review revisions to brief. | 0.90 | $288.00 |
| 3/23/2006 | - | RWG | TIME<br>Revise draft response and reply brief. | 0.90 | $288.00 |
| 3/27/2006 | - | RWG | TIME<br>Continue to work on reply brief. | 4.90 | $1,568.00 |
| 3/28/2006 | - | RWG | TIME<br>Review and revise draft reply; legal research re: same. | 5.90 | $1,888.00 |
| 3/29/2006 | - | RWG | TIME<br>Continue to review and revise draft brief; conference with A. Saltman. | 3.90 | $1,248.00 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 3/29/2006 - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $77.00 |
| 3/30/2006 - | AIS | TIME<br>Review and revise reply brief. | 1.40 | $539.00 |
| - | RWG | TIME<br>Review and revise reply brief; conference with W. Jack. | 3.50 | $1,120.00 |
| - | WMJ | TIME<br>Legal research re: Small Business Administration opinion; conference with R. Goeken re: same. | 0.10 | $18.50 |
| 3/31/2006 - | RWG | TIME<br>Review, revise and finalize draft brief; conference with A. Saltman. | 2.90 | $928.00 |
| - | AIS | TIME<br>Conference with R. Goeken. | 0.40 | $154.00 |
| 4/2/2006 - | RWG | TIME<br>File response to motion for summary judgment reply in support of Precision Pine's motion for summary judgment. | 0.40 | $128.00 |
| 4/10/2006 - | AIS | TIME<br>Send reply brief to client. | 0.20 | $77.00 |
| 4/14/2006 - | RWG | TIME<br>Review government's reply brief. | 0.90 | $288.00 |
| - | AIS | TIME<br>Review government's reply brief. | 0.40 | $154.00 |
| 4/17/2006 - | AIS | TIME<br>Draft letter to client; Telephone conference with Judge Miller's chambers re: oral argument reschedule. | 0.40 | $154.00 |
| 4/18/2006 - | CA | TIME<br>Legal research re: debt collection act interest rates. | 0.80 | $148.00 |
| 4/28/2006 - | AIS | TIME<br>Telephone conference with Judge Miller's chambers. | 0.20 | $77.00 |
| 5/2/2006 - | BTB | TIME<br>Legal research re: files for documentary evidence and re: prior material breach defense; legal research re: same; legal research re: UCC provisions for anticipatory breach and assurance of performance. | 6.20 | $1,147.00 |
| 10/5/2006 - | RWG | TIME<br>Review order re: supplemental briefing and docket dates; review briefing. | 1.00 | $320.00 |

| Date | | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|---|
| 10/23/2006 | - | ARN | TIME<br>Pacer re: download and save recent pleadings to electronic pleading folder. | 0.20 | $37.00 |
| | - | AIS | TIME<br>Work on response brief. | 2.00 | $770.00 |
| 10/24/2006 | - | AIS | TIME<br>Work on supplemental brief. | 2.00 | $770.00 |
| 10/26/2006 | - | RWG | TIME<br>Review and revise draft supplemental brief. | 2.00 | $640.00 |
| 10/31/2006 | - | AIS | TIME<br>Review and revise brief. | 0.20 | $77.00 |
| 11/1/2006 | - | AIS | TIME<br>Finalize submission. | 0.50 | $192.50 |
| 11/2/2006 | - | RWG | TIME<br>Review brief. | 0.30 | $96.00 |
| 11/3/2006 | - | RWG | TIME<br>Finalize and file supplemental brief. | 0.40 | $128.00 |
| | - | AIS | TIME<br>Finalize brief. | 0.20 | $77.00 |
| 11/6/2006 | - | ARN | TIME<br>Docketing re: update pleadings file for Nov. 3 documents. | 0.20 | $37.00 |
| 11/15/2006 | - | AIS | TIME<br>Scan government's reply brief. | 0.20 | $77.00 |
| 12/22/2006 | - | AIS | TIME<br>Review Court of Federal Claims decision; send email to client; exchange email with R. Tiger and R. Goeken. | 2.50 | $962.50 |
| 12/25/2006 | - | RGT | TIME<br>Review court's opinion; exchange email with A. Saltman re: same and re: Equal Access to Justice Act issues. | 0.40 | $134.00 |
| 12/26/2006 | - | AIS | TIME<br>Work on Equal Access to Justice Act issues; conference with R. Tiger; conference with E. Pohlner; conference with W. Pavy re: same; telephone call to Judge Miller's chambers. | 1.40 | $539.00 |
| | - | EJP | TIME<br>Conference with A. Saltman re: calculation of attorney fees under Equal Access to Justice Act. | 0.30 | $55.50 |

| Date | | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|---|
| 12/26/2006 | - | WDP | TIME<br>Calculate max EASA rates re: CPI-U. | 0.30 | $28.50 |
| | - | RGT | TIME<br>Review new case law re: Equal Access to Justice Act; conference with A. Saltman re: same and re: court's decision. | 0.80 | $268.00 |
| 12/27/2006 | - | AIS | TIME<br>Telephone conference with D. Harrington; conference with A. Nelson. | 0.40 | $154.00 |
| | - | ARN | TIME<br>Conference with A. Saltman re: Equal Access to Justice Act application; legal research, draft re: Equal Access to Justice Act application. | 3.70 | $684.50 |
| | - | RGT | TIME<br>Conference with A. Nelson re: Equal Access to Justice Act application. | 0.10 | $33.50 |
| 12/28/2006 | - | AIS | TIME<br>Review fax from Dept. of Justice; conference with R. Goeken. | 0.30 | $115.50 |
| | - | ARN | TIME<br>Continue drafting Equal Access to Justice Act application. | 5.25 | $971.25 |
| | - | WDP | TIME<br>Continue calculating maximum Equal Access to Justice Act rates. | 0.40 | $38.00 |
| | - | RWG | TIME<br>Review draft motion re: amount on Jersey Horse contract; research same. send email to A. Saltman re: same. | 0.90 | $288.00 |
| 1/2/2007 | - | ARN | TIME<br>Continue drafting Equal Access to Justice Act application. | 2.00 | $370.00 |
| | - | WDP | TIME<br>Update and edit spreadsheet re: calculations under Equal Access to Justice Act. | 2.20 | $209.00 |
| | - | EJP | TIME<br>Begin research re: qualification as a prevailing party under Equal Access to Justice Act. | 4.50 | $832.50 |
| | - | AIS | TIME<br>Draft email to Dept. of Justice re: correction; conference with R. Goeken; conference with E. Pohlner re: prevailing party. | 1.30 | $500.50 |
| | - | RWG | TIME<br>Research re: Jersey Horse damage calculations; conference with A. Saltman re: same; legal research re: Equal Access to Justice Act and prevailing party status; send email to A. Saltman re: same. | 3.80 | $1,216.00 |

