# In the United States Court of Federal Claims

No. 02-131 C
Filed April 29, 2009
NOT FOR PUBLICATION

_____

)
PRECISION PINE & TIMBER, INC., )
)
Plaintiff, )
)
)
v. )
)
)
THE UNITED STATES, )
)
Defendant. )
)
_____

Alan I. Saltman, Saltman & Stevens, P.C., Washington, D.C., for plaintiff.  Richard W. Goeken, Saltman & Stevens, P.C., Washington, D.C., of counsel.

David A. Harrington, Trial Attorney, Bryant G. Snee, Deputy Director, Jeanne E. Davidson, Director, Gregory G. Katsas, Acting Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant.  Lori Polin Jones, Department of Agriculture, Washington, D.C., of counsel.

## OPINION AND ORDER

GEORGE W. MILLER, Judge.

On September 9, 2008, this Court awarded plaintiff 58 percent of the fees and expenses it had requested pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *Precision Pine & Timber v. United States*, 83 Fed. Cl. 544 (2008).  Defendant filed a notice of appeal on November 5, 2008, but on December 19, 2008 moved in the Court of Appeals for an extension of time to file its opening brief in order to "provide the Solicitor General additional time to review this matter, as well as to provide additional time to adequately review relevant materials, confer with the agency, prepare the United States' brief, and complete the supervisory review process."  Ex. 2 to Pl.'s Memorandum In Support of Its Application for Additional Attorneys' Fees and Expenses ("Pl.'s Mot.") (docket entry 139, March 27, 2009).  The Federal

Circuit granted that extension of time.  On March 9, 2009, defendant filed a consent motion to dismiss its appeal.

Plaintiff has now moved for additional fees and expenses incurred in connection with defendant's truncated appeal pursuant to the EAJA.  The first request was for $7,568.25, including a cost of living adjusted increase ("COLA") in the statutory cap on attorneys' fees.  Defendant has not opposed the COLA, and the Court concludes that such an increase is appropriate.  In its reply, plaintiff added $2,672.12 for fees and costs incurred in preparing the reply.

Defendant in fact agrees that plaintiff is entitled to receive some fees and expenses, but disagrees with plaintiff regarding (1) the applicability of the 42 percent reduction that the Court utilized with respect to the initial fee award; (2) the sufficiency of individual descriptions of time; and (3) the propriety of plaintiff's request for an order that the Government pay the September 9, 2008 judgment along with post-judgment interest.  Defendant's Response to Plaintiff's Second Motion for Attorney Fees and Expenses ("Def.'s Resp.") (docket entry 140, April 6, 2009).

### A.      The 42 Percent Reduction Applies to Any Additional EAJA Award

Under *Buckhannon Board & Care Home v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 603 (2001), a "prevailing party" is "one who has been awarded some relief by the court."  That is, prevailing party status requires a "court-ordered change in the legal relationship between the plaintiff and the defendant." *Id.* at 604 (internal citations and quotations omitted).  Plaintiff argues that this proceeding should be split into two: a first stage in which it prevailed 58 percent, and a second stage, *i.e.*, the appeal, in which it prevailed 100 percent.  Pl.'s Reply in Support of its Application for Additional Attorneys' Fees and Expenses at 3-4 (docket entry 141, April 10, 2009)   If that were true, then plaintiff would not be entitled to any fees or costs in the purported second stage because that stage did not result in any court-ordered relief, and plaintiff therefore would not qualify as a "prevailing party" under *Buckhannon*.  To the extent that the parties agree that plaintiff is entitled to at least some fees and costs, it must require viewing the entire lawsuit as a single continuous litigation, and the reduction applicable to the initial EAJA award also applies to any award for additional work done in connection with the most recent appeal.

### B.      The Sufficiency of Descriptions of Time

Plaintiff's initial motion requests $7,568.25 in fees and expenses, with fees covering 43.3 hours of attorney time at a rate of $172.98 per hour and expenses of $78.22.  Defendant objects to some of the time requested because it either lacks sufficient description or is allegedly not related to the appeal.