| Date | | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|---|
| 1/3/2007 | - | EJP | TIME<br>Continue research re: qualification as prevailing party under Equal Access to Justice Act; begin memorandum re: qualification as prevailing party under Equal Access to Justice Act. | 6.90 | $1,276.50 |
| | - | ARN | TIME<br>Continue drafting Equal Access to Justice Act application. | 4.80 | $888.00 |
| | - | RWG | TIME<br>Review plaintiff's filing. | 0.40 | $128.00 |
| 1/4/2007 | - | ARN | TIME<br>Continue work on Equal Access to Justice Act application; draft, file response to government's filing for motion for correct court's opinion. | 5.60 | $1,036.00 |
| | - | EJP | TIME<br>Finish research re: qualification as prevailing party under Equal Access to Justice Act; finish memorandum re: qualification as prevailing party under Equal Access to Justice Act; conference with A. Saltman. | 7.40 | $1,369.00 |
| | - | AIS | TIME<br>Finalize response to government's motion; review order from the client; conference with E. Pohlner. | 0.50 | $192.50 |
| | - | RWG | TIME<br>Review, revise, finalize and file response to defendant motion to modify judgment. | 0.90 | $288.00 |
| 1/5/2007 | - | RGT | TIME<br>Review Equal Access to Justice Act prevailing party; conference with E. Pohlner re: same. | 0.40 | $134.00 |
| | - | EJP | TIME<br>Update memorandum re: qualification as a prevailing party under Equal Access to Justice Act per A. Saltman comments. | 3.00 | $555.00 |
| | - | ARN | TIME<br>Revise and edit Equal Access to Justice Act application. | 0.50 | $92.50 |
| 1/8/2007 | - | EJP | TIME<br>Additional research re: Equal Access to Justice Act. | 7.20 | $1,332.00 |
| | - | RWG | TIME<br>Review memorandum re: prevailing party; conference with R. Tiger re: same. | 1.50 | $480.00 |
| 1/9/2007 | - | AIS | TIME<br>Conference with A. Nelson. | 0.20 | $77.00 |
| | - | ARN | TIME<br>Research re: Precision's eligibility under Equal Access to Justice Act. | 1.60 | $296.00 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 1/9/2007 - | EJP | TIME<br>Update Equal Access to Justice Act memorandum. | 6.80 | $1,258.00 |
| 1/10/2007 - | RGT | TIME<br>Review Equal Access to Justice Act memorandum re: prevailing party status; conference with E. Pohlner re: same. | 0.80 | $268.00 |
| - | EJP | TIME<br>Finish Equal Access to Justice Act memorandum re: whether a favorable opinion, but not judgment, is sufficient for Equal Access to Justice Act. | 1.10 | $203.50 |
| - | ARN | TIME<br>Legal research; draft special factor section of Equal Access to Justice Act application. | 5.70 | $1,054.50 |
| 1/11/2007 - | ARN | TIME<br>Edit Equal Access to Justice Act application and add prevailing party insert, attorney fees and costs and COLA adjustment. | 6.10 | $1,128.50 |
| - | RWG | TIME<br>Telephone conference with client; conference with A. Saltman re: case strategy. | 0.70 | $224.00 |
| - | AIS | TIME<br>Conference with R. Goeken re: strategy. | 0.20 | $77.00 |
| 1/12/2007 - | ARN | TIME<br>Supplement and revise special factor segment of Equal Access to Justice Act application. | 4.50 | $832.50 |
| 1/16/2007 - | ARN | TIME<br>Continue work on Equal Access to Justice Act application; conference with R. Goeken. | 1.30 | $240.50 |
| - | RWG | TIME<br>Conference with A. Nelson re: status of motion. | 0.20 | $64.00 |
| 1/22/2007 - | AIS | TIME<br>Conference with A. Nelson; send email to client. | 0.40 | $154.00 |
| - | RWG | TIME<br>Review and revise draft Equal Access to Justice Act application. | 2.20 | $704.00 |
| 1/23/2007 - | ARN | TIME<br>Conference with R. Goeken; continuation work on application. | 1.40 | $259.00 |
| - | RWG | TIME<br>Review and revise draft motion for EAJA fees. | 6.20 | $1,984.00 |
| 1/24/2007 - | ARN | TIME<br>Conduct additional research; rewrite application. | 7.20 | $1,332.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 1/26/2007 - | ARN | TIME<br>Re-work special factors section of application. | 3.50 | $647.50 |
| 1/31/2007 - | ARN | TIME<br>Conference with R. Goeken; perform additional work on application. | 3.80 | $703.00 |
| - | RWG | TIME<br>Review and revise draft motion for files; conference with A. Nelson re: same. | 2.70 | $864.00 |
| 2/1/2007 - | RWG | TIME<br>Conference with A. Nelson re: brief. | 0.30 | $99.00 |
| - | ARN | TIME<br>Conference with R. Goeken re: revisions to brief. | 2.00 | $370.00 |
| 2/5/2007 - | RWG | TIME<br>Edit brief. | 1.20 | $396.00 |
| 2/7/2007 - | RWG | TIME<br>Revise draft application for Equal Access to Justice Act fees; legal research re: same. | 2.50 | $825.00 |
| 2/8/2007 - | ARN | TIME<br>Continue edits on fee application. | 3.30 | $610.50 |
| - | AIS | TIME<br>Review and revise motion for fees; conference with R. Goeken; conference with A. Nelson; conference with R. Goeken and A. Nelson. | 2.20 | $869.00 |
| - | RGT | TIME<br>conference with A. Saltman re:Equal Access to Justice Act computation issues. | 0.20 | $69.00 |
| 2/9/2007 - | ARN | TIME<br>Continue editing fee application. | 1.60 | $296.00 |
| - | AIS | TIME<br>Conference with R. Goeken; conference with A. Nelson and R. Goeken re: strategy regarding fee application. | 0.40 | $158.00 |
| 2/13/2007 - | ARN | TIME<br>Add section to fee application re: court's discretion in determining fee amount. | 0.20 | $37.00 |
| 2/14/2007 - | RWG | TIME<br>Review and revise draft EAJA application. | 1.50 | $495.00 |
| 2/15/2007 - | AIS | TIME<br>Review judicial bill; conference with A. Nelson. | 0.30 | $118.50 |

| Date | | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|---|
| 2/15/2007 | - | ARN | TIME<br>Confer with A. Saltman; draft L. Porter declaration re: size of company. | 0.30 | $55.50 |
| 2/16/2007 | - | RGT | TIME<br>Conference with A. Saltman and R. Goeken re: Equal Access to Justice Act issues. | 0.40 | $138.00 |
| | - | AIS | TIME<br>Conference with A. Nelson; conference with R. Tiger. | 0.40 | $158.00 |
| | - | ARN | TIME<br>Continue work on L. Porter declaration; review and update attorney's fees and costs; legal research re: Equal Access to Justice Act scope of discovery allowed. | 3.75 | $693.75 |
| | - | RWG | TIME<br>Review bills for Equal Access to Justice Act application; conference with A. Saltman. | 0.50 | $165.00 |
| | - | RWG | TIME<br>Review bills for Equal Access to Justice Act application; conference with A. Saltman. | 1.00 | $330.00 |
| 2/21/2007 | - | AIS | TIME<br>Conference with R. Goeken; review government 's motion of appeal. | 0.20 | $79.00 |
| 2/28/2007 | - | ARN | TIME<br>Update CPI-U index; legal research re: effect of government's appeal on timeliness of fee application. | 4.10 | $758.50 |
| | - | AIS | TIME<br>Conference with A. Nelson. | 0.20 | $79.00 |
| 3/1/2007 | - | ARN | TIME<br>Draft A. Saltman declaration; edit Cost of Living Adjustment section of fee application; analyze hourly rates, number of hours at or below Equal Access to Justice Act adjusted rate for 2001-2007. | 6.50 | $1,202.50 |
| 3/2/2007 | - | ARN | TIME<br>Continue to do revised cost of living adjustments for attorneys' fees and cost of living adjustments exhibit; draft A. Saltman declaration re: attorneys' fees incurred. | 3.00 | $555.00 |
| 3/16/2007 | - | ARN | TIME<br>Update CPI calculation for Feb. data. | 0.10 | $18.50 |
| | - | RWG | TIME<br>Review notice of appeal; legal research re: Equal Access to Justice Act. | 1.50 | $495.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 3/19/2007 - | AIS | TIME<br>Conference with R. Goeken re: appeal. | 0.10 | $39.50 |
| - | RGT | TIME<br>Review new Equal Access to Justice Act caselaw; send email to R. Goeken re: same. | 0.40 | $138.00 |
| 3/20/2007 - | ARN | TIME<br>Docket dates for appeal to Federal Circuit. | 0.50 | $92.50 |
| - | RWG | TIME<br>Review order from Federal Circuit; conference with A. Saltman re: same. | 0.50 | $165.00 |
| 3/21/2007 - | AIS | TIME<br>Review statement from the Federal Circuit re: government's appeal. | 0.20 | $79.00 |
| - | ARN | TIME<br>Work on docketing statement, certification of interest for appeal to Federal Circuit. | 1.10 | $203.50 |
| 3/22/2007 - | AIS | TIME<br>Complete docketing statements. | 0.20 | $79.00 |
| 3/28/2007 - | AIS | TIME<br>Conference with R. Goeken re: appeal. | 0.20 | $79.00 |
| 3/29/2007 - | AIS | TIME<br>Review letter from Federal Circuit; conference with A. Nelson. | 0.30 | $118.50 |
| - | ARN | TIME<br>File notice of appearance and certificate of interest. | 0.30 | $55.50 |
| 4/2/2007 - | RWG | TIME<br>Review docketing statement; send email to A. Saltman re: same. | 0.40 | $132.00 |
| 4/4/2007 - | AIS | TIME<br>Review government's docketing statement. | 0.20 | $79.00 |
| 6/4/2007 - | RWG | TIME<br>Internet research re: status of appeal; conference with A. Saltman re: same. | 0.70 | $231.00 |
| 6/5/2007 - | RWG | TIME<br>Review government's brief; conference with A. Saltman; begin drafting response; conference with R. Tiger. | 2.90 | $957.00 |
| - | AIS | TIME<br>Review government's initial brief; conference with R. Goeken; conference with E. Pohlner. | 0.50 | $197.50 |