1.      Items with No Description

The defendant objects to certain time included in the plaintiff's request for fees based upon the lack of any description of the work done.  Def.'s Resp. at 1.  The plaintiff contends that this time was excluded from its calculation.  Pl.'s Mot. at 2.  Plaintiff asserts that it omitted 2.9 hours of the time listed in the exhibit to its original motion as not recoverable in the present motion, and that omission was indicated by "whiting out" the description of the time expended.  Declaration of Alan Saltman at ¶ 4, Ex. A to Pl.'s Reply.  Only 2.7 hours of the time included in the plaintiff's list had "whited out" descriptions, however.  The Court will assume that the plaintiff correctly omitted from its calculation all of the entries that lack descriptions and correctly subtracted 2.9 hours from the 46.2 hours listed on its exhibit.

2.      Items with Insufficient Description

Defendant objects to two hours of the claimed time because the description is insufficient to demonstrate that the time was "incurred or expended solely or exclusively in connection with the case before the court."  Def.'s Resp. at 1-2 (quoting *Oliveira v. United States*, 827 F.2d 735, 744 (Fed. Cir. 1987)).  Defendant objects to another 1.9 hours as relating to the payment of the judgment owed by Precision Pine to the Government after this Court's decision on the merits.  *Id.*

In response, plaintiff's attorney has filed a declaration under penalty of perjury that he reviewed the plaintiff's files with respect to the contested two hours with insufficient descriptions and asserting that "the time for each was incurred or expended solely or exclusively in connection with the case before the Court."  Declaration of Alan Saltman, Ex. A. to Pl.'s Reply, at ¶¶ 5-6.  Mr. Saltman also attested that the 1.9 hours to which defendant objects as relating to the judgment owed by Precision Pine on the merits dealt with "the government's not taking a protracted period of time within which to decide if it would, in fact, pursue an appeal" of the EAJA judgment and "in the event the government did not appeal" the EAJA ruling, "payment of the EAJA judgment."  *Id.* at ¶ 7.  The Court concludes that all of this time is appropriately included within the recoverable amount.

C.      *The Court Will Not Enter Its Prior Order a Second Time*

The Court declines to, as plaintiff requests, order the payment of its prior EAJA judgment in the amount of $142,635.38 along with post-judgment interest on that amount "as prescribed by 28 U.S.C. § 1961."  Pl.'s Mot. at 3.  Plaintiff and defendant appear to be in discussions regarding whether the $142,635.38 awarded to plaintiff last September pursuant to the EAJA will be paid directly to plaintiff or offset against other amounts due from Precision Pine to the Government.  Def.'s Resp. at 2 n.2; Saltman Aff., Ex. A to Pl.'s Reply at ¶ 10.  The Court expects that the parties will resolve that issue, as well as any questions relating to post-judgment interest, without the necessity of further action by this Court.  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (" A request for attorney's fees should not result in a second major litigation.").

     *D.*     *Calculation of Recoverable Amount*

Plaintiff's motion requests fees for 43.3 hours at the unobjected-to rate of $172.98, along with expenses of $78.22.  In its reply, plaintiff adds another 14.8 hours and $112.02 in expenses incurred in preparing the reply itself.  Plaintiff thus seeks reimbursement for 58.1 hours, or $10,050.14, plus costs of $190.24, for a total of $10,240.38  As discussed above, however, plaintiff may only recover 58 percent of this amount, or $5,939.42.

## Conclusion

Plaintiff's application for additional attorneys' fees and expenses pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), is **GRANTED** in part and **DENIED** in part. The Clerk of the Court is directed to enter judgment in favor of plaintiff in the amount of $5,939.42.

     **IT IS SO ORDERED.**

                         s/ George W. Miller
                         GEORGE W. MILLER
                             Judge