| | | | Hours | Amount |
|---|---|---|---|---|
| 6/5/2007 - | EJP | TIME<br>Conference with A. Saltman; make docket control entry for filing response brief. | 0.30 | $57.00 |
| - | RGT | TIME<br>Conference with R. Goeken re: government's equitable argument. | 0.20 | $69.00 |
| 6/19/2007 - | RWG | TIME<br>Check due date for response brief; review government's brief; begin drafting response. | 2.50 | $825.00 |
| 6/26/2007 - | RWG | TIME<br>Review government's appellate brief. | 2.50 | $825.00 |
| 6/27/2007 - | RWG | TIME<br>Draft response brief. | 5.00 | $1,650.00 |
| 7/3/2007 - | RWG | TIME<br>Review government's brief; draft outline of appellate argument. | 3.70 | $1,221.00 |
| 7/5/2007 - | JWS | TIME<br>Draft motion for extension of time and proposed order for filing response. | 0.60 | $75.00 |
| - | RWG | TIME<br>Review and revise motion for extension; telephone call to D. Harrington re: same; continue drafting response brief. | 2.70 | $891.00 |
| 7/6/2007 - | JWS | TIME<br>Finalize motion for enlargement. | 0.20 | $25.00 |
| - | RWG | TIME<br>Telephone conference with D. Harrington; review, revise, finalize and file request for extension. | 0.70 | $231.00 |
| 7/9/2007 - | RWG | TIME<br>Continue drafting appellate response brief. | 3.50 | $1,155.00 |
| 7/12/2007 - | RWG | TIME<br>Research and drafting re: appellate brief. | 5.50 | $1,815.00 |
| 7/13/2007 - | AIS | TIME<br>Conference with R. Goeken. | 0.40 | $158.00 |
| - | RWG | TIME<br>Conference with A. Saltman. | 0.40 | $132.00 |
| 7/18/2007 - | RWG | TIME<br>Continue drafting appellate brief. | 1.00 | $330.00 |

| Date | | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|---|
| 7/19/2007 | - | RWG | TIME<br>Review rules re: joint appendix; conference with R. Tiger; draft response brief. | 1.70 | $561.00 |
| | - | RGT | TIME<br>Conference with R. Goeken. | 0.20 | $69.00 |
| 7/20/2007 | - | RWG | TIME<br>Conference with J. Scott re: CDA issues; review court rules re: appendix; conference with R. Tiger re: same. | 1.10 | $363.00 |
| | - | RGT | TIME<br>Conference with R. Goeken. | 0.20 | $69.00 |
| | - | JWS | TIME<br>Conference with R. Goeken; legal research re: disparate treatment of interest on damages claims in Federal Circuit. | 3.10 | $387.50 |
| 7/21/2007 | - | RWG | TIME<br>Continue to work on appellate brief. | 6.50 | $2,145.00 |
| 7/22/2007 | - | RWG | TIME<br>Work on appellate brief. | 7.00 | $2,310.00 |
| 7/23/2007 | - | JWS | TIME<br>Conference with R. Goeken; complete legal research re: interest on damages awarded to government. | 2.40 | $300.00 |
| | - | RWG | TIME<br>Continue working on draft appellate brief; conference with J. Scott re: CDA argument. | 5.80 | $1,914.00 |
| 7/24/2007 | - | RWG | TIME<br>Review and revise draft appellate brief; conference with R. Tiger re: same. | 6.00 | $1,980.00 |
| | - | RGT | TIME<br>Conference with R. Goeken; review and revise appeal brief. | 1.80 | $621.00 |
| 7/25/2007 | - | RGT | TIME<br>Conference with R. Goeken. | 0.20 | $69.00 |
| | - | RWG | TIME<br>Review and revise draft appellate brief; conference with R. Tiger. | 5.50 | $1,815.00 |
| 7/26/2007 | - | RGT | TIME<br>Review and revise appeal brief; conference with R. Goeken re: same. | 1.00 | $345.00 |
| | - | RWG | TIME<br>Review and revise draft appellate brief; conference with R. Tiger. | 6.00 | $1,980.00 |

| Date | | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|---|
| 7/27/2007 | - | RWG | TIME<br>Finalize appellate brief. | 6.00 | $1,980.00 |
| 7/30/2007 | - | AIS | TIME<br>Review brief; conference with R. Goeken re: oral argument. | 1.00 | $395.00 |
| | - | JWS | TIME<br>Make docket control entry re: government's reply. | 0.30 | $37.50 |
| | - | RWG | TIME<br>Conference with A. Saltman re: appellate brief. | 0.60 | $198.00 |
| 7/31/2007 | - | RWG | TIME<br>Send copies of appellate brief to clients. | 0.20 | $66.00 |
| 8/2/2007 | - | RWG | TIME<br>Review new caselaw re: penalty and interest. | 0.70 | $231.00 |
| 8/17/2007 | - | RWG | TIME<br>Review government's appellate brief; conference with A. Saltman re: same. | 0.40 | $132.00 |
| | - | AIS | TIME<br>Review government's reply brief; conference with R. Goeken. | 0.40 | $158.00 |
| 8/23/2007 | - | RWG | TIME<br>Conference with R. Tiger. | 0.80 | $264.00 |
| | - | RGT | TIME<br>Conference with R. Goeken; review government's reply. | 0.30 | $103.50 |
| 9/26/2007 | - | RWG | TIME<br>Draft appellate documents re: oral argument; review rules re: same. | 0.90 | $297.00 |
| 10/15/2007 | - | RWG | TIME<br>Review appellate filings. | 0.90 | $297.00 |
| 10/31/2007 | - | RWG | TIME<br>Prepare for oral argument. | 3.50 | $1,155.00 |
| 11/1/2007 | - | RWG | TIME<br>Prepare for oral argument. | 4.50 | $1,485.00 |
| 11/2/2007 | - | RWG | TIME<br>Continue preparing for oral argument. | 4.50 | $1,485.00 |
| 11/4/2007 | - | RWG | TIME<br>Continue preparing for oral argument. | 7.50 | $2,475.00 |
| 11/5/2007 | - | RWG | TIME<br>Continue preparing for oral argument. | 6.50 | $2,145.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 11/5/2007 - | AIS | TIME<br>Legal research re: constitutional prohibition of excessive fines; review Court of Appeals for Federal Circuit website re: potential panel. | 0.50 | $197.50 |
| 11/6/2007 - | RWG | TIME<br>Continue to prepare for oral argument; participate in moot court. | 4.00 | $1,320.00 |
| - | AIS | TIME<br>Prepare for and participate in moot court. | 1.00 | $395.00 |
| 11/7/2007 - | RWG | TIME<br>Continue preparing for oral argument; check in at court and participate in same. | 3.90 | $1,287.00 |
| - | AIS | TIME<br>Participate in oral argument with Federal Circuit; conference with R. Goeken; conference with M. Lichtenstein. | 3.00 | $1,185.00 |
| - | MDL | TIME<br>Conference with A. Saltman re: motion for Equal Access to Justice Act fees; begin cite checking draft motion. | 1.50 | $292.50 |
| 11/8/2007 - | MDL | TIME<br>Review and revise citations in draft Equal Access to Justice Act motion. | 4.90 | $955.50 |
| 11/9/2007 - | AIS | TIME<br>Review oral argument; conference with M. Lichtenstein re: Rule 60; review decision of Federal Circuit. | 0.80 | $316.00 |
| - | MDL | TIME<br>Conference with A. Saltman; complete review of citations in Equal Access to Justice Act motion; listen to Federal Circuit oral argument. | 1.30 | $253.50 |
| - | RWG | TIME<br>Review and revise motion for fees under Equal Access to Justice Act. | 2.50 | $825.00 |
| 11/12/2007 - | RWG | TIME<br>Review and revise draft motion for Equal Access to Justice Act fees; conference with M. Lichtenstein and A. Saltman; conference with R. Tiger. | 2.50 | $825.00 |
| - | RGT | TIME<br>Conference with R. Goeken re: Equal Access to Justice Act issues. | 0.30 | $103.50 |
| - | AIS | TIME<br>Conference with M. Lichtenstein re: use of Rule 60; review caselaw; work on fee application; conference with R. Goeken and M. Lichtenstein. | 1.10 | $434.50 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 11/12/2007 - | MDL | TIME<br>Conference with A. Saltman; legal research re: government's ability to bring a Rule 60 motion; conference with A. Saltman and R. Goeken re: Equal Access to Justice Act motion. | 2.00 | $390.00 |
| 11/13/2007 - | MDL | TIME<br>Research deadline for filing Equal Access to Justice Act motion after Court of Appeals for Federal Circuit's Rule 36 ruling; conference with R. Goeken re: motion; work on inserts to Equal Access to Justice Act application. | 2.50 | $487.50 |
| - | RWG | TIME<br>Review and revise fee application under Equal Access to Justice Act; conference with M. Lichtenstein re: same. | 5.50 | $1,815.00 |
| 11/14/2007 - | RWG | TIME<br>Review bill of costs; conference with M. Lichtenstein; conference with R. Tiger. | 0.40 | $132.00 |
| - | RGT | TIME<br>Conference with R. Goeken re: costs and fees. | 0.20 | $69.00 |
| - | MDL | TIME<br>Conference with R. Goeken; revise draft Equal Access to Justice Act application; compute bill of costs and file with Federal Circuit. | 3.80 | $741.00 |
| 11/15/2007 - | MDL | TIME<br>Conference with R. Goeken. | 0.20 | $39.00 |
| - | RWG | TIME<br>Review and revise Equal Access to Justice Act application; conference with M. Lichtenstein. | 2.50 | $825.00 |
| 11/16/2007 - | RWG | TIME<br>Revise application for Equal Access to Justice Act fees; review exhibits and declarations, etc. | 1.90 | $627.00 |
| 12/12/2007 - | MDL | TIME<br>Telephone call to Court of Appeals for Federal Circuit clerk's office to follow-up on status of bill of costs. | 0.30 | $58.50 |
| 1/2/2008 - | EJP | TIME<br>Review mandate of Federal Circuit; update case file re: same. | 0.10 | $19.50 |
| 1/29/2008 - | AIS | TIME<br>Conference with M. Lichtenstein. | 0.20 | $79.00 |
| - | MDL | TIME<br>Conference with A. Saltman. | 0.20 | $39.00 |
| 1/30/2008 - | MDL | TIME<br>Review and cite-check Equal Access to Justice Act application. | 3.50 | $682.50 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 1/31/2008 - | MDL | TIME<br>Complete cite-check and proofread Equal Access to Justice Act application. | 1.80 | $351.00 |
| 2/6/2008 - | RWG | TIME<br>Conference with M. Lichtenstein re: status of brief and hours calculations; provide various documents to M. Lichtenstein re: same. | 0.50 | $165.00 |
| - | MDL | TIME<br>Conference with R. Goeken; review exhibits to Equal Access to Justice Act application; review calculations for COLA and CPI-U means; recalculate COLA and CPI-U means. | 5.30 | $1,033.50 |
| 2/7/2008 - | MDL | TIME<br>Compute expenses for Equal Access to Justice Act application; review 2008 attorney time; recalculate Equal Access to Justice Act fees. | 5.30 | $1,033.50 |
| 2/11/2008 - | MDL | TIME<br>Conference with R. Goeken and R. Ryan re: itemization of attorney time and expenses; organize exhbiit list to Equal Access to Justice Act application. | 4.90 | $955.50 |
| - | RWG | TIME<br>Conference with M. Lichtenstein and R. Ryan re: attorney time and expenses. | 0.40 | $132.00 |
| 2/12/2008 - | AIS | TIME<br>Conference with M. Lichtenstein; conference with R. Goeken; telephone call to L. Porter. | 0.60 | $237.00 |
| - | MDL | TIME<br>Conference with A. Saltman; double-check that no certiorari petition was filed by the government; review appendix; create table of authorities and index to appendix for Equal Access to Justice Act application. | 4.60 | $897.00 |
| - | RWG | TIME<br>Review and revise draft fee application; conference with A. Saltman. | 2.20 | $726.00 |
| 2/13/2008 - | AIS | TIME<br>Send email to client. | 0.20 | $79.00 |
| - | MDL | TIME<br>Work on brief; conference with R. Goeken. | 1.20 | $234.00 |
| - | RWG | TIME<br>Continue to review and revise draft brief; conference with M. Lichtenstein re: same. | 2.50 | $825.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 2/14/2008 - | AIS | TIME<br>Review brief in support of application; conference with R. Goeken and M. Lichtenstein re: same; revise declaration. | 1.70 | $671.50 |
| - | RWG | TIME<br>Work on brief; conference with A. Saltman and M. Lichtenstein. | 1.50 | $495.00 |
| - | MDL | TIME<br>Revise A. Saltman's declaration and finalize Equal Access to Justice Act brief; conference with A. Saltman and R. Goeken. | 4.90 | $955.50 |
| 2/15/2008 - | AIS | TIME<br>Conference with M. Lichtenstein re: attorneys fees calculations; review new Court of Federal Claims opinion. | 0.40 | $158.00 |
| - | MDL | TIME<br>Conference with A. Saltman re: attorneys fees. | 0.30 | $58.50 |
| 2/29/2008 - | RWG | TIME<br>Review Government's discovery requests; conference with A. Saltman; legal research. | 1.40 | $462.00 |
| - | AIS | TIME<br>Review government's interrogatories and requests for production of documents; conference with R. Goeken. | 0.60 | $237.00 |
| 3/1/2008 - | RWG | TIME<br>Conference with A. Saltman; research re: discovery in Equal Access to Justice Act proceeding; draft letter to D. Harrington. | 0.90 | $297.00 |
| - | AIS | TIME<br>Outline response to government's attempt at discovery; conference with R. Goeken. | 0.70 | $276.50 |
| 3/2/2008 - | RWG | TIME<br>Legal research; draft letter to D. Harrington re: discovery; send email to A. Saltman. | 1.50 | $495.00 |
| 3/3/2008 - | AIS | TIME<br>Conference with R. Goeken and M. Lichtenstein; review and revise letter to D. Harrington. | 0.70 | $276.50 |
| - | MDL | TIME<br>Conference with A. Saltman and R. Goeken re: filing matters. | 0.60 | $117.00 |
| - | RWG | TIME<br>Conference with A. Saltman and M. Lichtenstein re: case management issues; draft letter to D. Harrington re: discovery of Equal Access to Justice Act issue; file motion for status conference. | 4.50 | $1,485.00 |
| 3/4/2008 - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $79.00 |

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 3/4/2008 - | RWG | TIME<br>Review order re: status conference; conference with A. Saltman. | 0.40 | $132.00 |
| 3/12/2008 - | AIS | TIME<br>Review government's memorandum re: discovery; conference with R. Goeken. | 0.50 | $197.50 |
| - | EJP | TIME<br>Review government's memorandum re: Equal Access to Justice Act discovery. | 0.10 | $19.50 |
| - | RWG | TIME<br>Review government's motion; legal research re: same; conference with A. Saltman. | 3.00 | $990.00 |
| 3/13/2008 - | RWG | TIME<br>Review government's motion re: discovery; legal research; conference with A. Saltman; conference with R. Tiger. | 4.60 | $1,518.00 |
| - | AIS | TIME<br>Prepare notes re: government's memorandum; conference with R. Goeken re: same and conference call scheduled for March 14, 2008. | 0.60 | $237.00 |
| - | RGT | TIME<br>Conference with R. Goeken re: Equal Access to Justice Act issues. | 0.60 | $207.00 |
| 3/14/2008 - | AIS | TIME<br>Conference with R. Goeken; participate in status conference; conference with R. Goeken and M. Lichtenstein re: second declaration; commence work on supplemental declaration. | 1.70 | $671.50 |
| - | MDL | TIME<br>Participate in status conference; conference with A. Saltman and R. Goeken re: same. | 1.90 | $370.50 |
| - | RWG | TIME<br>Conference with A. Saltman; prepare for and participate in status conference with Judge Miller re: Equal Access to Justice Act discovery; review court's order re: same; conference with A. Saltman and M. Lichtenstein. | 2.00 | $660.00 |
| 3/16/2008 - | RWG | TIME<br>Review files re: financial data; organize Equal Access to Justice Act discovery materials. | 0.70 | $231.00 |
| 3/17/2008 - | AIS | TIME<br>Review and revise second declaration; conference with R. Ryan re: billing/retainer agreement. | 0.90 | $355.50 |
| - | MDL | TIME<br>Draft second declaration of A. Saltman; conference with R. Goeken. | 1.10 | $214.50 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 3/17/2008 - | RWG | TIME<br>Conference with M. Lichtenstein; review Judge Miller's order; telephone call to M. Bowers; draft letter to M. Bowers. | 1.50 | $495.00 |
| 3/18/2008 - | AIS | TIME<br>Conference with R. Goeken re: revised declaration. | 0.20 | $79.00 |
| - | RWG | TIME<br>Telephone call to client; review case law re: net worth issues; draft letter to D. Harrington re: responses to discovery requests; conference with A. Saltman. | 2.50 | $825.00 |
| 3/19/2008 - | AIS | TIME<br>Conference with R. Goeken. | 0.50 | $197.50 |
| - | RWG | TIME<br>Follow-up with client re: financial documents; review same; conference with A. Saltman. | 2.00 | $660.00 |
| 3/20/2008 - | AIS | TIME<br>Telephone conference with D. Harrington; conference with R. Goeken. | 0.80 | $316.00 |
| - | RWG | TIME<br>Telephone conferences with Judge's chambers; telephone call to D. Harrington; conference with A. Saltman; telephone conferences with client; review documents provided by client re: Equal Access to Justice Act size; revise draft letter to D. Harrington re: discovery. | 2.10 | $693.00 |
| 3/21/2008 - | AIS | TIME<br>Review and revise letter to D. Harrington; conference with R. Goeken. | 0.50 | $197.50 |
| - | RWG | TIME<br>Review information provided by client re: discovery on Equal Access to Justice Act issues; conference with A. Saltman; finalize letter to D. Harrington and arrange for delivery to the Court and D. Harrington. | 2.20 | $726.00 |
| 3/24/2008 - | MDL | TIME<br>Conference with A. Saltman and R. Goeken re: telephone status conference. | 0.20 | $39.00 |
| - | AIS | TIME<br>Telephone conference with Judge Miller's chambers; conference with R. Goeken and M. Lichtenstein; follow-up conference with R. Goeken. | 0.70 | $276.50 |
| - | RWG | TIME<br>Prepare for and participate in status conference; conference with A. Saltman and M. Lichtenstein; legal research; follow-up conference with A. Saltman; conference with R. Tiger. | 2.90 | $957.00 |
| - | RGT | TIME<br>Conference with R. Goeken. | 0.30 | $103.50 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 3/25/2008 - | AIS | TIME<br>Conference with R. Goeken; telephone conference with client; review new Equal Access to Justice Act case. | 0.90 | $355.50 |
| - | RWG | TIME<br>Review new case law; telephone conference with client; telephone call to Judge's chambers re: status conference; conference with A. Saltman. | 1.20 | $396.00 |
| - | RGT | TIME<br>Review new caselaw and send to R. Goeken. | 0.10 | $34.50 |
| 3/26/2008 - | AIS | TIME<br>Legal research; conference with R. Goeken. | 0.40 | $158.00 |
| - | RWG | TIME<br>Prepare for status conference; conference with A. Saltman. | 0.60 | $198.00 |
| 3/27/2008 - | MDL | TIME<br>Participate in status conference with Judge Miller; conference with A. Saltman and R. Goeken re: same. | 2.20 | $429.00 |
| - | AIS | TIME<br>Prepare for and participate in conference call with Judge Miller; conference with R. Goeken and M. Lichtenstein; telephone call to Judge's chambers; review Court's order; review files; prepare third declaration; send email to D. Harrington; conference with R. Tiger. | 3.60 | $1,422.00 |
| - | RWG | TIME<br>Participate in status conference; conference with A. Saltman and M. Lichtenstein; review emails; review and revise declaration of A. Saltman. | 1.80 | $594.00 |
| - | RGT | TIME<br>Conference with A. Saltman re: Equal Access to Justice Act and confidentiality issues. | 0.30 | $103.50 |
| 3/28/2008 - | MDL | TIME<br>Draft and file motion for protective order; conference with A. Saltman. | 2.40 | $468.00 |
| - | AIS | TIME<br>Telephone conference with D. Harrington; send draft confidentiality agreement to same; conference with R. Goeken; revise third declaration; conference with M. Lichtenstein; review and revise draft motion for protective order; send declaration to D. Harrington and to the Court; review and respond to government's email. | 3.00 | $1,185.00 |
| - | RWG | TIME<br>Conference with A. Saltman. | 1.10 | $363.00 |

| Date | | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|---|
| 3/31/2008 | - | AIS | TIME<br>Conference with M. Lichtenstein and R. Ryan; telephone conference with D. Harrington re: protective order; draft memorandum re: same. | 0.70 | $276.50 |
| | - | MDL | TIME<br>Conference with A. Saltman and R. Ryan. | 0.20 | $39.00 |
| 4/2/2008 | - | AIS | TIME<br>Review and revise government's proposed protective order; draft email to D. Harrington; review government's opposition to motion for protective order; conference with R. Goeken re: same; telephone conference with Judge Miller's chambers; review email from same. | 1.70 | $671.50 |
| | - | MDL | TIME<br>Document and file government's response to motion for protective order. | 0.20 | $39.00 |
| | - | RWG | TIME<br>Review government's filing; conference with A. Saltman; legal research re: same. | 0.70 | $231.00 |
| 4/3/2008 | - | AIS | TIME<br>Participate in conference call with Judge Miller, R. Goeken and M. Lichtenstein; review protective order from the Court. | 1.10 | $434.50 |
| | - | MDL | TIME<br>Participate in telephone conference with Judge Miller, A. Saltman and R. Goeken. | 1.10 | $214.50 |
| | - | RWG | TIME<br>Prepare for and participate in telephone conference with Judge Miller, A. Saltman and M. Lichtenstein. | 1.30 | $429.00 |
| 4/4/2008 | - | RWG | TIME<br>Reveiw court filing re: invoice billing Dept. of Justice. | 0.40 | $132.00 |
| 4/8/2008 | - | AIS | TIME<br>Check due dates for government's submission; conference with R. Goeken. | 0.10 | $39.50 |
| | - | RWG | TIME<br>Telephone call to client re: Equal Access to Justice Act application; conference with A. Saltman. | 0.30 | $99.00 |
| 4/17/2008 | - | AIS | TIME<br>Send email to M. Lichtenstein. | 0.10 | $39.50 |
| 4/18/2008 | - | MDL | TIME<br>Begin drafting letter to D. Harrington re: appeal costs. | 0.20 | $39.00 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 4/21/2008 - | RWG | TIME<br>Conference with A. Saltman; telephone conference with D. Harrington re: enlargement. | 0.20 | $66.00 |
| - | AIS | TIME<br>Review letter to Dept. of Justice re: costs; conference with R. Goeken re: government's extension request. | 0.20 | $79.00 |
| - | MDL | TIME<br>Draft, review, revise, and finalize letter to D. Harrington re: payment on bill of costs. | 0.50 | $97.50 |
| 4/22/2008 - | AIS | TIME<br>Review government's motion for enlargement and Court's order re: same. | 0.20 | $79.00 |
| - | MDL | TIME<br>Update docket control re: government's motion for extension of time. | 0.20 | $39.00 |
| 5/1/2008 - | MDL | TIME<br>Email R. Goeken. | 0.10 | $19.50 |
| 5/5/2008 - | MDL | TIME<br>Make docket control entries. | 0.30 | $58.50 |
| 5/12/2008 - | RGT | TIME<br>Review government's opposition to Equal Access to Justice Act application; conference with R. Goeken re: points for reply. | 0.50 | $172.50 |
| - | AIS | TIME<br>Review government's reply brief. | 0.80 | $316.00 |
| - | RWG | TIME<br>Review government's response brief; legal research re: prevailing party issue; conference with R. Tiger. | 4.80 | $1,584.00 |
| 5/13/2008 - | AIS | TIME<br>Conference with R. Goeken re: response to government's reply; investigate entries questioned by government; follow-up conference with R. Goeken. | 2.00 | $790.00 |
| - | SAM | TIME<br>Search Salt Default files for October 15, 2005 Order from the Court. | 0.60 | $90.00 |
| - | RWG | TIME<br>Conference with A. Saltman; review government's brief; legal research and drafting re: Equal Access to Justice Act reply; follow-up conference with A. Saltman. | 4.90 | $1,617.00 |
| - | EJP | TIME<br>Legal research re: prevailing party status for litigant who successfully reduces damages owed. | 3.30 | $643.50 |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 5/14/2008 - | RWG | TIME<br>Legal research and drafting re: Equal Access to Justice Act. | 3.60 | $1,188.00 |
| 5/15/2008 - | EJP | TIME<br>Review and update case file with defendant's response to plaintiff's Equal Access to Justice Act application. | 0.30 | $58.50 |
| - | RWG | TIME<br>Legal research and drafting re: reply brief in support of Equal Access to Justice Act application. | 2.50 | $825.00 |
| 5/16/2008 - | RWG | TIME<br>Legal research re: Equal Access to Justice Act application. | 0.70 | $231.00 |
| 5/20/2008 - | RWG | TIME<br>Conference with A. Saltman re: follow-up with D. Harrington regarding costs. | 0.30 | $99.00 |
| 5/21/2008 - | RWG | TIME<br>Work on reply brief. | 1.20 | $396.00 |
| 5/22/2008 - | RWG | TIME<br>Legal research and drafting portion of reply brief; draft motion for enlargement; telephone call to D. Harrington re: same; conference with R. Tiger. | 2.90 | $957.00 |
| - | RGT | TIME<br>Conference with R. Goeken re: Equal Access to Justice Act issues re: prevailing party. | 0.30 | $103.50 |
| 5/23/2008 - | RWG | TIME<br>Review and revise draft brief; conference with R. Tiger. | 3.50 | $1,155.00 |
| - | RGT | TIME<br>Conference with R. Goeken re: prevailing party standard. | 0.30 | $103.50 |
| 5/27/2008 - | RWG | TIME<br>Review and revise reply brief in support of Equal Access to Justice Act application. | 4.00 | $1,320.00 |
| - | AIS | TIME<br>Conference with S. Mescall re: filing motion in Federal Circuit to get government to pay costs. | 0.20 | $79.00 |
| - | SAM | TIME<br>Conference with A. Saltman. | 0.20 | $30.00 |
| 5/28/2008 - | RWG | TIME<br>Conference with A. Saltman re: Equal Access to Justice Act brief; review and revise same. | 3.80 | $1,254.00 |

| | | | | Hours | Amount |
|---|---|---|---|---|---|
| 5/28/2008 | - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $79.00 |
| 5/29/2008 | - | RWG | TIME<br>Review and revise draft brief; conference with A. Saltman and S. Mescall. | 5.50 | $1,815.00 |
| | - | AIS | TIME<br>Conference with S. Mescall and R. Goeken. | 0.30 | $118.50 |
| | - | SAM | TIME<br>Legal research re: whether such a motion to compel payment of judgment exists; telephone conference with Federal Circuit clerk re: motion; conference with A. Saltman and R. Goeken re: motion and whether we want to file; draft motion to compel payment. | 2.50 | $375.00 |
| 5/30/2008 | - | RWG | TIME<br>Continue drafting and revising brief; legal research re: same; conference with A. Saltman. | 3.70 | $1,221.00 |
| | - | AIS | TIME<br>Review and revise motion to Federal Circuit; conference with R. Goeken; legal research. | 5.50 | $2,172.50 |
| | - | SAM | TIME<br>Finalize motion to enforce judgment. | 1.50 | $225.00 |
| 5/31/2008 | - | RWG | TIME<br>Continue to work on reply brief re: Equal Access to Justice Act; review government's table of fees to be deducted; conference with A. Saltman re: same. | 5.20 | $1,716.00 |
| | - | AIS | TIME<br>Conference with R. Goeken; continue to review and revise reply brief. | 1.50 | $592.50 |
| 6/2/2008 | - | RWG | TIME<br>Research and drafting re: calculation of CPI-U and revised/updated fees and expenses claim; conference with A. Saltman; telephone conference with D. Harrington; draft, review, revise, and finalize motion for enlargement to the court. | 4.30 | $1,419.00 |
| | - | AIS | TIME<br>Conference with R. Goeken. | 0.20 | $79.00 |
| | - | EJP | TIME<br>Review order granting motion for enlargement; update case calendar re: same. | 0.10 | $19.50 |
| 6/3/2008 | - | AIS | TIME<br>Review Supreme Court decision in Richlin; conference with R. Goeken re: same. | 0.70 | $276.50 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 6/3/2008 - | RWG | TIME<br>Conference with A. Saltman; telephone conference with D. Harrington; draft and file motion for enlargement; continue to work on brief and update of CPI-U/EAJA rates. | 2.90 | $957.00 |
| 6/4/2008 - | RWG | TIME<br>Review and revise draft brief; conference with A. Saltman and R. Ryan re: bills; continue revision of calculations. | 2.20 | $726.00 |
| - | AIS | TIME<br>Conference with R. Ryan; review audio of oral argment at Federal Circuit; conference with R. Goeken; prepare insert to reply brief. | 1.60 | $632.00 |
| 6/5/2008 - | RWG | TIME<br>Review and revise draft brief; conference with A. Saltman; revise declaration and chart re: hours deducted by defendant. | 2.90 | $957.00 |
| - | AIS | TIME<br>Review and revise reply brief; conference with R. Goeken. | 1.90 | $750.50 |
| 6/6/2008 - | RWG | TIME<br>Review, revise, finalize and file reply brief in support of Equal Access to Justice Act application; conference with A. Saltman. | 2.90 | $957.00 |
| - | AIS | TIME<br>Conference with R. Goeken; review final draft of brief. | 1.20 | $474.00 |
| | | For professional services rendered | 1597.50 | $391,911.00 |

Saltman & Stevens, P.C.
1801 K Street, N.W.
Mezzanine M110
Washington, DC 20006

Invoice submitted to:
PRECISION PINE & TIMBER, INC.
P.O. BOX 70
HEBER, AZ 85923
ATTN: LON PORTER

In Reference To: 90096-00013 - DEFAULTS

Additional Charges :

| Date | | Initials | Description | Amount |
|---|---|---|---|---|
| 5/1/2001 | - | S&S | $Facsimile | $8.80 |
| | - | S&S | $Photocopy | $22.00 |
| 5/31/2001 | - | S&S | $Computer Resch<br>WESTLAW/PACER | $462.09 |
| 9/1/2001 | - | S&S | $Long Dis Phone | $0.94 |
| 9/25/2001 | - | S&S | $Courier<br>Fed CLaims, US Forest | $26.00 |
| 10/1/2001 | - | S&S | $Facsimile | $4.40 |
| | - | S&S | $Photocopy | $1.80 |
| | - | S&S | $Courier<br>USDA | $13.00 |
| 2/1/2002 | - | S&S | $Facsimile | $8.80 |
| 3/18/2002 | - | S&S | $Courier | $13.00 |
| 5/1/2002 | - | S&S | $Photocopy | $53.00 |
| 6/1/2002 | - | S&S | $Postage | $0.34 |
| | - | S&S | $Photocopy | $6.20 |

**EXHIBIT C**

| Date | | Timekeeper | Description | Amount |
|---|---|---|---|---|
| 6/1/2002 | - | S&S | $Facsimile | $6.50 |
| | - | S&S | $Long Dis Phone | $1.02 |
| 6/25/2002 | - | S&S | $Computer Resch<br>WESTLAW - May bill | $37.91 |
| 7/15/2002 | - | S&S | $Courier<br>1 packages - 6/11/02 | $19.00 |
| 11/1/2002 | - | S&S | $Facsimile | $4.00 |
| | - | S&S | $Postage | $0.37 |
| | - | S&S | $Photocopy | $6.80 |
| 12/11/2002 | - | S&S | $Courier | $9.50 |
| 5/1/2003 | - | S&S | $Postage | $0.60 |
| | - | S&S | $Photocopy | $10.20 |
| 6/12/2003 | - | S&S | $Courier<br>Professional Express - 5/06/03 | $13.00 |
| | - | S&S | $Courier<br>Professional Express - 5/30/03 | $9.50 |
| 9/2/2003 | - | S&S | $Photocopy | $0.40 |
| 2/2/2004 | - | S&S | $Photocopy | $4.00 |
| | - | S&S | $Long Dis Phone | $0.74 |
| | - | S&S | $Computer Resch | $537.83 |
| 3/1/2004 | - | S&S | $Facsimile | $4.40 |

PRECISION PINE & TIMBER, INC.



| Date | | Firm | Description | Amount |
|---|---|---|---|---|
| 3/1/2004 | - | S&S | $Postage | $1.98 |
| | - | S&S | $Photocopy | $150.60 |
| | - | S&S | $Courier | $6.87 |
| | - | S&S | $Long Dis Phone | $0.17 |
| | - | S&S | $Long Dis Phone | $2.85 |
| | - | S&S | $Computer Resch | $193.70 |
| 4/1/2004 | - | S&S | $Facsimile | $22.00 |
| | - | S&S | $Photocopy | $110.60 |
| | - | S&S | $Courier | $26.43 |
| | - | S&S | $Computer Resch | $597.23 |
| | - | S&S | $Long Dis Phone | $3.37 |
| 5/3/2004 | - | S&S | $Postage | $5.75 |
| | - | S&S | $Photocopy | $43.00 |
| | - | S&S | $Photocopy | $82.60 |
| | - | S&S | $Long Dis Phone | $0.13 |
| | - | S&S | $Computer Resch | $177.56 |
| 5/4/2004 | - | S&S | $Courier | $13.21 |

| Date | | Description | Amount |
|---|---|---|---|
| 5/8/2004 - | S&S | $Travel | $2.40 |
| - | S&S | $Business Meals | $8.00 |
| - | S&S | $Sec. Overtime | $187.50 |
| 6/1/2004 - | S&S | $Facsimile | $4.40 |
| - | S&S | $Photocopy | $2.80 |
| - | S&S | $Long Dis Phone | $0.96 |
| - | S&S | $Computer Resch | $193.70 |
| 11/1/2004 - | S&S | $Photocopy | $45.00 |
| - | S&S | $Computer Resch | $274.41 |
| 4/1/2005 - | S&S | $Photocopy | $29.50 |
| 6/1/2005 - | S&S | $Computer Resch | $41.68 |
| 7/1/2005 - | S&S | $Photocopy | $55.75 |
| - | S&S | $Computer Resch WESTLAW/PACER | $745.98 |
| 9/1/2005 - | S&S | $Facsimile | $2.20 |
| 10/1/2005 - | S&S | $Computer Resch WESTLAW/PACER | $169.85 |
| - | S&S | $Long Dis Phone | $0.13 |
| 10/3/2005 - | S&S | $Facsimile | $11.00 |

| | | | Amount |
|---|---|---|---|
| 10/3/2005 - | S&S | $Photocopy | $10.25 |
| 1/2/2006 - | S&S | $Facsimile | $4.40 |
| - | S&S | $Photocopy | $21.75 |
| - | S&S | $Computer Resch WESTLAW/PACER | $111.76 |
| 1/25/2006 - | S&S | $Court Reporter | $155.80 |
| 2/1/2006 - | S&S | $Postage | $3.18 |
| - | S&S | $Photocopy | $319.25 |
| - | S&S | $Computer Resch WESTLAW/PACER | $73.47 |
| 2/3/2006 - | S&S | $Courier | $23.26 |
| 3/1/2006 - | S&S | $Postage | $4.68 |
| - | S&S | $Photocopy | $64.00 |
| - | S&S | $Computer Resch WESTLAW/PACER | $62.47 |
| 4/3/2006 - | S&S | $Postage | $7.32 |
| - | S&S | $Photocopy | $7.25 |
| 1/1/2007 - | S&S | $Computer Resch WESTLAW/PACER 12/06 | $227.38 |
| 2/1/2007 - | S&S | $Computer Resch WESTLAW/PACER 1/07 | $1,074.62 |
| - | S&S | $Photocopy | $3.00 |

| Date | | Initials | Description | Amount |
|---|---|---|---|---|
| 2/1/2007 | - | S&S | $Computer Resch WESTLAW/PACER | $577.75 |
| 3/1/2007 | - | S&S | $Postage | $1.02 |
| | - | S&S | $Photocopy | $13.75 |
| | - | S&S | $Courier | $27.48 |
| | - | S&S | $Computer Resch WESTLAW/PACER | $23.83 |
| 6/1/2007 | - | S&S | $Photocopy | $0.75 |
| | - | S&S | $Computer Resch WESTLAW/PACER | $7.83 |
| 7/1/2007 | - | S&S | $Postage | $11.01 |
| | - | S&S | $Photocopy | $290.50 |
| | - | S&S | $Courier | $27.48 |
| | - | S&S | $Computer Resch WESTLAW/PACER | $429.25 |
| 7/23/2007 | - | S&S | $Sec. Overtime See B. Rector overtime record | $25.00 |
| 8/1/2007 | - | S&S | $Postage | $4.60 |
| | - | S&S | $Photocopy | $196.75 |
| | - | S&S | $Courier | $13.74 |
| 11/1/2007 | - | S&S | $Facsimile | $1.50 |
| | - | S&S | $Postage | $0.41 |

| Date | | | Description | Amount |
|---|---|---|---|---|
| 11/1/2007 | - | S&S | $Photocopy | $21.00 |
| | - | S&S | $Courier | $17.17 |
| | - | S&S | $Computer Resch WESTLAW/PACER | $428.54 |
| 1/1/2008 | - | S&S | $Computer Resch WESTLAW/PACER | $59.42 |
| 2/1/2008 | - | S&S | $Photocopy | $6.75 |
| | - | S&S | $Computer Resch WESTLAW/PACER | $59.01 |
| 3/1/2008 | - | S&S | $Facsimile | $12.30 |
| | - | S&S | $Postage | $0.41 |
| | - | S&S | $Photocopy | $77.75 |
| | - | S&S | $Courier | $15.33 |
| | - | S&S | $Computer Resch WESTLAW/PACER | $51.37 |
| 4/1/2008 | - | S&S | $Postage | $0.41 |
| | - | S&S | $Photocopy | $0.75 |
| | - | S&S | $Courier | $15.33 |
| 5/1/2008 | - | S&S | $Photocopy | $17.00 |
| | - | S&S | $Computer Resch WESTLAW/PACER | $913.38 |
| 5/31/2008 | - | S&S | $Travel See B. Rector reimbursement | $2.70 |

PRECISION PINE & TIMBER, INC.



| | | | Amount |
|---|---|---|---|
| 5/31/2008 - | S&S | $Sec. Overtime<br>See B. Rector overtime record | $100.00 |
| 6/1/2008 - | S&S | $Photocopy | $1.25 |
| | Total costs | | $10,125.81 |

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-131C<br>(Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**FOURTH DECLARATION OF ALAN I. SALTMAN**

I, Alan I. Saltman, declare under penalty of perjury that the following is true and correct:

1. I am a principal of the law firm of Saltman & Stevens, P.C., and counsel of record for plaintiff Precision Pine & Timber, Inc. ("Precision Pine") in this matter. This declaration is submitted as a supplement to my declaration of February 14, 2008 which is attached as Exhibit 6 to Plaintiff's Brief In Support Of Its Application For Attorneys' Fees And Expenses Pursuant To The Equal Access To Justice Act ("Plaintiff's Opening Brief").

2. Set forth in Exhibits B and C to Plaintiff's Reply Brief In Support Of Its Application For Attorneys' Fees And Expenses Pursuant To The Equal Access To Justice Act ("Plaintiff's Reply Brief") is a general description of all of the attorneys' fees and expenses incurred by Precision Pine from May 2001 to June 2008. To the best of my knowledge, the totals are accurate and complete.



**EXHIBIT D**

3. As described with more specificity in Exhibit B, Precision Pine incurred a total of $391,911.00 in attorneys' fees at the attorneys' regular rates. However, the EAJA only allows for the recovery of fees at the statutory rate of $125.00, plus a cost of living adjustment calculated based on the Bureau of Labor Statistics Consumer Price Index – Urban. The Bureau of Labor Statistics' determination of the Consumer Price Index – Urban for the relevant time period, i.e., 2001 through 2008, is set forth in Attachment 1 to this declaration. Note: The months of May and June are not yet available so Precision Pine has used the rate for the month of April.

4. Applying an average of the change in the monthly Bureau of Labor Statistics Consumer Price Index – Urban during the relevant time period to the EAJA statutory average of $125.00 results in a cost of living adjustment of 23.86% for an adjusted EAJA rate for this matter of $154.83. The calculation of the cost of living adjustment to the EAJA statutory hourly rate is set forth in more detail in Attachment 2 to this declaration.

5. At the adjusted EAJA rates, the total value of the attorney time input in this matter is $235,797.26. This amount is based on Precision Pine's having incurred attorneys' fees for 1,255.3 hours of attorney time at the adjusted EAJA rate of $154.83, plus 124.2 hours that were billed by attorney William B. Kinner (identified in Exhibit 7 to Plaintiff's Opening Brief as "WBK"), who worked 37.7 hours at $135.00 per hour in 2001, and 86.5 hours at $140.00 in 2002 (these latter rates were less than the adjusted EAJA rate and therefore are being charged as billed). The calculation of fees incurred for all of these hours is set forth in Attachment 2 to this declaration.

6. Additionally, 15.3 hours billed by "EMT," "MRJ," "JRC," and "WDP," as paralegals or law clerks, had been removed from the total of attorneys' hours and added to the expenses of the firm in Precision Pine's February 14, 2008 submission as was required pursuant to the Federal Circuit's ruling in Richlin Sec. Service Co. v. Chertoff, 482 F.3d 1358, 1359 (Fed. Cir. 2007), cert. granted, 76 U.S.L.W. 3023 (U.S. Nov. 13, 2007) (No. 06-1717) (paralegal fees not awarded as attorney fees under EAJA and instead are to be considered as a cost). This was done even though EMT and JRC, unlike the others, were summer associates and not paralegals. The Supreme Court has, however, just reversed the Federal Circuit and held that charges for paralegals are recoverable as fees. Richlin Sec. Service Co. v. Chertoff, __ U.S. __, 2008 WL 2229175 (June 2, 2008). Accordingly, Precision Pine has moved the 15.3 hours charged for its summer associates and paralegals, all of whom were billed out at rates well below the adjusted EAJA rate for this matter, from expenses and included them in Exhibit A at the average hourly rate of $94.15. This calculation is set forth in Attachment 2 to this declaration.

7. As set forth in Exhibit A to its Reply Brief, Precision Pine has also deducted $8,608.55 of fees (at EAJA rates) that should not have been, but which were, inadvertently, included in Precision Pine's fees.

8. Pursuant to the EAJA, Precision Pine also requests $10,125.81in expenses incurred in this matter. These expenses are itemized in Exhibit C to Plaintiff's Reply Brief.

9. All of the attorneys' fees and expenses Precision Pine seeks for the time period January 1, 2008 to June 6, 2008 were incurred in pursuing the pending EAJA application,

including: responding to discovery requests propounded by defendant and preparing for and attending conferences with the Court about the proper scope of those requests. Attorneys' fees and expenses were also incurred in legal research and drafting required to finalize Plaintiffs' Opening Brief (filed February 14, 2008) as well as reviewing defendant's response brief (filed May 12, 2008) and preparing the instant reply brief.

10. To the best of my knowledge, the computation of the attorneys' fees and expenses requested is accurate.

Dated: June 6, 2008

s/Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

# U.S. Department of Labor
## Bureau of Labor Statistics
*Bureau of Labor Statistics Data*



**www.bls.gov**

**Advanced Search | A-Z Index**

**BLS Home | Programs & Surveys | Get Detailed Statistics | Glossary | What's New | Find It! In DOL**

Change Output Options: From: 2001 To: 2008 GO

include graphs NEW!

More Formatting Options

**Data extracted on: June 3, 2008 (12:41:20 PM)**

**Consumer Price Index - All Urban Consumers**

```
Series Id:     CUUR0000SA0,CUUS0000SA0
Not Seasonally Adjusted
Area:          U.S. city average
Item:          All items
Base Period:   1982-84=100
```

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Annual | HALF1 | HALF2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2001 | 175.1 | 175.8 | 176.2 | 176.9 | 177.7 | 178.0 | 177.5 | 177.5 | 178.3 | 177.7 | 177.4 | 176.7 | 177.1 | 176.6 | 177.5 |
| 2002 | 177.1 | 177.8 | 178.8 | 179.8 | 179.8 | 179.9 | 180.1 | 180.7 | 181.0 | 181.3 | 181.3 | 180.9 | 179.9 | 178.9 | 180.9 |
| 2003 | 181.7 | 183.1 | 184.2 | 183.8 | 183.5 | 183.7 | 183.9 | 184.6 | 185.2 | 185.0 | 184.5 | 184.3 | 184.0 | 183.3 | 184.6 |
| 2004 | 185.2 | 186.2 | 187.4 | 188.0 | 189.1 | 189.7 | 189.4 | 189.5 | 189.9 | 190.9 | 191.0 | 190.3 | 188.9 | 187.6 | 190.2 |
| 2005 | 190.7 | 191.8 | 193.3 | 194.6 | 194.4 | 194.5 | 195.4 | 196.4 | 198.8 | 199.2 | 197.6 | 196.8 | 195.3 | 193.2 | 197.4 |
| 2006 | 198.3 | 198.7 | 199.8 | 201.5 | 202.5 | 202.9 | 203.5 | 203.9 | 202.9 | 201.8 | 201.5 | 201.8 | 201.6 | 200.6 | 202.6 |
| 2007 | 202.416 | 203.499 | 205.352 | 206.686 | 207.949 | 208.352 | 208.299 | 207.917 | 208.490 | 208.936 | 210.177 | 210.036 | 207.342 | 205.709 | 208.976 |
| 2008 | 211.080 | 211.693 | 213.528 | 214.823 | | | | | | | | | | | |

Back to Top

www.dol.gov

Frequently Asked Questions | Freedom of Information Act | Customer Survey | Important Web Site Notices
Privacy & Security Statement | Linking and Copyright Information | Accessibility
Technical (web) question | Other comments

U.S. Bureau of Labor Statistics
2 Massachusetts Avenue, NE Washington, DC 20212-0001
www.bls.gov | Telephone: (202) 691-5200 | Do you have a Data question?

**Attachment 1**

| *EAJA Rate: COLA Adjustment* | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | *CPI-U All Urban Consumers from May 2001 - June 2008* | | | | | | | | |
| | **2001** | **2002** | **2003** | **2004** | **2005** | **2006** | **2007** | **2008** | **Overall** |
| January | | 177.1 | 181.7 | 185.2 | 190.7 | 198.7 | 202.416 | 211.080 | |
| February | | 177.8 | 183.1 | 186.2 | 191.8 | 198.7 | 203.499 | 211.693 | |
| March | | 178.8 | 184.2 | 187.4 | 193.3 | 199.8 | 205.352 | 213.528 | |
| April | | 179.8 | 183.8 | 188 | 194.6 | 201.5 | 206.686 | 214.823 | |
| May | 177.7 | 179.8 | 183.5 | 189.1 | 194.4 | 202.5 | 207.949 | 214.823 | not available, used April |
| June | 178 | 179.9 | 183.7 | 189.7 | 194.5 | 202.9 | 208.352 | 214.823 | not available, used April |
| July | 177.5 | 180.1 | 183.9 | 189.4 | 195.4 | 203.5 | 208.299 | | |
| August | 177.5 | 180.7 | 184.6 | 189.5 | 196.4 | 203.9 | 207.917 | | |
| September | 178.3 | 181 | 185.2 | 189.9 | 198.8 | 202.9 | 208.49 | | |
| October | 177.7 | 181.3 | 185 | 190.9 | 199.2 | 201.8 | 208.936 | | |
| November | 177.4 | 181.3 | 184.5 | 181 | 197.6 | 201.5 | 210.177 | | |
| December | 176.7 | 180.9 | 184.3 | 190.3 | 196.8 | 201.8 | 210.036 | | |
| *Mean (overall)* | | | | | | | | | ***192.85*** |
| | | | | | | | | | |
| *CPI-U Rate From March 1996 (Basis for $125 EAJA rate)* | | | | | | | | | ***155.7*** |
| *% change from EAJA base* | | | | | | | | | ***23.86%*** |
| *Adjusted Rate* | | | | | | | | | ***$ 154.83*** |

**Attachment 2**

**Precison Pine & Timber v. U.S., Case No. 02-131: Costs and Fees Pursuant To EAJA**

| | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 | 2008 | |
|---|---|---|---|---|---|---|---|---|---|
| **Hours Billed (Ex. B)** | 54.6 | 161.4 | 61.7 | 513.2 | 114.7 | 170 | 319 | 202.9 | 1597.5 |
| *#hrs. at EAJA rate* | 16.9 | 74.3 | 61.7 | 501.6 | 114.7 | 169.3 | 316.8 | 202.9 | **$ 225,765.82** |
| *#hrs. at $140/ hr* | 0 | 86.5 | 0 | 0 | 0 | 0 | 0 | 0 | **$ 12,110.00** |
| *#hrs. at $135/ hr* | 37.7 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | **$ 5,089.50** |
| *#hrs at $94.15/hr* | 0 | 0.6 | 0 | 11.8 | 0 | 0.7 | 2.2 | 0 | **$ 1,440.50** |
| **Attorney's Fees** | | | | | | | | | **$ 244,405.81** |
| **Fees Deducted (Ex. A)** | | | | | | | | | **$ (8,608.55)** |
| **Recoverable EAJA Fees** | | | | | | | | | **$ 235,797.26** |
| **Expenses (Ex. C)** | | | | | | | | | **$ 10,125.81** |
| **Total Fees & Expenses** | | | | | | | | | **$ 245,923.07** |

**Attachment 3**